# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## STANDING ORDER FOR ALL CIVIL CASES BEFORE
## DISTRICT JUDGE JON S. TIGAR

### A. Service of this Order Is Required

Within five days of the filing of the complaint or the addition of a new party, the plaintiff is ordered to serve on all parties a copy of this Order and the Standing Order for All Judges of the Northern District Court: Contents of Joint Case Management Statement.

### B. Court Schedule

Judge Tigar hears civil motions on Thursdays at 2:00 p.m., in Courtroom 9, 19th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California. Motions must be noticed for a hearing in accordance with Civil Local Rule 7-2(a). Counsel need not reserve a hearing date in advance. Before selecting a hearing date, however, counsel must consult Judge Tigar's weekly calendar, which is available at https://www.cand.uscourts.gov/jst, to determine which dates are available. The Court may reset noticed hearing dates as its calendar requires.

The Court may find a matter suitable for disposition without oral argument and vacate the hearing on the matter. If, however, any party advises the Court in writing by no later than two days from the date of the order vacating the hearing that most or all of the argument for its side will be conducted by a lawyer who has been licensed to practice law for five or fewer years, and who has not previously presented argument before this Court, then the Court will reschedule the hearing at a time that is convenient to all parties in order to provide that opportunity. Counsel shall confer with each other, and the party requesting the rescheduling of the hearing shall identify the upcoming available dates on the Court's calendar at which all counsel are available for the hearing.

Case management conferences are held on Wednesdays at 2:00 p.m. Pretrial conferences are held on Fridays at 2:00 p.m., and are sometimes conducted at the Oakland federal courthouse.

Scheduling questions may be addressed to Courtroom Deputy William Noble at (415) 522-2036 or jstcrd@cand.uscourts.gov.

All filing deadlines are at 5:00 p.m. unless otherwise ordered.

### C. Joint Case Management Statement and Initial Case Management Conference

Parties are required to file a joint case management statement not less than seven court days before a scheduled case management conference, unless the Court sets a different deadline.

Civil litigants before this Court must review and comply with the terms of the Standing Order for All Judges of the Northern District Court: Contents of Joint Case Management Statement. In addition, the parties must review in detail the Northern District's electronically stored information ("ESI") guidelines and checklist for Rule 26(f) conferences, which are available at https://cand.uscourts.gov/eDiscoveryGuidelines. The Court discourages deviation from the ESI guidelines absent good cause. Failure to meet and confer regarding the required topics prior to the initial case management conference, including alternative dispute resolution and ESI, may, in the reasonable exercise of the Court's discretion, result in sanctions or disciplinary action.

**D.        Requests for Telephonic Appearance**

Counsel seeking to appear telephonically must file a stipulation and proposed order, or an administrative motion and proposed order if a stipulation is not possible, at least seven calendar days prior to the scheduled appearance. Absent extraordinary circumstances and a showing of good cause, late requests will be denied.

If a case management statement is required, counsel may not file a request to appear telephonically at a case management conference until after the case management statement has been filed.

The Court does not generally grant requests to appear telephonically at motion hearings or by local counsel.

If a request to appear telephonically is granted, counsel shall contact the courtroom deputy at (415) 522-2036 or jstcrd@cand.uscourts.gov to provide a direct dial number at which counsel can be reached. If more than one counsel will be appearing by phone, counsel must coordinate to provide the courtroom deputy with a single number at which all counsel appearing telephonically can be reached.

**E.        Motions for Summary Judgment**

Absent good cause, the Court will consider only one motion for summary judgment per party. Any party wishing to exceed this limit must request leave of court and must show good cause. Motions for summary judgment shall comply with Civil Local Rule 7 in all respects.

Unless otherwise ordered, the parties must meet and confer to determine if they will file cross-motions for summary judgment. If so, only four briefs are allowed: (1) opening brief by the plaintiff side; (2) opening/opposition brief by the defense side; (3) opposition/reply brief by the plaintiff side; and (4) reply brief by the defense side. The parties may agree to reverse the order, and have the defense file its opening brief first, without order of the Court. The first two briefs are limited to twenty-five pages; the third brief is limited to twenty pages; and the fourth brief is limited to fifteen pages. Before the first brief is filed, the parties shall submit a stipulation and proposed order setting a briefing schedule for the cross-motions. The fourth brief must be filed at least twenty-one days before the hearing date.

## F.     Stipulated Protective Orders and Orders Re: Discovery of ESI

Parties who seek a protective order or order re: discovery of ESI shall, where practicable, use one of the model stipulated orders available at https://cand.uscourts.gov/model-protective-orders or https://cand.uscourts.gov/eDiscoveryGuidelines. Parties shall file one of the following with any proposed protective order or order re: discovery of ESI: (a) a declaration stating that the proposed order is identical to one of the model orders except for the addition of case-identifying information or the elimination of language denoted as optional; (b) a declaration explaining each modification to the model order, along with a redline version comparing the proposed order with the model order; or (c) a declaration explaining why use of one of the model orders is not practicable. Proposed orders that are not accompanied by one of the required declarations will be denied without prejudice.

## G.     Courtesy Copies and Proposed Orders

The Court requires courtesy copies only of publicly filed motions and related briefing, including attachments, exhibits, declarations, and other accompanying material. The Court discourages the service of courtesy copies of any other documents, except when specifically requested by the Court.

Courtesy copies shall be double-sided and three-hole-punched at the left margin. Courtesy copies of e-filed documents must bear the ECF stamp (case number, document number, date, and page number) on the top of each page. Side tabs, rather than bottom tabs, should be used to separate exhibits.

The quality, condition, and labeling of binders, when used, should be such that the Court can easily identify, review, and transport the binders' contents. Whenever possible, the spine of a binder should not exceed three inches in width, even if that limitation results in the use of more than one binder.

All courtesy copies or hard copies of documents must be lodged with the clerk's office in San Francisco for delivery to the chambers of Judge Tigar, even if the document is related to a case filed in or pending in Oakland or San Jose.

## H.     Discovery Matters

A party may not file a motion regarding a discovery dispute without leave of court. If a discovery dispute arises, the parties shall meet and confer in good faith to attempt to resolve the dispute. If the parties are unable to reach a resolution through this process, they shall file a joint letter brief of five pages or less that describes each disputed issue. The joint letter brief must be filed electronically in the Civil Events category of Motions and Related Filings > Motions – General > Discovery Letter Brief. After the letter brief is submitted, the Court will advise the parties as to how it intends to proceed.

Discovery disputes may be referred to a Magistrate Judge. If a discovery dispute is referred to a Magistrate Judge, the Magistrate Judge to whom the dispute is referred will advise the parties as to how that Judge intends to proceed.

After a Magistrate Judge has been assigned to a case for discovery, the parties in that case must handle any discovery matters according to the procedures set by that Judge.

Dated: August 15, 2018

_____
JON S. TIGAR
United States District Judge