# EXHIBIT C

COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
JON F. CIESLAK (268951)
(jcieslak@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121-1909
Telephone:   (858) 550-6000
Facsimile:   (858) 550-6420

BEATRIZ MEJIA (190948)
(mejiab@cooley.com)
MAX SLADEK DE LA CAL (324961)
(msladekdelacal@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

Attorneys for Defendants
SEAVIEW INSURANCE COMPANY
and TWO JINN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHONETTA CRAIN AND KIRA SERNA,<br><br>Plaintiffs,<br><br>v.<br><br>ACCREDITED SURETY AND CASUALTY COMPANY, AEGIS SECURITY INSURANCE COMPANY, ALLEGHENY CASUALTY COMPANY, AMERICAN CONTRACTORS INDEMNITY COMPANY, AMERICAN SURETY COMPANY, ASSOCIATED BOND AND INSURANCE AGENCY, INC., BANKERS AGENCY, INC., BANKERS INSURANCE COMPANY, BOND SAFEGUARD INSURANCE COMPANY, CRUM & FORSTER INDEMNITY COMPANY, DANIELSON NATIONAL INSURANCE COMPANY, FINANCIAL CASUALTY & SURETY, INC., HARCO NATIONAL INSURANCE COMPANY, INDIANA LUMBERMENS MUTUAL INSURANCE | Case No.<br><br>**DEFENDANTS SEAVIEW INSURANCE COMPANY AND TWO JINN, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332(d) [CLASS ACTION FAIRNESS ACT]**<br><br>Cal. Superior Court, County of Alameda (Case No. RG1900450) |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

NOTICE OF REMOVAL

COMPANY, INTERNATIONAL FIDELITY
INSURANCE COMPANY, LEXINGTON
NATIONAL INSURANCE
CORPORATION, LEXON INSURANCE
COMPANY, NATIONAL AMERICAN
INSURANCE COMPANY, NORTH RIVER
INSURANCE COMPANY,
PHILADELPHIA REINSURANCE
CORPORATION, SAFETY FIRST
INSURANCE COMPANY, SEAVIEW
INSURANCE COMPANY, SENECA
INSURANCE COMPANY, STILLWATER
PROPERTY AND CASUALTY
INSURANCE COMPANY, SUN SURETY
INSURANCE COMPANY, UNITED
STATES FIRE INSURANCE COMPANY,
UNIVERSAL FIRE & INSURANCE
COMPANY, CONTINENTAL HERITAGE
INSURANCE COMPANY,
WILLIAMSBURG NATIONAL
INSURANCE COMPANY, ALL-PRO BAIL
BONDS INC., TWO JINN, INC.,
AMERICAN BAIL COALITION, INC.,
CALIFORNIA BAIL AGENTS
ASSOCIATION, AND GOLDEN STATE
BAIL AGENTS ASSOCIATION, JERRY
WATSON, WILLIAM B. CARMICHAEL,
AND DOES 1-100,

Defendants.

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453(b), defendants Seaview Insurance Company and Two Jinn, Inc. (collectively, "Defendants") hereby remove to this Court an action originally filed in the Superior Court of California in the County of Alameda, Northern Division.  The grounds for this removal are set forth herein.

**I.      THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. SECTION 1332(d)**

1.      On January 29, 2019, plaintiffs Shonetta Crain and Kira Serna (collectively, "Plaintiffs") commenced a class action in the Superior Court of the State of California for the County of Alameda, Northern Division, entitled *Crain, et al. v. Accredited Surety and Casualty Company, et al.* (Case No. RG19004509).  A true and correct copy of the register of state court actions is attached hereto as Exhibit 1.  A copy of the Complaint is attached hereto as Exhibit 3.

2.      Plaintiffs allege that numerous named defendants from around the country have engaged in a years-long price fixing scheme involving commercial bail bonds.  (*See* Exhibit 3, ¶ 2.) The putative class consists of, "All persons who, between February 24, 2004 and present . . . , paid for part or all of a commercial bail bond premium in connection with a California state court criminal proceeding."  (*Id.* at ¶ 49.)

3.      Defendants completed the Notice and Acknowledgment of Receipt of the Summons and Complaint on February 19, 2019, effecting service on that date.  A copy of the Summons is attached hereto as Exhibit 4; Defendants' completed Acknowledgments of Receipt of the Summons and Complaint are attached hereto as Exhibits 29 and 30.  Attached as Exhibits 1 through 33 are all available documents in the *Crain* case file.

4.      This Court has original jurisdiction of the action under 28 U.S.C. section 1332(d)(2), and the action is removable to this Court pursuant to 28 U.S.C. section 1453(b).  Removal to this judicial district and division is proper because this district includes the County of Alameda, where the action is currently pending.  *See* 28 U.S.C. § 1441(a).

