1

2

3

4

5

6

7

8           UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10           SAN FRANCISCO DIVISION

11

12   SHONETTA CRAIN AND KIRA SERNA,        Case No. 3:19-CV-01265-JST
     individually and on behalf of all other
13   similar situated individuals,               **JOINT CASE MANAGEMENT**
                                            **STATEMENT**
14             Plaintiffs,

15        v.                                Date:      April 24, 2019
                                            Time:      2:00p.m.
16   ACCREDITED SURETY AND                  Location: Courtroom 9
     CASUALTY COMPANY, *et al.*,            Judge:     The Honorable Jon S. Tigar
17
               Defendants.
18

19   STEVEN BREAUX, individually and on     Case No. 3:19-CV-00717-JST
     behalf of all other similar situated
20   individuals,

21             Plaintiff,

22        v.

23   ACCREDITED SURETY AND
     CASUALTY COMPANY, *et al.*,
24
               Defendants.
25

26

27

28

Pursuant to the Court's April 9, 2019 Order, Civil Local Rule 16-9, and the Standing Order for all Judges of the Northern District of California, the parties in the above-captioned related cases submit this Joint Case Management Statement in advance of the April 24, 2019 Initial Case Management Conference.

## I.   <u>JURISDICTION AND SERVICE</u>

Plaintiffs Shonetta Crain and Kira Serna filed their complaint in Alameda County Superior Court on January 29, 2019, and mailed the complaint and summons to Defendants' agents for service of process that day.  Defendants removed the *Crain* action on March 8, 2019, asserting removal jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2).  *See Crain* Dkt. 1, ¶¶ 4-7.  Plaintiffs do not dispute that the threshold requirements under CAFA are met and Plaintiffs do not intend to move to remand on the basis of any CAFA exception.

Venue is proper in this District with respect to the *Crain* action because it was originally filed in Alameda County Superior Court, and removal is proper "to the district court of the United States for the district and division embracing the place where such [state] action [was] pending." 28 U.S.C. § 1441(a); *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) ("The venue of removed actions is governed by 28 U.S.C. § 1441(a).").  Venue is also proper with respect to both the *Crain* and *Breaux* actions because a substantial part of the events or omissions giving rise to the claim occurred here.  28 U.S.C. § 1391(b)(2).

All Defendants in the *Crain* action have been served.  Summons in the *Breaux* action have been served on 11 Defendants.  Plaintiff Breaux does not intend to serve the remaining Defendants in light of an expected consolidated amended complaint.

## II.   <u>FACTS</u>

### A.   <u>Plaintiffs' Statement</u>

Plaintiffs allege a conspiracy among Defendants to inflate the prices of bail bonds in California.

Plaintiffs purchased bail bonds to release themselves or friends or family members from pre-trial detention in California criminal court.  *Crain* Compl. ¶¶ 9-10; *Breaux* Compl. ¶ 10.

Defendants are bail sureties, bail agents, bail agent associations, and two bail executives. *Crain* Compl. ¶¶ 11-47; *Breaux* Compl. ¶¶ 11-46. Generally, a person charged with a crime in California state court may be released pretrial if he or she posts a bail bond. *Crain* Compl. ¶ 58; *Breaux* Compl. ¶ 48. Because bond amounts are usually unaffordable, Plaintiffs, like other proposed class members, instead paid a non-refundable "premium" (a percentage of the total bail amount) to a surety company through a bail agent, who then posted the full bond amount with the state court. *Id.* The maximum premium rates that sureties and bail agents may charge are reviewed and approved by the California Department of Insurance. *Crain* Compl. ¶ 61; *Breaux* Compl. ¶ 53. But these approved premium rates are ceilings, not floors. *Crain* Compl. ¶ 62; *Breaux* Compl. ¶ 53. Defendants had the ability to discount bail bond premiums, which would have introduced competition and lowered the prices of bail bonds for members of the proposed class. *Crain* Compl. ¶¶ 69-70; *Breaux* Compl. ¶¶ 59-60.

Defendants understood that competition would lower their profits, so they conspired to prevent premium discounts. As explained by Defendant William B. Carmichael, President and CEO of Defendant American Surety Company: "I can safely predict that if left unchecked, rampant premium discounting will result in the end of the bail bond business as we know it, to be replaced by a new model that properly reflects the proper balance of risk and reward. Simple economics dictates it. . . . I urge all of us to recognize the serious nature of the threats to our industry and work collectively to repel them. Leaving profits on the table, in the form of discounts or uncollected accounts receivable, is a fool's game." *Crain* Compl. ¶ 81; *Breaux* Compl. ¶ 70.

