# EXHIBIT B



Beatriz Mejia  
+1 415 693 2145  
mejiab@cooley.com

By Email to: dharvey@lchb.com

April 12, 2019

Dean Harvey  
Lieff Cabraser Heimann & Bernstein  
275 Battery Street, 29th Floor  
San Francisco, CA 94111-3339

Re: *Crain v. Accredited Surety & Cas. Co., et al.*, No. 3:19-cv-01265-JST  
     *Breaux v. Accredited Surety & Cas. Co.*, et al. No. 3:10-cv-00717-JST

Dear Mr. Harvey:

On behalf of Defendants Seaview Insurance Company, Two Jinn, Inc., and other Defendants[1], we write in response to: (1) your April 5, 2019 letter requesting to meet and confer under Federal Rule of Civil Procedure 26(f) by May 1, 2019; and (2) Yaman Salahi's April 9, 2019 email seeking to accelerate the timing of the Rule 26(f) conference in light of the Court order advancing a case management conference in the above-referenced matters from May 22 to April 24. (*Breaux*, ECF 17; *Crain*, ECF 95.)

We do not agree that the Court's order requires the parties to complete a Rule 26(f) conference in advance of filing a joint case management statement by April 17, 2019. The Court's order states that the case management conference was being advanced because "[t]he stipulation includes scheduling matters that the Court concludes would be best addressed after a case management conference." (*Id.*) Accordingly, the purpose of the April 24 case management conference will be to discuss scheduling issues related to consolidation, not a discovery plan. Indeed, the Court could not have intended that the parties would conduct a Rule 26(f) conference before the advanced case management conference because, if that were the case, the nominal deadline for the Rule 26(f) conference was shifted to April 3— six days *before* the Court's order.

In addition, discussions about discovery are premature before the pleadings are set. The cases have not yet been consolidated and there is no consolidated complaint on file. Without an operative complaint on file—one that has been tested by and survived preliminary motion practice—we cannot have a meaningful discussion about the scope of discovery. Indeed, in our view, this case is unlikely to ever merit discovery given the deficiencies in the existing complaints.

---

[1] Defendants Accredited Surety and Casualty Company, Inc., Aegis Security Insurance Company, Allegheny Casualty Company, American Contractors Indemnity Company, American Surety Company, Associated Bond and Insurance Agency, Inc., Bankers Insurance Company, Bond Safeguard Insurance Company, Crum & Forster Indemnity Company, Danielson National Insurance Company, Financial Casualty & Surety, Inc., Harco National Insurance Company, Indiana Lumbermens Mutual Insurance Company, International Fidelity Insurance Company, Lexington National Insurance Corporation, Lexon Insurance Company, National American Insurance Company of California, North River Insurance Company, Philadelphia Reinsurance Corporation, Safety First Insurance Company, Seneca Insurance Company, Sun Surety Insurance Company, United States Fire Insurance Company, Universal Fire & Insurance Company, Continental Heritage Insurance Company, Williamsburg National Insurance Company, All-Pro Bail Bond Inc., American Bail Coalition, Inc., California Bail Agents Association, Golden State Bail Agents Association, Jerry Watson, and William B Carmichael join this letter.



Dean Harvey
April 12, 2019
Page Two


      We are willing to meet and confer with Plaintiffs about the appropriate issues at the appropriate times.  For now, that includes discussions about consolidation, appointment of interim lead counsel, and responding to the consolidated complaint and related briefing.  Defendants have coordinated their schedules and are available to meet and confer on Monday, April 15 at 11:00 AM PDT.  Please let us know if you are available then, and we can circulate a dial-in number.

Sincerely,

Beatriz Mejia

cc:      Plaintiffs' Counsel
           Defendants' Counsel
           *Crain* Plaintiff's Counsel