United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BREAUX,<br><br>    Plaintiff,<br><br>v.<br><br>ACCREDITED SURETY AND CASUALTY COMPANY, et al.,<br><br>    Defendants. | Case No. 19-cv-00717-JST<br><br>**ORDER RE: CAFA JURISDICTION**<br><br>Re: ECF No. 10 |
| SHONETTA CRAIN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ACCREDITED SURETY AND CASUALTY COMPANY, et al.,<br><br>    Defendants. | Case No. 19-cv-01265-JST |

On February 22, 2019, Plaintiffs Shonetta Crain and Kira Serna ("*Crain* Plaintiffs") filed a notice of pendency of related action in *Breaux v. Accredited Surety & Casualty Co.*, No. 19-cv-00717-JST, ECF No. 10. The *Crain* Plaintiffs asserted that they filed their case in state court "because there is no federal subject matter jurisdiction under the 'local controversy' exception to the Class Action Fairness Act ('CAFA')." *Id.* at 4 (citing 28 U.S.C. § 1332(d)(4)(A)). "The lack of subject matter jurisdiction" on that basis, they claimed, "is even clearer in the [*Breaux* Action]." *Id.*

The *Crain* action was removed on March 8, 2019, and the Court subsequently granted Defendants' motion to relate the two cases. *Crain v. Accredited Surety & Casualty Co.*, No. 19-cv-01265-JST, ECF Nos. 1, 26. In the parties' joint case management statement, the parties now

1  state that "Plaintiffs do not dispute that the threshold requirements under CAFA are met and
2  Plaintiffs do not intend to move to remand on the basis of any CAFA exception." *Crain*, ECF No.
3  126 at 2.

4  The Ninth Circuit has held that "[t]he 'local controversy' exception is not jurisdictional." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 869 (9th Cir. 2013). Accordingly, parties may forfeit or waive the argument by, among other things, "fail[ing] to raise it to the district court," *id.* at 870, and a court has no obligation to "consider those possibilities sua sponte," *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). Although "the Ninth Circuit has not directly addressed this issue," courts in this district have concluded that a motion based on the local controversy exception must "be brought in a reasonable time" to avoid waiver or forfeiture. *Duran v. Sephora USA, Inc.*, No. 17-CV-01261-WHO, 2017 WL 3453362, at *4 (N.D. Cal. Aug. 11, 2017) (second quoting *Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906, 915 (N.D. Cal. 2016)).

It appears to be an open question whether the *Crain* Plaintiffs' initial filing, which did not come in a motion seeking relief, requires the Court to consider the exception's applicability. But, given that it is a non-jurisdictional issue that may be waived or forfeited, *see Visendi*, 733 F.3d at 869-70, it also appears that the parties may resolve the issue by agreement. *See also Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017) ("[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).

In light of the foregoing, the Court invites the parties to submit a stipulation expressing their position on the local controversy exception by 12:00 p.m. on April 24, 2019.

**IT IS SO ORDERED.**

Dated: April 19, 2019

JON S. TIGAR
United States District Judge