1  Dean M. Harvey (SBN 250298)
   Katherine C. Lubin (SBN 259826)
2  Adam Gitlin (SBN 317047)
   Yaman Salahi (SBN 288752)
3  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
4  San Francisco, CA 94111
   Telephone: (415) 956-1000
5  dharvey@lchb.com
   kbenson@lchb.com
6  agitlin@lchb.com
   ysalahi@lchb.com
7
   *Attorneys for individual and representative*
8  *Plaintiffs Shonetta Crain and Kira Serna*

9  (Additional counsel listed below)

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                         SAN FRANCISCO DIVISION

| | |
|---|---|
| 13  SHONETTA CRAIN AND KIRA SERNA, individually and on behalf of all others similarly situated, | Case No. 3:19-CV-001265-JST |
| 14  | CLASS ACTION |
| 15  Plaintiffs, | **PLAINTIFFS' JOINT MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| 16  v. | |
| 17  ACCREDITED CASUALTY AND SURETY COMPANY, INC., et al., | |
| 18  Defendants. | Date:       June 6, 2019<br>Time:      2:00p.m.<br>Location: Courtroom 9<br>Judge:    The Honorable Jon S. Tigar |
| 19  | |
| 20  | |
| 21  STEVEN BREAUX, individually and on behalf of all other similar situated individuals, | Case No. 3:19-CV-00717-JST |
| 22  Plaintiff, | |
| 23  v. | |
| 24  ACCREDITED CASUALTY AND SURETY COMPANY, INC., *et al.*, | |
| 25  Defendants. | |
| 26  | |

27

28

**TABLE OF CONTENTS**

**Page**

PLAINTIFFS' JOINT MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND NOTICE OF HEARING ................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 2

I. INTRODUCTION ........................................................................................................... 2

II. BACKGROUND ............................................................................................................. 3

    A. The *Crain* Action ............................................................................................... 3

    B. The *Breaux* Action ............................................................................................. 3

    C. The *Crain* and *Breaux* Actions Are Related ..................................................... 4

III. LEGAL STANDARD ..................................................................................................... 4

IV. APPOINTMENT OF INTERIM CLASS COUNSEL IS APPROPRIATE ...................... 5

    A. The Selection of Interim Class Counsel Will Ensure Efficient Prosecution and Protect the Class's Interests ......................................................................... 5

    B. Counsel Are Well Suited To Represent The Proposed Class ............................. 5

        1. *Crain* Counsel Investigated And Discovered These Claims ................... 5

        2. Proposed Interim Class Counsel Are Experienced Class Action and Antitrust Litigators With Sophisticated Knowledge of the Applicable Law ........................................................................................ 6

        3. Counsel Have Ample Resources .............................................................. 12

V. CONCLUSION ................................................................................................................ 13

FILER'S ATTESTATION ............................................................................................................ 15

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Azpeitia v. Tesoro Refining & Mktg. Co. LLC, et al.*,
   Case No. 17-cv-00123-JST, 2017 WL 4071368 (N.D. Cal. Sep. 14, 2017) .................................. 4

*Bartling v. Apple Inc.*,
   No. 5:18-cv-00147-EJD, 2018 WL 4804735 (N.D. Cal. Apr. 27, 2018) .................................. 4, 5

*White v. TransUnion, LLC*,
   239 F.R.D. 681 (C.D. Cal. 2006) .................................................................................................. 4

**Other Authorities**

Fed. R. Civ. P. 23
   advisory committee's note, 2003 amend. ..................................................................................... 5

Fed. R. Civ. P. 23(g) .......................................................................................................................... 4

Fed. R. Civ. P. 23(g)(1)(A) ............................................................................................................ 4, 5

Fed. R. Civ. P. 23(g)(1)(B) ................................................................................................................ 4

**Treatises**

Manual for Complex Litig.,
   § 21.11 (4th ed. 2004) .................................................................................................................. 4, 5

# PLAINTIFFS' JOINT MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND NOTICE OF HEARING

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT ON June 6, 2019 at 2:00 p.m.**, in the Courtroom of the Honorable Jon S. Tigar, United States District Judge for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102-3489, Courtroom 9, Plaintiffs Shonetta Crain, Kira Serna, and Stephen Breaux will move for appointment of Lieff, Cabraser, Heimann & Bernstein LLP as Interim Lead Class Counsel, and Public Counsel, Towards Justice, Justice Catalyst Law, the National Consumer Law Center, HammondLaw P.C. , and Goldstein Borgen Dardarian & Ho as members of an Executive Committee of Interim Class Counsel.

