# EXHIBIT A



**FIRM PROFILE**

Public Counsel is the largest pro bono law firm in the nation, specializing in delivering pro bono legal services, working with major law firms and corporations to change people's futures. Founded in 1970, Public Counsel is the public interest law firm of the Los Angeles County and Beverly Hills Bar Associations as well as the Southern California affiliate of the Lawyers' Committee for Civil Rights Under Law. Public Counsel's activities are far-ranging and impact a wide spectrum of people who live at or below the poverty level.

In 2017, Public Counsel staff and volunteers helped over 3,400 clients and their families increase their well-being by obtaining positive outcomes resulting in almost $6 million in cash payments to our clients and over $2 million in savings. Including full representation, brief services, and training, our staff and over 4,800 volunteers helped over 18,000 individuals and more than 300 nonprofit organizations, and conducted impact litigation on behalf of over 12 million people. We operate eight legal projects: Children's Rights, Community Development, Consumer Rights, Homelessness Prevention, Immigrants' Rights, Veterans' Rights, the Audrey Irmas Project for Women & Girls' Rights, and a project that specializes in impact litigation over a wider range of issue areas, Opportunity Under Law.

Public Counsel's Consumer Rights Project is one of the oldest projects within Public Counsel and provides legal counsel for low-income individuals and their families in both individual and impact cases, addressing inequalities in bargaining power, opposing those who take advantage of the vulnerable, and holding wrongdoers accountable. Our consumer practice areas include: fraud or unfair business practices, predatory lending, auto fraud, real estate fraud, criminal justice debt, student loan debt, financial elder abuse, debt collection and civil rights.

**CASE PROFILES**

**Current Class Action and Impact Cases**

1. **Ocana, et al v. Renew Financial Holdings, Inc., et al, L.A. Sup. Ct., Case No. BC701809 and Related Case Nemore, et al v. Renovate America, et al, Case No. BC701810.** Public Counsel serves as co-lead counsel in two complex class action lawsuits related to "Property Assessed Clean Energy" (PACE) loans made by the County of Los Angeles. PACE is meant to help low- and moderate-income households make home improvements that will help the environment and lower energy their costs. The lawsuits allege that the County's PACE program harmed

many homeowners by making loans that people could not afford to repay. Instead of getting "green" homes, the plaintiffs may lose their homes to foreclosure. The County hired two companies to implement its PACE program. Those companies are also defendants in the lawsuits: Renovate America does business under the brand name "HERO" and Renew Financial does business under the brand name "California First." Plaintiffs have successfully defended against demurrers and motions to compel arbitration by defendants Renovate and Renew, and have recently amended the complaints to update allegations with respect to the County of Los Angeles.

2. **Rodriguez v. City of Los Angeles, 2:11-cv-01135-DMG-PJW (C.D. Cal.).** Public Counsel, along with co-counsel, represent plaintiffs in a class action concerning the city's enforcement of a curfew provision in 26 gang injunctions even after a California court of appeal had declared a nearly identical provision unconstitutionally vague. Plaintiffs sued on behalf of a class alleging due process violations as well as some California causes of action including Bane Act violations. Many young people who live in a "safety zone" as defined by the injunctions, typically low-income neighborhoods primarily inhabited by people of color, get swept up into these injunctions, either incorrectly or as a result of minimally suspect behavior, which prohibit them from engaging in otherwise legal behavior. After the court granted partial summary judgment in favor of the class with respect to the due process violations, the case settled. The settlement, which is still being implemented and covers approximately 6,000 class members, provides for up to $30 million in job training, apprenticeships, and job placement programs over four years for persons who were subjected to gang injunctions that contained unconstitutional curfew provisions, as well as an expedited process to be removed from the gang injunction list by the courts.

3. **Video Symphony v. Wilson, L.A. Sup. Ct., Case No. 16A03434**. On November 22, 2017, Public Counsel, serving as co-lead counsel, filed a class-action answer and class action cross-complaint on behalf of former students of the now closed for-profit school Video Symphony EnterTraining. The suit alleges fraud, and violations of debt collection practices laws and California's Unfair Competition Law and could impact between 200-300 former students.

