Dean M. Harvey (SBN 250298)
Katherine C. Lubin (SBN 259826)
Adam Gitlin (SBN 317047)
Yaman Salahi (SBN 288752)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
agitlin@lchb.com
ysalahi@lchb.com

*Attorneys for individual and representative Plaintiffs Shonetta Crain and Kira Serna*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SHONETTA CRAIN AND KIRA SERNA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACCREDITED CASUALTY AND SURETY COMPANY, INC., et al.,<br><br>Defendants. | Case No. 3:19-CV-001265-JST<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF STUART T. ROSSMAN IN SUPPORT OF PLAINTIFFS' JOINT MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>Date: June 6, 2019<br>Time: 2:00p.m.<br>Location: Courtroom 9<br>Judge: The Honorable Jon S. Tigar |
| STEVEN BREAUX, individually and on behalf of all other similar situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>ACCREDITED CASUALTY AND SURETY COMPANY, INC., *et al.*,<br><br>Defendants. | Case No. 3:19-CV-00717-JST |

I, Stuart T. Rossman declare as follows:

1. I am an attorney at the National Consumer Law Center ("NCLC") counsel for Plaintiffs Shonetta Crain and Kira Serna in *Crain et al. v. Accredited Surety & Casualty Co., et al.*, Case No. 3:19-cv-001265-JST (N.D. Cal.). I have personal knowledge of the facts herein and, if called upon to testify to those facts, I could and would do so competently.

2. Attached as Exhibit A is a true and correct copy of NCLC's firm resume.

3. I am a senior attorney and Director of Litigation at the National Consumer Law Center in Boston, Massachusetts.

4. I have been admitted to practice before the Massachusetts Supreme Judicial Court since 1978, and the United States District Court for the District of Massachusetts and the First Circuit Court of Appeals since 1979.

5. I am a graduate of the Harvard Law School (J.D., cum laude, 1978) and the University of Michigan (B.A., magna cum laude, 1975).

6. From 1978 to 1991 I was first an associate, and then a partner, in the litigation department at the Boston law firm of Gaston & Snow. My practice consisted entirely of civil trial cases, including, but not limited to, litigation on behalf of consumers injured by unfair and deceptive business practices.

7. From 1991 to 1999 I served as an Assistant Attorney General in the Massachusetts' Attorney General's Office. From 1991 to 1995 I was Chief of the Trial Division, representing government agencies in a wide variety of civil litigation cases, primarily in defensive, but also in affirmative, matters. The nature of the cases I supervised or tried included a full spectrum of tort and contract claims brought against the Commonwealth. The practice also included representation of government agencies in employment disputes, environmental and civil rights violation claims.

8. From 1995 to 1999 I was Chief of the Business and Labor Protection Bureau. The newly created Bureau focused on combating white-collar economic fraud through criminal and civil enforcement. It consisted of the Insurance Fraud Division, the Unemployment Fraud Division, the Medicaid Fraud Control Unit and the Fair Labor and Business Practices Division.

9. Since 1993 I have been a member of the adjunct faculty at the Northeastern University School of Law teaching annual courses in Civil Trial Advocacy. During the Fall, 2010 term at Northeastern University School of Law I have been the Givelber Distinguished Visiting Lecturer in Public Interest Law teaching a seminar on Predatory Lending litigation. In 2003 I co-taught a Consumer Law Class at the Suffolk University School of Law. In 2015, 2016 and 2018 I taught a seminar on Consumer Class Actions as a visiting lecturer at the University of Michigan Law School. I also have lectured frequently and/or chaired litigation oriented educational programs for PLI, the American Association for Justice, the National Association of Consumer Advocates, the National Legal Aid and Defenders Association, MCLE, the Massachusetts Bar Association and the Boston Bar Association.

10. On July 1, 1999, I became the Director of Litigation at the NCLC where I am responsible for coordinating and litigating cases on behalf of income and/or age qualified individuals, primarily in the areas of consumer financing, utilities regulation and affordable housing. In that capacity, I have been qualified to file appearances, pro hac vice, on behalf of consumers in class actions formerly or currently pending in the United States District Courts for the Southern and Eastern Districts of New York, New Jersey, Eastern and Western Districts of Pennsylvania, Puerto Rico, Georgia, Central District of Tennessee, Northern District of Illinois, Kansas, the Central and Northern Districts of California and the Western District of Washington.

11. I am a member of the bars of the United States Supreme Court, the Unites States Court of Claims, the Unites States Courts of Appeal for the 1st, 2nd , 4th, 6th and 9th Circuits and the United States District Court for the Western District of New York.

