UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jon S. Tigar, District Judge

STEPHEN BREAUX,                        )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )   No. C 19-00717-JST
                                       )
ACCREDITED SURETY AND                  )
CASUALTY COMPANY, et al.,              )
                                       )
        Defendants.                    )
_____)
                                       )
SHONETTA CRAIN, et al.,                )
                                       )
        Plaintiffs,                    )
                                       )
vs.                                    )   No. C 19-01265-JST
                                       )
ACCREDITED SURETY AND                  )
CASUALTY COMPANY, et al.,              )
                                       )
        Defendants.                    )
_____)

                                San Francisco, California
                                Wednesday, April 24, 2019

<u>TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
            RECORDING 2:09 - 2:24 = 15 MINUTES</u>

<u>APPEARANCES</u>:

For Plaintiff:
                        Public Counsel
                        610 South Ardmore Avenue
                        Los Angeles, California 90005
                   BY:  STEPHANIE D. CARROLL, ESQ.
                        CINDY PANUCO, ESQ.

            (APPEARANCES CONTINUED ON NEXT PAGE)

*Echo Reporting, Inc.*

1  APPEARANCES: (Cont'd.)

2  For Plaintiff:
                              BY:  BENJAMIN D. ELGA, ESQ.
3
                              BY:  ADAM GITLIN, ESQ.
4
                                   Lieff, Cabraser, Heimann
5                                    & Bernstein, LLP
                                   275 Battery Street
6                                  29th Floor
                                   San Francisco, California
7                                    94111
                              BY:  DEAN M. HARVEY, ESQ.
8
                                   Goldstein Borgen Dardarian
9                                    & Ho
                                   300 Lakeside Drive, Suite 1000
10                                 Oakland, California 94612
                              BY:  LAURA L. HO, ESQ.
11
                              BY:  KATHERINE C. LUBIN, ESQ.
12
                              BY:  STUART ROSSMAN, ESQ.
13
                              BY:  YAMAN SALAHI, ESQ.
14
                              BY:  NISHA KASHYAP, ESQ.
15
   For Defendants:
16
                                   Drinker, Biddle & Reath, LLP
                                   Four Embarcadero Center
17                                 27th Floor
                                   San Francisco, California
18                                   94111
                              BY:  PAUL J. RIEHLE, ESQ.
19
                                   Tyson & Mendes, LLP
20                                 5661 La Jolla Boulevard
                                   San Diego, California 92037
21                            BY:  TIMOTHY P. IRVING, ESQ.

22                                 Roxborough, Pomerance, Nye
                                     & Adreani, LLP
23                                 5820 Canoga Avenue, Suite 250
                                   Woodland Hills, California
24                            BY:  GARY A. NYE, ESQ.

25              (APPEARANCES CONTINUED ON NEXT PAGE)

*Echo Reporting, Inc.*

1  APPEARANCES: (Cont'd.)

2  For Defendants:

3                            BY:  ANDREW KONING, ESQ.

4                            BY:  GARY A. NYE, ESQ.

5                                 Ropers, Mageski, Kohn
                                    & Bentley
6                                 1001 Marshall Street
                                  Suite 500
7                                 Redwood City, California 94063
                             BY:  NICOLE S. HEALY, ESQ.
8
                                  Norton, Rose, Fulbright, US,
9                                   LLP
                                  1301 McKinney Street
10                                Suite 5100
                                  Houston, Texas 77010
11                           BY:  GERARD G. PECHT, ESQ.

12                                Greenberg Traurig, LLP
                                  One Post Street, Suite 2500
13                                San Francisco, California
                                    94104
14                           BY:  JOHN A. SEBASTINELLI, ESQ.

15                           BY:  HOWARD HOLDERNESS, ESQ.

16                                Hinshaw & Culbertson, LLP
                                  One California Street
17                                18th Floor
                                  San Francisco, California
18                                  94111
                             BY:  CASEY A. HATTON, ESQ.
19
                                  Bingham, Greenebaum, Doll, LLP
20                                101 South Fifth Street
                                  3500 PNC Tower
21                                Louisville, Kentucky 40202
                             BY:  CHRISTIE A. MOORE, ESQ.
22                                W. SCOTT CROFT, ESQ.

