Dean M. Harvey (SBN 250298)
Katherine C. Lubin (SBN 259826)
Adam Gitlin (SBN 317047)
Yaman Salahi (SBN 288752)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
agitlin@lchb.com
ysalahi@lchb.com

*Attorneys for individual and representative Plaintiffs Shonetta Crain and Kira Serna*

*(Additional counsel listed below)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Master Case No. 3:19-CV-00717-JST<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR JOINT MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>Date:     June 6, 2019<br>Time:    2:00p.m.<br>Location: Courtroom 9<br>Judge:   The Honorable Jon S. Tigar |

Defendants oppose Plaintiffs' Joint Motion for Appointment of Interim Class Counsel, but not because Plaintiffs' counsel fail to meet any relevant requirement of Federal Rule of Civil Procedure 23(g). Instead, Defendants contend that appointing interim class counsel is unnecessary, because there has been insufficient "discord" or "conflict" among Plaintiffs' counsel. Dkt. 40 at 2. The Court should reject Defendants' argument and grant the Joint Motion.

First, it is odd to be criticized for coordinating with competing plaintiffs' counsel *too well*. Indeed, when selecting interim class counsel, courts will often require applicants to demonstrate their abilities to work cooperatively with co-counsel. *See*, *e.g.*, Pretrial Order No. 1, *In re: Generic Pharmaceuticals Pricing Antitrust Litig.*, Case No. 16-md-02724-CMR (E.D. Pa. Aug. 15, 2016), Dkt. 2 at 6 ("The main criteria" for leadership consideration "will be willingness and availability to commit to a time-consuming project, *ability to work cooperatively with others*, and professional experience in this type of litigation.") (emphasis added). A demonstrated ability to work well with others should weigh in favor of a leadership appointment, not against it.

This case is nothing like *Imran v. Vital Pharm., Inc.*, No. 18-CV-05758-JST, 2019 WL 1509180 (N.D. Cal. Apr. 5, 2019), in which this Court recently denied a motion for appointment of interim class counsel. There, plaintiffs' counsel intended to cooperate with each other from the outset of the cases. *Id.* at *10. Here, the two underlying actions were filed in different courts by different counsel. At the start these were rival cases seeking to represent nearly the same class on essentially the same legal theories, one in California Superior Court and the other in United Stated District Court. There was no communication or coordination whatsoever between Plaintiffs' counsel in the two actions prior to the filing of the *Breaux* Action. To the contrary, as this Court has noted (*e.g.*, Order re: CAFA Jurisdiction, Dkt. 141), there was significant disagreement between rival Plaintiffs' counsel, with *Crain* Counsel raising doubts regarding whether this Court had jurisdiction. At the Court's invitation (Dkt. 19), Plaintiffs' counsel across the rival cases negotiated a stipulation with Defendants establishing jurisdiction. Dkt. 20. Afterward, in order to ensure the efficient and effective prosecution of the proposed class's claims, Plaintiffs' counsel across the two rival cases negotiated and agreed upon the proposed leadership structure memorialized in the Proposed Order (Dkt. 30-1). Further, in *Imran*, a

leadership appointment was premature because there were other similar cases pending in other courts, and plaintiffs' counsel in those cases did not have an opportunity to weigh in. 2019 WL 1509180, at * 10. Here, all pending cases regarding the challenged conduct are before this Court, and all Plaintiffs' counsel have weighed in and agreed upon the proposed appointment. Moreover, the Court in *Imran* raised doubts whether three co-lead firms could efficiently lead the litigation, and expressed a preference for a single lead firm. *Id.*, at *11. That is exactly what the Joint Motion requests: one lead firm to realize greater efficiency and clarity.

Second, the purpose of the Joint Motion is not to "merely maintain the status quo." Dkt. 40 at 3 (internal quotation omitted). The status quo consists of two sets of rival Plaintiffs' counsel with no guidance from the Court regarding respective areas of responsibility or authority. Why should this ambiguity continue? "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litig., § 21.11 (4th ed. 2004). The Proposed Order (Dkt. 30-1) would clarify areas of responsibility and authority and prevent disputes about these issues from arising later in the litigation.

The Proposed Order would appoint one of the seven Plaintiffs' firms as Interim Lead Class Counsel, with specific authority over, for example, distributing work assignments and collecting time and expense reports from all Plaintiffs' counsel on a periodic basis. Dkt. 30-1 at 2. This would permit Interim Lead Class Counsel to ensure efficient and effective prosecution of the Class's claims, and establish common task codes and billing practices in the event that these records will need to be submitted to the Court. *See*, *e.g.*, Northern District of California Procedural Guidance for Class Action Settlements, ¶ 6 ("All requests for approval of attorneys' fees must include detailed lodestar information, even if the requested amount is based on a percentage of the settlement fund. Declarations of class counsel as to the number of hours spent on various categories of activities related to the action by each biller, together with hourly billing rate information may be sufficient, provided that the declarations are adequately detailed.").

