UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No. 19-cv-00717-JST<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL; DIRECTING THE FILING OF PROPOSED ATTORNEY'S FEES AND COST GUIDELINES; AND DENYING MOTION FOR APPOINTMENT OF AN EXECUTIVE COMMITTEE**<br><br>Re: ECF No. 30 |

Before the Court is Plaintiffs' joint motion to appoint interim class counsel and an executive committee. ECF No. 30. Defendants oppose the motion. ECF No. 40. The Court will grant the request to appoint interim class counsel and deny the request to appoint an executive committee.

**I.    BACKGROUND**

In this putative class action, Plaintiff Steven Breaux alleges that Defendants conspired to artificially inflate the price of bail bond premiums in California. ECF No. 1 ¶ 3. Defendants include numerous surety companies, a bail bonds agent, and three bail agent associations. *Id.* ¶¶ 11-47. Breaux seeks to represent a class of individuals who purchased bonds at those inflated prices between February 2004 and the present. *Id.* ¶ 127.

Breaux filed his lawsuit on February 8, 2019, asserting claims under California antitrust laws. *Id.* Ten days earlier, Plaintiffs Shonetta Crain and Kira Serna filed another putative class action in state court, seeking to assert the same causes of action on behalf of a similarly defined class against a largely overlapping group of defendants. *Crain v. Accredited Surety & Casualty*

*Co.*, No. 19-cv-01265-JST, ECF No. 1-3.[1] On March 8, 2019, defendants in *Crain* removed the case to this district. *Crain*, ECF No. 1. Shortly thereafter, the Court granted Defendants' unopposed motion to relate the two cases. ECF No. 12. On May 1, 2019, the Court approved the parties' stipulation to consolidate the cases into the present suit. ECF No. 29. That same day, Breaux and the *Crain* Plaintiffs filed this joint motion to appoint interim class counsel and an executive committee. ECF No. 30. Defendants oppose any interim appoint as premature. ECF No. 40.

## II. MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL

### A. Legal Standard

Federal Rule of Civil Procedure 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." This rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." *Wang v. OCZ Technology Grp., Inc.*, No. 11-cv-01415-PSG, 2011 WL 13156817, at *2 (N.D. Cal. June 29, 2011) (quoting Fed. R. Civ. P. 23(g)(2)(A) advisory committee's note to 2003 amendment). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation § 21.11 (4th ed. 2004) ("MCL 4th").

Rule 23(g)(1)(A) requires that courts consider the following factors in appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." The Court looks to those factors in designating interim class counsel as well. *See Letizia v. Facebook Inc.*, No. 16-cv-06232-TEH, 2017 WL 1477158, at *2 (N.D. Cal. Apr. 25, 2017) ("While Rule 23(g)(3) does not provide a

---

[1] Unless otherwise specified, all ECF citations are to docket No. 19-cv-00717.

2

1 standard for courts to use in appointing interim class counsel, courts in this district typically consider the factors set forth in Federal Rule of Civil Procedure 23(g)(1).").

### B. Discussion

Plaintiffs request that the Court appoint Lieff, Cabraser, Heimann & Bernstein LLP ("Lieff Cabraser") as interim class counsel. ECF No. 30 at 5.

Having reviewed Plaintiffs' proposal, the Court finds that Lieff Cabraser would "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). The firm's attorneys have done extensive work to date identifying, investigating, and prosecuting the potential claims. ECF No. 31 ¶¶ 2-4. Lieff Cabraser has significant experience in handling complex litigation, including class actions and antitrust cases, and therefore knowledge of the applicable law. *Id.* ¶¶ 5-8; *see also* ECF No. 31-1 at 78-89 (listing current and past antitrust cases). Finally, the Court is satisfied that Lieff Cabraser will commit adequate resources to representing the class. ECF No. 30 at 15.

Defendants' objection that the appointment is unnecessary in unpersuasive. Here, appointing a single lead firm will alleviate potential "rivalry or uncertainty" among the seven plaintiffs' firms. Fed. R. Civ. P. 23(g)(2)(A) advisory committee's note to 2003 amendment. Moreover, the Court anticipates that designating a single lead firm will facilitate the efficient prosecution of this litigation. This is not a case where plaintiffs seek to appoint many or all of the firms as interim class counsel. *Cf. Imran v. Vital Pharm., Inc.*, No. 18-CV-05758-JST, 2019 WL 1509180, at *10 (N.D. Cal. Apr. 5, 2019) ("The Court also does not see why appointing three of the six firms involved in these actions will result in significant efficiency gains."); *In re Nest Labs Litig.*, No. 14-CV-01363-BLF, 2014 WL 12878556, at *2 (N.D. Cal. Aug. 18, 2014) (rejecting proposal to appoint both plaintiff firms and explaining that "greater efficiency and clarity can only be realized if the Court appoints *one* firm as interim class counsel"). Given the size and complexity of the case, as well as the number of plaintiff firms involved, the Court concludes that appointing a single lead firm will serve the class's best interests.

