Dean M. Harvey (SBN 250298)
Katherine Lubin (SBN 259826)
Adam Gitlin (SBN 317047)
Yaman Salahi (SBN 288752)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
agitlin@lchb.com
ysalahi@lchb.com

*Interim Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br><br>This Document Relates To:<br><br><br>ALL ACTIONS | Case No. 3:19-CV-000717-JST<br><br>CLASS ACTION<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S ORDER RE BILLING RATES FOR CONTRACT ATTORNEYS [DKT. 44]**<br><br>Local Rule 7-9<br><br>Judge:     The Honorable Jon S. Tigar |

1    Pursuant to Local Civil Rule 7-9, Plaintiffs Shonetta Crain and Kira Serna respectfully

2    request leave to file a motion for reconsideration regarding one aspect of the Court's June 6, 2019

3    order: the requirement that "contract attorneys will be billed only at the rates actually paid to and

4    received by such attorneys, without mark-up." Dkt. 44 at 4. Defendants have informed Plaintiffs

5    that they take no position on this motion for leave or the proposed motion for reconsideration.

6        As explained in the proposed motion (attached hereto), reconsideration is appropriate here

7    because the Court's directive regarding billing of contract attorney time runs contrary to a long

8    line of Supreme Court and appellate authority—and the uniform practice of Judges in this

9    District—that attorney time should be billed based upon prevailing market rates. The Court cited

10   to no legal authority in support of the requirement, and Plaintiffs could find none. To the

11   contrary, relevant authority uniformly rejects the Court's requirement, including the exemplar

12   guidelines to which the Court referred (Dkt. 44 at 4). *See In re Chrysler-Dodge-Jeep Ecodiesel*

13   *Mktg., Sales Practices, & Prod. Liab. Litig.*, Case No. 3:17-md-02777-EMC, Dkt. 181 at 9 (in

14   billing and expense protocol for class action, permitting the use of "junior associates, contract,

15   and staff attorneys" for document review-related tasks, and providing that "[l]awyers who

16   perform initial document analysis and coding will be billed at an hourly rate consistent with the

17   market rate for junior associates"). Later, Judge Chen granted an attorneys' fee award including

18   contract attorney time in the lodestar at a market rate. *Id.*, Dkt. 561.

19       The requirement is also impractical. If left unchanged, the Court's order would require

20   Plaintiffs to bill contract attorney time *below cost*, because overhead expenses and agency fees

21   are involved in contract attorney work over and above the rates paid to and received by those

22   attorneys. The rule would thus only discourage efficient case staffing.

23       Reconsideration is also warranted because the Court adopted the requirement without

24   notice to the parties, an opportunity for briefing to receive relevant facts or law, and without an

25   opportunity to be heard.

26       The requirements of Local Civil Rule 7-9 for leave to file a motion for reconsideration are

27   met. Plaintiffs have been diligent in bringing this motion and filed it along with their proposed

28   attorney's fee guidelines. Interim Class Counsel have had no opportunity to present the Court

with facts or law relevant to the Court's decision.  Thus, "a material difference in fact or law

exists from that which was presented to the Court before entry of the interlocutory order for

which reconsideration is sought."  Local Civ. R. 7-9(b)(1).  These additional facts and law are

summarized in Plaintiffs' proposed motion for reconsideration.

For these reasons, Plaintiffs respectfully request that the Court (1) grant leave to file the

attached motion for reconsideration, (2) deem the proposed motion filed, and (3) schedule oral

argument on the matter if the Court is inclined to deny the requested relief.

Dated:  June 18, 2019                    Respectfully submitted,


*/s/ Dean M. Harvey* ___
Dean M. Harvey (SBN 250298)
Katherine Lubin (SBN 259826)
Adam Gitlin (SBN 317047)
Yaman Salahi (SBN 288752)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
agitlin@lchb.com
ysalahi@lchb.com

*Interim Class Counsel*

PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION
FOR RECONSIDERATION
3:19-CV-000717-JST

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2019, I caused the foregoing to be electronically filed and served with the Clerk of the Court using the CM/ECF system to all parties of record.


DATED:  June 18, 2019                    */s/ Dean M. Harvey*
                                         DEAN M. HARVEY
                                         LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION
FOR RECONSIDERATION
3:19-CV-000717-JST