# EXHIBIT 1

Robert W. Hogeboom (061,525)
Robert J. Cerny (162296)
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorneys for Plaintiff
Pacific Bonding Corporation

FILED
Clerk of the Superior Court

FEB 24 2004

By: P. ASHWORTH, Deputy

# THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| PACIFIC BONDING CORPORATION, | CASE NO.: GIC 815786 |
| Plaintiff, | Honorable Ronald L. Styn, presiding |
| vs. | **STATEMENT OF DECISION** |
| JOHN GARAMENDI, Insurance Commissioner of the State of California, and DOES 1 through 5, | [Cal. R. Ct. 232 and C.C.P § 632] |
| | [Filed concurrently with Judgment] |
| Defendant. | Trial Completed:   January 16, 2004 |

\\bwla6\lao\office\10089\016\04pleadings\statement of decision (final) 2-19.doc

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

STATEMENT OF DECISION

# STATEMENT OF DECISION

In this action, Plaintiff Pacific Bonding Corporation seeks a declaration that section 2054.4[1] is invalid and an injunction preventing the Defendant Commissioner of Insurance from enforcing it. Plaintiff asserts two arguments:

1. There is no statutory basis for section 2054.4 in Insurance Code sections 1800 – 1823 (the bail statutes)[2] rendering the regulation void; and

2. Section 2054.4 is an anti-rebate statute that was repealed by implication by Proposition 103's repeal of Division 1, Part 2, Chapter 1, Article 5 of the Insurance Code (the anti-rebate laws).

The Defendant argues that section 2054.4 supplements,[3] interprets and makes specific Insurance Code section 1800 and therefore is a proper regulation prohibiting a nonlicensee from receiving compensation for activity for which the law requires a license. Defendant also argues that Proposition 103 did not repeal section 2054.4, as that initiative did not mention the bail business.[4]

All of the evidence in this case, including the legislative counsel's opinion and declarations of expert witnesses, was admitted and considered.

This court recognizes that the test for the validity of a regulation is found in Government Code section 11342.2, which provides as follows:

> "11342.2. Whenever by the express or implied terms of any statute, a state agency has authority to adopt regulations to implement, interpret, make specific or otherwise carryout the provisions of the statute. No regulation adopted is valid or effective unless consistent and not in conflict with the statute and reasonably necessary to effectuate the purpose of the statute."

---

[1] Section 2054.4 of Title 10 California Code of Regulations.
[2] All statutory references are to the California Insurance Code unless expressly designated otherwise.
[3] The Government Code uses the term *interprets* rather than "supplements." See Cal. Gov't Code section 11342.2.
[4] See Defendant Trial Brief, p. 4.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-1-
STATEMENT OF DECISION

The court further recognizes that under Insurance Code section 1812, the Commissioner has authority to "make reasonable rules necessary, advisable or convenient for the administration and enforcement of the provisions of this chapter." The provisions "of this chapter" consist of Insurance Code sections 1800-1823.

The Defendant argues that the statutory basis for section 2054.4 is Insurance Code section 1800.[5] That section prohibits the solicitation of bail without a license. The statute further defines "solicitation" as including "arranging for bail" for compensation. In that regard, section 1800 is similar to other licensing statutes of the Insurance Code. By comparison, section 2054.4 is akin to anti-rebating statutes, in that it prohibits any person from receiving commissions "on bail or the transaction of bail unless licensed."[6] It further prohibits a bail licensee from paying non-licensees "any commissions or other valuable consideration on or in connection with a bail transaction." Therefore, the purpose of the regulation in prohibiting rebates differs from the purpose of section 1800 in requiring a license for the solicitation of bail.

In addition, in comparing the language of regulation section 2054.4 to Insurance Code section 1800, the court finds that the prohibitions in section 2054.4 are broader than those in section 1800. Section 2054.4 prohibits both the receipt and payment of compensation by and to Any unlicensed person "on bail" or "in connection with a bail transaction." This would include the payment to or receipt by a customer of any valuable consideration, normally described as a rebate. Section 1800, by contrast, is a licensing provision, which prohibits the solicitation of bail without a license. Section 1800(b) defines "solicitation" as including "arranging for bail" for remuneration. The prohibitory language of section 2054.4 is not dependent on whether the unlicensed recipient solicits bail in violation of the licensing requirement of section 1800. Rather, section 2054.4 is

---

[5] While the Commissioner must have general authority to promulgate regulations, each regulation must have a statutory basis, or "reference," defined in Gov't Code section 11349(e) as the provision of law which the regulation "implements, interprets or makes specific."

