| | |
|---|---|
| 1 | **DLA PIPER LLP (US)** |
| | John Hamill (IL SBN 6217530) |
| 2 | (*pro hac vice*) |
| | john.hamill@us.dlapiper.com |
| 3 | 444 West Lake Street, Suite 900 |
| | Chicago, IL 60606-0089 |
| 4 | Tel: 312.368-4000 / Fax: 312.236-7516 |
| 5 | Michael P. Murphy (NY SBN 2171635) (*pro hac vice*) |
| | michael.murphy@us.dlapiper.com |
| 6 | jonathan.kinney@us.dlapiper.com |
| | 1251 Avenue of the Americas, 27th Floor |
| 7 | New York, NY 10020-1104 |
| | Tel: 212.335.4500 / Fax: 212.335.4501 |
| 8 | |
| | Lisa Tenorio-Kutzkey (CA SBN 205955) |
| 9 | ltk@us.dlapiper.com |
| | 555 Mission Street, Suite 2400 |
| 10 | San Francisco, CA 94105-2933 |
| | Tel: 415.836.2500 / Fax: 415.836.2501 |
| 11 | |
| | Julie Gryce (CA SBN 319530) |
| 12 | julie.gryce@us.dlapiper.com |
| | 401 B Street, Suite 1700 |
| 13 | San Diego, CA 92101-4297 |
| | Tel: 619.699.2700 / Fax: 619.699.2701 |
| 14 | |
| | Attorneys for DEFENDANT DANIELSON |
| 15 | NATIONAL INSURANCE COMPANY |
| 16 | *[Additional Moving Defendants and* |
| | *Counsel Listed on Signature Pages]* |

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS, | Master Docket No. 19-CV-00717-JST<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER TEMPORARILY STAYING DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 18, 2019<br>Time: 2:00 p.m.<br>Location: Courtroom 2, 4th Floor<br>Judge: The Honorable Jon S. Tigar |

## TABLE OF CONTENTS

                                                                                                        **Page**

NOTICE OF MOTION AND MOTION ............................................................................1
STATEMENT OF RELIEF SOUGHT ...........................................................................1
STATEMENT OF ISSUE TO BE DECIDED .................................................................1
MEMORANDUM OF POINTS AND AUTHORITIES ..................................................1
OVERVIEW .....................................................................................................................1
FACTUAL AND PROCEDURAL BACKGROUND .....................................................2
DISCOVERY TO DATE ..................................................................................................4
APPLICABLE STANDARD ............................................................................................4
ARGUMENT ....................................................................................................................5
I.      DISCOVERY SHOULD BE STAYED UNTIL RESOLUTION OF THE
          MOTIONS TO DISMISS ...............................................................................5
CONCLUSION .................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*,
    5 F.3d 378 (9th Cir. 1993).................................................................................................6

*Bell Atlantic Corp v. Twombly*,
    550 U.S. 544 (2007)......................................................................................................6, 7

*Garcia v. Enter. Holdings, Inc.*,
    2014 WL 4623007 (N.D. Cal. Sept. 15, 2014) ................................................................6

*In re Lithium Ion Batteries Antitrust Litig.*,
    2013 U.S. Dist. LEXIS 72868 (N.D. Cal. May 21, 2013) ...........................................6, 7

*In re Nexus 6p Products Liability Litig.*,
    2017 WL 3581188 (N.D. Cal. Aug. 18, 2017)..................................................................5

*Jarvis v. Regan*,
    833 F.2d 149 (9th Cir. 1987)............................................................................................4

*Little v. City of Seattle*,
    863 F.2d 681 (9th Cir. 1988)............................................................................................4

*Lopez v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001)............................................................................................6

*Myung Ga, Inc. v. Myung Ga of MD, Inc.*,
    2011 WL 3476828 (D. Md. Aug. 8, 2011).......................................................................7

*Rutman Wine Co. v. E. & J. Gallo Winery*,
    829 F.2d 729 (9th Cir. 1987).....................................................................................5, 6, 7

*Top Rank, Inc. v. Haymon*,
    2015 WL 9952887 (C.D. Cal. Sept. 17, 2015)..............................................................7, 8

*Universal Trading & Inv. Co. v. Dugsbery, Inc.*,
    499 F. App'x 663 (9th Cir. 2012) ....................................................................................4

