# EXHIBIT A



Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

April 5, 2019

Dean Harvey
Partner
dharvey@lchb.com

**VIA EMAIL**

Defendants' Counsel
(Please see full list of recipients below)

> RE:   *Crain & Serna v. Accredited Surety & Cas. Co., et al.*, No. 3:19-cv-01265-JST (N.D. Cal.)

Dear Counsel:

On behalf of Plaintiffs in the above-referenced matter, I write to request that we schedule a meet-and-confer under Federal Rule of Civil Procedure 26(f). The conference must occur by May 1, 2019—at least 21 days prior to the May 22, 2019 initial case management conference. *See* Fed. R. Civ. P. 26(f)(1). Please provide us with your collective availability the week of April 15, 2019.

At the conference, we expect that you will be prepared to discuss the topics set forth in Rule 26(f) and the Court's standing order. *See* Standing Order for All Civil Cases Before District Judge Jon S. Tigar. To facilitate our discussions, I provide the following list of topics:

1. The timing and form for initial disclosures under Rule 26(a). Fed. R. Civ. P. 26(f)(3)(1).

2. The subjects on which discovery may be needed. Fed. R. Civ. P. 26(f)(3)(B). Plaintiffs refer you to Plaintiffs' letters dated January 29, 2019 regarding the preservation of documents and the discovery requests propounded pursuant to the California Code of Civil Procedure on February 20, 2019. These subjects for discovery are reiterated at the end of this letter for your convenience.

3. A proposed order governing the protocol and required specifications for the preservation and production of electronically stored information ("ESI"). Fed. R. Civ. P. 26(f)(3)(C). Please note Judge Tigar's preference to use the District's model ESI order, attached as Exhibit A. *See* Judge Tigar's Standing Order, Paragraph (G).

4. Please be prepared to discuss the topics identified in the District's ESI meet-and-confer checklist. *See* Judge Tigar's Standing Order, Paragraph (D) ("Failure to meet and confer regarding the required topics prior to the initial case management conference, including alternative dispute resolution and ESI, may, in the reasonable exercise of the Court's discretion, result in sanctions or disciplinary action."). These include, among other things:

    a.   Any ESI you believe is not reasonably accessible;

    b.   Whether or not to continue any interdiction of any document destruction program;

    c.   The names and/or general job titles of custodians for whom ESI will be preserved;

    d.   The number of custodians for whom ESI will be preserved;

    e.   ESI systems that will be preserved that are not associated with individual custodians, like enterprise databases or share drives;

    f.   The description and location of systems in which potentially discoverable information is stored;

    g.   The search methods and methodologies that will be used to identify discoverable ESI; and,

    h.   Procedures following inadvertent disclosure of privileged material.

5.   A proposed discovery plan.  Fed. R. Civ. P. 26(f)(2)-(3).

6.   A proposed order governing expert discovery.  Fed. R. Civ. P. 26(a)(2).

7.   A proposed Protective Order governing confidentiality.  Fed.R.Civ.P. 26(c); Judge Tigar's Standing Order, Paragraph (G).  Please note Judge Tigar's preference to use the District's model protective order, attached as Exhibit B.  *See* Judge Tigar's Standing Order, Paragraph (G).

**Subjects for Discovery**: All potentially relevant evidence, including documents relating to the allegations in the complaints and / or members of the proposed class.  Potentially relevant evidence includes, at least, all of the following topics, without regard to time period, custodian category, or format of documents or ESI.  This list of topics contains examples only, and it is provided here without prejudice to Plaintiffs requesting discovery regarding additional topics.  The below list does not provide Defendants with any justification for destroying or failing to preserve potentially relevant evidence that is not specifically enumerated.

    1.    All documents regarding any communications between or among you, any bail bond agent, any surety company, or any organization representing bail bond agents or sureties pertaining to the following topics:

    a.   Submissions to, or communications with, the California Department of Insurance ("CDI") in connection with bail bonds;

    b.   Bail bond premiums;

    c.   Bail bond rebates;

    d.   Bail bond pricing; or

      e.     Bail bond advertisements, marketing, or other statements to actual or potential bail bond purchasers.

