# EXHIBIT D



Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

January 29, 2019

Dean Harvey
Partner
dharvey@lchb.com

**VIA FIRST CLASS MAIL**

Bankers Insurance Company
c/o Agent for Service of Process:
CSC – Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

> RE: Your Legal Obligation to Preserve Relevant Evidence
> *Crain, et al. v. Accredited Surety and Cas. Co., et al.*, No. RG19004509 (Cal. Sup. Ct.)

To whom it may concern:

We represent Shonetta Crain and Kira Serna, the plaintiffs in *Crain v. Accredited Surety Cas. Co., et al.*, No. RG19004509 (Cal. Sup. Ct.). I write to ensure that you are preserving all potentially discoverable evidence in this case. I anticipate serving initial discovery requests in this case within the next few weeks, including requests for production of documents that will include Electronically-Stored Information ("ESI"). You are immediately required to prevent the deletion or spoliation of any potentially relevant evidence. This obligation applies to all records in your possession, custody, or control, regardless of the date the document was created.

**Any failure to comply with your preservation obligations could result in serious consequences:**

- **The intentional destruction or concealment of evidence may be considered by a jury to draw unfavorable conclusions about the offending party.** *See* Judicial Council of California Civil Jury Instructions, CACI No. 204 (2017 ed.); *see also* BAJI 2.03.

- **California Penal Code section 135 creates criminal penalties for the spoliation of evidence:** "Every person who, knowing that any book, paper, record, instrument in writing, or other matter or thing, is about to be produced in evidence upon any trial, inquiry, or investigation whatever,

>	authorized by law, willfully destroys or conceals the same, with intent thereby to prevent it from being produced, is guilty of a misdemeanor."

- If spoliation is not discovered before trial, then **an offending party may be held liable for the negligent spoliation of evidence in an independent tort action**. *See Cedars-Sinai Med. Ctr. v. Sup. Ct.*, 18 Cal.4th 1, 8 (1998).

- **Spoliation may also constitute a misuse of the discovery process punishable by monetary, issue, evidentiary, terminating, or contempt sanctions.** *See* Cal. Code Civ. Proc. §§ 2023.010, 2023.030(a) to (e).

No later than the date of this letter, you must preserve relevant documents until no earlier than the conclusion of this case. To do so, you must issue a litigation hold to the relevant employees that covers all potentially relevant evidence, including documents relating to the allegations in the complaint and/or members of the proposed class. "Documents" includes but is not limited to all "writings" as defined by California Evidence Code section 250, and also includes but is not limited to all digital or electronic messages, emails, text messages, video tapes, files, communications, social media posts (such as on Twitter, Instagram, or Facebook), publications (including but not limited to print sources, web pages, and blog posts), and voicemail messages.

Potentially relevant evidence includes, at least, all of the following topics, without regard to time period, custodian category, or format of documents or ESI. This list of topics contains examples only, and it is provided here without prejudice to plaintiffs requesting discovery regarding additional topics. The below list does not provide defendants with any justification for destroying or failing to preserve potentially relevant evidence that is not specifically listed:

1. All documents regarding any communications between or among you, any bail bond agent, any surety company, or any organization representing bail bond agents or sureties pertaining to the following topics:

    a. refraining from seeking approval for a Maximum Filed Rate from the California Department of Insurance ("CDI") lower than those previously sought for bail bonds;

    b. refraining from offering reduced premium rates or rebates in connection with bail bonds;

    c. providing notification upon seeking a Maximum Filed Rate below those previously sought, or upon offering a rebate to an individual in connection with California bail bonds;

      d. providing pricing or transaction data;

      e. restricting or specifying the manner, timing, or content of any offer for a reduced rate or a rebate pertaining to California bail bonds;

      f. restraining the manner in which bail bond prices are advertised;

      g. reporting or complaining about other bail agents or sureties who are rebating or charging lower prices;

      h. restricting any form of competition over bail bond premium rates or rebates.

2. All documents regarding any policy or practice regarding any topic in (1) above.

3. All documents regarding enforcement, monitoring, or implementation relating to any topic described in (1) or (2) above.

