**DLA PIPER LLP (US)**
John Hamill (IL SBN 6217530) (*pro hac vice*)
john.hamill@us.dlapiper.com
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Tel: 312.368.4000 / Fax: 312.236-7516

Michael P. Murphy (NY SBN 2171635) (*pro hac vice*)
michael.murphy@us.dlapiper.com
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
Tel: 212.335.4500 / Fax: 212.335.4501

Julie Gryce (CA SBN 319530)
julie.gryce@us.dlapiper.com
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700 / Fax: 619.699.2701

Attorneys for DEFENDANT DANIELSON
NATIONAL INSURANCE COMPANY

*[Additional Moving Defendants and
Counsel Listed on Signature Pages]*

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS, | Master Docket No. 19-CV-00717-JST<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER TEMPORARILY STAYING DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 18, 2019<br>Time: 2:00 p.m.<br>Location: Courtroom 6, 2nd Floor<br>Judge: The Honorable Jon S. Tigar |

**TABLE OF CONTENTS**

                                                                                    **Page**

ARGUMENT ..............................................................................................................1

A.      THE COURT SHOULD RESOLVE THE MOTIONS TO DISMISS BEFORE
        DISCOVERY PROCEEDS. .........................................................................1

B.      THIS COURT HAS AMPLE AUTHORITY TO STAY DISCOVERY............................2

C.      PLAINTIFFS' RHETORIC IS MISPLACED. .......................................................3

CONCLUSION ...........................................................................................................4

# TABLE OF AUTHORITIES

**Page(s)**

C**ASES**

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ...................................................................................3

*Camacho v. United States,*
   2014 WL 12026059 (S.D. Cal. Aug. 15, 2014) ........................................1

*In re Nexus 6p Prods. Liability Litig.,*
   2017 WL 3581188 (N.D. Cal. Aug. 18, 2017)...........................................1

*Mlejnecky v. Olympus Imaging Am., Inc.,*
   2011 WL 489743 (E.D. Cal. Feb. 7, 2011) ...............................................1

*Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltd.,*
   2018 WL 1569811 (N.D. Cal. Feb. 16, 2018)............................................3

*San Francisco Tech. v. Kraco Enters.,*
   2011 U.S. Dist. LEXIS 59933 (N.D. Cal. June 6, 2011) ..........................3

*Singh v. Google, Inc.,*
   2016 WL 10807598 (N.D. Cal. Nov. 4, 2016)...........................................3

*Yiren Huang v. Futurewei Techs., Inc.,*
   2018 WL 1993503 (N.D. Cal. Apr. 27, 2018) ........................................2, 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs' response to the Motion to Stay Discovery is without merit. The heart of their response previews some of their forthcoming oppositions to the motions to dismiss and thus confirms that the most sensible use of resources at this time is to resolve whether this case should proceed at all. The rest of Plaintiffs' response consists of (i) unpersuasive boilerplate disputing whether discovery should ever be stayed (when ample authority holds that staying discovery is within the Court's sound discretion) and dismissing the Supreme Court's warnings about the burdens of discovery in antitrust cases; and (ii) overheated rhetoric that has nothing to do with preservation issues and that makes a dramatic and unsubstantiated leap that evidence may be lost (notwithstanding the stipulated preservation order) based on nothing more than rank speculation.

**ARGUMENT**

**A.   The Court Should Resolve the Motions to Dismiss Before Discovery Proceeds.**

The first order of business in this case should be to resolve the pending motions to dismiss, with the hearing set for October 16, 2019. Defendants respectfully decline the Plaintiffs' invitation for a protracted debate in this briefing on the merits of those motions. It suffices to say that the Consolidated Amended Complaint ("CAC") fails for multiple independent reasons, including (i) numerous dispositive grounds connected to the complex regulatory scheme overseen by the California Department of Insurance; (ii) the CAC's wholesale failure to allege a single fact showing any agreement among the Defendants to fix prices related to any aspect of bail bond pricing (and no actionable facts of *any* kind, let alone "conspiratorial" ones, for the majority of Defendants); and (iii) the outright implausibility of the CAC's allegations.

