UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BREAUX, ET AL., <br> Plaintiffs, <br> v. <br> ACCREDITED SURETY AND CASUALTY COMPANY, et al., <br> Defendants. | Case No. 19-cv-00717-JST <br><br> **ORDER GRANTING STAY OF DISCOVERY** <br> Re: ECF No. 59 |

Now before the Court is Defendants' Motion for a Protective Order Temporarily Staying Discovery Pending Resolution of Motions to Dismiss. ECF No. 59. Plaintiffs oppose the motion. ECF No. 61. The Court will grant the motion.

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). "Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion." *Yiren Huang v. Futurewei Techs., Inc.*, No. 18-CV-00534-BLF, 2018 WL 1993503, at *2 (N.D. Cal. Apr. 27, 2018). "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* "Second, the court must determine whether the pending motion can be decided absent discovery." *Id.* "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 220 F.R.D. 349, 352 (N.D. Cal. 2003). In applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602.

"A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Id.* (citations omitted).

The Supreme Court has expressed particular concern about the cost of discovery in antitrust cases:

> [I]t is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, . . . but quite another to forget that proceeding to antitrust discovery can be expensive. As we indicated over 20 years ago in *Associated Gen. Contractors of Cal., Inc. v. Carpenters,* 459 U.S. 519, 528, n. 17 (1983), "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 558 (2007) (citations omitted). "However, the costs and burdens of antitrust discovery do not erect an automatic barrier to discovery in every case in which an antitrust defendant challenges the sufficiency of a complaint." *In re Lithium Ion Batteries Antitrust Litig.,* 2013 WL 2237887, at *2 (N.D. Cal. May 21, 2013). "To be sure, to allow antitrust discovery prior to sustaining a complaint would defeat one of the rationales of *Twombly,* at least when the discovery would be burdensome. When, however, the discovery would not be so burdensome, a closer question is presented, a question calling for the exercise of discretion and the balancing of competing factors." *In re Graphics Processing Unites Antitrust Litig.,* 2007 WL 2127577, at *4 (N.D. Cal. July 24, 2007).

After considering the relevant factors, the Court concludes that a brief stay of discovery is warranted until the pleadings are settled. Plaintiffs do not dispute either that Defendants' motions to dismiss, if granted, would be dispositive of the entire case, or that the motions can be decided without discovery. Nor do they seriously dispute that discovery in this case, once undertaken, will be significant and complex. The Consolidated Amended Complaint alleges a sprawling conspiracy to fix bail premiums and avoid price competition "since at least February 2004." ECF No. 46 ("CAC") ¶ 71. Defendants include twenty-three surety companies that allegedly

underwrote bail bonds in California, *id.* ¶¶ 13-35; two customer-facing bail agencies, *id.* 37-38; three bail agent associations, *id.* ¶¶ 40-42; and two individuals who worked in the bail industry during the alleged class period, *id.* ¶¶ 44-45. At issue are the bail transactions of "at least hundreds of thousands of Class members dispersed throughout the State of California." *Id.* ¶ 48.

Furthermore, the Court has reviewed the pending motions to dismiss and, although the Court has not yet had the benefit of reviewing Plaintiffs' opposition, many of Defendants' arguments are sufficiently well-stated that they deserve careful consideration before allowing the parties to proceed with costly and time-consuming discovery. Moreover, any prejudice to the Plaintiffs will be limited, as Defendants' motions to dismiss are scheduled to be heard in less than 90 days.

Plaintiffs allege that discovery must begin now to safeguard against spoliation of the evidence. The same claim could be made in opposition to a stay of discovery in any case. Plaintiffs do not support this argument with any specific facts, relying instead on allegations that "the bail industry is rife with misconduct," ECF No. 61 at 5, including things like "receiving stolen property/contraband in lieu of premium collected; bribery and money laundering; gang conspiracy and/or criminal enterprise; [and] kidnapping and false imprisonment for purposes of extortion," *id.* at 6. None of this has anything to do with spoliation of evidence, and Plaintiffs' colorful prose does not help the Court decide the question of whether a stay of discovery is appropriate.

## CONCLUSION

For the foregoing reasons, Defendants' motion to stay discovery is granted. Discovery is stayed until the pleadings are settled or further order of the Court. Plaintiffs' alternative request that the Court require Defendants to make their Rule 26(f) disclosures and produce the information set forth in the Northern District of California's ESI Checklist for Use During the Rule 26(f) Meet

\ \ \

\ \ \

\ \ \

\ \ \

1 and Confer Process, ECF No. 61 at 6, is denied.

2 **IT IS SO ORDERED.**

3 Dated: July 30, 2019



JON S. TIGAR
United States District Judge