Dean M. Harvey (SBN 250298)
Katherine C. Lubin (SBN 259826)
Adam Gitlin (SBN 317047)
Yaman Salahi (SBN 288752)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
agitlin@lchb.com
ysalahi@lchb.com

*Interim Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Master File No. 3:19-CV-000717-JST<br><br>CLASS ACTION<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Judge: Hon. Jon S. Tigar<br>Hearing Date: October 16, 2019<br>Courtroom: 6, 2d Floor<br>Time: 2:00 p.m. |

Defendants ask the Court to take judicial notice of (1) the California superior court's decision in *Pacific Bonding Corp. v. Garamendi*, No. GIC815786 (Cal. Super. Ct. Feb. 24, 2004); (2) two pages from the California Department of Insurance's (CDI) website and a statement by CDI's Commissioner published on the website; (3) a definition of "loss ratio" from Investopedia.com; and (4) a Report of Examination of the Danielson National Insurance Company ("DNIC") dated December 31, 2014 and posted on CDI's website. Plaintiffs respond to each request below.

**I.    Superior Court Decision**

Plaintiffs do not oppose Defendants' request to take judicial notice of the California Superior Court decision in *Pacific Bonding Corp.*

**II.   Statements on CDI's Website**

Plaintiffs do not oppose Defendants' request to take judicial notice of the existence of two pages on CDI's website or the fact that a statement by CDI Insurance Commissioner Dave Jones was made and is published on CDI's website. Dkt. 57 at 3-4. However, the Court should not take judicial notice of the truth of the facts asserted therein to the extent they are disputed or conflict with Plaintiffs' allegations. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (judicial notice of information on government website only appropriate insofar as "neither party dispute[d] the authenticity of the web sites or the accuracy of the information displayed therein"). Defendants do not appear to ask the Court to rely on the truth of any factual statements made in the cited websites, but if Defendants attempt to do so, Plaintiffs reserve the right to object to the accuracy of specific facts in those websites.

**III.  Investopedia Definition**

Plaintiffs do not oppose Defendants' request to take judicial notice of the Investopedia.com definition of "loss ratio."

**IV.   CDI Report Regarding Danielson National Insurance Company**

A court may take judicial notice of the records and reports of administrative bodies like the CDI, but "when courts take judicial notice of administrative records, only the existence of the documents themselves including the findings therein are judicially noticeable, and not the

contents of the documents for the truth of the matters asserted." *Cal. Sportsfishing Protection Alliance v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1038 (N.D. Cal. 2017). The Court "cannot take judicial notice of the contents of documents for the truth of the matters asserted therein when the facts are disputed[.]" *Id.* at 1038.

Defendants ask the Court to take judicial notice of the Report of Examination concerning DNIC. Dkt. 57 at 4-5. Plaintiffs do not oppose judicial notice of the existence of the report, but oppose Defendants' request to the extent they ask the Court to take judicial notice of the *truth* of the contents. Here, Defendants improperly ask the Court to treat factual claims within the report as true by arguing that "judicially noticeable facts make clear that DNIC exited the bail bond industry prior to the limitations period" because of an alleged "finding" that "DNIC placed its entire business into 'run-off' in 2012 and ceased accepting new policy applications." Dkt. 58 at 19. As explained in Plaintiffs' concurrently-filed Opposition to the Motions to Dismiss, whether DNIC exited the bail industry and withdrew from the conspiracy is an affirmative defense that turns on disputed questions of fact. *See* Plfs.' Opp. at 35. Judicial notice of a disputed fact—specifically, whether DNIC withdrew from the alleged conspiracy—is improper. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (district court erred when it "did more than take judicial notice of *undisputed* matters of public record" by taking "judicial notice of *disputed* facts stated in public records").

Dated: August 14, 2019    Respectfully submitted,

*/s/ Dean M. Harvey*
Dean M. Harvey (SBN 250298)
Katherine C. Lubin (SBN 259826)
Adam Gitlin (SBN 317047)
Yaman Salahi (SBN 288752)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
agitlin@lchb.com
ysalahi@lchb.com

*Interim Class Counsel*

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2019, I caused the foregoing to be electronically filed and served with the Clerk of the Court using the CM/ECF system to all parties of record.

DATED: August 14, 2019 */s/ Dean M. Harvey*
DEAN M. HARVEY
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP