Dean M. Harvey (SBN 250298)
Katherine C. Lubin (SBN 259826)
Adam Gitlin (SBN 317047)
Yaman Salahi (SBN 288752)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
agitlin@lchb.com
ysalahi@lchb.com

*Interim Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Master File No. 3:19-CV-000717-JST<br><br><u>CLASS ACTION</u><br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS AND CERTAIN DEFENDANTS' <u>CONSOLIDATED MOTION TO DISMISS</u>**<br><br>Judge: Hon. Jon S. Tigar<br>Hearing Date: October 16, 2019<br>Courtroom: 6, 2d Floor<br>Time: 2:00 p.m |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201 and the doctrine of incorporation-by-reference, Plaintiffs hereby request that the Court take judicial notice of the following documents in support of Plaintiffs' Opposition to Defendants' Joint Motion to Dismiss and Certain Defendants' Consolidated Motion to Dismiss (Dkts. 56 and 58). The exhibit references correspond to the exhibits attached to the Declaration of Adam Gitlin filed herewith:

| | | |
|---|---|---|
| Exhibit 1: | "The coming year….what does it bring?" |
| Exhibit 2: | "Inside the Wild, Shadowy, and Highly Lucrative Bail Industry" |
| Exhibit 3: | "The New Age of Bail" |
| Exhibit 4: | "Predatory Pricing" |
| Exhibit 5: | "Changing of the Guard" |
| Exhibit 6: | *The War on Public Safety* |
| Exhibit 7: | *Antitrust Guidelines for the Insurance Industry* |
| Exhibit 8: | Excerpt from California Department of Insurance Rate Review File |

## I. INTRODUCTION

Plaintiffs respectfully request that this Court take judicial notice of eight documents attached as exhibits to the Declaration of Adam Gitlin, submitted herewith. These documents are either incorporated by reference in the Consolidated Amended Complaint ("CAC"), or public government documents the authenticity of which cannot reasonably be disputed.

## II. LEGAL STANDARD

This Court may consider extrinsic evidence on a motion to dismiss in two circumstances. First, a court "may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Second, a document may be considered under the doctrine of incorporation by reference. "Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). This is proper "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). It does not convert the motion into one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (court can consider extrinsic evidence that is "properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment" (internal quotation marks omitted)). Under the doctrine of incorporation by reference, a court "may assume that [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908. However, it is still "improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. Thus, a court "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681–82 (9th Cir. 2006).

## III. ARGUMENT

### A. The Court Should Take Judicial Notice of Exhibits 1-6 as Incorporated by Reference

Plaintiffs request judicial notice of Exhibits 1-6, which are documents quoted and relied upon in the Consolidated Amended Complaint. Plaintiffs request that the Court judicially notice these materials in response to Defendants' assertion in their motion that some of the quoted statements are taken out of context and/or represent only the personal opinions of the author. *See*, *e.g.*, Dkt. 56 at ECF 34. Judicial notice of the materials will allow the Court to consider the context of the statements. Defendants do not contend that any of the statements or documents in which they appear are inauthentic.

#### 1. Exhibit 1: "The coming year….what does it bring?"

Exhibit 1 is an article entitled "The coming year….what does it bring?" by Defendant William B. Carmichael, President and CEO of Defendant American Surety Company (ASC), and current Chairman of Defendant American Bail Coalition. It was published in March 2005, and until at least late 2018, shortly before the first complaint in this case was filed, was available publicly online at ASC's website, at http://www.asc-usi.com/articles.aspx. Gitlin Decl. ¶ 1. That URL is no longer accessible as of the filing of this Notice, and all articles previously available at that URL, appear to be no longer available at ASC's website. *Id.* Exhibit 1 was relied upon and quoted in the CAC. CAC ¶ 78. Defendants do not contest the accuracy or authenticity of Mr. Carmichael's statement. Dkt. 56 at ECF 39-40. Exhibit 1 is therefore the proper subject of judicial notice and properly incorporated by reference. *See Ritchie*, 342 F.3d at 908; *Lee*, 250 F.3d 668.

#### 2. Exhibit 2: "Inside the Wild, Shadowy, and Highly Lucrative Bail Industry"

Exhibit 2 is an article entitled "Inside the Wild, Shadowy, and Highly Lucrative Bail Industry: How $550 and a five-day class gets you the right to stalk, arrest, and shoot people," by Shane Bauer. It was published in the May/June 2014 edition of *Mother Jones*, a periodical. It is available at the following URL: https://www.motherjones.com/politics/2014/06/bail-bond-prison-

industry/. Exhibit 2 was relied upon in the CAC through a quotation of Defendant Jerry Watson. CAC ¶ 63. Defendants do not question the accuracy of the quotation or its publication. Exhibit 2 is therefore the proper subject of judicial notice and may be incorporated by reference. *See Lee*, 250 F.3d 668; *Ritchie*, 342 F.3d at 908.

### 3. **Exhibit 3: "The New Age of Bail"**

Exhibit 3 is a blog post titled "The New Age of Bail," by Defendant Jerry Watson. It was published on January 21, 2009 on the blog of AIA, the nation's largest bail surety administrator. It is available at the following URL: https://www.aiasurety.com/the-new-age-of-bail/. Exhibit 3 was relied upon and quoted in the CAC. CAC ¶ 75. Defendants refer to the CAC's allegations relying on Exhibit 3 (Dkt. 58 at ECF 16) (citing CAC ¶ 75)), but do not dispute that Carmichael and Watson made the statements. Exhibit 3 is therefore the proper subject of judicial notice and incorporation by reference.