5.      A class action filed in state court is removable to federal district court under the Class Action Fairness Act ("CAFA") if: (1) the putative class exceeds 100 members, (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2).  These requirements are satisfied here.

6.      Plaintiffs' putative class consists of "at least hundreds of thousands of Class members," and Plaintiffs seek an award of trebled money damages and/or restitution to class members.  (Exhibit 3, ¶ 50, Prayer for Relief (e).)  Plaintiffs also seek, *inter alia*, attorney's fees, costly injunctive relief, that Defendants "be financially responsible for the costs and expenses of a Court-approved notice program," and that "the Court require disgorgement and/or impose a constructive trust upon Defendants' ill-gotten gains."  (Exhibit 3, Prayer for Relief.)  In determining the amount in controversy, courts may consider various forms of relief and it is immaterial that Plaintiffs' Complaint does not specify the damages amount sought.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

that the amount in controversy exceeds the jurisdictional threshold."); *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("[T]he amount in controversy is the 'amount at stake in the underlying litigation' . . . . Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract.") (quoting and citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)).  While Defendants do not accept Plaintiffs' estimate of the size of the class and dispute every form of relief sought, the face of the Complaint establishes that the putative class contains over 100 members and the amount in controversy exceeds $5,000,000.  *See* 28 U.S.C. § 1332(d)(2).

7.     Because at least one member of the putative class, as defined by the Complaint, is a citizen of a state different from those of which at least one Defendant is a citizen, the allegations in the Complaint also establish that the CAFA minimum diversity requirement is met.  *See* 28 U.S.C. § 1332(d)(2)(A).  According to the Complaint, Plaintiff Shonetta Crain resides in the County of Alameda, California and Plaintiff Kira Serna resides in the County of Contra Costa, California.  (*See* Exhibit 3, ¶¶ 9-10.)  The proposed class encompasses "at least hundreds of thousands of class members" who "paid for part or all of a commercial bail bond premium in connection with a California state court criminal proceeding."  (*Id.* at ¶ 49.)  Thus, it is exceedingly likely that at least one of the putative class members is also a California citizen.  At least twenty-four of the thirty-four named defendants are not, according to Plaintiffs, California citizens.  (*Id.* at ¶¶ 11-47.)  Indeed, the suit names defendants spread across the country, who are incorporated, or whose principal place of business is in Florida, Pennsylvania, New Jersey, Indiana, Illinois, Tennessee, Ohio, Delaware, Texas, Maryland, New York, South Dakota, and Michigan.  (*See id.* at ¶¶ 11, 12, 13, 15, 18, 19, 20, 22, 26, 32, 34, 36.)  Thus, at least one member of the proposed plaintiff class is diverse from at least one Defendant, and CAFA's minimal diversity requirement is satisfied.  *See* 28. U.S.C. § 1332(d)(2)(A).

8.     Underscoring this Court's jurisdiction over the action, a case alleging almost identical claims against substantially the same group of defendants is currently pending in the Northern District of California.  *See Breaux v. Accredited Surety & Cas. Co., et al.*, Case No. 3:19-cv-717-THS (N.D.

1  Cal.).  A copy of the complaint in the *Breaux* action is attached hereto as Exhibit 34.[1]

2  **II.      THIS NOTICE OF REMOVAL IS TIMELY FILED**

3          9.      This notice of removal is timely filed pursuant to 28 U.S.C. sections 1446(b) and

4  1453(b) because it is filed within thirty days after Defendants were served with the Complaint on

5  February 19, 2019.

6          10.     As Defendants are removing the action under CAFA, the other named defendants are

7  not required to join the Notice of Removal.  *See United Steel, Paper & Forestry Union, Rubber Mfg.*

8  *Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 549 F.3d 1204,

9  1208 (9th Cir. 2008) (the "rule of unanimity is inapplicable" to cases governed by CAFA).

10         11.     Pursuant to 28 U.S.C. section 1446(d), Defendants are promptly filing a copy of this

11  Notice of Removal with the clerk of the Alameda County Superior Court and serving Plaintiffs with

12  the same.

13         12.     Defendants reserve the right to amend and/or supplement this Notice of Removal.

14

15  Dated:          March 8, 2019                       COOLEY LLP
                                                         MICHAEL A. ATTANASIO (151529)
16                                                       BEATRIZ MEJIA (190948)
                                                         JON F. CIESLAK (268951)
17                                                       MAX SLADEK DE LA CAL (324961)

18

19                                                       */s/ Michael A. Attanasio*
                                                         Michael A. Attanasio (151529)
20                                                       Attorneys for Defendants
                                                         SEAVIEW INSURANCE COMPANY and
21                                                       TWO JINN, INC.

22

23

24

25

26

27

---

28  [1] The *Breaux* action has been assigned to Judge Jon S. Tigar.  Pursuant to Civil Local Rule 3-12, Defendants will be filing an administrative motion to relate the cases.