Defendants did exactly what Carmichael urged: they "work[ed] collectively" to ensure that bail bond premiums were higher than they would be in a competitive market. Defendants reinforced this scheme by misrepresenting to the proposed class that bail bonds agents are not permitted to offer rebates, *Crain* Compl. ¶¶ 72, 75-83, 95-104; *Breaux* Compl. ¶¶ 79, 93-105, instructing bail bond agents that discounting is unlawful, *Crain* Compl. ¶ 94; *Breaux* Compl. ¶ 85, punishing mavericks who broke the cartel's rules, *Crain* Compl. ¶¶ 105-107, *Breaux* Compl. ¶¶ 106-108, and publicly discouraging bail bond agents from offering rebates, *Crain* Compl. ¶¶ 78,

81; *Breaux* Compl. ¶ 70.

Plaintiffs bring two claims for relief in their individual and representative capacity: an antitrust claim under California's Cartwright Act, Cal. Bus. & Prof. Code § 16720, *see Crain* Compl. ¶¶ 124-134; *Breaux* Compl. ¶¶ 134-42, and a claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, *see Crain* Compl. ¶¶ 135-143; *Breaux* Compl. ¶¶ 143-49. As explained in more detail below, Plaintiffs seek to represent a class of all persons who purchased bail bonds in connection with state criminal court proceedings in California since February 24, 2004.

The legal arguments set forth in Defendants' statement below are improper in a case management conference statement. Further, Defendants' argument that Insurance Code section 1860.1 precludes this Court's jurisdiction is meritless because Plaintiffs do not challenge the rates approved by the California Department of Insurance, but rather Defendants' conspiracy not to offer discounts below the approved rate, which Defendants were free to do. *See King v. Nat'l Gen. Ins. Co.*, 129 F.Supp.3d 925, 935 (N.D. Cal. 2015); *MacKay v. Sup. Ct.*, 188 Cal.App.4th 1427, 1449 (2008). Plaintiffs do not challenge any decision by the California Department of Insurance, which by statute cannot consider "the degree of competition" in its review of the submitted rate. Cal. Ins. Code Section 1861.05(a). Thus the California Department of Insurance cannot be a proper, much less exclusive, venue for this case. The correct venue for adjudicating Plaintiffs' claims is this Court. *See* Cal. Ins. Code Section 1861.03(a) ("The business of insurance shall be subject to the laws of California applicable to any other business, including, but not limited to . . . the antitrust and unfair business practice laws[.]"); *Perez v. State Farm. Auto Ins. Co.*, 391 Fed. Appx. 653 (9th Cir. 2010) (confirming that insurance business is subject to the Cartwright Act and that Section 1860.1 "does not prevent antitrust claims alleging that the prices were in fact artificially maintained at a uniform level").

**B.    Defendants' Statement**

Among the thirty-four individual Defendants in this matter, there are at least four types. First, there are twenty-seven surety companies that allegedly underwrite bail bonds in California, though not necessarily during the alleged class period. Second, there are two bail agencies that

negotiate with customers and post bail bonds in California. Third, there are three bail agent associations that petition the government and engage in the dissemination of information to bail agents and the public about the California bail industry. Fourth, there are two individuals who work in the bail industry.

Defendants dispute that Plaintiffs' Statement accurately reflects the allegations in the Complaints, and Defendants deny the existence of any agreement or conspiracy not to "discount bail bond premiums" as Plaintiffs allege, or any other unlawful conduct alleged in the Complaints.

Moreover, Plaintiffs' putative class action will not survive motions to dismiss. For decades, defendants have operated in the California bail bond market in compliance with the rules and regulations of the California Department of Insurance ("CDOI") and, specifically, the requirements of Proposition 103. The CDOI has exclusive jurisdiction to regulate bail bond premiums, and it does so "to protect consumers from arbitrary insurance rates and practices, to encourage a competitive insurance marketplace, to provide for an accountable Insurance Commissioner, and to ensure that insurance is fair, available, and affordable for all Californians." *See* Insurance Commissioner Opinion re Confidentiality of Underwriting Rules, Cal. Dept. Ins. (Aug. 10, 2018) (citing Proposition 103 and Historical and Statutory Notes, 42A West's Ann. Ins. Code (1993 ed.) foll. § 1861.01, p. 649). Plaintiffs do not allege any impropriety in defendants' bail bond premium rate applications filed with CDOI, nor point to any past efforts to challenge rates before the CDOI – the proper forum for raising the kind of claims plaintiffs raise in their purported class actions.

Bail bond premiums of sureties are set by and may not deviate from rates filed with and approved by the CDOI. This case should not proceed past Rule 12(b) motions. Regardless, there was no conspiracy to inflate bail bond prices. There was no agreement between or among any of the defendants to prevent competition in the California bail bond market.

Plaintiffs' non-specific, sweeping generalized allegations against groups of defendants fall far short of the required pleading standard, and will not survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 557 (2007). In addition, much of the alleged conduct on which Plaintiffs' claims are based occurred long before the statute of limitations and, thus, any

claims that may survive motions to dismiss will be necessarily limited to the four-year time period preceding Plaintiffs' filing of their complaints.