This request is based on the following memorandum of law, the record in this case, all accompanying declarations and exhibits, and any arguments or other material to be presented at the hearing.

Dated:  May 1, 2019                                   Respectfully submitted,


                                                      By:  */s/ Dean M. Harvey*

                                                      Dean M. Harvey (SBN 250298)
                                                      Katherine C. Lubin (SBN 259826)
                                                      Adam Gitlin (SBN 317047)
                                                      Yaman Salahi (SBN 288752)
                                                      LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                                      275 Battery Street, 29th Floor
                                                      San Francisco, CA 94111
                                                      Telephone: (415) 956-1000
                                                      dharvey@lchb.com
                                                      kbenson@lchb.com
                                                      agitlin@lchb.com
                                                      ysalahi@lchb.com

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Shonetta Crain and Kira Serna, with their counsel Lieff, Cabraser, Heimann & Bernstein LLP, Public Counsel, Towards Justice, Justice Catalyst Law, and the National Consumer Law Center (together, "*Crain* Counsel"), filed this first-of-its-kind class action on January 29, 2019. *See Crain et al. v. Accredited Surety & Ins. Co., et al.*, Case No. 3:19-cv-001265-JST (N.D. Cal., removed Mar. 8, 2019) (complaint available at Dkt. 1-3) (the "*Crain* Action"). Plaintiff Stephen Breaux, with his counsel HammondLaw, P.C. and Goldstein Borgen Dardarian & Ho and, filed another action alleging the same claims and seeking the same relief on behalf of a similar class on February 8, 2019. *See Breaux v. Accredited Surety & Cas. Co., et al.*, Case No. 3:19-cv-717-JST, Dkt. 1 (N.D. Cal., filed Feb. 8, 2019) ("*Breaux* Action"). The *Crain* and *Breaux* Actions assert claims under California's antitrust and unfair competition laws against 35 Defendants, including bail sureties, bail agencies, bail agent associations, and two individuals. *Crain* Dkt. 1-3; *Breaux* Action Dkt. 1. The Actions allege that Defendants conspired to restrain competition over bail bonds, requiring hundreds of thousands of Californians to pay more than they otherwise would have paid to release themselves or their loved ones from pre-trial detention in California's criminal justice system. *Id.*

Plaintiffs request appointment of Lieff Cabraser as Interim Lead Class Counsel, and Public Counsel, Towards Justice, Justice Catalyst Law, the National Consumer Law Center, HammondLaw, P.C., and Goldstein Borgen Dardarian & Ho as members of an Executive Committee of Interim Class Counsel. As set forth below, the *Crain* and *Breaux* Counsel are qualified to represent the proposed class of purchasers of bail bonds in California. They have substantial experience litigating complex class actions on behalf of consumers, including specific expertise in antitrust class actions. Members of the proposed Executive Committee also have substantial industry-specific knowledge regarding cash bail. *Crain* and *Breaux* Counsel have the resources and commitment necessary to vigorously and efficiently prosecute this action on behalf of the proposed class.

For these and the reasons described below, *Crain* and *Breaux* Counsel respectfully request

appointment as Interim Class Counsel.

## II. BACKGROUND

### A. The *Crain* Action

On January 29, 2019, the *Crain* Plaintiffs filed their complaint in Alameda County Superior Court. Defendants removed to this Court on March 8, 2019. *See* Dkt. 1-3 ("*Crain* Compl."). The lawsuit challenges anticompetitive conduct in California's cash bail bond system under California's Cartwright Act and Unfair Competition Law. *See Crain* Compl. ¶¶ 124-143. Generally, a person charged with a crime in California state court may be released pretrial if he or she posts a cash bail bond. Because bond amounts are usually unaffordable, most criminal defendants must purchase a commercial bail bond: they pay a non-refundable "premium," or percentage, of the total bond to a surety company through a bail agent, who then posts the full amount of the bond with the state court. *Id.* ¶¶ 1-2. The *Crain* Action alleges that at least since February 2004, the industry has had the freedom to offer competitive rebates, but Defendants have colluded to refrain from doing so. *Id.* ¶¶ 64, 70-71. Defendants reinforced this scheme by misrepresenting to the public that they are not permitted to offer rebates, *id.* ¶¶ 72, 75-83, 95-104, punishing mavericks who break the cartel's rules, *id.* ¶¶ 105-107, and publicly discouraging bail bond agents from offering rebates, *id.* ¶¶ 78, 81.