4. **Lyons et al v. BIAC, Inc. et al, 6:17-cv-02362-DCC-KFM (D.S.C.).** Public Counsel is co-counsel in this case, related to other similar cases, representing disabled and medically retired veterans who filed a lawsuit pending in federal court in South Carolina against a group of companies and individuals, charging that their business

practices violate federal law. The suit alleges that the defendants conspired together to prey upon financially vulnerable veterans by offering illegal, costly loans that strip the veterans of their federally protected military pensions and benefits. The practice is prohibited by a collection of federal laws. These cases will potentially impact hundreds if not thousands of veterans who have been targeted by the defendants through similar schemes.

5. **Westlake v. Onoa, L.A. Sup. Ct., Case No. BC714108.** Public Counsel is co-counsel in this case involving a statutorily-deficient notice of intent to sell an automobile following repossession. Although filed as an individual case, the suit includes a public injunctive relief cause of action that applies to all recipients of the defective notice.

6. **People v. Dueñas, Cal. Court of Appeal, Second Appellate District Case No. B285645**. Public Counsel is representing an indigent defendant in a criminal appeal challenging the imposition of mandatory court fees on indigent defendants. Although the Appellate Division affirmed the assessments on our indigent client without consideration of her inability to pay, the Second District Court of Appeal, Division 7, accepted our petition for transfer, requested supplemental briefing, and heard oral argument. The Court of Appeal, in an opinion by Justice Zelon, recently ruled in Ms. Duenas's favor in an exceptional opinion declaring such fees unconstitutional.

7. **J.L. v. Cissna, 18-cv-04914-NC (N.D. Cal.).** Public Counsel is co-counsel in this class action lawsuit challenging US Citizenship and Immigration Services unlawful denial of Special Immigrant Juvenile Status to 18 to 20 year olds placed into legal guardianships under California law. Specifically, USCIS has adopted an unlawful new requirement for SIJS eligibility that requires a state juvenile court to have the actual authority to reunify a child with their parents before making Special Immigrant Juvenile Findings for the child. On October 31, 2018, the District Court granted our motion for preliminary injunction, enjoining USCIS from implementing its new policy to deny petitions for 18 to 20 year olds placed into legal guardianships under California law and from initiating immigration removal proceedings against those whose petitions have already been denied. On February 1, 2019, the court certified a class comprised of: Children who have received or will receive guardianship orders pursuant to California Probate Code § 1510.1(a) and who have received or will receive denials of their SIJ status petitions on the grounds that the state court that issued the SIJ Findings lacked jurisdiction because the court did not have the authority to reunify the children with their parents.

8. **United States v. County of Los Angeles, 2:15-cv-05903-DDP (JEMx) (C.D. Cal.).** In August 2015, the United States filed a complaint against the County of Los Angeles and the Sheriff regarding the County's treatment of mentally ill prisoners in their jails. That same day, the parties filed a settlement agreement, which was primarily focused on suicide prevention but contained one paragraph on discharge procedures for prisoners with mental illness. The settlement agreement was approved without a hearing. On behalf of seven mentally disabled homeless individuals who have each been incarcerated and released multiple times, Public Counsel and co-counsel intervened in the case, alleging that the settlement agreement violated the Americans with Disabilities Act by failing to provide our clients with meaningful access to jail discharge planning due to their disabilities, thereby increasing recidivism and homelessness. The motion to intervene was granted in December 2016, and the Intervenors defeated a motion for judgment on the pleadings and prevailed on a motion to compel a deposition of a County official. The parties engaged in substantive settlement discussions for several months regarding the County's discharge planning practices for the mentally disabled population and the case was finally settled in late 2018, benefitting approximately 2,000 mentally disabled prisoners each month. The settlement is currently under implementation.

9. **Gary B. v. Snyder, 2:16-cv-13292-SJM-APP (E.D.Mich.).** Public Counsel, along with co-counsel, filed a complaint on behalf of a class of students attending five schools in Detroit, Michigan alleging that Governor Snyder and other state education officials had denied plaintiffs the right of access to literacy under the Fourteenth Amendment of the U.S. Constitution. The case seeks evidence-based literacy instruction to afford all class members opportunity to attain literacy sufficient to attain economic self-sufficiency and participate in the activities of democratic citizenship. It also seeks the removal of barriers to literacy, such as lack of instructional materials, insufficient teachers, and deplorable school conditions such as vermin, extreme temperatures, and unsafe building conditions. The State's motion to dismiss is currently on appeal to the Sixth Circuit Court of Appeals.