12. In addition, I have been qualified to file appearances, pro hac vice, on behalf of consumers in class actions filed in the state courts of California, Ohio, Rhode Island, Washington and Wisconsin.

13. I have participated in numerous consumer class actions filed in the United States District Court for Massachusetts and the courts of the Commonwealth of Massachusetts.

14. While at the NCLC I have been lead or co-counsel in over 100 filed consumer class action cases, including, but not limited to, Cason v. Nissan Motor Acceptance Corp., C.A.

| 1  | No. 3-98-0223, U.S. D. Ct. Middle District of Tennessee; Coleman v. General Motors
| 2  | Acceptance Corp., C.A. No. 3-98-0211, U.S. D. Ct. Middle District of Tennessee; Morkavage v.
| 3  | Morgan Stanley Dean Witter, C.A. 99-40114, U.S. D. Ct. District of Massachusetts; Follansbee v.
| 4  | Discover Financial Services, C.A. N. 99-C-3827, U.S. D. Ct. Northern District of Illinois; and
| 5  | Chilson v. Associates National Bank, C.A. 2000-0776, Massachusetts (Worcester County)
| 6  | Superior Court; Samuel v. EquiCredit, C.A. No. 00-6196, U.S. D. Ct. Eastern District of
| 7  | Pennsylvania; Jones v. Ford Motor Credit Co., Case No. 00-Civ-8330, U.S. D. Ct. Southern
| 8  | District of New York; Smith v. Chrysler Financial Company, Civil Action No. 00-6003, U.S. D.
| 9  | Ct. of New Jersey; Sandoval v. Washington Mutual, C.A. No. 01-2-06488-1, Superior Court of
| 10 | the State of Washington ; Baltimore v. Toyota Motor Credit Corp., C.A. No CV-01-05564 NM,
| 11 | U.S. D. Ct. Central District of California; Borlay v. Primus Automotive Financial Services, Inc.,
| 12 | Civil No. 3:02-0382, U.S. D. Ct. Middle District of Tennessee; Willis v. American Honda
| 13 | Finance Corp., Case No. 3-02-0490, U.S. D. Ct. Middle District of Tennessee; Osborne v. Bank
| 14 | of America, Case No. 3-02-0364, U.S. D. Ct. Middle District of Tennessee; Russell v. Bank One,
| 15 | Case No. 3-02-0365, U.S. D. Ct. Middle District of Tennessee; Logan v. Firstar, Case No. 3-02-
| 16 | 0681, U.S. D. Ct. Middle District of Tennessee; Zipperer v. Supportkids, Inc., Case No. 02 CV
| 17 | 233, State of Wisconsin Circuit Court (Manitowoc County); In Re Washington Mutual Overdraft
| 18 | Protection Litigation, Case No. 03-2566 ABC, U.S. D. Ct. Central District of California; Hood v.
| 19 | Santa Barbara Bank & Trust, Case No. 1156354, Superior Court of the State of California (Santa
| 20 | Barbara County); Pettway v. Harmon Law Offices, P.C., Case No. 03-10932-RCL, U.S. D. Ct.
| 21 | District of Massachusetts; Wilborn v. Bank One Corp., Case No. 03-cv-02674, Ohio Common
| 22 | Pleas Court (Mahoning County); Amos v. Advanced Funding, Inc, Civil Action No. 1-04-CV-
| 23 | 2911, U.S. D. Ct. Northern District of Georgia (Atlanta Division); Henry v. Structured
| 24 | Investments Co., Inc., Case No. 05CC00167, Superior Court of the State of California (Orange
| 25 | County); Duff v. Washington Mutual Bank, Case No. 2:04-cv-2309 JLR, U.S. D. Ct. Western
| 26 | District of Washington at Seattle; White, et al. v. Experian Information Solutions, Inc., et al.,
| 27 | Case No. SA CV05-2070, U.S. D. Ct. Central District of California; Alleyne v. Flagstar, et al.,
| 28 | Case No. 07-12128, U.S. D. Ct. District of Massachusetts; Mogel v. Unum Life Insurance