23

24

25         (APPEARANCES CONTINUED ON NEXT PAGE)

```
 1  APPEARANCES:  (Cont'd.)

 2  For Defendants:

 3                              Law Offices of Gregory S. Day
                                120 Birmingham Drive
 4                              Suite 200
                                Cardiff by the Sea, California
 5                                90071
                            BY: GREGORY S. DAY, ESQ.
 6
                                Foley & Lardner, LLP
 7                              555 South Flower Street
                                Suite 3300
 8                              Los Angeles, California 90071
                            BY: ERIK C. SWANHOLT, ESQ.
 9                              ALYSSA L. TITCHE, ESQ.

10                          BY: ROBERT BERG, ESQ.

11                              DLA Piper, LLP (US)
                                401 B Street, Suite 1700
12                              San Diego, California 92101
                            BY: JULIE A. GRYCE, ESQ.
13
                                DLA Piper, LLP (US)
14                              1251 Avenue of the Americas
                                27th Floor
15                              New York, New York 10020
                            BY: MICHAEL P. MURPHY, ESQ.
16
                                Law Office of James Mills
17                              1300 Clay Street, Suite 600
                                Oakland, California 94612
18                          BY: JAMES MILLS, ESQ.

19                              Bangle & Potter, PLLC
                                604 West 13th Street
20                              Austin, Texas 78701
                            BY: SHANNON W. BANGLE, ESQ.
21                              MICHAEL D. SINGLETARY, ESQ.

22                              Law Offices of John Rorabaugh
                                801 Parkcenter Drive
23                              Suite 205
                                Santa Ana, California 92705
24                          BY: JOHN M. RORABAUGH, ESQ.

25            (APPEARANCES CONTINUED ON NEXT PAGE)
```

1  <u>APPEARANCES</u>:  (Cont'd.)

2  For Defendants:
                              Hinshaw & Culbertson, LLP
3                             One California Street
                              18th Floor
4                             San Francisco, California
                                94111
5                        BY:  TRAVIS R. WALL, ESQ.

6                             Lock Lord, LLP
                              101 Montgomery Street
7                             Suite 1950
                              San Francisco, California
8                               94104
                         BY:  REGINA J. MCCLENDON, ESQ.
9  For Defendants:
10                            Cooley, LLP
                              4401 Eastgate Mall
11                            San Diego, California 92121
                         BY:  JON F. CIESLAK, ESQ.
12
                         BY:  MICHAEL SHEPHERD, ESQ.
13
                              Smith, Gambrell & Russell,
14                              LLP
                              444 South Flower Street
15                            Suite 1700
                              Los Angeles, California 90071
16                       BY:  ANNE K. EDWARDS, ESQ.

17
   Transcribed by:            Echo Reporting, Inc.
18                            Contracted Court Reporter/
                              Transcriber
19                            echoreporting@yahoo.com

20

21

22

23

24

25

*Echo Reporting, Inc.*

1  Wednesday, April 24, 2019                          2:09 p.m.
2                     P-R-O-C-E-E-D-I-N-G-S
3                             --oOo--
4          THE COURT:  All right.  Well, the matters are on
5  for case management.  There are a lot of you, and so I'm not
6  going to do what I normally might do, and that is go around
7  and ask everybody what they think we should talk about
8  today.  I think I have that reasonably well in hand.
9       What I am going to do is make some preliminary comments
10 about the case, talk about some stipulations and so forth
11 that you filed, address the disputes that are in your case
12 management statement, and then I will at that time ask you
13 all if there's anything that you were hoping to talk about
14 today that we didn't get to.
15      Even though -- even though it's not exactly framed that
16 way, this is a horizontal price fixing case.  I have wanted
17 to get a horizontal price fixing case for so long I cannot
18 tell you.  I've inherited one from Judge Conti which was
19 filed during the presidency of Abraham Lincoln, and it's
20 still pending on the federal docket, and eventually that
21 case will end, just because all things come to an end, but I
22 have not had one from its inception, at least not one that
23 lasted very long.  So I am very happy that you're all here.
24           This is a big case.  I didn't need to tell you
25 that.  You can look around the room and see that for

yourselves.  I want to encourage the Defendants as we go along to pick a spokesperson for the group as a whole, and then if you need to designate spokespersons for the individual Defendant groups, to do that.  I'm going to make the same suggestions to Plaintiffs.  You don't have to do that, but if you don't, I'll do it.  It's just human nature. I'll decide who I think is easy to deal with and smart and a good communicator and appears to have some good positive relationship with his or her colleagues, and I'll just start talking more to that person.  So if you want to get out ahead of that, you can, but you don't have to.

    I have frequently thought that women and lawyers of color are under-represented in leadership roles in class action cases, and the reason I have frequently thought that is because it is a demonstrated fact, and I have a lot of class action cases here.  So this is a topic that's widely written about, but I also have a normal (indiscernible) of anecdotal evidence of my own.