Granting the Joint Motion would also provide efficiency and clarity for Defendants, since

1  it would establish that any agreement made with Interim Lead Class Counsel would bind all
2  Plaintiffs.  Dkt. 30-1 at 2.  That is currently not the case.
3        Third, Defendants ignore that they have previously stipulated to, and themselves
4  proposed, a schedule in this case that begins with this Court appointing interim class counsel.
5  *See*, *e.g.*, Joint Case Management Statement, Dkt. 126 at 15 ("Defendants' Proposed Schedule"
6  begins with a Consolidated Amended Complaint to be filed "7 days after an order appointing
7  interim class counsel (as the parties stipulated and proposed to the Court in April 4, 2019 (ECF
8  86))").  Defendants never raised this argument with the Court during the Initial Case Management
9  Conference.  The Court then entered a schedule with deadlines that begin "after an order
10 appointing interim class counsel."  Dkt. 165 at 1.  Defendants provide no rationale for why the
11 schedule that they proposed should be amended.
12       Accordingly, the Court should grant Plaintiffs' Joint Motion for Appointment of Interim
13 Class Counsel.  In the alternative, the Court should modify the case schedule to permit Plaintiffs
14 to file their Consolidated Amended Complaint without an order appointing interim class counsel.

16 Dated:  May 22, 2019        Respectfully submitted,

18             */s/ Dean M. Harvey*
            Dean M. Harvey (SBN 250298)
            Katherine C. Lubin (SBN 259826)
19             Adam Gitlin (SBN 317047)
            Yaman Salahi (SBN 288752)
20             LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
            275 Battery Street, 29th Floor
21             San Francisco, CA 94111
            Telephone: (415) 956-1000
22             dharvey@lchb.com
            kbenson@lchb.com
23             agitlin@lchb.com
            ysalahi@lchb.com

Benjamin David Elga (*pro hac vice*)
Brian James Shearer (*pro hac vice*)
JUSTICE CATALYST LAW
25 Broadway, 9th Floor
New York, NY 10004
Telephone:  (518) 732-6703
belga@justicecatalyst.org
brianshearer@justicecatalyst.org

Cindy Pánuco (SBN 266921)
Stephanie Carroll (SBN 263698)
Nisha Kashyap (SBN 301934)
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, California, 90005
Telephone: (213) 385-2977
Facsimile:  (213) 201-4722
scarroll@publiccounsel.org
nkashyap@publiccounsel.org

Stuart T. Rossman (*pro hac vice*)
(B.B.O. No. 430640)
Brian Highsmith (*pro hac vice* motion forthcoming)
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, Fourth Floor
Boston, MA 02110-1245
Telephone: (617) 542-8010
Facsimile:  (617) 542-8028
srossman@nclc.org
bhighsmith@nclc.org

David Seligman (*pro hac vice* motion forthcoming)
TOWARDS JUSTICE
1410 High Street, Suite 300
Denver, CO 80218
Telephone:  (720) 441-2236
Facsimile:  (303) 957-2289
david@towardsjustice.org

*Counsel for Individual and Representative Plaintiffs Shonetta Crain and Kira Serna*

| | |
|---|---|
| 1 | */s/ Julian Hammond* |
| | Julian Hammond (SBN 268489) |
| 2 | Polina Brandler (SBN 269086) |
| | Ari Cherniak (SBN 290071) |
| 3 | HAMMONDLAW PC |
| | 1829 Reisterstown Road, Suite 410 |
| 4 | Baltimore, MD 21208 |
| | Telephone: (310) 601-6766 |
| 5 | Facsimile: (310) 295-2385 |
| | jhammond@hammondlawpc.com |
| 6 | pbrandler@hammondlawpc.com |
| | acherniak@hammondlawpc.com |

Laura L. Ho (SBN 173179)
GOLDSTEIN BORGEN DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 763-9800
Facsimile: (510) 835-1417
lho@gbdhlegal.com

*Counsel for Individual and Representative Plaintiff Steven Breaux*

**FILER'S ATTESTATION**

Pursuant to General Order No. 45, § X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from all the signatories.

DATED: May 22, 2019            */s/ Dean M. Harvey*
                               DEAN M. HARVEY
                               LIEFF CABRASER HEIMANN & BERNSTEIN, LLP