The Court therefore designates Lieff Cabraser as interim class counsel.

/ / /

## III. ATTORNEY'S FEES GUIDELINES

Interim class counsel shall file by June 18, 2019, proposed guidelines that they will follow to limit costs and expenses including attorney's fees. The proposed guidelines should address staffing practices (*e.g.*, number of attorneys attending each deposition and court hearings), limits on travel expenses (*e.g.*, coach air fare), etc. Guidelines must, at a minimum provide that: (a) daily, contemporaneous time records must be maintained; (b) block-billing time records shall not be permitted; (c) time records must be based on the tenth of an hour (not a quarter of an hour); (d) time records must be submitted to co-lead counsel for review no later than the week following the last day of a month; (e) contract attorneys will be billed only at the rates actually paid to and received by such attorneys, without mark-up; and (f) lead counsel will appoint one senior attorney from Lieff Cabraser to collect all billing records monthly and conduct a monthly review of time records to ensure that costs and expenses are reasonable, with the understanding that the Court may, in its discretion, call upon counsel to submit those records and/or a report for the Court's independent review. For an example of such guidelines in the MDL context, interim class counsel is directed to the Protocol for Common Benefit Work and Expenses at ECF No. 181 in the matter of *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod. Liab. Litig.*, Case No. 3:17-md-02777-EMC.

## IV. MOTION FOR APPOINTMENT OF EXECUTIVE COMMITTEE

### A. Legal Standard

Although Rule 23 provides no criteria for when to appoint an executive committee in addition to interim class counsel, it has been recognized that such "[c]ommittees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." MCL 4th § 10.221. "Committees of counsel can sometimes lead to substantially increased costs, and they should try to avoid unnecessary duplication of efforts and control fees and expenses." *Id.* Courts within this circuit therefore routinely deny requests for appointment of executive committees where a plaintiff fails to demonstrate that such an appointment is necessary. *See, e.g.*, *Nicolow v. Hewlett Packard Co.*, No. 12-cv-05980-CRB, 2013 WL 792642, at *9 (N.D. Cal. Mar. 4, 2013) (declining to appoint an

executive committee); *Kamakahi v. Am. Soc. for Reprod. Med.*, No. 11-cv-01781-SBA, 2012 WL 892163, at *3 (N.D. Cal. Mar. 14, 2012) ("The Court concludes that Plaintiff has failed to demonstrate that the appointment of a three-firm Executive Committee to prosecute this action is warranted."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-5944-SC, 2008 WL 2024957, at *2 (N.D. Cal. May 9, 2008) (concluding that there was "no need for an executive committee at this time").

**B. Discussion**

Plaintiffs request that the Court appoint a six-firm executive committee consisting of (1) Public Counsel; (2) Towards Justice; (3) Justice Catalyst Law; (4) the National Consumer Law Center; (5) HammondLaw, P.C.; and (6) Goldstein Borgen Dardarian & Ho. ECF No. 30 at 5. This list includes every other firm representing Plaintiffs in this action. While Plaintiffs provide information as the qualifications and resources of each firm, ECF No. 30 at 11-15, they do not explain why this case requires a six-firm executive committee.

The Court has previously declined to appoint an executive committee where plaintiffs "neither addressed nor demonstrated that the interests of the class diverge or are dissimilar." *Aberin v. Am. Honda Motor Co., Inc.*, No. 16-cv-04384-JST, 2017 WL 3641793, at *2 (N.D. Cal. Aug. 24, 2017). As in *Aberin*, Plaintiffs here make no attempt to address this "most common[]" justification for executive committees. MCL 4th § 10.221; *cf. Mack v. LLR, Inc.*, No. 17-cv-07252-JGB, 2018 WL 6038349, at *5 (C.D. Cal. Jan. 31, 2018) (finding that executive committee was necessary because plaintiffs planned to "seek certification of multi-state subclasses" and the committee members would "serve an important role in navigating any differences due to jurisdiction, location, and law"). Nor do they identify any other unique circumstances that would justify their proposal.

Similarly, "Plaintiffs do not articulate how an executive committee would increase efficiency and the Court does not believe that a [seven]-firm organizational structure would achieve that effect." *Aberin*, 2017 WL 3641793, at *3. Plaintiffs offer no reason why the ability of the six proposed firms to contribute effectively to the litigation under Lieff Cabraser's direction should turn on each firm receiving an executive committee appointment.

The Court therefore denies Plaintiffs' request to appoint a six-firm executive committee. Denial is without prejudice to the filing of a motion later in the case to reflect subsequent developments.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion to appoint Lieff Cabraser as interim class counsel; directs the filing of proposed attorney's fees guidelines; and denies the motion to appoint a six-firm executive committee.

**IT IS SO ORDERED.**

Dated: June 3, 2019



JON S. TIGAR
United States District Judge