BARGER & WOLEN LLP
633 W. FIFTH ST.,
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-2-
STATEMENT OF DECISION

dependent on the mere payment or receipt of money by or to the unlicensed person, without regard to the activity of the unlicensed recipient.

The first sentence of regulation section 2054.4 prohibits "any person" from receiving commission "on bail." This broad language would prohibit, for example, a customer from receiving a rebate related to a bail transaction as commission is not defined or limited to a payment for solicitation of bail. The regulation would therefore prohibit a person from receiving compensation even if the recipient did not solicit insurance in violation of section 1800. Likewise, the regulation's second sentence prohibits a licensee from paying any consideration to an unlicensed person "in connection with" a bail transaction. Payments would therefore be prohibited even if the recipient did not violate section 1800's prohibition against solicitation of bail without a license. Accordingly, both the first and second sentences of the regulation are broader than the language of section 1800. Therefore, the regulation is inconsistent with and expands the scope of section 1800, and is void under Government Code section 11342.2.

The Defendant argues that if there is inconsistency between section 2054.4 and section 1800, it is found only in the words "in connection with a bail transaction," and therefore only those words should be stricken. The court disagrees. A court cannot rewrite a regulation to make it consistent with a statute. For example, by striking the phrase "on or in connection with a bail transaction" in the second sentence, language would have to be inserted to make the prohibition of section 2054.4 consistent with a solicitation which is the requirement of section 1800. As noted, the court does not have that power. *See e.g., California Teachers Ass'n v. California Comm'n on Teacher Credentialing*, 111 Cal. App. 4th 1001, 1011 (2003). It is well recognized that the judicial role in a democratic society is limited to the interpretation of laws, while the writing of laws

---

[6] *See* Cal. Ins. Code § 12404(a) (applicable to title insurance) and former sections 750-755 (formerly applicable to insurance generally).

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-3-

STATEMENT OF DECISION

belongs to the people and political branches. *See e.g., California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.*, 14 Cal. 4th 627, 633 (1997).

As section 2054.4 enlarges the scope of section 1800, the court is obligated to strike it down. *Dyna-Med, Inc. v. Fair Employment and Housing Comm'n*, 43 Cal. 3d 1379, 1389 (1987). Although the court has no discretion with respect to entirely inconsistent regulations, the court does have the authority to strike down only those provisions that are inconsistent with the authorizing statute, leaving in place provisions that do not conflict with the statute. *See e.g., Pulaski v. California Occupational Safety and Health Standards Bd.*, 75 Cal. App. 4th 1315, 1341-42 (1999). However, as noted previously, the first two sentences of section 2054.4 conflict with and enlarge the scope of section 1800. Therefore, the court must invalidate section 2054.4 in its entirety.

Having decided that section 2054.4 is broader in scope than section 1800 and that Defendant could provide no other statutory basis for the regulation, the court recognizes the similarities in language in section 2054.4 to that of former sections 752 and 755 of the Insurance Code which broadly prohibited unlawful rebates. In fact, the language in section 2054.4 is almost identical to former sections 752 and 755.[7] Since there is no statutory basis in section 1800-1823 for regulation section 2054.4, and because the language of the regulation tracks the language of former sections 752 and 755, the court finds that former sections 752 and 755 were the statutory basis for the regulation. Therefore, the court further concludes that the repeal of former sections 750 *et seq.* of the Insurance Code repealed the statutory basis for section 2054.4.

The court recognizes that the Commissioner has the power to resolve his concerns by promulgating a regulation consistent with section 1800 pursuant to the Administrative Procedures

---

[7] Former section 752 prohibited any insured from knowingly receiving any unlawful rebate. Former section 755 prohibited payment of any commission or other valuable consideration on insurance business to other than a licensed insurance agent. The first sentence of section 2054.4 tracks former section 752 and the second sentence tracks former section 755. Section 750 includes as an unlawful rebate the premium, part of the premium and the broker's commission. Sections 750-755 were repealed by Proposition 103 approved on Nov. 8, 1988.

-4-
STATEMENT OF DECISION

Act. Further remedies would be a matter for the Legislature. Based on Government Code section 11342.2, this court finds that section 2054.4 is invalid and enjoins the California Insurance Commissioner from enforcing it.

DATED: __FEB 2 4 2004__, ~~2004~~

HONORABLE RONALD L. STYN
JUDGE OF THE SAN DIEGO SUPERIOR COURT