*Wenger v. Monroe*,
    282 F.3d 1068 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 17, 2002) ...................................................................................................5

*Wood v. McEwen*,
    644 F.2d 797 (9th Cir. 1981)............................................................................................4

*Yiren Huang v. Futurewei Techs., Inc.*,
    2018 WL 1993503 (N.D. Cal. Apr. 27, 2018) .................................................................5

**STATUTES**

15 U.S.C. § 1 ...................................................................................................................3

Cal. Bus. & Prof. Code § 16720 .......................................................................................3

Cal. Bus. & Prof. Code § 17200 .......................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 1 ...............................................................................................................8

Fed. R. Civ. P. 12(b)(6) ................................................................................................5, 6

Fed. R. Civ. P. 26(c) .....................................................................................................1, 4

Fed. R. Civ. P. 26(c)(1) ....................................................................................................1

# NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 18, 2019 at 2:00 PM or as soon thereafter as the matter may be heard, in the courtroom of Honorable Jon S. Tigar, United States District Judge, Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, Courtroom 2, 4th floor, the undersigned Defendants will, and hereby do, move for a protective order temporarily staying discovery pending a decision on Defendants' motions to dismiss Plaintiffs' Consolidated Amended Class Action Complaint ("CAC") (ECF Nos. 56, 58) (the "Motions to Dismiss"). This motion is made pursuant to Federal Rule of Civil Procedure 26(c) and is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Jon Cieslak (the "Cieslak Decl."), and all pleadings and papers on file in this matter, and upon such other matters as may be presented to the Court at the time of the hearing or otherwise. Pursuant to Federal Rule of Civil Procedure 26(c)(1), Defendants certify that the parties have conferred and attempted to resolve this dispute prior to Defendants filing this motion. (*See* Cieslak Decl. ¶ 2.)

# STATEMENT OF RELIEF SOUGHT

Defendants seek a protective order temporarily staying discovery pending the Court's resolution of Defendants' Motions to Dismiss.

# STATEMENT OF ISSUE TO BE DECIDED

Whether the Court should stay discovery pending the Court's resolution of Defendants' Motions to Dismiss.

# MEMORANDUM OF POINTS AND AUTHORITIES

# OVERVIEW

The CAC tries to allege that Defendants have engaged in a conspiracy to fix bail bond premium rates in California to the detriment of bail bond purchasers and in violation of the Sherman Act and California's Cartwright Act and Unfair Competition Law. Defendants' Motions to Dismiss set forth multiple reasons why the Court should dismiss the CAC in its entirety. These grounds include: (1) the CAC fails to state a claim upon which relief can be granted for multiple reasons,

most notably because the alleged conspiracy is inherently implausible, (2) the CAC is barred by the McCarran-Ferguson Act, the filed rate doctrine, *Noerr-Pennington*, and the state action doctrine, and (3) the California Department of Insurance (the "Department" or "CDI") has exclusive jurisdiction over the California claims. These motions are currently pending. Plaintiffs have declined Defendants' request to stipulate to a reasonable discovery stay pending the Court's resolution of the Motions to Dismiss.

A temporary discovery stay is well within the discretion of this Court and is sensible to avoid unnecessary burden and expense pending the resolution of the Motions to Dismiss. Courts throughout the Ninth Circuit routinely issue temporary stays of discovery pending motions to dismiss in similar circumstances.

Thus, Defendants respectfully request that the Court order a temporary discovery stay until the Court issues a decision on Defendants' Motions to Dismiss.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs are two individuals who purchased bail bonds in 2016 from Defendants All-Pro Bail Bonds Inc. and Two Jinn, Inc. Defendants Bankers Insurance Company and Seaview Insurance Company issued the bonds. Defendants include: (i) twenty-three surety companies that allegedly underwrote bail bonds in California (the "Sureties") (CAC ¶¶ 13-35); (ii) two customer-facing bail agencies (the "Agents") (CAC ¶¶ 37-38); (iii) three bail agent associations (the "Associations") (CAC ¶¶ 40-42); and (iv) two individuals who worked in the bail industry during the alleged class period (CAC ¶¶ 44-45).