2.     All documents regarding any policy or practice regarding any topic in No. 1 above.

3.     All documents regarding enforcement, monitoring, or implementation of any agreements or policies relating to any topic described in Request Nos. 1 or 2 above.

4.     All documents regarding any meetings or individual who attended any meetings, or who had any communications, with any individual regarding any topic described in Request Nos. 1 or 2 above, including:

      a.     all minutes, notes, agendas, or other documentation memorializing or discussing such meetings;

      b.     all diaries, calendars (electronic or otherwise), pocket calendars, personal digital assistants, appointment books, and appointment notes;

      c.     trip and travel logs, records, and supporting documents; and,

      d.     telephone number logs, directories, notebooks, card files and memoranda.

5.     All documents or data collecting the premiums charged or rebates offered by you or any other person(s) in connection with bail bonds.

6.     All documents that are used to train employees or bail agents about premium rate pricing, rebates, or negotiation with potential customers.

7.     If you are not a natural person, all documents showing your organizational structure regarding all individuals involved in the setting of bail bond premium rates or rebates, including, without limitation, organization charts, telephone or email directories, personnel biographies, and individual job descriptions.

8.     Data regarding all bail bonds you have sold or offered in the state of California, including:

      a.     name of the payor;

      b.     the total amount of bond posted;

      c.     the premium rate charged to the bond;

      d.     any rebates that were applied to the bond;

      e.     reason for premium rate or rebate, where applicable;

      f.     gender;

      g.     race;

      h.     age;

      i.     any other demographic information collected (e.g., income);

      j.     location;

       k.     the identity of the surety backing the bond and the agent who facilitated the bond;

       l.     the court in which the bond was posted;

       m.     whether any amount of the bond premium was subsequently returned to the payor;

       n.     the amount retained by the bail bond agent versus the surety backing the bond;

       o.     whether the bond was subsequently revoked based on the accused's failure to appear in court and whether the court or another government entity subsequently collected any portion of the bond from you;

       p.     any other bail bond data maintained systematically.

9.     Any data you maintain or possess about bail bond premium rates charged, or rebates offered, by your competitors or, for trade association defendants, by your members, including but not limited to transaction-level information specified in No. 8 and aggregate-level information.

10.     All business plans, analyses, reports, studies, memoranda, budgets, forecasts, slide presentations, strategic plans, SWOT ("Strengths, Weaknesses, Opportunities and Threats") analyses, or costs or revenue projections referring or relating, in whole or in part, to competition for bail bonds.

11.     All documents that analyze, evaluate, or summarize market conditions regarding bail bonds, including without limitation, documents concerning premium rates and rebates, competition, market shares, competitive position, and loss ratios.

12.     All documents that refer or relate to the provision of bail bonds by a competing bail agent or surety in California.

13.     All documents regarding attempts by bail agents or bail bond companies to offer rates lower than the Maximum Filed Rate or to offer rebates to prospective purchasers of bail bonds in California.

14.     All documents reflecting actuarial or other analysis concerning bail bonds and the risk of loss or required bond payment associated with different groups of accused persons and the relationship of risk with the premium rate charged or rebates offered, whether in California or elsewhere.

15.     All documents concerning any analysis, summary, or description of factors affecting loss ratios, risk, premium rates, or rebates with respect to bail bonds in California.

16.     All documents concerning any method, formula, policy, practice, or calculation you use, or any competing bail bond agent or surety uses, for determining bail bond rates or rebates.

17.     All communications between you and CDI concerning bail bond premium rates and rebates.

18.     All documents or communications pertaining to public statements, such as website pages, discussing bail bond pricing, rebating, and CDI rate filings, regardless of whether you created or maintained such statements.