4. All documents regarding any meetings or individual who attended any meetings, or who had any communications, with any individual regarding any topic described in (1) or (2) above, including:

      a. all minutes, notes, agendas, or other documentation memorializing or discussing such meetings;

      b. all diaries, calendars (electronic or otherwise), pocket calendars, personal digital assistants, appointment books, and appointment notes;

      c. trip and travel logs, records, and supporting documents;

      d. telephone number logs, directories, notebooks, card files and memoranda; and

      e. all telephone bills, statement records and supporting documents.

5. All documents collecting the premiums charged or rebates offered by you or any other person(s) in connection with bail bonds.

6. All documents showing your organizational structure regarding all individuals involved in the setting of bail bond premium rates or rebates, including, without limitation, organization charts, telephone or email directories, personnel bios, and individual job descriptions.

7. Data regarding all bail bonds you have sold or offered in the state of California, including:

      a. name of the payor;

      b. the total amount of bond posted;

      c. the premium rate charged to the bond;

      d. any rebates that were applied to the bond;

      e. gender;

      f. race;

      g. age;

      h. location;

      i. the identity of the surety backing the bond and the agent who facilitated the bond;

      j. the court in which the bond was posted;

      k. whether any amount of the bond premium was subsequently returned to the payor;

      l. the amount retained by the bail bond agent versus the surety backing the bond;

      m. whether the bond was subsequently revoked based on the accused's failure to appear in court and whether the court or another government entity subsequently collected against you;

      n. any other bail bond data maintained systematically.

8. All business plans, analyses, reports, studies, memoranda, budgets, forecasts, slide presentations, strategic plans, SWOT ("Strengths, Weaknesses, Opportunities and Threats") analyses, or costs or revenue projections referring or relating, in whole or in part, to competition in the bail bonds market, whether in California or elsewhere.

9. All documents that analyze, evaluate, or summarize market conditions regarding bail bonds in California, including without limitation, documents concerning premium rates and rebates, competition, market shares, competitive position, and associated loss ratios.

10. All documents that refer or relate to the sale of bail bonds by a competing bail agent or surety in California.

11. All documents regarding attempts by bail agents or bail bond companies to offer rates lower than the Maximum Filed Rate or to offer rebates to prospective purchasers of bail bonds in California;

12. All documents reflecting actuarial or other analysis concerning bail bonds and the risk of loss associated with different groups of accused persons and the relationship of risk with the premium rate charged or rebates offered.

13. All documents concerning any analysis, summary, or description of factors affecting loss ratios, risk, premium rates, rebates with respect to bail bonds in California.

14. All documents concerning any method, formula, policy, practice, or calculation you, or any competing bail bond agent or surety, uses for determining bail bond rates or rebates.

15. All communications between you and CDI concerning bail bond premium rates and rebates.

16. All documents or communications pertaining to the development of website pages discussing bail bond pricing, rebating, and CDI rate filings.

17. All agendas, minutes, notes, or memoranda of any meeting of your board of directors or governing body, or that of any competing bail bond agent or surety, or any committee thereof relating to how you or any defendant or co-conspirator determine bail bond rates or rebates.

18. All agendas, minutes, notes, or documents pertaining to trade association meetings where bail bond rates or rebates were discussed.

19. All documents and records regarding marketing and other competitive efforts to attract purchasers of your bail bond services in California.

20. All documents regarding the total revenue you generated from bail bond premiums since February 24, 2004, including information sufficient to reflect gross profit and the breakdown of associated costs or losses.

21. All documents concerning how bail bond sureties or agents negotiate premium rates, commission rates, and rebates.

22. All documents regarding factors relevant to deciding whether to reduce premium rates or offer rebates to customers.

23. All documents regarding how you or any alleged co-conspirator determine, update, monitor or set baseline bond premium rates or rebate levels (as opposed to negotiated rates or rebates).

24. All documents regarding the relationship between baseline premium rates or rebates and negotiated premium rates or rebates.