Plaintiffs are incorrect to the extent they are suggesting that a party seeking to stay discovery must show a likelihood of success on the merits of a pending dispositive motion when seeking a stay of discovery. In exercising its discretion, the Court at most need take only a "preliminary peek" at the merits of the motions to dismiss, recognize that they are potentially dispositive, and find a "clear possibility" or a "strong showing" that the motions will be granted. *See, e.g.*, *Camacho v. United States*, 2014 WL 12026059, at *4 (S.D. Cal. Aug. 15, 2014); *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, at *5-8 (E.D. Cal. Feb. 7, 2011); *In re Nexus 6p Prods.*

*Liability Litig.,* 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017).  Even a cursory glance at Defendants' motions shows they present strong arguments that would be entirely dispositive.  It is notable that, while previewing their (weak) responses to Defendants' dismissal arguments that are grounded on the comprehensive regulatory framework, Plaintiffs provide no explanation as to how the CAC could possibly survive the other asserted grounds for dismissal, including the absence of any factual allegations supporting their ill-defined conspiracy claim.  The first order of business therefore should be to determine whether this case should go forward at all, not to dive headfirst into discovery that Plaintiffs themselves contend will be substantially burdensome (see below).

**B.      This Court Has Ample Authority to Stay Discovery.**

Plaintiffs merely offer boilerplate case law for the unremarkable proposition that there is a general "aversion" against staying discovery.  (Opp. at 2-4.)  There is no question that the Court can order a stay, a stay is appropriate in many situations, and overseeing the timing and sequence of discovery is a matter for the Court's discretion.  (ECF 59 at 2-4.)  *See Yiren Huang v. Futurewei Techs., Inc.,* 2018 WL 1993503, at *2 (N.D. Cal. Apr. 27, 2018) (staying discovery pending resolution of a motion is proper where the "pending motion [is] potentially dispositive … [and if] the pending motion can be decided absent discovery").

Plaintiffs nonetheless contend that Defendants have not offered any independent grounds to support the requested stay and have relied solely on the point that this is an antitrust case.  (Opp. at 3.)  But Plaintiffs forget their own allegations and the scope of the discovery requests they have served.  Based on their CAC, the case involves thirty defendants and unknown actors within those defendants, potentially over 3,000 unnamed bail agents, hundreds of thousands of purported class members, some ill-defined multi-dimensional conspiracy, and a relevant period supposedly lasting fifteen years.  According to Plaintiffs' April 5 discovery letter (ECF 62-1), they seek "all documents … without regard to time period, custodian category, or format of documents or ESI" regarding 43 categories, some with as many as 16 subparts, including "bail bond premiums" and "bail bond pricing."  Their requests further seek discovery from 16 surety Defendants against whom there are no factual allegations at all other than their place of incorporation, principal place of business, and

/////

agent for service.  (ECF 58 at 9-10.)  Plaintiffs thus aim to establish exceptionally burdensome discovery parameters.

Plus it *is* important that this is an antitrust case.  The Supreme Court has cautioned against "proceeding to antitrust discovery" because of the "unusually high cost" and "extensive scope of discovery" where allegations involved a large putative class, defendants had many employees who generated large amounts of business records, and the complaint asserts "unspecified [] instances of antitrust violations that allegedly occurred over a period of [several] years." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (citations omitted).  These are the very circumstances alleged here, where the need for this Court's gatekeeping function could not be clearer.

At bottom, whether the Court should stay discovery is grounded less in precedential nuances and more in the sensible exercise of judicial discretion.  It nevertheless bears mentioning that Plaintiffs cite to inapposite case law that does not undermine the similarity and applicability of *Twombly*.  For example, in *San Francisco Tech. v. Kraco Enters.*, 2011 U.S. Dist. LEXIS 59933, at * 5 (N.D. Cal. June 6, 2011), the court sought to advance litigation after one amended pleading, more than a year of litigation, and where "the discovery sought … [was] neither oppressive nor burdensome … not extensive, and [was] tailored to the limited issues presented."  In *Singh v. Google, Inc.*, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016), defendants failed to offer a particularized showing of discovery burden and the stay motion assumed that an amendment could not cure deficiencies in the complaint.  Contrary to Plaintiffs' argument, *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltd.*, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018), is not analogous. While it was an antitrust case, it was a narrow individual action against a single company and two subsidiaries over a short period, not a massive putative class suing thirty defendants for a fifteen-year period in a comprehensively regulated industry.

## C.     Plaintiffs' Rhetoric Is Misplaced.

Plaintiffs' response contains sensationalistic rhetoric about "unscrupulous bail agents" (Opp. at 2), evidently trying to convince the Court that some unidentified agents have (according to Plaintiffs) supposedly negative industry reputations and therefore that there must be some kind of special need to be concerned about spoliation here.  Insults aside, Plaintiffs offer no facts—

none—supporting any spoliation concern related to their complaint of price fixing, just as the CAC offers no facts showing any conspiracy (or anything at all about many Defendants). Launching personal attacks untethered to actionable facts does not establish a basis for concern that evidence of a price-fixing conspiracy will be lost (let alone in a heavily regulated industry like this one).