### 4. **Exhibit 4: "Predatory Pricing"**

Exhibit 4 is an essay entitled "Predatory Pricing" by Michael J. Whitlock, Vice President of Defendant ASC. *See* CAC ¶ 76. It was published in September 2002, and until at least late 2018, shortly before the first complaint in this case was filed, was available publicly online at Defendant ASC's website, https://www.asc-usi.com/article.aspx?id=3337. Gitlin Decl. ¶ 4. That URL is no longer accessible as of the filing of this Notice. *Id.* Defendants do not contest the accuracy or authenticity of the statement. Dkt. 56 at ECF 39-40. Exhibit 4 is therefore the proper subject of judicial notice and incorporation by reference.

### 5. **Exhibit 5: "Changing of the guard"**

Exhibit 5 is an article entitled "Changing of the guard" by Defendant Carmichael, relied upon and quoted in the complaint. *See* CAC ¶ 106. It was published in August 2005, and until at least January 2019, when the first complaint in this case was filed, was available publicly online at Defendant ASC's website, at http://www.asc-usi.com/articles.aspx. Gitlin Decl. ¶ 5. That URL is no longer accessible as of the filing of this Notice, and all articles previously available at that URL, appear to be no longer available at ASC's website. *Id.* Defendants do not dispute the statement's accuracy or authenticity. Exhibit 5 is therefore the proper subject of judicial notice

and incorporation by reference.

### 6. **Exhibit 6: The War on Public Safety**

Exhibit 6 is a report entitled *The War on Public Safety: A Critical Analysis of The Justice Policy Institute's Proposals for Bail Reform*, by Dr. Dennis A Bartlett, former Executive Director of Defendant American Bail Coalition, which was relied upon and quoted in the complaint. *See* CAC ¶ 104. It was published in August 2013, and is available at the following URL: https://cdn.ymaws.com/www.pbus.com/resource/resmgr/files/Public_Safety_082313_FINAL.pdf. Defendants do not dispute the statement's accuracy or authenticity. Exhibit 6 is therefore the proper subject of judicial notice and incorporation by reference.

## B. The Court Should Take Judicial Notice of Exhibits 7 and 8 under Rule 201(b)

### 1. **Exhibit 7:** *Antitrust Guidelines for the Insurance Industry*

Exhibit 7 is the *Antitrust Guidelines for the Insurance Industry* issued by the State of California Department of Justice. The *Guidelines* were published in March 1990. Courts in this circuit have taken judicial notice of similar advisory documents from the California Attorney General's office. *See*, *e.g.*, *Call v. Badgley*, 254 F. Supp. 3d 1051, 1061 & n.5 (N.D. Cal. 2017) (Guidelines for the Security and Non-Diversion of Marijuana Grown for Medical Use). Its contents and the fact that it was published by the California Attorney General are not subject to reasonable dispute. Exhibit 7 is therefore the proper subject of judicial notice.

### 2. **Exhibit 8: Excerpt from California Department of Insurance Rate Review File**

Exhibit 8 is a single page excerpt of the California Department of Insurance ("CDI")'s disposition of a rate application filed by Defendant Philadelphia Reinsurance Corporation. The exhibit is a publicly available agency record that can be accessed at https://interactive.web.insurance.ca.gov/warff/index.jsp by searching for CDI File Number 16-3207. Plaintiffs cite the excerpt to demonstrate that CDI's disposition of rate filings contains a savings clause that states, "[i]f any portion of the application or related documentation conflicts with California law, that portion is specifically not approved." The record's existence and the CDI statement contained therein are not subject to reasonable dispute and may be judicially

noticed. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (judicial notice of information on government website appropriate where "neither party dispute[d] the authenticity of the web sites or the accuracy of the information displayed therein"); *Cal. Sportsfishing Protection Alliance v. Shiloh Grp., LLC*, 268 F.Supp.3d 1029, 1038 (N.D. Cal. 2017) ("when courts take judicial notice of administrative records, only the existence of the documents themselves including the findings therein are judicially noticeable"). Exhibit 8 is therefore the proper subject of judicial notice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court take judicial notice of the documents enumerated herein in consideration of Plaintiffs' Opposition to Defendants' Joint Motion to Dismiss and Certain Defendants' Consolidated Motion to Dismiss.

Dated: August 14, 2019        Respectfully submitted,

*/s/ Dean M. Harvey*
Dean M. Harvey (SBN 250298)
Katherine C. Lubin (SBN 259826)
Adam Gitlin (SBN 317047)
Yaman Salahi (SBN 288752)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
agitlin@lchb.com
ysalahi@lchb.com

*Interim Class Counsel*

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2019, I caused the foregoing to be electronically filed and served with the Clerk of the Court using the CM/ECF system to all parties of record.

DATED: August 14, 2019          */s/ Dean M. Harvey*
                                DEAN M. HARVEY
                                LIEFF CABRASER HEIMANN & BERNSTEIN, LLP