## III.    LEGAL ISSUES

The principal legal issues include:

1.    Whether the Complaints state a claim upon which relief can be granted or are barred by several other defenses.

2.    Whether Plaintiffs' claims can be maintained under California's anti-SLAPP law.

3.    Whether Plaintiffs may certify a class under Federal Rule of Civil Procedure 23(b)(2) and (b)(3).

4.    Whether Defendants conspired to restrain competition in the sale of bail bonds in California in violation of California's Cartwright Act, Cal. Bus. & Prof. Code § 16720, and the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

## IV.    MOTIONS

No motions are pending at this time.  Plaintiffs intend to file a motion for appointment of Lieff, Cabraser, Heimann & Bernstein LLP as interim lead class counsel pursuant to Federal Rule of Civil Procedure 23(g), and Public Counsel, Towards Justice, Justice Catalyst Law, the National Consumer Law Center, HammondLaw P.C., and Goldstein, Borgen, Dardarian & Ho as members of an Executive Committee.  This would be a joint application by Plaintiffs' counsel in both pending actions.

All Defendants anticipate moving to dismiss the consolidated amended complaint, certain Defendants anticipate one or more motions to strike under California's anti-SLAPP law, and all Defendants anticipate filing a motion to stay discovery pending a ruling on the viability of Plaintiffs' consolidated amended complaint.  The parties have met and conferred regarding a consolidated briefing schedule for these motions, but they could not reach agreement.  The parties' respective positions are as follows.

### A.    Plaintiffs' Statement

Defendants seek authorization to permit up to 3,203 pages of briefing on their anticipated motions: up to 78 pages regarding a consolidated motion to dismiss (30 page opening brief + 30

page opposition brief + 15 page reply brief); up to 2,210 pages regarding "one or more" separate anti-SLAPP motions (25 x 34 x 2 pages of opening and opposition briefs + 15 x 34 pages of reply briefs); up to 850 pages regarding issues "unique" to certain Defendants (10 x 34 x 2 pages of opening and opposition briefs + 5 x 34 pages of reply briefs); and another 65 pages regarding a motion to stay discovery (50 pages of opening briefs + 15 page reply brief). This is vastly more pages than could be efficiently used to brief these issues. The only safeguard Defendants propose to prevent over three thousand pages of briefing is their assurance that they will coordinate to limit the number of pages they use. But that coordination should have already occurred in order to make a reasonable proposal.

Defendants have not provided any explanation to Plaintiffs regarding why they require more than 30 pages of opening briefing. Accordingly, Plaintiffs propose that Defendants be limited to 30 pages of opening briefing due within 30 days after Plaintiffs file a consolidated amended complaint; Plaintiffs be limited to 30 pages of opposition briefing due within 30 days after Defendants' motions are filed; and Defendants be limited to 15 pages of reply briefing due 21 days after Plaintiffs' opposition briefs are filed. If Defendants require additional pages, they should explain why in a motion for leave that contains a specific page request, and they should not file additional pages until the Court grants permission.

**B.      Defendants' Statement**

Plaintiffs have sued thirty-four differently situated entities and individuals, who will inevitably have different arguments about why the forthcoming consolidated amended complaint cannot survive dismissal. Yet Plaintiffs seek to deprive each Defendant of its individual right to file a motion to dismiss and/or motion to strike, and limit all thirty-four Defendants to a single combined 30-page opening brief, in which they would have to advance all of their arguments as to (1) why the complaint should be dismissed, (2) why the complaint should be stricken under California's anti-SLAPP law, and (3) why discovery should be stayed pending resolution of Defendants' dispositive motions. Plaintiffs offer no justification for requiring a single brief to address three separate types of relief that would ordinarily be asserted in three separate motions, or for requiring Defendants with dispositive arguments inapplicable to the dozens of other

Defendants to seek leave of court before they can submit a short separate brief making those arguments.

In doing so, Plaintiffs also attempt to shift the burden to Defendants to justify what is already permitted by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b) ("a party may assert the following defenses by motion"). Plaintiffs essentially demand that Defendants disclose their strategy for those motions by explaining to the Court why the forthcoming motions require a certain number of pages. Even if this were proper, Defendants cannot provide the information Plaintiffs demand because Plaintiffs have not yet filed their consolidated amended complaint. Without knowing the allegations made against each Defendant, each Defendant cannot determine what arguments it will make in a motion to dismiss and/or strike.

Nonetheless, Defendants appreciate the need to avoid duplicative briefing and are committed to working together to limit the number of briefs and number of pages that are filed to facilitate "just, speedy, and inexpensive" motion practice, Fed. R. Civ. P. 1, while protecting each Defendant's right to assert individual defenses and arguments. Accordingly, Defendants propose that Defendants be permitted to file the following:

1.      A consolidated motion to dismiss addressing issues common to all Defendants, not to exceed 30 pages. Plaintiffs would file a consolidated opposition brief not exceeding 30 pages in length within 30 days after Defendants' motion is filed. Defendants would then have 21 days to file a consolidated reply not exceeding 18 pages in length.