The *Crain* Action resulted from several months of investigation, research, and preparation by *Crain* counsel, a group that includes four civil rights and public interest groups and experienced antitrust class action litigators. Harvey Decl. ¶ 2. While the case was pending in state court, the *Crain* Plaintiffs served preservation letters and discovery requests on all Defendants. *Id.* ¶ 3.

### B. The *Breaux* Action

Ten days after the *Crain* Action was filed, on February 8, 2019, a very similar case was filed in this Court, *Breaux v. Accredited Surety & Cas. Co., et al.*, Case No. 3:19-cv-717-JST (N.D. Cal., filed Feb. 8, 2019) (the "*Breaux* Action"). Like the *Crain* Action, the *Breaux* Action alleges the same conspiracy by nearly the same Defendants, asserts the same two claims under California law, and requests the same relief on behalf of a very similar class.

### C. The *Crain* and *Breaux* Actions Are Related

After removing the *Crain* Action to this Court, the *Crain* Plaintiffs agreed with Defendants that the *Crain* and *Breaux* Actions were related. *Breaux* Action, Dkt. 12. On March 19, the Court related the Actions. *Crain* Action, Dkt. 26. Plaintiffs in the *Crain* Action immediately sought to coordinate with Defendants regarding consolidating the *Crain* and *Breaux* Actions, the filing of a consolidated amended complaint, and briefing schedules for Defendants' response to the complaint. On April 24, 2019, the Court convened an initial case management conference, setting a May 1, 2019 deadline for filing the instant motion. *Crain* Action, Dkt. 163. At the Court's direction, a revised stipulation was filed on April 30, 2019. *Crain* Action, Dkt. 172.

## III. LEGAL STANDARD

A court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g). Interim class counsel is appointed when "overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Bartling v. Apple Inc.*, No. 5:18-cv-00147-EJD, 2018 WL 4804735, at *1 (N.D. Cal. Apr. 27, 2018) (quoting *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Azpeitia v. Tesoro Refining & Mktg. Co. LLC, et al.*, Case No. 17-cv-00123-JST, 2017 WL 4071368, at *2 (N.D. Cal. Sep. 14, 2017) (quoting Manual for Complex Litig., § 21.11 (4th ed. 2004)). In making an interim appointment, courts consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

17709016.3 - 4 - PLAINTIFFS' JOINT MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
3:19-CV-001265-JST

## IV. APPOINTMENT OF INTERIM CLASS COUNSEL IS APPROPRIATE

For the reasons discussed herein, Plaintiffs request appointment of Lieff Cabraser as Interim Lead Class Counsel, and appointment of Public Counsel, Towards Justice, Justice Catalyst Law, the National Consumer Law Center, HammondLaw, P.C., and Goldstein Borgen Dardarian & Ho as members of an Executive Committee of Interim Class Counsel.

### A. The Selection of Interim Class Counsel Will Ensure Efficient Prosecution and Protect the Class's Interests

The related cases will benefit from appointment of Interim Class Counsel, who will ensure efficient prosecution of the case and protect the proposed class's interests. After the *Crain* Action was filed, the *Breaux* Action was filed on behalf of a nearly identical class. The existence of the later-filed *Breaux* Action gives rise to "overlapping, duplicative, or competing class suits," meriting the appointment of interim class counsel to ensure consistency and efficiency across the cases. *See Bartling*, 2018 WL 4804735, at *1; *see also* Manual for Complex Litigation (Fourth) § 21.11 (4th ed. 2004) (explaining that when "there are a number of overlapping, duplicative, or competing suits pending in other courts," the "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities"); *cf.* Fed. R. Civ. P. 23 advisory committee's note, 2003 amend. ("In some cases . . . there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate.").