10. **Page v. Parisotto, L.A. Sup. Ct., Case No. BC625992.** In July 2016, Public Counsel, along with co-counsel, filed a class action complaint against the California state officials and agencies responsible for administering the workers' compensation system alleging systemic sex discrimination in California's workers' compensation system. The case challenges the practice of reducing the permanent disability benefits due to women workers on the basis of the "predisposing condition" or "risk factor" of gender or female reproductive biology and an irrationally low—and in many cases,

zero—disability rating for loss of a breast. These practices disproportionately affect low-wage workers who are typically unrepresented, lack the means to hire an attorney to challenge discriminatory awards, and have immediate need for workers' compensation benefits to support their families. The case is designated complex and is currently on appeal.

11. **Peter P. v. Compton Unified School District, cv-15-3726-MWF- (PLAx) (C.D. Cal.)** In May 2015, Public Counsel with co-counsel sued Compton Unified School District alleging that the failure to accommodate students whose learning is impaired as a result of trauma violates Section 504 of the Rehabilitation Act and the Americans with Disabilities Act. The case seeks the implementation of whole-school trauma-sensitive practices, including personnel training, restorative justice, and mental health support, shown to effectively accommodate trauma in school districts like Compton. The Compton Unified School District serves nearly exclusively students of color and socioeconomically disadvantaged students, as well as high numbers of homeless and foster youth. The case was filed in federal court in the Central District of California. The Court denied CUSD's motion to dismiss in September 2015. The case is stayed for settlement discussions.

12. **Stephen C. v. BIE, 3:17-cv-08004-SPL (D. Ariz).** Public Counsel is co-counsel in a case filed in the District of Arizona focused on education equity, disability discrimination, and trauma claims against the US Bureau of Indian Education on behalf of NADLC and a group of Havasupai students attending Bureau schools. Plaintiffs defeated a motion to dismiss, and discovery is underway.

13. **Ramirez v. DHS, 2:17-cv-00218-RSM (W.D. Wash).** Along with co-counsel, Public Counsel filed a habeas petition for a DACA recipient who was arrested and detained when ICE agents came to his home with a warrant for his father. We secured his release on bond in immigration court. The legal team successfully defeated the government's motion to dismiss the Second Amended Complaint. In a nationally significant decision, Chief Judge Ricardo Martinez sided with Plaintiff's counsel in holding that the federal district court retained subject matter jurisdiction over the legality of the federal government's revocation of Mr. Ramirez's DACA status. The Court also resoundingly rejected the Government's contention that the DACA program conferred no due process rights on DACA recipients. On May 15, 2018, the Court granted our motion for a preliminary injunction, ordering the defendants to restore Plaintiff Daniel Ramirez Medina's DACA status and work authorization pending a decision on the merits of his claims. In a strongly-worded decision, the

Court also ordered the government to stop making spurious allegation regarding Mr. Ramirez's wholly fabricated gang-affiliation.

14. **Garcia v. Trump, 3:17-cv-05380 (N.D. Cal.)**. Working with the same litigation team as in the Ramirez case, Public Counsel is representing six DACA recipients challenging the Trump administration's decision to rescind the DACA program. The case is being litigated together with the State of California's lawsuit. In early 2018, Judge Alsup issued a lengthy and sweeping opinion denying the government's motion to dismiss and granting our request for preliminary injunction, enjoining the government's rescission of DACA until the matter can be briefed and heard on the merits. The government and Plaintiffs appealed the ruling to the Ninth Circuit Court of Appeals and the government also requested the Supreme Court to skip appellate court review. The Supreme Court declined to take review on the condition that the Ninth Circuit proceedings move expeditiously. The Ninth Circuit affirmed the District Court's grant of a nationwide preliminary injunction allowing DACA renewals to continue.

15. **Ella T. v. State of California, L.A. Sup. Ct., Case No. BC685730**. Public Counsel is co-counsel in a case filed on behalf of 10 students in Los Angeles, Stockton, and Inglewood, two organizational plaintiffs, and two former teaching professionals, asserting that the State of California has violated students fundamental right to education by failing to ensure their access to literacy. The case is in the discovery phase. Plaintiffs defeated the State's demurrer, and the case is in the discovery phase.