| | |
|---|---|
| 1 | Company of America, Case No. 07-CA-10955, U.S. D. Ct. District of Massachusetts; Puello v. |
| 2 | Citifinancial/Citigroup,, Case No. 08-10417, U.S. D. Ct. District of Massachusetts; Barrett v. |
| 3 | Option One/ H& R Block Bank, Case No. 08-10157, U.S. D. Ct. District of Massachusetts; Blake |
| 4 | v. Riddle & Wood, P.C. , Case N. 08-12033, U.S. D. Ct. District of Massachusetts; Faber v. |
| 5 | Metropolitan Life Insurance Company, Civ. Act. No.: 08 Civ. 10588, U.S. D. Ct. Southern |
| 6 | District of New York; Tammaro v. Direct Federal Credit Union, C.A. No. 08-5508-BLS2, |
| 7 | Massachusetts (Suffolk Business Litigation Session) Superior Court: Rodriguez v. Chase Bank |
| 8 | USA, N.A., Case No. 1:09-CV-10614, U.S. D. Ct. District of Massachusetts; Vander Luitgaren v. |
| 9 | Sun Life Assurance Company, et al., Case No. 09-CV-11410, U.S. D. Ct. District of |
| 10 | Massachusetts; Powell-Perry v. Branch Banking & Trust, Inc., et al., C.A. 1:09-cv-619, U.S. D. |
| 11 | Ct. Middle District of North Carolina; Yourke v. Bank of America, N.A., et al., Civil Action No. |
| 12 | 09-02186, U.S. D. Ct. Northern District of California; Bosque v. Wells Fargo Bank, N.A., Civil |
| 13 | Action No. 10-10311, U.S. D. Ct. District of Massachusetts; Johnson v. BAC Home Loans |
| 14 | Servicing , LP, Civil Action No. 10-10316, U.S. D. Ct. District of Massachusetts; Durmic v. J.P. |
| 15 | Morgan Chase Bank, N.A., Civil Action No. 10-10380, U.S. D. Ct. District of Massachusetts; |
| 16 | Belyea v. Litton Loan Servicing, LLP, Case Number 1:10-cv-10931.LLP., U.S. D. Ct. District of |
| 17 | Massachusetts; Merrimon v. Unum Life Insurance Company of America, Civ. No. 10-cv-447, |
| 18 | U.S. D. Ct. District of Maine; Otte v. Life Insurance Company of North America, Civ. No. 09 CV |
| 19 | 11537, U.S. D. Ct. District of Massachusetts; Adkins v. Morgan Stanley, No. 12-CIV-7667, U.S. |
| 20 | D. Ct. Southern District of New York. |
| 21 |     15.    The NCLC has been referred to as the "leading non-profit low-income consumer |
| 22 | advocacy organization in the country. Memorandum and Order, January 27, 1999, Mazola, et al |
| 23 | v. The May Department Stores Company, United States District Court for the District of |
| 24 | Massachusetts, 97-CV-10872-NG (J. Gertner). NCLC has been representing low-income |
| 25 | consumers before government agencies, Congress and state legislatures since 1969. It has |
| 26 | appeared in the United States Supreme Court and federal and state courts and has successfully |
| 27 | presented many important cases affecting consumer borrowers. It provides consultation and |
| 28 | assistance to legal services, private and government attorneys in all fifty states. NCLC publishes |

a nationally acclaimed series of manuals on all major aspects of consumer credit and sales. It also conducts training sessions nationally on the rights of consumer borrowers for attorneys, paralegals and other counselors. NCLC works closely with lawyers representing low- income consumers, and with federal and state officials, labor unions, and community and civil rights organizations to promote justice for consumers. NCLC maintains offices in Boston, Massachusetts and Washington, D.C.

16. One of the issue areas that NCLC focuses its attention on is the intersection of criminal and consumer law and their role in equitable criminal justice reform. In particular, the organization is a recognized national leader in the field of criminal justice debt having issued reports on "The Rent to Own Racket: Using Criminal Courts to Coerce Payments from Vulnerable Families" (Feb. 2019); "Commercialized (In)Justice: Consumer Abuses in the Bail and Corrections Industry"(Dec. 2018); and "Confronting Criminal Justice Debt: A Comprehensive Project for Reform" (Sept. 2016)(in collaboration with the Harvard Law School's Criminal Justice Policy Program). In addition, NCLC has co-sponsored a Confronting Criminal Justice Debt webinar series with the Harvard Law School's Criminal Justice Policy Program since October, 2017. See, https://www.nclc.org/issues/criminal-justice.html

17. The Center's staff of over 50 permanent employees includes 29 attorneys who possess over 250 cumulative years of specialized consumer law expertise. In addition, a changing mix of special projects attorneys, consultants, fellows, and temporary hires normally supplements the regular staff. NCLC is governed by a volunteer national board of directors that has included a past president of the American Bar Association, a former Arizona Solicitor General, as well as bar association representatives and clients from low-income communities.

18. As Director of Litigation at the NCLC I have coordinated the NCLC's annual Consumer Class Action Symposium since its first presentation in Baltimore, MD, in October, 2001. I am the co-editor of the 9th Edition of the NCLC Consumer Class Actions manual.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on the first of May, 2019 in Boston, Massachusetts

*/s/ Stuart T. Rossman*
Stuart T. Rossman
B.B.O. No. 430640