    I note that there is at least one woman of color at the partner level on both sides of this case.  That's a fact. So, to be clear, I'm not telling anyone which lawyers they should put in front of me.  I'm not doing that.  There are lots of experienced, well credentialed lawyers in the case. I've read some of your biographies already.  I'm not trying to deny anyone platform for their skills.  I know your

clients hired you for those skills, but there are going to be a lot of opportunities, and when I was practicing in front of judges, I liked to know how they think, how they thought, because it helped advance my clients' interests, and I'm just sharing with you that diversity is one of the factors that goes into effective advocacy in this courtroom, and you can do with that what you like.

I also granted all the motions to appear by telephone. I have to say that I find telephone appearances on matters of substance not to be as useful to me. I don't stop people from appearing by telephone usually if that's what they want to do, but when I was in practice, I liked to see the expression on the judge's face. I was worried that he might have an unhappy face when I was talking, for example, and I didn't know it. So I never wanted that to happen, and I do find that in-person communication on matters of substance is easier to do in person. On matters that are not, that are purely administrative, that's less true, and sometimes people just want to listen.

So, anyway, that's just a little more guidance to all of you as we go forward. I know it costs more money to come and be in court in person, and I understand that it's not always worth that.

Okay. Let's turn to the matters that are at issue in the case management statement. It's noted in there that the

1 Plaintiffs intend to file a motion for appointment of
2 interim lead class counsel and an executive committee.  I'd
3 just like to set a deadline for the filing of that motion.
4 Somebody want to propose one?
5          MR. HARVEY:  Your Honor, Dean Harvey, Lieff,
6 Cabraser, Heimann and Bernstein, on behalf of the
7 Plaintiffs.
8          THE COURT:  Can you step to the microphone,
9 please.  We are being recorded today, but you're on the
10 Court's electronic recording system, which means if you're
11 not talking directly into a microphone, for all intents and
12 purposes, after today you will not have talked.
13      Mr. Harvey?
14          MR. HARVEY:  I would suggest a week from today,
15 your Honor.
16          THE COURT:  All right.  That's the May 1, 2019,
17 and that will be the deadline.
18      Okay.  The parties submitted -- well, this will just
19 take a second.  I issued an order a few days ago about the
20 CAFA Local Controversy Exception.  I just wanted to narrow
21 that down, and the parties have submitted a stipulation that
22 does narrow that down.  So I don't think anything further
23 needs to be said about that.  I appreciate your taking that
24 off the Court's -- taking that off the table.
25      There's a stipulated proposed pretrial consolidation

order.  It looks fine with one exception, and that is that the mechanism for adding a new case, as it's described in this order, essentially works like this.  The parties point out to the clerk's out what they think is a consolidated case, and then the clerk just sort of automatically consolidates the case, and that essentially shifts the burden back onto the other parties in that case to file an objection within 10 days.

I think the proper procedure -- and we have a model rule -- or, excuse me, a model stipulation of proposed order in securities fraud class actions that sets out this procedure, and I would ask the parties just to go into that form order, which is on our website, import that procedure into your order and resubmit.

Essentially what happens is that the burden on you to relate the cases to me using the related case provisions of Local Rule 3-12, and then just try a motion to consolidate.  It's probably going to be stipulated.  I can't imagine anybody, looking at all the people in this room, is going to want to fight you about consolidation.  So I know your mechanism is administratively a little easier, but I like our model order.  I won't even set a deadline for that.  It's in your interest to get it in front of me, and I'll just let the incentives work the way they normally would.

Okay.  Turning to the joint case management statement.

A little saber rattling in there about whether people participated in good faith in the Rule 26 conference or whether there even was a Rule 26 conference. I think there was one. It's just that the Defendants don't want to give you any discovery right now, and that dispute comes up all the time in cases like this. We don't even have an operative complaint. I mean, we do, but the parties have stipulated that a consolidated complaint is going to be filed. So I honestly don't know how we could conduct discovery because if there was a fight, I'd have to engage in a Rule 26 analysis, and I wouldn't be able to do it because I don't even know what the claims are. So I don't think we're going to have any discovery right now. I mean, if someone wants to try to talk me out of that, that's fine. I'm happy to have a more reasoned debate if you want, but I think we've got to at least have a consolidated complaint in front of us, and then if people want to have to fight about whether to have discovery or not, they can.

   I want to talk about the briefing proposals, and this seems like a good time to tell you -- and if you've been in here before in front of me, you've heard me say this already -- I'm a baseball arbitration thinker on things like this. Things like this are -- when should the deadline for something be? What should the page limits be? These are matters that are almost totally within the judge's

discretion and are not the subject of clear rules. So by baseball arbitration thinker, what I mean is I will try very hard to choose one party's proposal and not go a third way in every instance, because what I want to discourage is one party taking the position that they actually know is not their best offer and is a little bit unreasonable because they think the Court is going to split the baby. I will try very hard not to split the baby.