Plaintiffs Shonetta Crain and Kira Serna filed a putative class action in California state court on January 29, 2019 (the "State Action"). *Crain v. Accredited Surety & Casualty Co*., No. 19-cv-01265-JST, ECF No. 1. On February 8, 2019, Steven Breaux filed a complaint in this district, alleging that a group of sureties, agents, associations, and individuals conspired to artificially inflate the price of bail bond premiums in California. (ECF No. 1.) On March 8, 2019, Defendants in the State Action removed that case to this district. (*Crain*, No. 19-cv-01265-JST, ECF No. 1.) The Court then granted Defendants' unopposed motion to relate the two cases. (ECF No. 14.) On May 1, 2019, the Court approved the parties' stipulation to consolidate the cases. (ECF No. 29.)

1  Plaintiffs filed their CAC on June 13, 2019. (ECF No. 46). The Court's Scheduling Order provides
2  that Defendants' motion to stay discovery is due 30 days after the filing of the CAC (ECF No. 23);
3  accordingly, this motion is timely.

4  The CAC alleges that 30 defendants engaged in a 15-year conspiracy to fix artificially high
5  prices for bail bond premiums in California, in violation of Section 1 of the Sherman Act, 15 U.S.C.
6  § 1 (the "Sherman Act"), California Business & Professions Code section 16720 (the "Cartwright
7  Act"), and section 17200 (the "Unfair Competition Law" or "UCL"). (CAC ¶ 49.) Plaintiffs
8  purport to represent a class of individuals who purchased bail bonds between February 24, 2004
9  and June 13, 2019 (the alleged class period). (CAC ¶ 47.)

10  Other than admitting that "sureties must file a rate application with the California
11  Department of Insurance" and that the "Surety Defendants have made the requisite filing [and]
12  received approval" (CAC ¶ 58), the CAC ignores that the Department of Insurance regulates and
13  approves bail bond premium rates in California. The CAC vaguely alleges that the Sureties have
14  engaged in a conspiracy for the past fifteen years—with the help of certain unspecified Agents—
15  to fix bail bond premium rates at higher levels than would have resulted in a free market. (CAC
16  ¶ 71.) The CAC focuses particularly on discounting (or the supposed lack thereof), alleging that
17  the Sureties somehow coerced the Agents to refuse to provide discounts to individual bail bond
18  purchasers and allegedly utilized the Associations to implement and police the purported
19  conspiracy. (CAC ¶¶ 80-87, 91-102.) The CAC next alleges that Defendants concealed from the
20  public that rebates are permitted under California law (despite numerous public disclosures,
21  including Department advisories, that bail bond rebates are available). (CAC ¶ 69.) Further, the
22  CAC alleges that Defendants protected their supposed "conspiracy" by "punishing undercutting."
23  (CAC ¶¶ 103-06.) The CAC alleges that Plaintiffs were injured by this "conspiracy" when they
24  purchased individual bail bonds at prices higher than they supposedly would have been absent the
25  alleged conspiracy. (CAC ¶¶ 121-23.)

26  The CAC offers no facts, however, explaining the actual steps any Defendants took to
27  accomplish their supposedly anticompetitive ends. It states no facts regarding any act in
28  furtherance of the purported conspiracy taken by any Surety, Agent, Association, or individual

defendant.  Moreover, at bottom, the alleged conspiracy is fundamentally implausible:  the vast majority of Defendants are sureties and none of them would benefit economically by preventing rebating, as the premiums they receive are approved by the CDI.  For these reasons, among others set forth in the Motions to Dismiss, this case should not survive beyond the pleading stage.

## **DISCOVERY TO DATE**

Plaintiffs in the State Action served preservation notices and discovery requests before Defendants removed to federal court and the cases were consolidated.  On April 24, the Court held an initial Case Management Conference and ordered that there would be no discovery until the parties briefed whether and when discovery should commence. (*See* ECF No. 21 (Civil Minutes).) The Court also ordered that "[u]ntil the parties agree on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation." (ECF No. 29, at 4:25-27.)  Defendants attempted to negotiate a temporary stay of discovery, but Plaintiffs have not agreed to a stay.  (*See* Cieslak Decl. ¶ 2.)  No discovery has occurred to date.