19.     All agendas, minutes, notes, or memoranda of any meeting of your board of directors or governing body, or that of any competing bail bond agent or surety, or any committee thereof relating to how you or any defendant or co-conspirator determine California bail bond rates or rebates.

20.     All agendas, minutes, notes, or documents pertaining to trade association meetings where bail bond rates, prices, or rebates were discussed, regardless of whether the meetings occurred in California and regardless of whether those discussions were focused on California or national trends.

21.     All documents and records regarding marketing and other competitive efforts to attract purchasers of your bail bond services in California.

22.     All documents regarding summaries of revenues you generated from bail bond premiums since February 24, 2004, including information sufficient to reflect gross profit and the breakdown of associated costs or losses in California.

23.     All documents concerning how bail bond sureties or agents negotiate premium rates, commission rates, and rebates.

24.     All documents regarding factors relevant to deciding whether to reduce premium rates or offer rebates to customers.

25.     All documents regarding competition between alleged co-conspirators (including but not limited to all named Defendants) and/or any other competing bail bond surety or agent in California.

26.     Documents sufficient to explain the meaning of the data responsive to any of these requests, including all record layouts, data dictionaries, field codes, and other codes or descriptions.

27.     Organization charts sufficient to identify:

    a.     Individuals who act as custodians of business records and other information for you, such as all persons responsible for ESI management, organization, retention, preservation, and destruction of ESI;

      b.      All of your internal information services or information technology departments; and,

      c.      All individuals who are responsible for creating back-ups for archiving email messages.

28.      Documents that reflect or describe your policies, procedures, and guidelines for your company's use or retention of email, instant messages, or other forms of electronic communications.

29.      Documents that reflect or describe your document retention policies and any litigation hold implemented in connection with this litigation, including the date that any litigation hold was implemented.

30.      All documents referring to the concealment, destruction or spoliation of any documents that are responsive to any of these preservation requests.

31.      Documents sufficient to show how to operate or run any of the programs maintained on the computer-related equipment or system you utilize to maintain data responsive to any of these requests, including whether any such data can be produced within an Excel spreadsheet.

32.      All documents provided to, transmitted to, received from, or concerning plaintiffs in this action.

33.      Documents sufficient to identify all third parties you have used to:

      a.      identify, communicate with, and/or solicit potential customers of bail bond services;

      b.      calculate bail bond premium rates or rebates in California;

      c.      survey bail bond premium rates or rebates offered by other entities irrespective of location; and,

      d.      otherwise analyze any topic covered by these preservation requests.

34.      All documents regarding communications and/or meetings with any of the third-parties described in No. 33, including contracts.

35.      Documents sufficient to identify all individuals responsible for retaining or managing the third parties described in No. 33.

36.      All documents you have provided to, or received from, any of the third parties described in No. 33 regarding any of the topics described in No. 33.

37.     All documents relating to your policies or practices regarding compliance with federal or state antitrust laws.

38.     All documents regarding *Pacific Bonding Corp. v. John Garamendi*, No. GIC815786 (Cal. Sup. Ct. Feb. 24, 2004) and/or California's Proposition 103.

39.     All documents regarding the legality, propriety, or availability of discounts or rebates affecting the amount paid for bail bonds, including advertisements or other statements made to actual or potential bail bond customers.

40.     All marketing materials, including websites, and draft marketing materials that discuss bail bond premium rates and rebates offered by you or your agents, and/or your ability to offer premium rates or rebates below the Maximum Filed Rate, including but not limited to communications with consultants and vendors providing services connected to marketing and advertising.

41.     All documents you intend to use or rely upon at trial.

42.     All documents that support any of your affirmative defenses in this case.

43.     All applicable insurance agreements under which any insurer may be liable to satisfy all or part of any judgment which may be entered in this action, or to indemnify or reimburse you for payments made to satisfy all or part of any judgment.

I look forward to discussing these matters with you.