25. All documents regarding competition between alleged co-conspirators and/or any other competing bail bond surety or agent in California.

26. Organization charts sufficient to identify:

    a. Individuals who act as custodians of business records and other information for you, such as all persons responsible for ESI management, organization, retention, preservation, and destruction of ESI;

    b. All of your internal information services or information technology departments; and,

    c. All individuals who are responsible for creating back-ups for archiving email messages.

27. Documents that reflect or describe your policies, procedures, and guidelines for your company's use or retention of email, instant messages, or other forms of electronic communications.

28. Documents that reflect or describe your document retention policies and any litigation hold implemented in connection with this litigation, including the date that any litigation hold was implemented.

29. All documents referring to the concealment, destruction or spoliation of any documents that are responsive to any of these preservation requests.

30. Documents sufficient to show how to operate or run any of the programs maintained on the computer-related equipment or system you utilize to maintain data responsive to any of these requests, including whether any such data can be produced within an Excel spreadsheet.

31. Documents sufficient to explain the meaning of the data responsive to any of these requests, including all record layouts, data dictionaries, field codes, and other codes or descriptions.

32. All documents provided to, transmitted to, received from, or concerning plaintiffs in the above-listed actions.

33. Documents sufficient to identify all third parties you have used to:

    a. identify, communication with, and/or solicit potential customers of bail bond services;

    b. calculating bail bond premium rates or rebates in California;

    c. surveying bail bond premium rates or rebates offered by other entities irrespective of location; and,

    d. otherwise analyzing any topic covered by these preservation requests.

34. All documents regarding communications and/or meetings with any of the third-parties described in (33), including contracts.

35. Documents sufficient to identify all individuals responsible for retaining or managing the third parties described in (33).

36. All documents you have provided to, or received from, any of the third parties described in (33) regarding any of the topics described in (33).

37. All documents relating to your policies or practices regarding compliance with federal or state antitrust laws.

38. All documents regarding *Pacific Bonding Corp. v. John Garamendi*, No. GIC815786 (Cal. Sup. Ct. Feb. 24, 2004) and/or California's Proposition 103.

39. All documents regarding the legality, propriety, or availability of discounts or rebates affecting the amount paid for bail bonds, including advertisements or other statements made to actual or potential bail bond customers.

40. All marketing materials, including websites, and draft marketing materials that discuss bail bond premium rates and rebates offered by you or your agents, and/or your ability to offer premium rates or rebates below the Maximum Filed Rate.

41. All documents you intend to use or rely upon at trial.

42. All documents that support any of your affirmative defenses in this case.

Please confirm that you have implemented a litigation hold sufficient to cover all topics of evidence described above, without regard to time period, custodian category, or format of documents or ESI. Please also confirm that you will preserve potentially responsive material in any custodian's personal device (e.g., iPhone or other cellphone or laptop), email account (e.g., Gmail or other third-parties not hosted by you), or Internet-based applications (e.g.,

Facebook). The data from each custodian's cellphone(s) (including archived copies of cellphone data stored via programs such as iTunes, iCloud, or Google Drive), personal computer(s), and similar devices (iPad, Microsoft Surface, etc.) should be forensically extracted and preserved. Plaintiffs also request that any phone record logs in your possession, custody, or control relating to telephone calls by these custodians be preserved, including any such records maintained internally by you or accessible to you or these custodians' via your telephone carriers, including their websites.

This request is time sensitive because data stored on cellphones, laptop data, and telephone log data is susceptible to being lost or deleted if immediate preservation efforts are not undertaken. Our experience is that such data is often overlooked for preservation, which we do not want to be the case here.

Please further confirm that, if you transform any potentially discoverable evidence from a reasonably-accessible format into a format that is not reasonably-accessible (e.g., bail bond data from active systems to backup tapes), that the reasonably-accessible format is preserved.

Please provide confirmation regarding these requests by Friday, February 15, 2019. Please let me know if you have any questions you wish to discuss.

Very truly yours,

Dean Harvey

1684915.2