Even if Plaintiffs had identified some actual basis for concern, the parties already stipulated and the Court ordered preservation of all potentially relevant evidence. (ECF 29 at 4 (ordering "each party [to] take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation").) Plaintiffs argue that a statement in the Motion to Stay "leads Plaintiffs to question whether [Defendants] are properly preserving evidence." (Opp. at 7.) But Plaintiffs misunderstand or misconstrue Defendants' statement about the inherent burdens of collecting and processing documents *for production*, as opposed to *preservation*.

Plaintiffs' own authority also cuts against proceeding with discovery where there is no meaningful concern of spoliation. In *Yiren Huang*, 2018 WL 1993503, at *4, the court found a stay would result in no prejudice where "[t]here [wa]s minimal concern on evidence preservation [because] the parties [] represented that they have taken steps to preserve relevant information [and n]either party identifies evidence that is particularly vulnerable to spoliation." Plaintiffs identify no evidence that is vulnerable to spoliation and offer no reason why the stipulated order no longer provides protection.

Plaintiffs' alternative argument that "Defendants should provide the information required in the 26(f) Checklist" (*i.e.*, participate in discovery) (Opp. at 7), is equally unavailing. At this juncture, a meaningful discussion about sources of discovery is impossible given the CAC's lack of factual allegations and internal confusion about the nature of the alleged conspiracy. (*See* ECF 56 at 15-16.) All aspects of discovery thus should await resolution of the Motions to Dismiss.

**CONCLUSION**

Defendants respectfully request that the Court issue an order temporarily staying discovery.

/////

/////

Dated: July 25, 2019                    By: */s/ Julie A. Gryce*

Julie A. Gryce (CA SBN 319530)
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
Tel: (619) 699-2700
Fax: (619) 699-2701
julie.gryce@us.dlapiper.com

John Hamill (IL SBN 6217530)
(*pro hac vice*)
john.hamill@us.dlapiper.com
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Tel: 312.368-4000  /  Fax: 312.236-7516

Michael P. Murphy (NY SBN 2171635)
(*pro hac vice*)
michael.murphy@us.dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
Tel:  212.335.4500  /  Fax:  212.335.4501

*Attorneys for Defendant Danielson National Insurance Company*

Dated: July 25, 2019                    By: */s/ Beatriz Mejia*

Michael A. Attanasio
Beatriz Mejia
Jon F. Cieslak
Maximilian Sladek De La Cal
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:  (415) 693-2000
Facsimile: (415) 693-2222
mattanasio@cooley.com
mejiab@cooley.com
jcieslak@cooley.com
msladekdelacal@cooley.com

*Attorneys for Defendant Seaview Insurance Company and Two Jinn, Inc.*

| 1 | Dated: July 25, 2019 | By: */s/ Blake Zollar* |
| 2 | | |
| 3 | | Drew Koning (263082) |
| | | Blake Zollar (268913) |
| | | Shaun Paisley (244377) |
| 4 | | KONING ZOLLAR LLP |
| | | 2210 Encinitas Blvd., Suite S |
| 5 | | Encinitas, CA 92024 |
| | | Telephone: (858) 252-3234 |
| 6 | | Facsimile: (858) 252-3238 |
| | | drew@kzllp.com |
| 7 | | blake@kzllp.com |
| | | shaun@kzllp.com |
| 8 | | |

*Attorneys for Defendant All-Pro Bail Bonds, Inc.*

Dated: July 25, 2019      By: */s/ Gerard G. Pecht*

Gerard G. Pecht (*pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
gerard.pecht@nortonrosefullbright.com

Joshua D. Lichtman (SBN 176143)
NORTON ROSE FULBRIGHT US LLP
555 South Flower Street, Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
joshua.lichtman@nortonrosefulbright.com

*Attorneys for Defendant American Contractors Indemnity Company*

| | |
|---|---|
| 1 | Dated:  July 25, 2019 | By: /s/ Anne K. Edwards |

Anne K. Edwards (110424)
SMITH, GAMBRELL & RUSSELL, LLP
444 South Flower Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 358-7210
Facsimile:  (213) 358-7310
aedwards@sgrlaw.com

*Attorneys for Defendant Williamsburg National Insurance Company*

Dated:  July 25, 2019                    By: /s/ Nicole S. Healy

Todd A. Roberts
Nicole S. Healy
Edwin B. Barnes
ROPERS, MAJESKI, KOHN & BENTLEY

*Attorneys for Defendants American Bail Coalition, Inc. and William B. Carmichael*

Dated:  July 25, 2019                    By: /s/ David F. Hauge

David F. Hauge (128294)
Todd H. Stitt (179694)
Vincent S. Loh (238410)
MICHELMAN & ROBINSON, LLP