2.      One or more separate motions to strike under California's anti-SLAPP law by a subset of Defendants. The subset of Defendants will coordinate to limit the number of briefs to the extent possible. Page lengths would be determined by Local Rule, and the briefing schedule would be the same as for the consolidated motion to dismiss.

3.      Individual or joint motions to dismiss to address issues unique to an individual Defendant or subset of Defendants, not to exceed 10 pages. Defendants will coordinate to limit the number of additional briefs that are filed. Plaintiffs would file opposition briefs to any additional motions not to exceed 10 pages. Defendants who file an individual or joint motion may file a reply brief not to exceed 5 pages. The briefing schedule would be the same as for the

consolidated motion to dismiss.

4.      A motion to stay discovery pending a ruling on the viability of Plaintiffs' consolidated amended complaint, with page limits and a briefing schedule set by the Local Rules.

**V.      AMENDMENT OF PLEADINGS**

Plaintiffs will file a consolidated amended complaint if the Court consolidates the pending actions.  The parties have stipulated that given Plaintiffs' intent to file a consolidated amended complaint, Defendants should not answer or otherwise respond to the complaints in the *Crain* or *Breaux* actions prior to the filing of a consolidated amended complaint.  *Crain* Dkt. 86. Defendants will answer the consolidated amended complaint or otherwise file a response in accordance with the proposed schedule below.

**VI.      EVIDENCE PRESERVATION (ESI)**

**A.      Plaintiffs' Statement**

Plaintiffs in the *Crain* action sent detailed preservation letters to all Defendants in the *Crain* action on January 29, 2019.  The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.  Plaintiffs asked to meet-and-confer with Defendants regarding reasonable and proportionate steps to preserve evidence, as required by Rule 26(f) and the Standing Order for All Judges of the Northern District of California re: Joint Case Management Statements, Paragraph 6.  As set forth below, Defendants refused to hold a Rule 26(f) conference with Plaintiffs.

**B.      Defendants' Statement**

Defendants have taken appropriate steps to preserve relevant evidence.  Defendants contend that discovery, including a Rule 26(f) conference, is premature in light of the forthcoming motion(s) to dismiss and motion to strike under California's anti-SLAPP law.  *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.").  As set forth in Exhibit B, Defendants are willing to meet and confer about discovery at the appropriate time, which is not before the pleadings are set and Plaintiffs forthcoming consolidated amended complaint has not been tested by and

survived preliminary motion practice.

## VII. DISCLOSURES

The parties have not yet exchanged initial disclosures. Plaintiffs propose doing so 30 days after Plaintiffs file a consolidated amended complaint. Defendants propose doing so 30 days after an order on all motions to dismiss.

## VIII. RELATED CASES

The parties are not aware of any related cases pending before another judge or court.

## IX. DISCOVERY

### A. Plaintiffs' Statement

Plaintiffs are prepared to commence discovery immediately. The *Crain* Plaintiffs filed their complaint on January 29, 2019 in Alameda County Superior Court, and served the complaint on Defendants with a detailed preservation letter that set out the topics on which discovery will be needed. The *Crain* Plaintiffs mailed requests for production to Defendants on February 20, 2019. Defendants removed the *Crain* action before their responses were due to the document requests. On April 5, 2019, the Court ordered a May 22, 2019 initial case management conference. That same day, the *Crain* Plaintiffs served Defendants with a letter requesting a Rule 26(f) conference, referencing this Court's Standing Order for All Civil Cases. *See* Exhibit A, attached hereto. On April 9, 2019, the Court advanced the case management conference to April 24, 2019. That same day, the *Crain* Plaintiffs emailed all Defendants to schedule the Rule 26(f) conference as soon as possible, and quoted this Court's standing order explaining that a failure to meet and confer regarding the required topics may result in sanctions or disciplinary action.

On April 12, 2019, Defendants responded that they did "not agree that the Court's order requires the parties to contemplate a Rule 26(f) conference in advance of filing the joint case management statement" on the grounds that the Court advanced the initial case management conference from May 22 to April 24. *See* Exhibit B, attached hereto. Defendants further asserted that the parties need not hold a Rule 26(f) conference until the pleadings are resolved. *Id.*

Plaintiffs respectfully submit that flouting this Court's Standing Order should not be tolerated. Further, a stay of discovery pending resolution of the pleadings is improper. *See*, *e.g.*,

*Singh v. Google, Inc.*, No. 16-CV-03734-BLF, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016) (denying motion to stay discovery); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990 ("Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation."). In addition, Defendants have provided no meritorious basis to dismiss this action.

Discovery will include the same topics identified in the requests previously propounded and set out in Exhibit A attached hereto, such as: bail bond transaction data; inter-competitor communications regarding premiums; internal competitive analyses and business plans; advertisements and other statements regarding the ability or purported inability to offer premium discounts; and contracts and communications between sureties and bail bond agents regarding premiums.