### B. Counsel Are Well Suited To Represent The Proposed Class

Every factor under Federal Rule of Civil Procedure 23(g) favors appointment of the proposed leadership structure.

#### 1. *Crain* Counsel Investigated And Discovered These Claims

*Crain* Counsel performed substantial work in "identifying or investigating potential claims in the action." Fed. R. Civ. P. 23(g)(1)(A)(i). The complaint is the result of an extensive investigation undertaken by a coalition of civil rights and public interest organizations and experienced antitrust and class action litigators into misconduct by California's cash bail bond industry. Harvey Decl. ¶ 2. *Crain* Counsel's investigation began over six months before the complaint was filed. *Id.* Counsel investigated, performed factual and legal research, retained

1  expert economists who conducted economic analyses of the relevant market, and reviewed public
2  rate filings. *Id.* Without the *Crain* Counsel's investigation and leadership, these cases would not
3  exist, and the misconduct at issue would remain hidden and unchallenged.

4  *Crain* Counsel have since diligently pursued the case. Crain Counsel served detailed
5  preservation letters with the complaint, served requests for production as soon as possible, and
6  attempted several times to conduct a conference with Defendants under Federal Rule of Civil
7  Procedure 26(f) to, among other things, obtain the information described in the Northern
8  District's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information.
9  Harvey Decl. ¶ 4. (Plaintiffs remain concerned that Defendants have refused to provide any
10 information regarding their ESI systems or their efforts to preserve relevant information.
11 Plaintiffs will again attempt to meet and confer with Defendants on these issues immediately after
12 Plaintiffs file a consolidated complaint.)

13 Lieff Cabraser coordinated with Defendants and with *Breaux* Counsel since the removal
14 of the *Crain* Action to ensure the efficient prosecution of the actions. Lieff Cabraser began these
15 efforts while the Crain Action was in Alameda County Superior Court, including reaching an
16 interim agreement with Defendants regarding their responses to the complaint, and then, once
17 Defendants removed the Crain Action, negotiating a stipulation regarding Defendants' responses
18 to the complaint. Harvey Decl. ¶ 4; *Crain* Action, Dkt. 20. Thereafter, Lieff Cabraser drafted a
19 proposed pre-trial consolidation order and met and conferred with Defendants regarding the
20 proposed schedule. Harvey Decl. ¶ 4. *Crain* Counsel filed that stipulation on April 4. *Crain*
21 Action, Dkt. 86. At the Court's direction, a revised stipulation was filed on April 30, 2019.
22 *Crain* Action, Dkt. 172.

23 **2. Proposed Interim Class Counsel Are Experienced Class Action and Antitrust Litigators With Sophisticated Knowledge of the Applicable Law**

25 The second and third Rule 23(g) factors also favor appointment of proposed interim class
26 counsel.

27 **Lieff Cabraser** was founded in 1972 and has been described by the American Lawyer as
28 "one of the nation's premier plaintiffs' firms." It routinely litigates precedent-setting cases

against the world's largest corporations. It has obtained over $118 billion in verdicts and settlements on behalf of its clients. For example, in 2016, Lieff Cabraser was appointed Lead Counsel in *In re Volkswagen 'Clean Diesel' Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 (N.D. Cal.). On October 25, 2016, the court approved settlements totaling $14.7 billion—one of the largest settlements in American history and the largest consumer settlement ever. Lieff Cabraser also has substantial experience and expertise litigating antitrust class actions. The following are illustrative examples. *See also* Harvey Decl. ¶¶ 5-8, Ex. A at 78-89.

1. *In Re Cipro Cases I & II*, No. S198616 (Cal. Super. Ct.) and *Cipro Cases I & II*, JCCP Proceedings Nos. 4154 & 4220 (San Diego Super. Ct.). Lieff Cabraser was Co-Lead Class Counsel. The case led to a landmark (and unanimous) decision by the California Supreme Court upholding the rights of consumers to challenge backroom deals between brand name drug makers and generic manufacturers to eliminate competition for life-saving medications. *Cipro Cases I and II*, 61 Cal.4th 116 (2015). The case resulted in total settlements of $399 million obtained on the eve of trial, nearly $68 million more than estimated damages. The Superior Court described the outcome as "extraordinary," adding that it was "not aware of any case" that "has taken roughly 17 years," where, net of fees, end-payor "claimants will get basically 100 cents on the dollar[.]" Harvey Decl. ¶ 5. Lieff Cabraser's work on the case earned it a California Lawyer of the Year (CLAY) award.