16. **Scott C. v. Riverview Gardens 18-4162 (W.D.Mo).** Public Counsel is co-counsel in this suit filed in Missouri, asserting violations of the McKinney-Vento Act and the disability discrimination statutes. The District, which has been run by the state for almost a decade, has consistently failed to enroll, transport, and retain homeless children in the schools and has failed to provide them the trauma-sensitive environment they need in order to learn and get an education equal to their non-homeless peers. The defendants filed motions to dismiss to be argued in February 2019.

17. **Ms. J.P. v. Sessions**, **2:85-cv-04544-DMG-AGR (C.D. Cal)**. Along with co-counsel, in June 2018 Public Counsel filed a claim of intervention on behalf of migrant parents who were separated from their children as a result of the Trump administration's child separation policy. The case asserts that the policy was intentionally designed to cause trauma to parents and children and that the families are entitled to trauma-

sensitive services in an appropriate context to mitigate the intentional harm. Plaintiffs filed a motion for preliminary injunction, supported by numerous expert declarations from national experts on trauma, and a motion for class certification, and the hearing took place on September 20. The defendants filed a motion to dismiss, and the Court held a hearing in January 2019. Decisions on all motions are pending.

18. **City of San Jose v. Ross, 3:18-cv-02279-RS (N.D. Cal).** Public Counsel is co-counsel in litigation on behalf of the City of San Jose against the Department of Commerce and Census Bureau challenging the decision to add a citizenship question to the 2020 Census in an attempt exacerbate historic undercounts of minority groups, leading to losses in congressional representation and federal funding for San Jose and causing BAJI to divert resources to address census issues.

19. **Kevin S. v. Jacobson, 1:18-cv-00896 (D.N.M).** Working with co-counsel and a group of New Mexico child welfare organizations, Public Counsel is engaged in an effort to lead statewide litigation in New Mexico to reform the child welfare system and secure access to mental and behavioral health services for Medicaid-eligible youth in New Mexico. The complaint, filed in September 2018, includes Section 504, substantive due process, and Medicaid Act claims.

## Selection of Other Recent Class Action & Impact Cases

1. **Nozzi, et al v. Housing Authority of the City of Los Angeles (HACLA) et al, 2:07-cv-00380-PA-FFM (C.D. Cal.).** In 2004, HACLA reduced the subsidy available to households participating in the Section 8 housing voucher program and failed to give adequate notice of the reduction. The notice that HACLA provided was neither understandable nor timely. Working with co-counsel, Public Counsel filed suit in 2007, challenged the notice provision and subsequent reduction in the payment of rental subsidies on due process grounds. After two rounds of appeals to the Ninth Circuit, this case was approved for final settlement in 2017, providing a class fund of $9.4 million, covering 11,700 class members.

2. **HousingWorks, et al v. County of Los Angeles, et al, 2:15-cv-08982 GW (RAOx) (C.D. Cal.).** Public Counsel was co-counsel in this case that aimed to challenge barriers to access to basic subsistence benefits needed by residents of L.A. County with mental and developmental disabilities. After unsuccessful attempts to resolve the

issue with the County, Plaintiffs filed suit, asserting claims under the Americans with Disabilities Act, the Rehabilitation Act, and the California Government Code. In 2017 the parties were involved in extensive negotiations and reached a tentative settlement which was later rejected in June, 2017 by the L.A. County Board of Supervisors. However, it become clear that Plaintiffs' primary goals for the litigation were nonetheless implemented or were in process, specifically relating to critical changes in: 1) a remote application process that could be accessed off-site; 2) simplification of the GR application process; 3) same-day assessments by trained mental health professionals for designations of "Needs Special Assistance"; and 4) improved process for providing reasonable accommodations to disabled GR applicants and participants. Plaintiffs successfully sought attorney's fees based on a catalyst theory.