I don't think either side has its best offer on the table right now really. I think we ought to be able to come to an agreement that tells me how many pages I have to read and my law clerks have to read. I don't really think the Plaintiffs think that 30 pages gets it done. They don't exactly say that. They say it's 30 pages and then the Defendant should have to justify every additional page. And the Defendants' proposal is simply too open ended. And the idea that, you know, I just have enough experience with this that when -- that when counsel tell me, "Well, just rely on us to keep the pages to a minimum," there just usually is not a clear understanding of the opportunity, cost or time in a federal chambers.

You are not even in the top three of the biggest cases on my docket. And I say that not because I don't love this case. I love this case. I've been bitching and moaning to the antitrust section for three years that I haven't been

1 able to get a case like this.  But I still have to take care
2 of my other cases.  So by Friday of this week, at noon, you
3 will submit either a jointly stipulated proposal that
4 describes the gruesome page limits that will be filed at the
5 motion to dismiss stage or competing proposals, and I'll
6 just try to pick one.
7     I'm trying to -- I will always try to have enough
8 deadlines in the case to keep some pressure on the case.
9 Maybe you're not really able to do this until the
10 consolidated complaint is filed, but I think I'd rather
11 let's just take our best shot and set some limits.  Then
12 when the consolidated complaint is filed, if people have
13 second thoughts about the limits, then we can revisit the
14 question.  But I'd like us all to know what we're up
15 against.
16     And, by the way, I'm not always the clearest speaker
17 from the bench.  So if anything I'm saying this afternoon
18 isn't clear, let me know.  I'd be happy to explain or try
19 again.
20     I wonder if it's too early to start thinking about ADR.
21 I sort of think it is.  But it's on the to do list for
22 federal judges at case management conferences.  So it's on
23 my checklist.  When you get there, if you ever do, it's some
24 case to try.  Everyone knows what bail is.  But, anyway,
25 when you get there, if you do, on settlement, I think I

would probably need competing expert damages analysis. That's just a for later thought. I don't want some -- I don't want lawyers on the back of a napkin, "Hey, this settlement is great." I'm sort of curious how you could look at information you need to do one actually. But that's for later.

And then lastly -- and then I'll turn it over to you -- on scheduling, my tentative inclination is to adopt in gross form the Defendants' proposed schedule to -- to actually set that case management conference before the ruling to create some pressure on me to get a ruling out and then see you. At that time, I would set a schedule through class certification, which is my practice in class cases. I don't set trial dates until after we've gotten on the other side of that motion.

That's what I've got. Who wants to say -- who would like to address the Court this afternoon?

MR. HARVEY: Your Honor, Dean Harvey again on behalf of Plaintiffs. I don't believe we have any further comments, reserving a right to respond to anything Defendants may raise.

MR. CIESLAK: Good afternoon, your Honor. I'm Jon Cieslak from Cooley. I represent Defendants Seaview and Two Jinn, but I'm going to be quarterbacking for all Defendants today, and I'll make it very simple and follow Mr. Harvey's

1 lead and say I think we've covered everything we need to do
2 today.
3     THE COURT: Great. Hold on just one second. I
4 want to -- would you pronounce your last name again, please?
5     MR. CIESLAK: Cieslak.
6     THE COURT: Mr. Cieslak. Very good. Okay.
7     MR. CIESLAK: Thank you.
8     THE COURT: Well, I thought it was going to be a
9 long flight, but it turned out it was more of a commuter
10 deal.
11    Thank you all very much. That concludes the hearing.
12     ALL: Thank you, your Honor.
13    (Proceedings concluded at 2:24 p.m.)
14
15
16
17
18
19
20
21
22
23
24
25

1  CERTIFICATE OF TRANSCRIBER
2
3     I certify that the foregoing is a true and correct
4  transcript, to the best of my ability, of the above pages of
5  the official electronic sound recording provided to me by
6  the U.S. District Court, Northern District of California, of
7  the proceedings taken on the date and time previously stated
8  in the above matter.
9     I further certify that I am neither counsel for,
10 related to, nor employed by any of the parties to the action
11 in which this hearing was taken; and, further, that I am not
12 financially nor otherwise interested in the outcome of the
13 action.
14 
15
16        Echo Reporting, Inc., Transcriber
17           Thursday, May 2, 2019
18
19
20
21
22
23
24
25