## **APPLICABLE STANDARD**

The Court has broad discretion to shape the scope and timing of discovery, including the power to stay discovery temporarily.  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (upholding a temporary stay of discovery because "[t]he stay furthers the goal of efficiency for the court and litigants").  Federal Rule of Civil Procedure 26(c) gives judges broad discretion to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  A court may issue a protective order under Rule 26(c) to limit or stay discovery altogether for "good cause."  *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981).

The Ninth Circuit has endorsed the use of this protective power to stay discovery pending a potentially dispositive motion.  *See, e.g.*, *Little*, 863 F.2d at 685 (affirming stay of discovery pending a motion to dismiss); *Universal Trading & Inv. Co. v. Dugsbery, Inc.*, 499 F. App'x 663, 665 n.9 (9th Cir. 2012) (same).  Staying discovery is particularly appropriate if factual development will not assist the court in deciding the motion before it, such as when the court considers a motion to dismiss and therefore assumes the factual allegations to be true.  *Jarvis v. Regan*, 833 F.2d 149,

1  155 (9th Cir. 1987). For this reason, it is sound practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."); *see also Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 17, 2002).

Courts in this district apply a two-prong test to determine whether there is good cause to stay discovery pending a motion. "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Second, the court must determine whether the pending motion can be decided absent discovery." *Yiren Huang v. Futurewei Techs., Inc.,* 2018 WL 1993503, at *2 (N.D. Cal. Apr. 27, 2018). To apply this test, courts "must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *In re Nexus 6p Products Liability Litig.,* 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017).

## **ARGUMENT**

### I. DISCOVERY SHOULD BE STAYED UNTIL RESOLUTION OF THE MOTIONS TO DISMISS

Good cause exists to temporarily stay discovery in this case. Courts routinely issue temporary discovery stays where, as here, the pending motions to dismiss challenge the sufficiency of the allegations in the complaint. The two-prong test utilized in this district is satisfied here, and each of the additional factors that courts consider in deciding whether to stay discovery militate in favor of a stay. Defendants thus respectfully submit that the Court should temporarily stay discovery until it decides the Motions to Dismiss.

First, the Motions to Dismiss are dispositive. (ECF No. 56 (seeking dismissal of the CAC in its entirety based on jurisdictional, defective pleading, and other grounds); ECF No. 58 (seeking dismissal of the CAC with respect to certain Defendants on additional grounds).) Permitting discovery prior to testing the legal sufficiency of a complaint "defies common sense."

*Rutman Wine Co.*, 829 F.2d at 738. In *Rutman*, the Ninth Circuit explained:

> The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery. *In antitrust cases* this procedure especially makes sense because the costs of discovery in such actions are prohibitive. [I]f the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility. It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.

*Id.* (internal quotation marks, citations omitted, and emphasis added). Because Defendants are challenging the legal sufficiency of the antitrust claims in the CAC, including on jurisdictional grounds and other meritorious grounds, it "especially makes sense" to avoid "costly and time consuming discovery" until the Court "determine[s] whether there is any reasonable likelihood plaintiffs can construct a claim." *Id.*

Second, the Court can decide the Motions to Dismiss entirely as a matter of law based on the pleadings without any discovery. *Garcia v. Enter. Holdings, Inc.*, 2014 WL 4623007, at *2 (N.D. Cal. Sept. 15, 2014) (finding no discovery was necessary to determine motion to dismiss) (citing *Lopez v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)); *see also Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (affirming discovery stay during motion to dismiss briefing where discovery was not relevant to whether the court had subject matter jurisdiction).

Third, a stay of discovery pending the resolution of the Motions to Dismiss is particularly appropriate in a complex antitrust case such as this. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 558 (2007) (cautioning against "proceeding to antitrust discovery [which] can be expensive," and noting the "unusually high cost" and "extensive scope of discovery in antitrust cases" especially where class allegations involve a large putative class, defendants have many employees who generated large amounts of business records, and the complaint asserts "unspecified (if any) instances of antitrust violations that allegedly occurred over a period of seven years") (citations omitted); *id.* at 560 n.6 (holding that "determining whether some illegal agreement may have taken place between unspecified persons at different [companies] . . . at some point over seven years is a

sprawling, costly, and hugely time-consuming undertaking"); *Rutman Wine Co.,* 829 F.2d at 738. In *In re Lithium Ion Batteries Antitrust Litig.*, 2013 U.S. Dist. LEXIS 72868, at *29 (N.D. Cal. May 21, 2013), the court looked to *Twombly*, and held that "[s]tays of discovery may be deemed warranted where a motion to dismiss can resolve a threshold issue such as jurisdiction, qualified immunity, or where discovery may be especially burdensome or costly." Here, there are numerous threshold dispositive issues raised in the Motions to Dismiss: the McCarran-Ferguson Act; the state action doctrine; the filed rate doctrine; the *Noerr-Pennington* doctrine; the CDI's exclusive jurisdiction over the California claims; and the inherent implausibility of the alleged conspiracy given the regulation of the sureties' prices by the CDI.