Sincerely,

Dean M. Harvey

Attachments

1712366.1

## List of Recipients

Paul J. Riehle
**Drinker Biddle & Reath, LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
(415) 591-7500
(415) 59-7510 (fax)
paul.riehle@dbr.com
*Counsel for Accredited Surety and Casualty Company*

Timothy P. Irving
**TYSON & MENDES**
5661 La Jolla Boulevard
San Diego, CA 92037
Main: (858) 459-4400
Direct: (858) 263-4116
Fax: (858) 459-3864
Tirving@tysonmendes.com

House Counsel:
Robert Schraner
**K2 Insurance Services, LLC**
11452 El Camino Real | Suite 250
San Diego, CA 92130
Tel: (858) 866.8916
Mobile (760) 580.9559
Fax: (858) 450.4036
bschraner@k2ins.com
*Counsel for Aegis Security Insurance Company*

Drew Koning
Blake Zollar
Shaun Paisley
**KONING ZOLLAR LLP**
2210 Encinitas Blvd., Suite S
Encinitas, CA 92024
Tel: (858) 252-3234
Fax: (858) 252-3238
drew@kzllp.com
blake@kzllp.com
shaun@kzllp.com
*Counsel for All-Pro Bail Bonds Inc.*

Nicole Healy
**Ropers Majeski Kohn Bentley**
1001 Marshall Street Suite 500
Redwood City, CA  94063
Tel: (650) 780-1733
nicole.healy@rmkb.com
*Counsel for American Bail Coalition, Inc*

Gary Nye
**Roxborough, Pomerance, Nye, & Adreani, LLP**
5820 Canoga Ave., Suite 250
Woodland Hills, California 91367
Tel: (818) 992-9999
Fax: (818) 992-9991
gan@rpnalaw.com
*Counsel for Allegheny Casualty Company*

John Sebastinelli
Howard Holderness
**Greenberg Traurig, LLP**
Four Embarcadero Center, Suite 3000
San Francisco, CA 94111
sebastinellij@gtlaw.com
holderness@gtlaw.com
*Counsel for American Surety Company*

Gerard Pecht
Sumera Khan
**Norton Rose Fulbright US LLP**
1301 McKinney
Suite 5100
Houston, TX 77010-3095
Tel: (713) 651-5226
Fax: (713) 651-5246
gerard.pecht@nortonrosefulbright.com
sumera.khan@nortonrosefulbright.com
*Counsel for American Contractors Indemnity
Company*

Gary Nye
**Roxborough, Pomerance, Nye, &
Adreani, LLP**
5820 Canoga Ave., Suite 250
Woodland Hills, California 91367
Tel: (818) 992-9999
Fax: (818) 992-9991
gan@rpnalaw.com
*Counsel for Associated Bond and Insurance
Agency, Inc.*

Christie A. Moore
Scott Croft
**Bingham Greenebaum Doll LLP**
3500 PNC Tower | 101 South Fifth Street |
Louisville, KY 40202
Direct: 502-587-3758
Fax: 502-540-2276
Cell: 502-641-3372
CMoore@bgdlegal.com

Gary Nye
**Roxborough, Pomerance, Nye, &
Adreani, LLP**
5820 Canoga Ave., Suite 250
Woodland Hills, California 91367
Tel: (818) 992-9999
Fax: (818) 992-9991
gan@rpnalaw.com
*Counsel for Bankers Insurance Company*

Casey A. Hatton
**HINSHAW & CULBERTSON LLP**
One California Stret, 18th Floor
San Francisco, CA 94111
Tel: (415) 632-6000
Fax: (415) 834-9070
Email: chatton@hinshawlaw.com
*Counsel for Bond Safeguard Insurance
Company*

Vincent Loh
David F Hauge
Todd Stitt
**Michelman & Robinson, LLP**
17901 Von Karman Ave., 10th Floor
Irvine, CA 92614
Tel: (714) 557-7990
Fax: (714) 557-7991
vloh@mrllp.com
dhauge@mrllp.com
tstitt@mrllp.com
*Counsel for Crum & Forster Indemnity*
*Company*