*Attorneys for Defendants United States Fire Insurance Company, North River Insurance Company, and Seneca Insurance Company*

| | |
|---|---|
| 1 | Dated: July 25, 2019 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | Dated: July 25, 2019 |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Dated:  July 25, 2019          By: */s/ Renee Choy Ohlendorf*
Renee Choy Ohlendorf (CA SBN 263939)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:  415.362.6000
Facsimile:    451.834.9070
chatton@hinshawlaw.com

Christie A. Moore (*pro hac* pending)
W. Scott Croft (*pro hac* pending)
BINGHAM GREENEBAUM DOLL LLP
3500 PNC Tower
101 S. Fifth Street
Louisville, KY 40202
Telephone:  502.587.3758
Facsimile:  502.540.2276
cmoore@bgdlegal.com
wcroft@bgdlegal.com

*Attorneys for Lexon Insurance Company*

Dated:  July 25, 2019          By: */s/ Travis Wall*

Travis Wall (191662)
Spencer Kook (205304)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 9111
Telephone: 415-743-738
twall@hinshaw.com
skook@hinshaw.com

*Attorneys for Defendant Philadelphia Reinsurance Corporation*

| 1 | Dated: July 25, 2019 | By: */s/ Gregory S. Day* |
| 2 | | |
| 3 | | Gregory S. Day |
| | | LAW OFFICES OF GREGORY S. DAY |
| | | 120 Birmingham Drive, Suite 200 |
| 4 | | Cardiff, CA 92007 |
| | | Telephone: (760) 436-2827 |
| 5 | | attygsd@gmail.com |

*Attorneys for Defendants California Bail Agents Association, Universal Fire & Insurance Company, Sun Surety Insurance Company*

Dated: July 25, 2019    By: */s/ Howard Holderness*

John A. Sebastinelli (127859)
Howard Holderness (169814)
GREENBERG TRAURIG, LLP

*Attorneys for Defendants American Surety Company and Indiana Lumbermens Mutual Insurance Company*

Dated: July 25, 2019    By: */s/ Gary A. Nye*

Gary A. Nye (126104)
ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

*Attorneys for Defendants Allegheny Casualty Company, Associated Bond and Insurance Agency, Inc., Bankers Insurance Company, Harco National Insurance Company, International Fidelity Insurance Company, Lexington National Insurance Corporation, and Jerry Watson*

| | |
|---|---|
| 1 | Dated:  July 25, 2019 |

Dated:  July 25, 2019       By: */s/ Shannon W. Bangle*

James Mills (203783)
LAW OFFICE OF JAMES MILLS
1300 Clay Street, Suite 600
Oakland, CA 94612-1427
Telephone:  (510) 521-8748
Facsimile:  (510) 277-1413
james@jamesmillslaw.com

Michael D. Singletary (*pro hac vice*)
Shannon W. Bangle (*pro hac vice*)
Brian C. Potter (*pro hac vice*)
BANGLE & POTTER, PLLC
604 W. 13th Street
Austin, TX 78701
Telephone:  (512) 270-4844
Facsimile:  (512) 270-4845
Michael@banglepotter.com
Shannon@banglepotter.com
Brian@banglepotter.com

*Attorneys for Defendant Financial Casualty & Surety, Inc.*

Dated:  July 25, 2019       By: */s/ Erik K. Swanholt*

Erik K. Swanholt
FOLEY & LARDNER
555 South Flower St., 33rd Floor
Los Angeles, CA 90071
Telephone:  (213) 972-4500
Facsimile:  (213) 486-0065

*Attorneys for Defendants Continental Heritage Insurance Company*

Dated:  July 25, 2019       By: */s/ John M. Rorabaugh*

John M. Rorabaugh (178366)

*Attorney for Defendant Golden State Bail Association*

| | |
|---|---|
| 1 | Dated:  July 25, 2019 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |

Dated:  July 25, 2019          By: */s/ Paul J. Riehle*

Paul J. Riehle (115199)
DRINKER BIDDLE & REATH LLP
4 Embarcadero Center, 27th Floor
San  Francisco, California 94111
Telephone:  (415) 551-7521
Facsimile:  (415) 551- 7510
paul.riehle@dbr.com

*Attorneys for Defendant Accredited Surety and Casualty Company, Inc.*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Julie A. Gryce, attest that concurrence in the filing of this document has been obtained from all other signatories.  Executed on July 25, 2019, in San Diego, California.

DATED:  July 25, 2019          _____*/s/ Julie A. Gryce*_____
                                             Julie A. Gryce
                                             DLA Piper LLP (US)