**B.      Defendants' Statement**

Defendants contend that discovery, including a Rule 26(f) conference, is premature in light of the forthcoming motion(s) to dismiss and motion(s) to strike under California's anti-SLAPP law. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."). Further, the Supreme Court has recognized that staying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming, and expensive. *Twombly*, 550 U.S. at 560 n.6 ("determining whether some illegal agreement may have taken place between unspecified persons at different [companies] . . . at some point over seven years is a sprawling, costly, and hugely time consuming undertaking").

The scope of discovery will be governed by a complaint that has been tested by and survived preliminary motion practice. Defendants believe all of plaintiffs' claims will be dismissed, requiring no discovery whatsoever. Even if not all claims are dismissed, they will be significantly narrowed, thus narrowing the scope of any potential discovery in this action. Accordingly, it is premature for the parties to attempt to chart a course for discovery before the

filing of a consolidated amended complaint, before motions to dismiss, and before the pleadings are set, so that the parties will know what information will be at issue in this action and therefore subject to discovery. As set forth in Exhibit B, Defendants are willing to meet and confer about discovery at the appropriate time, which is not before the pleadings are set and Plaintiffs forthcoming consolidated amended complaint has not been tested by and survived preliminary motion practice.

## X.    CLASS ACTION

This is a proposed class action. All attorneys of record have reviewed the Northern District's procedural guidelines for class action settlements.

### A.    Plaintiffs' Statement

The proposed class is ideally suited for certification under Rules 23(b)(2) and (b)(3). Members of the proposed class were forced to pay higher prices for bail bonds because of the same conspiracy. Plaintiffs will provide a common method for proving impact and estimating damages across the proposed class. There are common issues of law and fact that will predominate at trial, and a class action is superior to individual actions.

### B.    Defendants' Statement

This action is not appropriate for class certification. Because of significant variations among putative class members who purchased bail bonds, including the circumstances under which they purchased the bonds and the prices they negotiated, Plaintiffs will be unable to provide a common method to prove impact and damages, and common issues of law and fact will not predominate. To the extent there are certain common issues of law applicable to all members of the purported class, those common issues will result in dismissal of the action.

## XI.    RELIEF

Plaintiffs seek judgment against the Defendants and in favor of the proposed class for damages sustained by the class as a result of Defendants' conspiracy, with damages to be trebled pursuant to California Business & Professions Code § 16750(a) and adjusted to include pre- and post-judgment interest. Damages will be the difference between the amount class members actually paid for bail bond premiums, and the amount they would have paid but for Defendants'

conspiracy. Plaintiffs also seek injunctive relief to stop the conspiracy and prevent it from recurring, including to correct Defendants' false and misleading statements relating to their ability to discount bail premiums. Plaintiffs also request disgorgement and/or a constructive trust upon Defendants' ill-gotten gains, freezing of Defendants' assets, and/or payment of restitution to Plaintiffs and all Class members of all funds acquired by any unlawful act alleged in this case. Plaintiffs also seek their costs of suit, including reasonable attorney's fees and expenses, and any other relief the Court may deem just and proper.

Defendants deny that Plaintiffs are entitled to any relief.

## XII.    SETTLEMENT AND ADR

The parties have each filed, or will file, their respective ADR Certifications pursuant to ADR L. R. 3-5(b). The parties are meeting-and-conferring regarding an ADR process pursuant to ADR L.R. 3-5(a).

## XIII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to a Magistrate Judge for all purposes.

## XIV.    OTHER REFERENCES

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.    NARROWING OF ISSUES

The parties have no proposals for narrowing the issues at this time, but will continue to consider the issue.

## XVI.    EXPEDITED TRIAL PROCEDURE

The parties do not believe that this case is appropriate for an expedited schedule.

## XVII.    PROPOSED SCHEDULE

### A.    Plaintiffs' Proposed Schedule

| Deadline | Date |
| --- | --- |
| Consolidated Amended Complaint | 14 days after an order appointing interim class counsel |

| Deadline | Date |
|---|---|
| Answers or Response to Consolidated Amended Complaint | 30 days after the filing of a Consolidated Amended Complaint |
| Plaintiffs' Opposition to Defendants' Responses to Consolidated Amended Complaint | 30 days after motions filed |
| Defendants' Reply to Plaintiffs' Opposition | 21 days after opposition filed |
| Hearing on Defendants' Responsive Motions | At the Court's convenience |
| Substantial Completion of Data Production | July 1, 2019 |
| Substantial Completion of Document Production | September 2, 2019 |
| Deadline to Amend Pleadings | February 24, 2020 |
| Last Day of Fact Discovery | April 6, 2020 |
| Designation of Experts and Disclosure of Opening Expert Reports | May 25, 2020 |
| Designation of Rebuttal Experts and Disclosure of Rebuttal Expert Reports | June 29, 2020 |
| Disclosure of Reply Expert Reports | July 27, 2020 |
| Plaintiffs' Motion for Class Certification | August 24, 2020 |
| Defendants' Opposition to Motion for Class Certification | September 28, 2020 |
| Plaintiffs' Reply Brief ISO Class Certification | October 19, 2020 |
| Hearing on Class Certification | At the Court's convenience |
| Notice to Class | 14 days after decision on class certification, if certified |
| Last Day to File Dispositive Motions | 30 days after decision on class certification |
| Last Day for Class Members to Opt Out | 60 days after Notice to Class |
| Last Day to File Oppositions to Dispositive Motions | 30 days after opening briefs |