2. *In re High-Tech Employee Antitrust Litig.* ("*High-Tech*"), No. 11-cv-02509-LHK (N.D. Cal.). Lieff Cabraser filed all five underlying cases and was Co-Lead Class Counsel for a certified class of over 64,000 high-tech workers, asserting antitrust claims against Google, Apple, Intel and other tech giants for conspiring to suppress the mobility and compensation of their technical employees. The case resulted in the largest recovery (by far) of any class action asserting antitrust claims in the employment context: $435 million. The Daily Journal described the case as the "most significant antitrust employment case in recent history," adding that it "has been widely recognized as a legal and public policy breakthrough." Harvey Decl. ¶ 6.

1       3.      *Natural Gas Antitrust Cases*, JCCP Nos. 4221, 4224, 4226 & 4228 (Cal. Super. Ct.). Lieff Cabraser was Co-Lead Class Counsel and achieved a $1.3 billion settlement on behalf of California natural gas businesses and consumers in a case alleging an anticompetitive conspiracy that violated the Cartwright Act and Unfair Competition Law.

        4.      *In re TFT-LCD (Flat Panel) Antitrust Litigation* ("*LCD*"), M-07-1827 (N.D. Cal.). As Co-Lead Class Counsel for the direct purchaser class challenging a price-fixing conspiracy, Lieff Cabraser settled with all defendants but one and took the remaining defendant to trial, resulting in a plaintiff verdict and total amount recovered of $470 million.

        5.      *Wholesale Elec. Antitrust Cases I & II*, JCCP Nos. 4204 & 4205 (Cal. Super. Ct.). Lieff Cabraser negotiated settlements totaling $1.06 billion as Co-Lead Class Counsel in a class action against energy companies.

        6.      *Sullivan v. DB Investments*, No. 04-02819 (D.N.J.). As Class Counsel for consumers who purchased diamonds in an antitrust monopolization case, Lieff Cabraser obtained a settlement valued at $295 million.

Plaintiffs request that Lieff Cabraser be appointed as Interim Lead Class Counsel to continue the leadership role that Lieff Cabraser has played thus far. The individual members of the Lieff Cabraser team are Dean Harvey, Katie Lubin, Adam Gitlin, and Yaman Salahi. *See* Harvey Decl. ¶ 9, Ex. A at 123-24, 133, 136, 139 (individual attorney summaries). Lieff Cabraser has worked cooperatively and successfully with its co-counsel to research the claims at issue, draft the complaint, and press for discovery. Harvey Decl. ¶ 2. Lieff Cabraser has led plaintiffs' negotiations with Defendants, including drafting stipulations and preparing the case management statement. Harvey Decl. ¶ 4. Lieff Cabraser also consulted with *Breaux* counsel regarding litigation decisions since Defendants removed the *Crain* Action, resulting in a unified litigation strategy across the two actions, and in the instant joint leadership application. *Id.*

**Public Counsel** is a pro bono law firm whose Consumer Rights Project is one of the organization's oldest, providing legal counsel for low-income individuals and their families in both individual and impact cases. Carroll Decl., Ex. A at 1. Public Counsel has extensive experience in complex class actions, including consumer cases. *Id.* at 1-14. For example,

Consumer Rights Project attorneys are currently Co-Lead Counsel in two consumer actions filed as class cases, designated complex, related to government-endorsed home improvement financing schemes: *Ocana, et al. v Renew Financial Holdings, Inc, et al*, Case No. BC701809 (Cal. Super. Ct. L.A.), and *Nemore, et al. v. Renovate America, et al.*, Case No. BC701810 (Cal. Super. Ct. L.A.). Carroll Decl. ¶ 5. They are also Co-Lead Counsel in an ongoing consumer debt defense matter filed as a class action on behalf of former students from a now defunct for-profit school: *Video Symphony v. Wilson*, Case No. 16A03434 (Cal. Super. Ct. L.A.). *Id.* Public Counsel has been working on issues related to bail and the rights of low-income individuals in the criminal justice system for the past several years, and has been involved in the development of this litigation since early 2018. Carroll Decl. ¶ 6. In addition to advocacy for individual clients in criminal and immigration bond cases, in the past two years Public Counsel successfully co-counselled in a high profile gang-injunction removal class case (*Rodriguez v. City of Los Angeles*, 2:11-cv-01135-DMG-PJW (C.D. Cal)), and established that the imposition of mandatory court fees on indigent defendants is unconstitutional (*People v. Duenas*, Cal. Court of Appeal, Second Appellate District Case No. B285645). *Id.* ¶ 9.