3. **In re: Corinthian Colleges, Inc. et al, Case 15-10952-KJC, Bankr. D. Del.).** In May 2015, Public Counsel became co-counsel to the Special Student Committee when Corinthian Colleges declared bankruptcy by filing for Chapter 11 in Delaware, leaving hundreds of thousands of students at their Everest, Heald and Wyotech companies without a degree and deeply in debt. Corinthian Colleges defrauded their students by promising job placement rates and salaries that bore no resemblance to reality, all so that they could bring in students, obtain loans for them, and then rely on the federal student loan program, which guaranteed certain loans, even if the student defaulted on them. Public Counsel helped to obtain critical concessions from Corinthian in the final plan, including securing the ability for law enforcement agencies to continue in their lawsuits against Corinthian, resulting in several default judgments against Corinthian. In addition, Public Counsel served as special counsel to the Student Trust in the Corinthian bankruptcy proceeding, which administered $4.3 million to pursue collective benefits for 72,000 former Corinthian students. The Student Trust successfully preserved student records, distributed funds to former students to repay them for deposits for classes that were not conducted, and vigorously advocated for expansion of federal and private student debt relief, among other activities.

4. **Bautista v. California, L.A. Sup. Ct, Case No. BC418871** Public Counsel, along with co-counsel, worked on litigation on behalf of migrant farm workers and the United Farm Workers union to protect farm workers' access to water and shade when picking fruits and vegetables in extreme heat. The suit challenged flawed enforcement of California's existing heat safety regulation, jeopardizing the health and lives of California's 650,000 farm workers, who are among the state's most vulnerable low-

income workforce. The case was settled in 2015, but Public Counsel continued to oversee the State's Audit of the new complaint process for two further years.

5. **Martinez, et. al. v. Optimus Properties, et. al., 2:17-cv-03581, 03582, 03583, 03584, 03585, 03586 (C.D. Cal)**. Public Counsel, along with co-counsel, represented 2 organizational plaintiffs and 15 low-income individual plaintiffs and who had been discriminated against, harassed, or negatively impacted as a result of the property owners' unlawful efforts to push out tenants whom they consider to be undesirable—tenants with mental disabilities and Latino tenants with children. The suit alleged that defendants acquired the five buildings at issue with the goal of renovating the properties, increasing the rents and marketing the units to childless, English speaking, non-disabled people of means, all with an eye toward rapid resale. We raised several causes of action, including violations of the Fair Housing Act. This case recently settled for $2.5 million and far ranging injunctive relief to protect tenants in the Optimus properties, including set-asides of units for Section 8 tenants.

6. **Cruz v. California, ALA Sup. Ct., Case No. RG14727139.** Public Counsel and co-counsel sued the State of California on behalf of a class of students asserting that they were denied their fundamental right to education by being denied meaningful learning time. Students, including struggling students, were put into fake classes in which no content was being taught. The case settled in 2016, on behalf of 5000 class members but was settled through legislation that benefits all students in California

7. **Brar v. Heritage Oak, O.C. Sup. Ct., Case No. 30-2017-00935671-CU-CR-CXC.** Public Counsel co-counselled in this case focused on transgender discrimination at a private school and focused on the issue of whether the Unruh Act applies to private schools. On a demurrer, the court held that it did. The case settled in 2018.

8. **Kelly Ann Allen et al. v. City of Pomona**, **Case No. 2:16-cv-01859 (C.D. Cal.).** Public Counsel brought this litigation on behalf of 15 individuals experiencing homelessness and a Church that provides services to the homeless community. Plaintiffs sought to stop City from discarding their personal property without any due process, a strategy presumably employed to displace homeless individuals. Successful outcomes, benefitting approximately 1,000 class members included an agreement to build 388 storage lockers for community use; the creation of procedures to handle homeless persons' property; and monetary damages to compensate plaintiffs for lost property.

9. **Valentini v Shinseki, cv-11-04846-SJO (MRWx) (C.D. Cal.)** Public Counsel working with co-counsel, brought this class action lawsuit on behalf of homeless veterans with severe disabilities against the Department of Veterans Affairs and the director of the VA Greater Los Angeles Healthcare System. The suit contended that the VA's benefits program discriminates against veterans who are homeless as a result of their severe mental disabilities, because they cannot access the medical, mental health, and other services to which they are entitled. It also challenged the misuse of the 387-acre West LA VA campus, which was deeded to the United States for the purpose of providing a home for disabled veterans, but which is now leased out to private companies. The case settled in January 2015 with an agreement to launch a new master plan for the West LA VA Campus to serve veterans in need, and Public Counsel has remained actively involved in implementation of the master plan, benefitting approximately 4,800 homeless veterans.