As the Supreme Court pointed out in *Twombly*, it has held for over 30 years that "district court[s] must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558; *see also Myung Ga, Inc. v. Myung Ga of MD, Inc.*, 2011 WL 3476828, at *3-4 (D. Md. Aug. 8, 2011) ("Every plaintiff, no doubt, would prefer to have access to discovery before facing the test of a motion to dismiss. But … one of the central purposes of the plausibility standard [is] restraining unnecessary discovery."). The required specificity is lacking here: the CAC fails to allege how each of the 30 Defendants joined or participated in the vaguely defined 15-year conspiracy, and attributes most conduct to "Defendants" generally. Nor is the plausibility standard met: since a surety must charge the rate approved by the Department, it makes no sense for the 23 surety Defendants to have entered into the alleged conspiracy, as none of them would benefit economically.

Finally, all additional factors that courts consider in deciding whether to issue a protective order temporarily staying discovery weigh in favor of a stay in this case:

- In light of the mutually agreed upon and expeditious briefing schedule for the Motions to Dismiss, and the stipulated order to preserve relevant evidence, a temporary stay will result in no prejudice to Plaintiffs. *Top Rank, Inc. v. Haymon*, 2015 WL 9952887, at *1 (C.D. Cal. Sept. 17, 2015);
- The burden on 30 Defendants of searching for, collecting, processing, storing on servers or in physical locations, among other work associated with collecting 15

years' worth of potentially responsive discovery will be enormous. *Id;*

- A temporary stay will convenience the Court, as the parties will not need to simultaneously engage in discovery motion practice while the Court considers the Motions to Dismiss. *Id.;*

- A temporary stay will spare third party witnesses from onerous discovery before the Court determines whether the case will proceed beyond the pleading stage. *Id.;*

- Temporarily staying discovery would advance the public's interest in securing a "just, speedy, and inexpensive determination" of the dispute. Fed. R. Civ. P. 1.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court issue a protective order temporarily staying discovery pending the Court's resolution of Defendants' Motions to Dismiss the CAC.

Dated: July 15, 2019          By: */s/ Julie A. Gryce*

                                                       Julie A. Gryce (CA SBN 319530)
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
Tel: (619) 699-2700
Fax: (619) 699-2701
julie.gryce@us.dlapiper.com

John Hamill (IL SBN 6217530)
(*pro hac vice*)
john.hamill@us.dlapiper.com
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Tel: 312.368-4000 / Fax: 312.236-7516