Gregory Day
**Law Offices of Gregory S. Day**
Cardiff Executive Centre
120 Birmingham Dr., Suite 200
Cardiff-by-the-Sea, CA 92007-1721
Tel: (760) 436-2827
Fax: (760) 683-3338
attygsd@gmail.com
*Counsel for California Bail Agents Association*

Michael D. Singletary
Brian Potter
Shannon Bangle
**Bangle & Potter, PLLC**
604 W. 13th St.
Austin, TX 78701
(512) 593-5118
Michael@banglepotter.com
james@jamesmilllaw.com
brian@banglepotter.com
shannon@banglepotter.com
*Counsel for Financial Casualty & Surety, Inc.*

Erik Swanholt (outside counsel)
**Foley & Lardner LLP**
555 South Flower Street
Suite 3300
Los Angeles, CA 90071-2411
(213) 972-4614
(213) 486-0065 FAX
eswanholt@foley.com

Gary Nye
**Roxborough, Pomerance, Nye, &**
**Adreani, LLP**
5820 Canoga Ave., Suite 250
Woodland Hills, California 91367
Tel: (818) 992-9999
Fax: (818) 992-9991
gan@rpnalaw.com
*Counsel for International Fidelity Insurance*
*Company*

Adam J. Hall
**General Counsel**
**Continental Heritage Ins. Company**
200 Park Ave., Suite 400
Orange Village, OH 44122
Email: ahall@chicins.com
*Counsel for Continental Heritage Insurance*
*Company*

Julie Gryce
**DLA Piper LLP (US)**
401 B St., Suite 1700
San Diego, CA
92101-4297
Tel: (619) 699-2700
Fax: (619) 699-2701

John Rorabaugh
Crystal L. Rorabaugh
801 Parkcenter Drive
Suite 205
Santa Ana, CA  92705
Tel: (714) 617-9600
Fax: (714) 644-9986
baillaw@usa.net
*Counsel for Golden State Bail Agents Association*

Michael P. Murphy
Jonathan Kinney
**DLA Piper LLP (US)**
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501

Gary Nye
**Roxborough, Pomerance, Nye, & Adreani, LLP**
5820 Canoga Ave., Suite 250
Woodland Hills, California 91367
Tel: (818) 992-9999
Fax: (818) 992-9991
gan@rpnalaw.com
*Counsel for Harco National Insurance Company*

John Sebastinelli
Howard Holderness
**Greenberg Traurig, LLP**
Four Embarcadero Center, Suite 3000
San Francisco, CA 94111
sebastinellij@gtlaw.com
holderness@gtlaw.com
*Indiana Lumbermen's Mutual Insurance Company*

Lisa Tenorio-Kutzke**y**
**DLA Piper LLP (US)**
555 Mission St., Suite 2400
San Francisco, CA 94105-2933
Tel: (415) 836-2500
Fax: (415) 836-2501
Julie.Gryce@dlapiper.com
Jonathan.Kinney@dlapiper.com
michael.murphy@dlapiper.com
lisa.tenorio@dlapiper.com
*Counsel for Danielson National Insurance Company*

Julie Gryce
**DLA Piper LLP (US)**
401 B St., Suite 1700
San Diego, CA
92101-4297
Tel: (619) 699-2700
Fax: (619) 699-2701
Julie.Gryce@dlapiper.com

Gary Nye
**Roxborough, Pomerance, Nye, & Adreani, LLP**
5820 Canoga Ave., Suite 250
Woodland Hills, California 91367
Tel: (818) 992-9999
Fax: (818) 992-9991
gan@rpnalaw.com
*Counsel for Lexington National Insurance Corporation*

Michael P. Murphy
Jonathan Kinney
**DLA Piper LLP (US)**
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501
Jonathan.Kinney@dlapiper.com
michael.murphy@dlapiper.com