| Deadline | Date |
|---|---|
| Last Day to File Replies on Dispositive Motions | 21 days after opposition briefs |
| Hearing on Dispositive Motions | At the Court's convenience |
| Pre-Trial Conference | At the Court's convenience |
| Trial | At the Court's convenience |

**B.    Defendants' Proposed Schedule**

| Deadline | Date |
|---|---|
| Consolidated Amended Complaint | 7 days after an order appointing interim class counsel (as the parties stipulated and proposed to the Court in April 4, 2019 (ECF 86)) |
| Answers or Response(s) to Consolidated Amended Complaint | 30 days after the filing of a Consolidated Amended Complaint |
| Plaintiffs' Opposition to Defendants' Responses to Consolidated Amended Complaint | 30 days after motions filed |
| Defendants' Reply to Plaintiffs' Opposition | 21 days after opposition filed |
| Hearing on Defendants' Responsive Motions | At the Court's convenience |

Defendants suggest that the Court schedule another Case Management Conference after the ruling on Defendants' motion(s) to dismiss and to strike.

**XVIII. TRIAL**

The *Crain* and *Breaux* complaints both demand a jury trial.

**XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendants have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Plaintiffs have no such interests to report.

**XX.    PROFESSIONAL CONDUCT**

All Parties of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

| | |
|---|---|
| 1 | Dated: April 17, 2019 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Dated: April 17, 2019

Respectfully submitted,

By: /s/ Dean M. Harvey

Dean M. Harvey (SBN 250298)
Katherine C. Lubin (SBN 259826)
Adam Gitlin (SBN 317047)
Yaman Salahi (SBN 288752)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
agitlin@lchb.com
ysalahi@lchb.com

Benjamin David Elga (*pro hac vice*)
Brian James Shearer (*pro hac vice*)
JUSTICE CATALYST LAW
25 Broadway, 9th Floor
New York, NY 10004
Telephone: (518) 732-6703
belga@justicecatalyst.org
brianshearer@justicecatalyst.org

Cindy Pánuco (SBN 266921)
Stephanie Carroll (SBN 263698)
Nisha Kashyap (SBN 301934)
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, California, 90005
Telephone: (213) 385-2977
Facsimile: (213) 201-4722
cpanuco@publiccounsel.org
scarroll@publiccounsel.org
nkashyap@publiccounsel.org

Stuart T. Rossman (*pro hac vice*) (B.B.O.
No. 430640)
Brian Highsmith (*pro hac vice* motion
forthcoming)
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, Fourth Floor
Boston, MA 02110-1245
Telephone: (617) 542-8010
Facsimile: (617) 542-8028
srossman@nclc.org
bhighsmith@nclc.org

1  David Seligman (*pro hac vice* motion
   forthcoming)
2  TOWARDS JUSTICE
   1410 High Street, Suite 300
3  Denver, CO 80218
   Telephone:  (720) 441-2236
4  Facsimile:   (303) 957-2289
   david@towardsjustice.org
5

6  *Counsel for Plaintiffs Shonetta Crain and Kira*
   *Serna*
7

8  Dated:  April 17, 2019            By: /s/ Julian Hammond

9  Julian Hammond
   Polina Brandler
10  Ari Cherniak
   HAMMONDLAW, P.C.
11  1829 Reisterstown Road, Suite 410
   Baltimore, MD 21208
12  Telephone: (310) 601-6766
   Facsimile: (310) 295-2385
13  jhammond@hammondlawpc.com
   pbrandler@hammondlawpc.com
14  acherniak@hammondlawpc.com

15  Laura L. Ho
   Goldstein Borgen Dardarian & Ho
16  300 Lakeside Drive, Suite 1000
   Oakland, CA 94612
17  Telephone: (510) 763-9800
   Facsimile: (510) 835-1417
18  lho@gbdhlegal.com

19  *Counsel for Plaintiff Steven Breaux*

20  Dated:  April 17, 2019            By: /s/ Beatriz Mejia

21  Michael A. Attanasio (151529)
   Beatriz Mejia (190948)
22  Jon F. Cieslak (268951)
   Max Sladek de la Cal (324961)
23  COOLEY LLP

24
   *Attorneys for Defendants Seaview Insurance*
25  *Company and Two Jinn, Inc.*