**National Consumer Law Center** is a non-profit organization with extensive experience with consumer class actions and challenging abuses in the commercial bail industry. Rossman Decl. ¶ 2, Ex. A; *id.* ¶¶ 14-17. NCLC is currently litigating a class action lawsuit against two New Orleans bail bond companies that charged their clients hidden and illegal fees, *Egana et al v. Blair's Bail Bonds, Inc. et al.*, 2:17-CV-05899 (E.D. La.). *Id.* ¶ 14. NCLC Attorney Brian Highsmith has testified by invitation at a New York State listening session about consumer abuses in the bail bond industry, convened by Governor Cuomo on behalf of three state agencies, and is the author of a national report documenting consumer abuses by private companies that increasingly administer core parts of our criminal legal system, including the commercial bail industry. Highsmith Decl. ¶¶ 8-9. In the past 20 years NCLC has been co-counsel in over 120 consumer class action cases filed in state and federal courts around the country. Rossman Decl. ¶ 14. In particular, NCLC has played leadership roles in several California class action cases including:

1. *Henry v. Structured Investments Co., Inc.*, Case No. 05CC00167 (Cal. Super. Ct. Orange County) (class-action lawsuit regarding illegal assignment of military veteran and disability pension rights in exchange for lump sum payments);

2. *Hood v. Santa Barbara Bank & Trust*, Case No. 1156354 (Cal. Super. Ct. Santa Barbara) (class-action lawsuit asserting claims for tax refunds improperly seized to pay off alleged old debts for tax preparation services or for previous refund anticipation loans); and

3. *Reimann v. Brachfeld*, Case No. RG10-529702 (Cal. Super. Ct. Alameda) (class-action lawsuit asserting debt collection claims).

**Justice Catalyst Law** is a non-profit law firm that advances human and civil rights and economic and social justice through impact litigation and whose attorneys have engaged in class action practice in numerous consumer and antitrust class actions. Elga Decl. ¶¶ 6-7; *id.* ¶ 11, Ex. A. Justice Catalyst Law's attorneys have been involved in successful class antitrust and consumer law cases, including *In re: Automotive Parts Antitrust Litigation*, No. 12-md-02311 (E.D. Mich.) (representing retailer class in one of the most far-reaching antitrust conspiracies in history), *In re: Packaged Seafood Products Antitrust Litigation*, No. 15-md-2670 (S.D. Cal.) (pending), *Cason-Merenda v. Detroit Medical Center,* No. 06-15601 (E.D. Mich.) (resulting in a significant recovery for nurses who were victimized by a wage-suppression cartel), *Hadley v. Subaru of America, Inc.*, No. 15-7210 (D.N.J.) (sparking the recall of defective cars whose hoods flew open while driving), and *Noble v. Samsung Electronics America, Inc.*, No. 15-cv-03713 (D.N.J.) (class action representing consumers who purchased smart watches with lower battery life than advertised, resulting in successful invalidation of arbitration agreement). Elga Decl. ¶ 2. Justice Catalyst attorneys also have experience in financial products and consumer protection. Elga Decl. ¶ 5. Attorney Benjamin Elga in particular has spent two years investigating the bail market, nationally and in California, conducting interviews and extensively researching relevant economic forces, accruing substantial expertise in the theory and practice of for-profit bail agencies and sureties, as well as California's regulatory scheme. Elga Decl. ¶ 3.