10. **IRAP v Kelly, 2:17-cv-01761 (C.D. Cal.).** Public Counsel assisted an Afghan family of five, including three very small children, in possession of valid Special Immigrant Visas who were detained by Customs & Border Patrol at Los Angeles International Airport for over forty hours and denied access to counsel. After the case was filed, the family was released from CBP custody, the father was placed in a detention facility in Orange County, and the mother and children were booked on a flight to Texas for placement in a family detention facility. Public Counsel challenged the family's unconstitutional arrest and detention under the Due Process and Equal Protection clauses and the Administrative Procedure Act. Public Counsel successfully obtained a temporary restraining order blocking the transfer of the family and ultimately secured the family's release from custody. The family had their original visas honored, granting them status as lawful permanent U.S. residents.

11. **Rogel et al. v. California Department of Finance et al, Sacramento Sup. Ct. Case No. 34-2014-80001977; Rogel et al. v. Lynwood Redevelopment Agency et al, L.A. Sup. Ct. Case No. BS106592)**. Working with co-counsel, Public Counsel brought litigation on behalf of former residents of a mobile home park that was acquired for redevelopment activity. After several years of litigation, beginning in 2006, the Los Angeles Superior Court entered judgment against the redevelopment agency in 2013 that required 90 affordable housing units to be built and over $3 million to be deposited in an affordable housing fund. In November 2014, the litigation team filed a petition for writ of mandate to enforce the settlement and judgment. Briefing on the matter was completed in 2016, and this long standing case was finally resolved in our favor in February 2017. As a result, 66 additional units of

affordable housing will be funded to be built and made available to low-income residents of Lynwood and the surrounding area.

12. **Limon et al. v. California Department of Finance et al, Sacramento Sup. Ct. Case No. 34-2014-80001994; Limon et al. v. Garden Grove Agency for Community Development et al, O.C. Sup. Ct. Case No. 30-2009-00291597**. In December 2014, Public Counsel and its co-counsel filed a petition for writ of mandate and application for a temporary restraining order against the Department of Finance on behalf of 10 former residents of a mobile home park in Garden Grove, California, and the Kennedy Commission, a nonprofit organization advocating for an increased availability of affordable housing in Orange County. The petition was necessary to enforce the judgment that was entered in Limon v. Garden Grove Agency for Community Development, filed in 2009 after the Agency attempted to use public moneys to convert the existing mobile home park housing low-income families to a hotel and water park. That judgment, entered by the Orange County Superior Court in 2014, required the redevelopment agency's funds to be used to build 38 units of affordable replacement housing and pay relocation assistance amounts owed to the plaintiffs and others who were displaced.

13. **Singleton et al. v. City of Pomona et al, L.A. Sup. Ct. Case No. BS169699.** Litigation brought on behalf of an individual experiencing homelessness and a Church that provides services to the homeless community seeking to get City to comply with housing element laws. Successful outcomes include an agreement to facilitate the development of emergency shelters and an inventory of adequate sites to accommodate the City's RHNA for lower income households. These zoning changes will benefit the nearly 600 individuals experiencing homelessness in Pomona and hundreds of other low-income residents.

14. **Franco-Gonzalez v. Holder, 10-CV-0221 (C.D. Cal.)** Since 2010, Public Counsel has been co-counsel in Franco-Gonzalez v. Holder, a class action lawsuit filed on behalf of detained immigrants with serious mental disabilities. The class includes individuals detained in California, Arizona, and Washington who have a serious mental disability and who lack representation in their immigration proceedings. These individuals are among the most vulnerable in our society: they are incarcerated, pro se, indigent, and have severe mental disabilities. The lawsuit set out to establish: (1) a screening and evaluation system to determine which detained immigrants with serious mental disabilities are incompetent to represent themselves in their immigration proceedings; (2) appointment of counsel for those found incompetent to represent

themselves; and (3) bond hearings after six months of detention for all class members. In 2013, the federal court issued a permanent injunction requiring the appointment of counsel for incompetent class members and bond hearings at six months for all class members. This marks the first time a federal judge has ever required the government to appoint counsel to a class of immigrants. In October 2014, the judge further ordered the federal government to implement robust screening and evaluation procedures for detainees to determine whether they have a mental disability that renders them incompetent. The Franco settlement helped thousands of class members identified as lacking competency to represent themselves. The federal government appoints and pays for counsel for class members found not competent.