|   |   |   |
|---|---|---|
| 1 |   | Michael P. Murphy (NY SBN 2171635) |
| 2 |   | (*pro hac vice*) |
|   |   | michael.murphy@us.dlapiper.com |
| 3 |   | DLA PIPER LLP (US) |
|   |   | 1251 Avenue of the Americas, 27th Floor |
| 4 |   | New York, NY 10020-1104 |
|   |   | Tel: 212.335.4500 / Fax: 212.335.4501 |
| 5 |   | Lisa Tenorio-Kutzkey (CA SBN 205955) |
|   |   | ltk@us.dlapiper.com |
| 6 |   | DLA PIPER LLP (US) |
|   |   | 555 Mission Street, Suite 2400 |
| 7 |   | San Francisco, CA 94105-2933 |
|   |   | Tel: 415.836.2500 / Fax: 415.836.2501 |
| 8 |   |   |
|   |   | *Attorneys for Defendant Danielson National Insurance* |
| 9 |   | *Company* |
| 10 |   |   |
| 11 | Dated: July 15, 2019 | By: */s/ Beatriz Mejia* |
| 12 |   | Michael A. Attanasio |
|   |   | Beatriz Mejia |
| 13 |   | Jon F. Cieslak |
|   |   | Maximilian Sladek De La Cal |
| 14 |   | COOLEY LLP |
|   |   | 101 California Street, 5th Floor |
| 15 |   | San Francisco, CA 94111-5800 |
|   |   | Telephone: (415) 693-2000 |
| 16 |   | Facsimile: (415) 693-2222 |
|   |   | mattanasio@cooley.com |
| 17 |   | mejiab@cooley.com |
|   |   | jcieslak@cooley.com |
| 18 |   | msladekdelacal@cooley.com |
| 19 |   | *Attorneys for Defendant Seaview Insurance* |
|   |   | *Company and Two Jinn, Inc.* |
| 20 | Dated: July 15, 2019 | By: */s/ Blake Zollar* |
| 21 |   |   |
|   |   | Drew Koning (263082) |
| 22 |   | Blake Zollar (268913) |
|   |   | Shaun Paisley (244377) |
| 23 |   | KONING ZOLLAR LLP |
|   |   | 2210 Encinitas Blvd., Suite S |
| 24 |   | Encinitas, CA 92024 |
|   |   | Telephone: (858) 252-3234 |
| 25 |   | Facsimile: (858) 252-3238 |
| 26 |   | drew@kzllp.com |
|   |   | blake@kzllp.com |
| 27 |   | shaun@kzllp.com |
| 28 |   |   |

*Attorneys for Defendant All-Pro Bail Bonds, Inc.*

Dated: July 15, 2019  By: */s/ Gerard G. Pecht*

Gerard G. Pecht (*pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
gerard.pecht@nortonrosefulbright.com

Joshua D. Lichtman (SBN 176143)
NORTON ROSE FULBRIGHT US LLP
555 South Flower Street, Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
joshua.lichtman@nortonrosefulbright.com

*Attorneys for Defendant American Contractors Indemnity Company*

Dated: July 15, 2019  By: */s/ Anne K. Edwards*

Anne K. Edwards (110424)
SMITH, GAMBRELL & RUSSELL, LLP
444 South Flower Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 358-7210
Facsimile: (213) 358-7310
aedwards@sgrlaw.com

*Attorneys for Defendant Williamsburg National Insurance Company*

Dated: July 15, 2019  By: */s/ Nicole S. Healy*

Todd A. Roberts
Nicole S. Healy
Edwin B. Barnes
ROPERS, MAJESKI, KOHN & BENTLEY

*Attorneys for Defendants American Bail Coalition, Inc. and William B. Carmichael*

- 10 -  MOTION FOR A PROTECTIVE ORDER
3:19-CV-00717-JST

Dated: July 15, 2019     By: */s/ David F. Hauge*

David F. Hauge (128294)
Todd H. Stitt (179694)
Vincent S. Loh (238410)
MICHELMAN & ROBINSON, LLP

*Attorneys for Defendants United States Fire Insurance Company, North River Insurance Company, and Seneca Insurance Company*

Dated: July 15, 2019     By: */s/ Renee Choy Ohlendorf*
Renee Choy Ohlendorf (CA SBN 263939)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:  415.362.6000
Facsimile:   451.834.9070
chatton@hinshawlaw.com

Christie A. Moore (*pro hac* pending)
W. Scott Croft (*pro hac* pending)
BINGHAM GREENEBAUM DOLL LLP
3500 PNC Tower
101 S. Fifth Street
Louisville, KY 40202
Telephone:  502.587.3758
Facsimile:  502.540.2276
cmoore@bgdlegal.com
wcroft@bgdlegal.com

*Attorneys for Lexon Insurance Company*

Dated: July 15, 2019     By: */s/ Travis Wall*

Travis Wall (191662)
Spencer Kook (205304)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 9111
Telephone: 415-743-738
twall@hinshaw.com
skook@hinshaw.com