Christie A. Moore
Scott Croft
**Bingham Greenebaum Doll LLP**
3500 PNC Tower | 101 South Fifth Street |
Louisville, KY 40202
Direct: 502-587-3758
Fax: 502-540-2276
Cell: 502-641-3372
CMoore@bgdlegal.com

Lisa Tenorio-Kutzke**y**
**DLA Piper LLP (US)**
555 Mission St., Suite 2400
San Francisco, CA 94105-2933
Tel: (415) 836-2500
Fax: (415) 836-2501
lisa.tenorio@dlapiper.com
*Counsel for National American Insurance Company of California*

Casey A. Hatton
**HINSHAW & CULBERTSON LLP**
One California Stret, 18th Floor
San Francisco, CA 94111
Tel: (415) 632-6000
Fax: (415) 834-9070
Email: chatton@hinshawlaw.com
*Counsel for Lexon Insurance Company*

Vincent Loh
David F Hauge
Todd Stitt
**Michelman & Robinson, LLP**
17901 Von Karman Ave., 10th Floor
Irvine, CA 92614
Tel: (714) 557-7990
Fax: (714) 557-7991
vloh@mrllp.com
dhauge@mrllp.com
tstitt@mrllp.com
*Counsel for North River Insurance Company*

Spencer Kook
**Hinshaw & Culbertson LLP**
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
Tel: (213) 614-7359
Fax: (213) 614-7399
skook@hinshawlaw.com

Travis Wall
Ellen Demson
**Hinshaw & Culbertson LLP**
One California Street, 18th Floor
San Francisco, CA 94111
Tel: (415) 362-6000
Fax: (415) 834-9070
twall@hinshawlaw.com
edemson@hinshawlaw.com
*Counsel for Philadelphia Reinsurance Corporation*

Nick J. DiGiovanni
**Locke Lord LLP**
111 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 443-0634
Fax: (312) 896-6634
Modile: (312) 543-4776
ndigiovanni@lockelord.com

Regina J. McClendon
**Locke Lord LLP**
101 Montgomery St, Suite 1950
San Francisco, California 94104-4815
Tel: (415) 318-8804
RMcClendon@lockelord.com
*Counsel for Safety First Insurance Company*

Beatriz Mejia
Max Sladek De La Cal
**Cooley LLP**
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Tel: (415) 693-2000
Fax: (415) 693-2222
mejiab@cooley.com
msladekdelacal@cooley.com

Gerard Pecht
Sumera Khan
**Norton Rose Fulbright US LLP**
1301 McKinney
Suite 5100
Houston, TX 77010-3095
Tel: (713) 651-5226
Fax: (713) 651-5246
gerard.pecht@nortonrosefulbright.com
*Counsel for Seneca Insurance Company, Inc.*

Robert Cutbirth
**Freeman Mathis & Gary, LLP**
44 Montgomery, Suite 3580
San Francisco, CA 94104-6702
(415) 352-6424
rcutbirth@fmglaw.com
*Counsel for Stillwater Property and Casualty
Insurance Company*

Vincent Loh
David F Hauge
Todd Stitt
**Michelman & Robinson, LLP**
17901 Von Karman Ave., 10th Floor
Irvine, CA 92614
Tel: (714) 557-7990
Fax: (714) 557-7991
vloh@mrllp.com
dhauge@mrllp.com
tstitt@mrllp.com
*Counsel for United States Fire Insurance
Company*

Michael Attanasio
Jon Cieslak
**Cooley LLP**
4401 Eastgate Mall
San Diego, CA 92121-1909
Tel: (858) 550-6000
Fax:(858) 550-6420
mattanasio@cooley.com
jcieslak@cooley.com
*Counsel for Seaview Insurance Company*

Beatriz Mejia
Max Sladek De La Cal
**Cooley LLP**
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Tel: (415) 693-2000
Fax: (415) 693-2222
mejiab@cooley.com
msladekdelacal@cooley.com