26

27

28

| | | |
|---|---|---|
| 1 | Dated: April 17, 2019 | By: /s/ Julie A. Gryce |
| 2 | | |
| 3 | | Julie A. Gryce (319530)<br>DLA PIPER LLP (US) |
| | | 401 B Street, Suite 1700 |
| 4 | | San Diego, CA 92101-4297 |
| | | Telephone: (619) 699-2700 |
| 5 | | Facsimile: (619) 699-2701 |
| | | julie.gryce@dlapiper.com |
| 6 | | |
| 7 | | |
| | | Michael P. Murphy (*pro hac vice*) |
| 8 | | John Hamill (*pro hac vice*) |
| | | DLA PIPER LLP (US) |
| 9 | | Telephone: (212) 335-4500 |
| | | Facsimile: (212) 335-4501 |
| 10 | | michael.murphy@dlapiper.com |
| | | john.hamill@dlapiper.com |
| 11 | | jonathan.kinney@dlapiper.com |
| 12 | | |
| | | *Attorneys for Defendants Danielson National* |
| 13 | | *Insurance Company and National American* |
| | | *Insurance Company of California* |
| 14 | | |
| 15 | Dated: April 17, 2019 | By: /s/ Blake Zollar |
| 16 | | |
| | | Drew Koning (263082) |
| 17 | | Blake Zollar (268913) |
| | | Shaun Paisley (244377) |
| 18 | | KONING ZOLLAR LLP |
| | | 2210 Encinitas Blvd., Suite S |
| 19 | | Encinitas, CA 92024 |
| | | Telephone: (858) 252-3234 |
| 20 | | Facsimile: (858) 252-3238 |
| | | drew@kzllp.com |
| 21 | | blake@kzllp.com |
| | | shaun@kzllp.com |
| 22 | | |
| 23 | | *Attorneys for Defendant All-Pro Bail Bonds,* |
| | | *Inc.* |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| Dated:  April 17, 2019 | By: /s/ Joshua D. Lichtman |

Gerard G. Pecht (*pro hac vice* to be filed)
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas  77010
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246
gerard.pecht@nortonrosefulbright.com

Joshua D. Lichtman (SBN 176143)
NORTON ROSE FULBRIGHT US LLP
555 South Flower Street, Forty-First Floor
Los Angeles, California  90071
Telephone:  (213) 892-9200
Facsimile:  (213) 892-9494
joshua.lichtman@nortonrosefulbright.com

*Attorneys for Defendant American*
*Contractors Indemnity Company*

| | |
|---|---|
| Dated:  April 17, 2019 | By: /s/ Anne K. Edwards |

Anne K. Edwards (110424)
SMITH, GAMBRELL & RUSSELL, LLP
444 South Flower Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 358-7210
Facsimile:  (213) 358-7310
aedwards@sgrlaw.com

*Attorneys for Defendant Williamsburg*
*National Insurance Company*

| | |
|---|---|
| Dated:  April 17, 2019 | By: /s/ Nicole S. Healy |

Todd A. Roberts
Nicole S. Healy
Edwin B. Barnes
ROPERS, MAJESKI, KOHN & BENTLEY

*Attorneys for Defendants American Bail*
*Coalition, Inc. and William B. Carmichael*

| 1 | Dated: April 17, 2019 | By: /s/ David F. Hauge |
| 2 | | |
| 3 | | David F. Hauge (128294)<br>Todd H. Stitt (179694)<br>Vincent S. Loh (238410) |
| 4 | | MICHELMAN & ROBINSON, LLP |
| 5 | | *Attorneys for Defendants United States Fire* |
| 6 | | *Insurance Company, North River Insurance Company, Crum & Forster Indemnity* |
| 7 | | *Company, and Seneca Insurance Company* |
| 8 | Dated: April 17, 2019 | By: /s/ Casey A. Hatton |
| 9 | | Casey A. Hatton (SBN 246081) |
| 10 | | HINSHAW & CULBERTSON LLP<br>One California Street, 18th Floor |
| 11 | | San Francisco, CA 94111<br>Telephone: 415.362.6000 |
| 12 | | Facsimile: 451.834.9070<br>chatton@hinshawlaw.com |
| 13 | | |
| 14 | | Christie A. Moore (*pro hac* pending) |
| 15 | | W. Scott Croft (*pro hac* pending)<br>BINGHAM GREENEBAUM DOLL LLP<br>101 S. Fifth Street |
| 16 | | 3500 PNC Tower |
| 17 | | Louisville, KY 40202<br>Telephone: 502.587.3758 |
| 18 | | Facsimile: 502.540.2276<br>cmoore@bgdlegal.com |
| 19 | | wcroft@bgdlegal.com |
| 20 | | *Attorneys for Bond Safeguard Insurance* |
| 21 | | *Company and Lexon Insurance Company* |
| 22 | Dated: April 17, 2019 | By: /s/ Travis Wall |
| 23 | | Travis Wall (191662) |
| 24 | | Spencer Kook (205304)<br>HINSHAW & CULBERTSON LLP |
| 25 | | *Attorneys for Defendant Philadelphia* |
| 26 | | *Reinsurance Corporation* |
| 27 | | |
| 28 | | |