**Towards Justice** is a non-profit organization that uses impact litigation to attack systemic injustices that undermine the power of workers and consumers to achieve economic mobility,

with extensive experience litigating antitrust and fraud cases on behalf of low-income people. Seligman Decl. ¶ 3, Ex. A; *id.* ¶ 4. Representative antitrust class actions include *Beltran, et al. v. Interexchange, Inc., et al.*, Case No. 14-cv-03074-CMA-KMT (D. Colo.) (co-lead counsel in an antitrust class action representing thousands of au pairs alleging price fixing, racketeering, and wage theft, in which the court recently granted preliminary approval to a $65.5 million settlement) and *Bautista, et al. v. Carl Karscher Enterprises*, Case No. BC 649777 (Cal. Super. Ct. L.A.) (putative antitrust class action alleging that Carl's Jr. and its franchisees conspired not to hire one another's workers), in addition to several other class action cases. *Id.* ¶¶ 5-6.

Significantly, the non-profit organizations serving as co-counsel have been at the forefront of the movement to reform the cash bail bond industry, Elga Decl. ¶ 3; Carroll Decl. ¶ 6; Rossman Decl. ¶ 16; Highsmith Decl. ¶¶ 8-13, and thus have been and will be able to offer essential expertise and perspective to issues like the scope of appropriate injunctive relief. These organizations participated extensively in investigation of this case. *Id.* This case would not exist but for their diligent work.

**Goldstein Borgen Dardarian & Ho** ("GBDH"): Founded in 1972, GBDH represents plaintiffs nationwide in complex and class action litigation, including consumer, wage and hour, voting rights, employment discrimination, disability access, environmental justice, and other public interest litigation. Ho Decl. ¶ 3. GBDH has successfully litigated some of the largest and most significant cases in these areas. *Id.* ¶ 3, Ex. A. Ms. Ho has been litigating class actions with GBDH since 1998 and became a partner in 2005. *Id.* ¶ 4. The class and collective actions she has litigated throughout the past twenty-one years have led to favorable class action settlements that have recouped millions of dollars on behalf of plaintiffs. *Id.* For example, Ms. Ho led a team of GBDH attorneys in the matter of *Siciliano v. Apple, Inc.*, Case No. 13-cv-257676 (Cal. Super. Ct. Santa Clara), which was a certified class action on behalf of Apple in-app subscribers in California that recently settled for $16 million. *Id.* This and other outcomes summarized in Ms. Ho's declaration resulted from skillful and tenacious litigation, but also the ability to work cooperatively with co-counsel and opposing counsel, including GBDH's co-counsel in the *Breaux* Action, HammondLaw, P.C. GBDH and HammondLaw, P.C. have worked cooperatively on

1  several matters to achieve favorable results for their clients, including in the *Siciliano* matter
2  described above.

3      **HammondLaw, P.C.** represents plaintiffs in complex and class action litigation,
4  including consumer and wage and hour litigation. Hammond Decl. ¶ 2. Since founding
5  HammondLaw in 2010, Julian Hammond has litigated and settled dozens of class actions on
6  behalf of thousands of employees and consumers. *Id*. and Ex. 1. Mr. Hammond, along with
7  Goldstein Borgen Dardarian & Ho ("GBDH"), was co-class counsel in *Siciliano v. Apple, Inc*.,
8  Case No. 13-cv-257676 (Cal. Super. Ct. Santa Clara), a certified class action on behalf of Apple
9  in-app subscribers in California that recently settled for $16 million. *Id*. Mr. Hammond was also
10 co-class counsel in *Moss et al. v. USF Reddaway, Inc*., Case No. 5:15-cv-01541 (C.D. Cal. June
11 30, 2017), which recently settled for $2.95 million, and *Martinez v. Knight Transportation,* Case
12 No. 1:16-cv-01730 (E.D. Cal. November 30, 2018)**.** *Id*. ¶ 2. These cases, and those listed in
13 Exhibit A to the Hammond Declaration, demonstrate Mr. Hammond's substantial litigation
14 experience, as well as his ability to work cooperatively with co-counsel and opposing counsel,
15 including with GBDH in the *Apple* case described above.

16          **3.      Counsel Have Ample Resources**

17      Counsel have substantial resources and are committed to prosecuting this case zealously
18 and efficiently on behalf of the proposed class. Lieff Cabraser is a 90-plus attorney law firm,
19 with its primary office located in San Francisco, and routinely leads large and complex class
20 action cases in this and many other jurisdictions. Public Counsel is a 70-plus attorney
21 organization, with its primary office located in Los Angeles. The National Consumer Law Center
22 is an organization with over 30 attorneys and legal fellows, with its primary office located in
23 Boston. Justice Catalyst Law has a team of 4 attorneys, with its primary office located in New
24 York City. Towards Justice has a team of 4 attorneys, and its office is located in Denver.
25 HammondLaw and GBDH will commit the necessary resources and time to represent the interests
26 of the proposed class.

27      Counsel have abundant resources to prosecute this case, and will do so efficiently.
28

## V. **CONCLUSION**

Plaintiffs respectfully request that the Court grant this motion for appointment of Interim Class Counsel.

Dated: May 1, 2019          Respectfully submitted,

                           */s/ Dean M. Harvey*
Dean M. Harvey (SBN 250298)
Katherine C. Lubin (SBN 259826)
Adam Gitlin (SBN 317047)
Yaman Salahi (SBN 288752)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
agitlin@lchb.com
ysalahi@lchb.com

Benjamin David Elga (*pro hac vice*)
Brian James Shearer (*pro hac vice*)
JUSTICE CATALYST LAW
25 Broadway, 9th Floor
New York, NY 10004
Telephone: (518) 732-6703
belga@justicecatalyst.org
brianshearer@justicecatalyst.org

Cindy Pánuco (SBN 266921)
Stephanie Carroll (SBN 263698)
Nisha Kashyap (SBN 301934)
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, California, 90005
Telephone: (213) 385-2977
Facsimile: (213) 201-4722
scarroll@publiccounsel.org
nkashyap@publiccounsel.org

|   |   |
|---|---|
| 1 | Stuart T. Rossman (*pro hac vice*) |
|   | (B.B.O. No. 430640) |
| 2 | Brian Highsmith (*pro hac vice* motion forthcoming) |
|   | NATIONAL CONSUMER LAW CENTER |
| 3 | 7 Winthrop Square, Fourth Floor |
|   | Boston, MA 02110-1245 |
| 4 | Telephone: (617) 542-8010 |
|   | Facsimile:  (617) 542-8028 |
| 5 | srossman@nclc.org |
|   | bhighsmith@nclc.org |
| 6 |   |
|   | David Seligman (*pro hac vice* motion forthcoming) |
| 7 | TOWARDS JUSTICE |
|   | 1410 High Street, Suite 300 |
| 8 | Denver, CO 80218 |
|   | Telephone:  (720) 441-2236 |
| 9 | Facsimile:   (303) 957-2289 |
|   | david@towardsjustice.org |
| 10 |   |
|   | *Counsel for Individual and Representative Plaintiffs Shonetta* |
| 11 | *Crain and Kira Serna* |
| 12 | By: */s/  Julian Hammond* |
|   | Julian Hammond (SBN 268489) |
| 13 | Polina Brandler (SBN 269086) |
|   | Ari Cherniak (SBN 290071) |
| 14 | HAMMONDLAW PC |
|   | 1829 Reisterstown Road, Suite 410 |
| 15 | Baltimore, MD 21208 |
|   | Telephone: (310) 601-6766 |
| 16 | Facsimile: (310) 295-2385 |
|   | jhammond@hammondlawpc.com |
| 17 | pbrandler@hammondlawpc.com |
|   | acherniak@hammondlawpc.com |
| 18 |   |
|   | Laura L. Ho (SBN 173179) |
| 19 | GOLDSTEIN BORGEN DARDARIAN & HO |
|   | 300 Lakeside Drive, Suite 1000 |
| 20 | Oakland, CA 94612 |
|   | Telephone: (510) 763-9800 |
| 21 | Facsimile: (510) 835-1417 |
|   | lho@gbdhlegal.com |
| 22 |   |
|   | *Counsel for Individual and Representative Plaintiff Steven* |
| 23 | *Breaux* |
| 24 |   |
| 25 |   |
| 26 |   |
| 27 |   |
| 28 |   |

**FILER'S ATTESTATION**

Pursuant to General Order No. 45, § X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from all the signatories.

DATED: May 1, 2019                           */s/ Dean M. Harvey*
                                             DEAN M. HARVEY
                                             LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

1720135.1