15. **Bianka M. v. Superior Court (Supreme Court of California, Case No. S233757).** Public Counsel represented an individual 10-year-old Honduran child before the California Supreme Court. In the Fall of 2018, the Court reversed a decision by the Court of Appeal that prevented a child with a parent living outside California from applying for federal immigration relief intended for children who were abandoned, abused or neglected unless their absentee parent agreed to participate in a California family court action – an improbable outcome given the parent's past mistreatment. This decision clears a pathway to safety and permanency for thousands of the state's immigrant children.

16. **FLB (formerly JEFM) et al v. Lynch et al, U.S. Court of Appeals for the Ninth Circuit, Case Nos. 15-35738; 15-35739** Public Counsel, along with several other co-counsel, filed this class-action lawsuit in July 2014 in federal district court in the Western District of Washington (Seattle). It seeks to vindicate a statutory and constitutional right to government-appointed legal representation for children under age 18 in their immigration proceedings. The complaint presented the claims of eight indigent immigrant children, and proposed a nationwide class of thousands of others. During 2016, the team continued to seek certification of a nationwide class, conducted extensive discovery, and completed summary judgment briefing. The team prevailed in obtaining class certification, though limited to the jurisdiction of the U.S. Court of Appeals for the Ninth Circuit. Unfortunately, in late 2016 the Ninth Circuit found that the district court lacked jurisdiction over these children's claims. The district court subsequently vacated all pending trial-related deadlines. The team filed a petition for rehearing en banc with the Ninth Circuit, which was denied in late 2018. We are currently contemplating whether to seek review at the United States Supreme Court. This case, if reinstated, will potentially affect several thousand indigent children in Los Angeles County, and thousands more throughout the Ninth Circuit,

who are or will be placed in removal proceedings. The vast majority of these immigrant children are indigent, and would have no ability to pay for legal representation. Without representation, they have no way to access existing legal protections under our immigration laws.

17. **C.J.L.G. v. Sessions, U.S. Court of Appeals for the Ninth Circuit, Case No. 16-73801.** In November 2016, Public Counsel staff attorneys and the litigation team from the *FLB* case (described above) filed a petition for review of an individual child's removal order. The petition demands that the U.S. Court of Appeals for the Ninth Circuit vacate the removal order for, among other things, violations of the child's constitutional and statutory right to government-appointed legal representation. It seeks that upon remand the child be provided with appointed counsel. This case has the potential to establish a right to government-appointed legal representation not just for this child, but for all similarly situated children in the Ninth Circuit. While a three-judge panel denied relief, the case was re-heard en banc at the Ninth Circuit in December 2018. The en banc court has not yet issued its opinion.

**Litigation Attorneys Assigned to this Case**

**Stephanie Carroll**

Stephanie Carroll is a Senior Staff Attorney in the Consumer Law Project at Public Counsel. She is licensed to practice in the state of California and in the Central District of California. Ms. Carroll began her legal career as a barrister in England in 2004, practicing criminal defense and immigration law. From 2006 until 2008, Ms. Carroll worked with teams of attorneys litigating cases before the International Criminal tribunals in The Hague and Sierra Leone. Ms. Carroll became a member of the California Bar in 2009 and worked for Paul Hoffman at Schonburn, DeSimone, Seplow, Harris and Hoffman from April until September 2009. During that time, she focused on civil litigation and appellate work. Ms. Carroll joined Public Counsel in October 2009 and worked as a Staff Attorney assisting low income clients with housing, public benefits and consumer finance issues. She moved to the Consumer Law Project in May 2011 and since then has been litigating individual and class action cases that deal with foreclosure, financing, mortgage fraud, public housing, patient dumping, and elder abuse. Ms. Carroll was appointed class counsel in *Nozzi v. Housing Authority of the City of Los Angeles*, 2:07-cv-00380-PA-FFM (C.D. Cal.) in 2017.

**Nisha Kashyap**

Nisha Kashyap is a staff attorney at Public Counsel, representing low-income consumers in class actions and other impact litigation matters. Prior to joining Public Counsel, Nisha was a Skadden Fellow and staff attorney at the Alliance for Children's Rights and a law clerk to Judge Keith P. Ellison on the U.S. District Court for the Southern District of Texas. Nisha is a graduate of Stanford Law School and the University of California, Los Angeles and is admitted to the California bar.