*Attorneys for Defendant Philadelphia Reinsurance Corporation*

| | | |
|---|---|---|
| 1 | Dated:  July 15, 2019 | By: */s/ Gregory S. Day* |
| 2 | | |
| 3 | | Gregory S. Day |
| | | LAW OFFICES OF GREGORY S. DAY |
| | | 120 Birmingham Drive, Suite 200 |
| 4 | | Cardiff, CA  92007 |
| | | Telephone:  (760) 436-2827 |
| 5 | | attygsd@gmail.com |
| 6 | | |
| | | *Attorneys for Defendants California Bail* |
| 7 | | *Agents Association, Universal Fire &* |
| | | *Insurance Company, Sun Surety Insurance* |
| 8 | | *Company* |
| 9 | Dated:  July 15, 2019 | By: */s/ Howard Holderness* |
| 10 | | |
| | | John A. Sebastinelli (127859) |
| 11 | | Howard Holderness (169814) |
| | | GREENBERG TRAURIG, LLP |
| 12 | | |
| | | *Attorneys for Defendants American Surety* |
| 13 | | *Company and Indiana Lumbermens Mutual* |
| | | *Insurance Company* |
| 14 | | |
| 15 | Dated:  July 15, 2019 | By: */s/ Gary A. Nye* |
| 16 | | Gary A. Nye (126104) |
| | | ROXBOROUGH, POMERANCE, NYE & ADREANI, |
| 17 | | LLP |
| 18 | | |
| | | *Attorneys for Defendants Allegheny Casualty* |
| 19 | | *Company, Associated Bond and Insurance* |
| | | *Agency, Inc., Bankers Insurance Company,* |
| 20 | | *Harco National Insurance Company,* |
| | | *International Fidelity Insurance Company,* |
| 21 | | *Lexington National Insurance Corporation,* |
| 22 | | *and Jerry Watson* |
| 23 | Dated:  July 15, 2019 | By: */s/ Shannon W. Bangle* |
| 24 | | James Mills (203783) |
| | | LAW OFFICE OF JAMES MILLS |
| 25 | | 1300 Clay Street, Suite 600 |
| | | Oakland, CA 94612-1427 |
| 26 | | Telephone:  (510) 521-8748 |
| 27 | | Facsimile:  (510) 277-1413 |
| | | james@jamesmillslaw.com |
| 28 | | |

| | | |
|---|---|---|
| 1 | | Michael D. Singletary (*pro hac vice*) |
| 2 | | Shannon W. Bangle (*pro hac vice*) |
| | | Brian C. Potter (*pro hac vice*) |
| 3 | | BANGLE & POTTER, PLLC |
| | | 604 W. 13th Street |
| 4 | | Austin, TX 78701 |
| | | Telephone: (512) 270-4844 |
| 5 | | Facsimile: (512) 270-4845 |
| | | Michael@banglepotter.com |
| 6 | | Shannon@banglepotter.com |
| | | Brian@banglepotter.com |
| 7 | | |
| 8 | | *Attorneys for Defendant Financial Casualty & Surety, Inc.* |
| 9 | | |
| 10 | Dated: July 15, 2019 | By: */s/ Erik K. Swanholt* |
| 11 | | Erik K. Swanholt |
| | | FOLEY & LARDNER |
| 12 | | 555 South Flower St., 33rd Floor |
| | | Los Angeles, CA 90071 |
| 13 | | Telephone: (213) 972-4500 |
| | | Facsimile: (213) 486-0065 |
| 14 | | |
| 15 | | *Attorneys for Defendants Continental Heritage Insurance Company* |
| 16 | | |
| 17 | Dated: July 15, 2019 | By: */s/ John M. Rorabaugh* |
| 18 | | John M. Rorabaugh (178366) |
| 19 | | *Attorney for Defendant Golden State Bail Association* |
| 20 | | |
| 21 | Dated: July 15, 2019 | By: */s/ Paul J. Riehle* |
| 22 | | Paul J. Riehle (115199) |
| | | DRINKER BIDDLE & REATH LLP |
| 23 | | 4 Embarcadero Center, 27th Floor |
| | | San Francisco, California 94111 |
| 24 | | Telephone: (415) 551-7521 |
| | | Facsimile: (415) 551- 7510 |
| 25 | | paul.riehle@dbr.com |
| 26 | | *Attorneys for Defendant Accredited Surety and Casualty Company, Inc.* |
| 27 | | |
| 28 | | |

## **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Julie A. Gryce, attest that concurrence in the filing of this document has been obtained from all other signatories. Executed on July 15, 2019, in San Diego, California.

DATED: July 15, 2019

*/s/ Julie A. Gryce*
Julie A. Gryce
DLA Piper LLP (US)