Michael Attanasio
Jon Cieslak
**Cooley LLP**
4401 Eastgate Mall
San Diego, CA 92121-1909
Tel: (858) 550-6000
Fax:(858) 550-6420
mattanasio@cooley.com
jcieslak@cooley.com
*Counsel for Two Jinn, Inc.*

Gregory Day
**Law Offices of Gregory S. Day**
Cardiff Executive Centre
120 Birmingham Dr., Suite 200
Cardiff-by-the-Sea, CA 92007-1721
Tel: (760) 436-2827
Fax: (760) 683-3338
attygsd@gmail.com
*Counsel for Sun Surety Insurance Company*

Nicole Healy
**Ropers Majeski Kohn Bentley**
1001 Marshall Street Suite 500
Redwood City, CA 94063
Tel: (650) 780-1733
nicole.healy@rmkb.com
*Counsel for Jerry Watson*

Gregory Day
**Law Offices of Gregory S. Day**
Cardiff Executive Centre
120 Birmingham Dr., Suite 200
Cardiff-by-the-Sea, CA 92007-1721
Tel: (760) 436-2827
Fax: (760) 683-3338
attygsd@gmail.com
*Counsel for Universal Fire & Casualty
Insurance Company*

Nicole Healy
**Ropers Majeski Kohn Bentley**
1001 Marshall Street Suite 500
Redwood City, CA 94063
Tel: (650) 780-1733
nicole.healy@rmkb.com
*Counsel for William Carmichael*

Anne Edwards
**Smith, Gambrell & Russell, LLP**
444 South Flower Street | Suite 1700
Los Angeles, CA 90071
p | 213-358-7210
f | 213-358-7310
aedwards@sgrlaw.com
*Counsel for Williamsburg National Insurance
Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| )<br>) Case Number: C xx-xxxx<br>)<br>) [MODEL] STIPULATED ORDER RE:<br>) DISCOVERY OF ELECTRONICALLY<br>Plaintiff(s), ) STORED INFORMATION FOR<br>) STANDARD LITIGATION<br>vs. )<br>)<br>)<br>)<br>Defendant(s). )<br>) |

## 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

## 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3. LIAISON

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

### 4. PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between _____ and _____ will be preserved;

b) The parties have exchanged a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

c) The parties have agreed/will agree on the number of custodians per party for whom ESI will be preserved;

d) These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced: [e.g., backup media of [named] system, systems no longer in use that cannot be accessed];

e) Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following: [e.g., backup media created before _____, digital voicemail, instant messaging, automatically saved versions of documents];

f) In addition to the agreements above, the parties agree data from these sources (a) could contain relevant information but (b) under the proportionality factors, should not be preserved: _____.

### 5. SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

### 6. PRODUCTION FORMATS

The parties agree to produce documents in ☐ PDF, ☐TIFF, ☐native and/or ☐paper or a combination thereof (check all that apply)] file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

### 7. PHASING

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI and the initial production will be from the following sources and custodians: _____.

Following the initial production, the parties will continue to prioritize the order of subsequent productions.

### 8. DOCUMENTS PROTECTED FROM DISCOVERY

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) The parties have agreed upon a "quick peek" process pursuant to Fed. R. Civ. P. 26(b)(5) and reserve rights to assert privilege as follows _____ _____.

c) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

### 9. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: _____        _____

Counsel for Plaintiff

Dated: _____        _____

Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: _____        _____

UNITED STATES DISTRICT/MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff, | Case No. |
| v. | STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION |
| Defendant. | |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a

Producing Party.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within

the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

4

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and

must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately

bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
        LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
        LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.  MISCELLANEOUS

12.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.  FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each

Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: _____  _____
                                                        Attorneys for Plaintiff



DATED: _____  _____
                                                        Attorneys for Defendant



PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____  _____
                                                        United States District/Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____