| 1 | Dated:  April 17, 2019 | By: /s/ Gregory S. Day |
| 2 | | |
| 3 | | Gregory S. Day<br>LAW OFFICES OF GREGORY S. DAY<br>120 Birmingham Drive, Suite 200 |
| 4 | | Cardiff, CA  92007<br>Telephone:  (760) 436-2827 |
| 5 | | attygsd@gmail.com |
| 6 | | *Attorneys for Defendants California Bail* |
| 7 | | *Agents Association, Universal Fire &*<br>*Insurance Company, Sun Surety Insurance* |
| 8 | | *Company* |
| 9 | Dated:  April 17, 2019 | By: /s/ Timothy P. Irving |
| 10 | | Timothy P. Irving (108413) |
| 11 | | TYSON & MENDES LLP<br>5661 La Jolla Boulevard |
| 12 | | San Diego, CA 92037<br>Telephone: (858) 459-4400 |
| 13 | | Facsimile:  (858) 459-3864<br>tirving@tysonmendes.com |
| 14 | | |
| 15 | | *Attorneys for Defendant Aegis Security* |
| 16 | | *Insurance Company* |
| 17 | Dated:  April 17, 2019 | By: /s/ Regina J. McClendon |
| 18 | | Regina J. McClendon<br>LOCKE LORD LLP |
| 19 | | |
| 20 | | *Attorneys for Defendant Safety First Insurance*<br>*Company* |
| 21 | Dated:  April 17, 2019 | By: /s/ Howard Holderness |
| 22 | | John A. Sebastinelli (127859) |
| 23 | | Howard Holderness (169814)<br>GREENBERG TRAURIG, LLP |
| 24 | | |
| 25 | | *Attorneys for Defendants American Surety*<br>*Company and Indiana Lumbermens Mutual* |
| 26 | | *Insurance Company* |
| 27 | | |
| 28 | | |

| | |
|---|---|
| 1 | Dated: April 17, 2019 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |

Dated: April 17, 2019      By: /s/ Gary A. Nye

Gary A. Nye (126104)
ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

*Attorneys for Defendants Allegheny Casualty Company, Associated Bond and Insurance Agency, Inc., Bankers Insurance Company, Harco National Insurance Company, International Fidelity Insurance Company, Lexington National Insurance Corporation, and Jerry Watson*

Dated: April 17, 2019      By: /s/ Shannon W. Bangle

James Mills (203783)
LAW OFFICE OF JAMES MILLS
1300 Clay Street, Suite 600
Oakland, CA 94612-1427
Telephone: (510) 521-8748
Facsimile: (510) 277-1413
james@jamesmillslaw.com

Michael D. Singletary (*pro hac vice*)
Shannon W. Bangle (*pro hac vice*)
Brian C. Potter (*pro hac vice*)
BANGLE & POTTER, PLLC
604 W. 13th Street
Austin, TX 78701
Telephone: (512) 270-4844
Facsimile: (512) 270-4845
Michael@banglepotter.com
Shannon@banglepotter.com
Brian@banglepotter.com

*Attorneys for Defendant Financial Casualty & Surety, Inc.*

| 1 | Dated:  April 17, 2019 | By: /s/ Erik K. Swanholt |
| 2 | | |
| 3 | | Erik K. Swanholt<br>FOLEY & LARDNER<br>555 South Flower St., 33rd Floor |
| 4 | | Los Angeles, CA 90071<br>Telephone:  (213) 972-4500 |
| 5 | | Facsimile:  (213) 486-0065 |
| 6 | | *Attorneys for Defendants Continental* |
| 7 | | *Heritage Insurance Company* |
| 8 | Dated:  April 17, 2019 | By: /s/ John M. Rorabaugh |
| 9 | | John M. Rorabaugh (178366) |
| 10 | | *Attorney for Defendant Golden State Bail* |
| 11 | | *Association* |
| 12 | Dated:  April 17, 2019 | By: /s/ Paul J. Riehle |
| 13 | | Paul J. Riehle (115199)<br>DRINKER BIDDLE & REATH LLP |
| 14 | | 4 Embarcadero Center, 27th Floor<br>San  Francisco, California 94111 |
| 15 | | Telephone:  (415) 551-7521<br>Facsimile:  (415) 551- 7510 |
| 16 | | paul.riehle@dbr.com |
| 17 | | *Attorneys for Defendant Accredited Surety and* |
| 18 | | *Casualty Company, Inc.* |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# FILER'S ATTESTATION

Pursuant to General Order No. 45, § X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from all the signatories.


DATED:  April 17, 2019                    _____*/s/ Dean M. Harvey*_____
                                                          DEAN M. HARVEY
                                                          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP