TODD A. ROBERTS (SBN 129722)
NICOLE S. HEALY (SBN 157417)
EDWIN B. BARNES (SBN 295454)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, CA  94063-2052
Telephone:    (650) 364-8200
Facsimile:    (650) 780-1701
Email:          todd.roberts@rmkb.com
                    nicole.healy@rmkb.com
                    edwin.barnes@rmkb.com

[*Additional Moving Defendants and Counsel Listed on Signature Pages*]

Attorneys for Defendants
AMERICAN BAIL COALITION, INC. and WILLIAM
B. CARMICHAEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 19-cv-000717-JST<br><br>CLASS ACTION<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN DEFENDANTS' CONSOLIDATED MOTION TO DISMISS**<br><br>Judge:          Hon. Jon S. Tigar<br>Hearing Date:  October 16, 2019<br>Courtroom:     2, 4th Floor<br>Time:            2:00 p.m.<br>Trial Date:     Not Set |

Ropers Majeski Kohn & Bentley
*A Professional Corporation*
*Redwood City*

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ......................................................................................................... 1

II.   ARGUMENT ............................................................................................................... 1

    A.    Plaintiffs Fail to Allege Any Facts Regarding 17 Defendants ............................... 1

    B.    Plaintiffs' New Assertions about All-Pro, Which Are Not Contained in the CAC, Cannot Be Considered in Deciding the Motion to Dismiss ......................... 3

    C.    The Claims Against the Individual Defendants Must be Dismissed ..................... 4

    D.    Plaintiffs Do Not State a Claim Against the Association Defendants ................... 6

    E.    Plaintiffs Do Not State a Claim Against Lexington National Insurance Corporation ...................................................................................................... 8

    F.    The Statute of Limitations Bars All Claims Against Danielson National Insurance Company .......................................................................................... 8

III.  CONCLUSION ............................................................................................................ 9

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1

**TABLE OF AUTHORITIES**

2

**Page**

3

CASES

4

*Cal. Sportfishing Protection Alliance v. Shiloh Grp. LLC*,
   268 F. Supp. 3d 1029 (N.D. Cal. 2017) ...................................................................9

5

6

*Daniels-Hall v. Nat'l Educ. Ass'n*,
   629 F.3d 992 (9th Cir. 2010) ...............................................................................8

7

*Dinh v. Citibank, N.A.*,
   2013 WL 12137715 (C.D. Cal. Oct. 15, 2013) ...........................................................8

8

9

*Hinds County, Mississippi v. Wachovia Bank N.A.*
   700 F. Supp. 2d 378 (S.D.N.Y. 2010) ...............................................................2, 3

10

11

*In re Pork Antitrust Litig.*,
   Case No. 18-1776 2019 WL 3752497 (D. Minn. Aug. 8, 2019) ...................................2

12

*In re Southeastern Milk Antitrust Litigation*,
   555 F. Supp. 2d 934 (E.D. Tenn. 2008) ...............................................................3

13

14

*Kendall v. Visa U.S.A., Inc.*,
   518 F.3d 1042 (9th Cir. 2008) ...........................................................................1

15

16

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) ...............................................................................9

17

18

*Morton's Mkt., Inc. v. Gustafson's Dairy, Inc.*,
   198 F.3d 823 (11th Cir. 1999), *amended in part*, 211 F.3d 1224 (11th Cir.
   2000) .......................................................................................................8

19

20

*Parker v. Nishiyama*,
   Case No. CV 08-4750 CRB, 2009 WL 10680862 (N.D. Cal. Sept. 29, 2009) ...............4

21

*Schneider v. California Dep't of Corr.*,
   151 F.3d 1194 (9th Cir. 1998) ...........................................................................4

22

23

OTHER AUTHORITIES

24

Fed. R. Civ. Proc. 12(b)(6)...................................................................................4

25

26

27

28

- ii -

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

I.    **INTRODUCTION**

Pursuant to the Court's Orders of April 25, 2019 and May 1, 2019 (*Crain*, ECF Nos. 165 and 174), the undersigned Defendants file this Reply in support of the Consolidated Motion to Dismiss ("Consolidated Motion") to address certain issues that pertain to them and that, in part, supplement the arguments made in the Reply in Support of Defendants' Joint Motion to Dismiss (the "Joint Reply") in response to Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Opposition," "Opp." or "ECF 68").

II.    **ARGUMENT**

A.    **Plaintiffs Fail to Allege Any Facts Regarding 17 Defendants**

The CAC[1] should be dismissed because it includes not one substantive factual allegation concerning seventeen defendants.  ECF No. 58 at 9-10.[2]  Plaintiffs respond that their generic and group-style pleading concerning those defendants is permissible and can survive dismissal.  ECF No. 68 at 16-17.  But the CAC offers nothing more than conclusions, assumptions, and speculation.  Plaintiffs fully ignore their well-settled pleading obligations under *Twombly* and *Kendall*.  Plaintiffs are required to "answer the basic questions" about their conspiracy claims: "who, did what, to whom (or with whom), where, and when?"  *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008).  Plaintiffs' group pleading as to the Seventeen Defendants fails to do this.  Plaintiffs cannot argue the CAC survives dismissal when it fails to state a single fact as to any of the Seventeen Defendants (other than their place of incorporation and headquarters).  ECF No. 58 at 14-15.

As one court recently summarized in granting a dismissal in a Sherman Act case, the

---

[1] The defined terms have the same meaning in this reply as in the Consolidated Motion to Dismiss.

[2] Defendants referred to the Surety Defendants as the "Eighteen Defendants" in their opening brief, namely Accredited Surety and Casualty Company, Inc., American Contractors Indemnity Company, Associated Bond and Insurance Agency, Inc., Bankers Insurance Company, Continental Heritage Insurance Company, Danielson National Insurance Company, Financial Casualty & Surety, Inc., Harco National Insurance Company, Indiana Lumbermens Mutual Insurance Company, Lexon Insurance Company, The North River Insurance Company, Philadelphia Reinsurance Corporation, Seneca Insurance Company, Sun Surety Insurance Company, United States Fire Insurance Company, Universal Fire & Insurance Company, and Williamsburg National Insurance Company.  Because Plaintiffs' Opposition addressed the argument as to All-Pro Bail Bonds separately, Defendants here refer to the "Seventeen Defendants" and address All-Pro Bail Bonds separately as well.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

complaint "does nothing to indicate how any of the individual Defendants acted." "Without specific information regarding each Defendant, the Court has no basis to analyze which, how many, or when any of the individual Defendants may have affirmatively acted … . Without more specific facts, Plaintiffs' allegations that the Defendants engaged in production cuts are nothing more than bare assertions." *In re Pork Antitrust Litig.*, Case No. 18-1776 (JRT/LIB) 2019 WL 3752497, at *8 (D. Minn. Aug. 8, 2019). The CAC has the same types of fatal defects.

Plaintiffs point to the following allegations to try to prevent dismissal (*see* ECF 68 at 15-16):

- Surety Defendants allegedly participated in the conspiracy by agreeing with other sureties to fix bail bond prices, to instruct their agents not to discount, and to file 10% maximum premium rates with CDI. CAC ¶¶ 61, 68.

- The sureties' contractual agreements allegedly direct the agents to charge and collect premiums at rates approved by the CDI "or in the absence of some such established rates, as may be prescribed by the [surety]." *Id.* ¶ 92.

- The Defendants allegedly participate in bail associations that provide the opportunity to teach the conspiracy and punish undercutting. CAC ¶¶ 80-87, 103-106.

Those are not *factual* allegations. Rather, they are "bare assertions" that, without supplying supporting facts are, by definition, *conclusory* in nature, and thus are precisely the type of allegations Plaintiffs may not rely upon.

Plaintiffs nonetheless contend that these allegations suffice under the rationale of the court's decision in *Hinds County, Mississippi v. Wachovia Bank N.A.* 700 F. Supp. 2d 378 (S.D.N.Y. 2010). To the contrary, *Hinds* supports the Seventeen Defendants' position. In its first decision, the court dismissed claims against (1) Morgan Stanley, finding "that the CAC made no specific allegation regarding Morgan Stanley's involvement in the alleged conspiracy," (2) Investment Management Advisory, "finding that the plaintiffs had made no specific allegations regarding its involvement in the alleged conspiracy, and (3) UBS, finding "the CAC's general allegations that UBS employees engaged in collusive communications" were insufficient to state a claim, and (4) NatWest, for "failing to allege a specific factual connection between NatWest and the conspiracy." *Id.* at 395-97. Plaintiffs were able to state a claim in the context of subsequent grand jury indictments, a subsequent Securities and Exchange Commission cease and

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

desist order, "specific examples of collusive communications" based on audiotaped recordings of discussions, "numerous collusive transactions" that were "identified through audiotapes, the Confidential Witness, and emails." *Id.* The CAC thus bears no resemblance to the complaint that survived. Moreover, the *Hinds* court also held that "it is not … proper to assume that the [plaintiff] can prove facts that it has not alleged or that defendants violated the antitrust laws in ways that have not been alleged." *Id.* at 394 (internal quotations and citation omitted; ellipsis in original). That is precisely what Plaintiffs are asking this Court to do here.

Plaintiffs' reliance on *In re Southeastern Milk Antitrust Litigation*, 555 F. Supp. 2d 934 (E.D. Tenn. 2008), is similarly misplaced. There, plaintiffs alleged and defendants conceded that actual "supply" agreements existed. *Id.* at 943. Plaintiffs further alleged a "'a series of unlawful activities,'" including forced marketing, cutting off access to bottling plants, and boycotting. *Id.* There are no such allegations in the CAC, which fails to plead any details as to any of the Seventeen Defendants' supposed role in the "conspiracy."

**B.     Plaintiffs' New Assertions about All-Pro, Which Are Not Contained in the CAC, Cannot Be Considered in Deciding the Motion to Dismiss**

In the Consolidated Motion to Dismiss, All-Pro Bail Bonds, Inc. ("All-Pro") argued that the claims asserted against it should be dismissed because Plaintiffs have failed to state a plausible claim that All-Pro participated in the purported sprawling antitrust conspiracy. Consolidated Motion, ECF No. 58, at 8-10. Indeed, the CAC's only allegation specific to All-Pro, besides its state of incorporation and principal place of business, is that it sold a bail bond to Plaintiff Crain. *Ibid.* In their Opposition, Plaintiffs make no attempt to defend the sufficiency of these allegations. Instead, in an apparent effort to salvage their claims against All-Pro, Plaintiffs resort to making up allegations about All-Pro that appear nowhere in the CAC.

First, Plaintiffs assert that "All Pro transacts of behalf of Surety Defendants Bankers Co. and Philadelphia Reinsurance Corp, and, like Aladdin, refuses to discount." ECF 68 at 6. Plaintiffs offer no citation to support this statement, because there is no such allegation in the CAC. Second, Plaintiffs assert that "the CAC alleges that Aladdin misleads consumers by suggesting that it cannot offer discounts, and states that no competitor prices lower (that is, that

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1   no competitor discounts)." ECF 68 at 17. Plaintiffs then state that "***All-Pro does the same***; it

2   failed to offer Ms. Crain a rebate and sold her a bail bond at an inflated price. CAC ¶ 11." *Id.*

3   (emphasis added). The statement that "All-Pro does the same" is presumably intended to mean

4   that All-Pro "misleads consumers" and "states that no competitor prices lower." But again, there

5   is no allegation to that effect in the CAC; instead, Paragraph 11 of the CAC, which is the only

6   citation Plaintiffs provide, merely alleges that Plaintiff Crain's bail bond "was arranged through

7   Defendant All-Pro Bail Bonds Inc." CAC ¶ 11.

8       Because these new assertions about All-Pro are not contained in the CAC, but instead only

9   in the Opposition, this Court cannot consider them in deciding the Rule 12(b)(6) motion. *See*

10  *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("In determining the

11  propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's

12  moving papers, such as a memorandum in opposition to a defendant's motion to dismiss");

13  *Parker v. Nishiyama*, Case No. CV 08-4750 CRB, 2009 WL 10680862, at *3 (N.D. Cal. Sept. 29,

14  2009) (holding that factual assertions contained in an opposition, but "not in the complaint itself,

15  . . . cannot shield the complaint from a 12(b)(6) dismissal"). And even if these assertions had

16  been properly alleged in the CAC, they would still not save it from dismissal because (1) they do

17  not add anything material to the existing and deficient conspiracy allegations, and (2) Plaintiffs'

18  claims otherwise fail as a matter of law. *See* Joint Motion to Dismiss, ECF No. 56, at 8-27.[3]

19      **C.    The Claims Against the Individual Defendants Must be Dismissed**

20      The Opposition fails to identify any facts in the CAC which would support a claim that

21  either William Carmichael or Jerry Watson engaged in any antitrust conspiracy. Rather, the

22  Opposition advances inconsistent and contradictory conclusions, which bear little resemblance to

23  those advanced in the CAC, but which fail for similar reasons.

24      First, the allegation that both Watson and Carmichael publicly made known their

25  _____

26  [3] Moreover, Plaintiffs are simply wrong when they suggest that All-Pro does not offer or provide rebates to bail bond customers in California. (*See* ECF at 68 6 [claiming All-Pro "refuses to

27  discount"].) It most certainly does. Accordingly, while All-Pro believes that the dismissal of the CAC should be without leave to amend, any future pleading that contains such false allegations

28  without evidentiary support will be met with the appropriate response.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

4825-2977-6292.1          - 4 -          REPLY MEMORANDUM OF P&A ISO CERTAIN
DEFTS' CONSOLIDATED MTD
NO. 19-CV-000717-JST

disapproval of the practice of discounting refutes any allegation that they participated in the claimed conspiracy.  It is implausible that either directed, much less had any role in a conspiracy to price-fix, which is based on allegations that the defendants *concealed* the legality of discounting by bail agents, when they publicly argued that the legal practice of discounting was financially unsound due to undercapitalization.

Second, the claim that Carmichael threatened bail agents does not follow from even a gross distortion of the quoted materials or allegations.  For example, "I don't know who the math wiz was who thought that [premium discounting] was a good idea but they get my vote for a lifetime in Guantanamo" (ECF 68 at 7:8-10; CAC ¶ 106), is not a threat to any bail agent (or any person), nor does it permit the inference that Carmichael had or could have had any means to enforce it against the named Defendants, not to mention the other 3,000 plus bail agents not named in the CAC.  The CAC does not allege any "threats" by Carmichael.  Rather, the claim that "Carmichael made thinly veiled threats in service of enforcing the conspiracy" (*id*. at 17:24) relies on Paragraph 78, which cites a *public* statement, made in 2005, reflecting his concern that discounting would threaten the financial integrity of the bail bond industry.[4]  Such expressions are not threats to anyone.  Rather, they are Carmichael's independent views publicly expressing concern for the financial soundness of the industry.

Third, despite the conclusion that "from their perches at the highest level of the California bail industry" (*id*. at 17:21-22) Watson and Carmichael were situated to implement and enforce the purported conspiracy, there are no facts alleged in the CAC that support such an inference.  The entirety of the allegations against Watson and Carmichael are detailed in the Consolidated Motion to Dismiss.  *See* Consolidated Motion, ECF No. 58, at 5:15-6:15.  At bottom, the non-conclusory allegations show that Watson and Carmichael have been executives at sureties, have had leadership positions at American Bail Coalition, and have made public statements about their disapproval of the practice of discounting by *bail agents*.  Notably, the CAC alleges that "Aladdin

---

[4] The same concern for the financial integrity of the industry is reflected in the statement that "[e]ventually the surety market is going to realize that the party who is expected to provide first dollar loss payment (the agent) has been so financially weakened as to be incapable of doing so." ECF 68 at 1:23-25.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Bail Bonds, the largest bail agency in California, and its surety, Defendant SIC" are at the center of the conspiracy and closely connected.  *See* CAC ¶¶ 72-73.  There are no allegations, however, of how Carmichael as President and CEO of American Surety Company, or Watson, as Senior Counsel and Board Member of AIA, could possibly direct, control, police, or monitor Defendants Bad Boys Bail Bonds and Aladdin Bail Bonds, much less the other 3,200 bail agents in California not named as defendants.  The implausibility and lack of any factual allegations about the individuals' conduct (other than public political speech) highlights the deficiency of the CAC.

Finally, the Opposition contends that Watson and Carmichael are liable by virtue of being able to "approve and ratify the conduct of the ASC and AIA Defendants," and explaining "their success in the bail market [as] dependent upon avoiding lawful competition through eliminating premium discounting."  The first claim is unsupported by factual allegations and must be disregarded.  Plaintiffs have offered no facts even suggesting that Watson or Carmichael approved or ratified any specific conduct by ASC or the three AIA Defendants, at any time, in any place, for any purpose, or by any mechanism.  The second claim is simply a conclusory argument and likewise cannot support the claims against the individuals.

**D.     Plaintiffs Do Not State a Claim Against the Association Defendants**

The Opposition fails to identify any facts which, if true, would give rise to liability on the part of ABC, CBAA, or GSBAA.  Indeed, plaintiffs make no specific mention of ABC or GSBAA in the Opposition.

With respect to CBAA, the Opposition cites CAC ¶ 83, which quotes the following statement from CBAA's web page: "'Each surety company must file rates with the Department of Insurance.  Bail agents representing a company must charge the same filed rates.'"  ECF 68 at 18:26-19:3.  But this is a true statement – the restriction on how high (or low) a bail bond premium can be is set by the CDI, because the premium must be charged at the filed-rate.  Moreover, contrary to the alleged secret scheme to conceal the truth regarding the availability of discounts to bail bond purchasers, the CAC concedes that the CDI posts information about rebating on its website and the CAC alleges that members of the associations (such as Carmichael, Watson, Whitlock, etc.) publicly stated their opposition to the practice,

REPLY MEMORANDUM OF P&A ISO CERTAIN
DEFTS' CONSOLIDATED MTD
NO. 19-CV-000717-JST

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1   demonstrating that information about rebating is available to the public.

2          The allegation that CBAA does not post on its website that *bail agents* can rebate a

3   portion of their commission on the premium does not support an inference that the bail agents

4   engaged in any antitrust conspiracy, much less that CBAA, GSBAA, and ABC did so.   As

5   discussed in the Joint Motion, rebating is a highly controversial subject.   Accordingly, a trade

6   association not publicizing rebating does not plausibly support a conspiracy.

7          The Opposition takes issue with the authorities relied on by Defendants because those

8   cases involved allegations that associations supplied a venue for wrongdoing by others "without

9   misconduct by the association itself."   ECF 68 at 19:4-16.   Those cases are on point for precisely

10  that reason: there are no factual allegations in the CAC of any misconduct by the associations.   As

11  in the cited cases, the CAC alleges the associations' meetings merely "provided opportunities for

12  Defendants to maintain and enforce the conspiracy."   CAC ¶ 80.   The Opposition's quip that the

13  associations use information gathered to "to detect and prevent premium discounting" (ECF 68 at

14  19:16) is unsupported by any factual allegations, including concerning how, or when a trade

15  association could use the data gathered to prevent any Defendant *bail agent* (not to mention the

16  other 3,000 plus bail agents in California not named in this lawsuit) from sharing their

17  commissions with bond purchasers, or that any of the trade associations have ever engaged in that

18  conduct.

19         The Opposition asserts that the "Associations also keep information regarding premiums

20  charged that can be used to identify and deter deviation from the agreed-upon rates, including

21  those who discount."   ECF 68 at 19:1-3, citing CAC ¶ 84.[5]   This claim lacks any factual support

22  and is unsupportable.   First, information about the premiums charged is filed with the CDI and is

23  public information.   Second, there are no non-conclusory factual allegations that the associations

24  collect information about rebating.   Paragraph 84 of the CAC states in conclusory fashion: "The

25  CBAA also maintains information regarding premiums charged that Defendants and their agents

26

27  _____

28  [5] The Opposition also cites CAC ¶¶ 104-106 for this proposition, but those paragraphs of the
    CAC have nothing to do with information kept by the Association Defendants about bail
    premiums.

REPLY MEMORANDUM OF P&A ISO CERTAIN
DEFTS' CONSOLIDATED MTD
NO. 19-CV-000717-JST

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1   can use to detect and prevent premium discounting."  The CAC does not allege evidentiary facts

2   showing, for example, that the associations maintain information regarding whether, and to what

3   extent, the 3,000 plus bail agents in California share their commission with bond purchasers in the

4   form of rebates.

### E.   Plaintiffs Do Not State a Claim Against Lexington National Insurance Corporation

7       The Opposition fails to address any of the arguments advanced by Lexington National

8   Insurance Company – a concession of the merit of its arguments for dismissal.  Such failure

9   demonstrates the futility of permitting amendment and supports dismissal with prejudice.

### F.   The Statute of Limitations Bars All Claims Against Danielson National Insurance Company

11      A defendant can establish that it has withdrawn from a conspiracy (assuming one has been

12  properly alleged) where information available to the Court shows a defendant's "[r]esignation

13  from the conspiring business."  *Morton's Mkt., Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 839

14  (11th Cir. 1999), *amended in part*, 211 F.3d 1224 (11th Cir. 2000).  Danielson National Insurance

15  Company ("DNIC") has shown that it ceased accepting new policy applications for bail bonds in

16  California in 2012, well before the four-year limitations period could have begun to run.

17      Plaintiffs offer only an empty argument that limitations defenses are typically raised as

18  affirmative defenses and there might be some fact issues.  That statutes of limitations are typically

19  raised as affirmative defenses does not bar courts from resolving statute of limitations issues on

20  motions to dismiss. "[A] motion to dismiss may be granted based on an affirmative defense where

21  the allegations … are contradicted by matters properly subject to judicial notice."  *Dinh v.

22  Citibank, N.A.*, 2013 WL 12137715, at *2 (C.D. Cal. Oct. 15, 2013) (citation omitted).  Courts

23  may consider matters in the public record where there is no reason to question their accuracy or

24  authenticity—including "information … made publicly available by government entities …

25  [where] neither party disputes the authenticity of the web sites or the accuracy of the information

26  displayed therein."  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

27      Plaintiffs separately argue in their Response to Defendants' Request for Judicial Notice

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

REPLY MEMORANDUM OF P&A ISO CERTAIN
DEFTS' CONSOLIDATED MTD
NO. 19-CV-000717-JST

1    that the Court "cannot take judicial notice of the contents of documents for the truth of the matters

2    asserted therein when the facts are disputed."   ECF No. 65 at 1-2 (citing *Cal. Sportfishing*

3    *Protection Alliance v. Shiloh Grp. LLC*, 268 F. Supp. 3d 1029, 1038 (N.D. Cal. 2017)).   But that

4    does not apply here because the fact of DNIC's exit from the California bail bond market is not

5    disputed by anything in the CAC.   Plaintiffs' reliance on *Lee v. City of Los Angeles*, 250 F.3d 668

6    (9th Cir. 2001) is also misplaced.   There, the Court held that the district court erred when it

7    judicially noticed a fact because the plaintiff's allegations disputed that fact.   *Id.* at 690.   Here,

8    there are no allegations concerning DNIC, much less allegations that would create a factual

9    dispute over DNIC's exit from the California bail bond market.

10           Plaintiffs offer no reason to question the CDI's findings that DNIC went into runoff in

11   2012 and ceased accepting new policy applications.   Nor do Plaintiffs take issue with the

12   authenticity of DNIC's submissions.   The claims against DNIC should be dismissed with

13   prejudice.

14   **III.    CONCLUSION**

15           For the foregoing reasons, and in addition to those set forth in Defendants' Joint Motion to

16   Dismiss, Defendants' Consolidated Motion to Dismiss, and Defendants' Joint Reply, the

17   Seventeen Defendants, All-Pro, the Individual Defendants, the Association Defendants,

18   Lexington National Insurance Corporation, and DNIC ask this Court to dismiss the CAC with

19   prejudice as to each of them.

20

21   Dated:  September 4, 2019                    By: */s/ Edwin B. Barnes*

22                                               Todd A. Roberts (129722)
                                                 Nicole S. Healy (157417)
23                                               Edwin B. Barnes (295454)
                                                 ROPERS MAJESKI KOHN & BENTLEY
24
                                                 Attorneys for Defendants
25                                               AMERICAN BAIL COALITION, INC.
                                                 and WILLIAM B. CARMICHAEL

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

REPLY MEMORANDUM OF P&A ISO CERTAIN
DEFTS' CONSOLIDATED MTD
NO. 19-CV-000717-JST

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1

2
Dated:  September 4, 2019            By: */s/ Paul J. Riehle*

3
Paul J. Riehle (115199)
DRINKER BIDDLE & REATH LLP

4
4 Embarcadero Center, 27th Floor
San  Francisco, California 94111

5
Telephone:  (415) 551-7521
Facsimile:  (415) 551- 7510

6
paul.riehle@dbr.com

7
Attorneys for Defendant

8
ACCREDITED SURETY AND
CASUALTY COMPANY, INC.

9
Dated:  September 4, 2019            By: */s/ Blake Zollar*

10

11
Drew Koning (263082)
Blake Zollar (268913)

12
Shaun Paisley (244377)
KONING ZOLLAR LLP

13
2210 Encinitas Blvd., Suite S
Encinitas, CA 92024

14
Telephone:  (858) 252-3234
Facsimile:  (858) 252-3238

15
drew@kzllp.com

16
blake@kzllp.com
shaun@kzllp.com

17

18
Attorneys for Defendant
ALL-PRO BAIL BONDS, INC.

19

20
Dated:  September 4, 2019            By: */s/  Gerard G. Pecht*

21
Gerard G. Pecht (pro hac vice admission)
NORTON ROSE FULBRIGHT US LLP

22
1301 McKinney, Suite 5100
Houston, Texas  77010

23
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

24
gerard.pecht@nortonrosefulbright.com

25
Joshua D. Lichtman (SBN 176143)
NORTON ROSE FULBRIGHT US LLP

26
555 South Flower Street, Forty-First Floor
Los Angeles, California  90071

27
Telephone:  (213) 892-9200
Facsimile:  (213) 892-9494

28
joshua.lichtman@nortonrosefulbright.com

- 10 -

1

2          Attorneys for Defendant
           AMERICAN CONTRACTORS INDEMNITY
3          COMPANY

4

           Dated:  September 4, 2019          By: */s/ Gregory S. Day*
5

6                                             Gregory S. Day
                                              LAW OFFICES OF GREGORY S. DAY
7                                             120 Birmingham Drive, Suite 200
                                              Cardiff, CA  92007
8                                             Telephone:  (760) 436-2827
                                              attygsd@gmail.com
9

10                                            Attorneys for Defendants
                                              CALIFORNIA BAIL AGENTS
11                                            ASSOCIATION, UNIVERSAL FIRE &
                                              INSURANCE COMPANY, and SUN
12                                            SURETY INSURANCE COMPANY

13         Dated:  September 4, 2019          By: */s/ Erik K. Swanholt*

14
                                              Erik K. Swanholt
15                                            Alyssa Titche
                                              FOLEY & LARDNER
16                                            555 South Flower St., 33rd Floor
                                              Los Angeles, CA 90071
17                                            Telephone:  (213) 972-4500
                                              Facsimile:  (213) 486-0065
18

19                                            Attorneys for Defendants
                                              CONTINENTAL HERITAGE
20                                            INSURANCE COMPANY

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

REPLY MEMORANDUM OF P&A ISO CERTAIN
DEFTS' CONSOLIDATED MTD
NO. 19-CV-000717-JST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Dated:  September 4, 2019

By: */s/ John Hamill*

Julie A. Gryce (319530)
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone:  (619) 699-2700
Facsimile:  (619) 699-2701
julie.gryce@dlapiper.com

Michael P. Murphy (pro hac vice)
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501
michael.murphy@dlapiper.com

John Hamill (pro hac vice)
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Telephone: 312.368.7036
Facsimile: 312.251.5809
john.hamill@us.dlapiper.com

Attorneys for Defendant
DANIELSON NATIONAL INSURANCE
COMPANY

REPLY MEMORANDUM OF P&A ISO CERTAIN
DEFTS' CONSOLIDATED MTD
NO. 19-CV-000717-JST

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1  Dated:  September 4, 2019          By: */s/ Michael D. Singletary*

2                                     James Mills (203783)
3                                     LAW OFFICE OF JAMES MILLS
                                      1300 Clay Street, Suite 600
4                                     Oakland, CA 94612-1427
                                      Telephone: (510) 521-8748
5                                     Facsimile: (510) 277-1413
                                      james@jamesmillslaw.com
6
7                                     Michael D. Singletary (pro hac vice)
                                      Shannon W. Bangle (pro hac vice)
8                                     Brian C. Potter (pro hac vice)
                                      BANGLE & POTTER, PLLC
9                                     604 W. 13th Street
                                      Austin, TX 78701
10                                    Telephone: (512) 270-4844
                                      Facsimile: (512) 270-4845
11                                    Michael@banglepotter.com
                                      Shannon@banglepotter.com
12                                    Brian@banglepotter.com
13
                                      Attorneys for Defendant
14                                    FINANCIAL CASUALTY & SURETY,
                                      INC.
15

16  Dated:  September 4, 2019          By: */s/ John M. Rorabaugh*

17                                    John M. Rorabaugh (178366)
                                      baillaw@usa.net
18
                                      Attorney for Defendant
19                                    GOLDEN STATE BAIL ASSOCIATION

20  Dated:  September 4, 2019          By: */s/ Gary A. Nye*

21
                                      Gary A. Nye (126104)
22                                    ROXBOROUGH POMERANCE NYE &
                                      ADREANI, LLP
23
                                      Attorneys for Defendants
24                                    HARCO NATIONAL INSURANCE
                                      COMPANY, BANKERS INSURANCE
25                                    COMPANY, LEXINGTON NATIONAL
                                      INSURANCE CORPORATION, and
26                                    JERRY WATSON

27

28

4825-2977-6292.1                    - 13 -        REPLY MEMORANDUM OF P&A ISO CERTAIN
                                                  DEFTS' CONSOLIDATED MTD
                                                  NO. 19-CV-000717-JST

1

Dated:  September 4, 2019                   By: */s/ Howard Holderness*

2

3          John A. Sebastinelli (127859)
           Howard Holderness (169814)
           GREENBERG TRAURIG, LLP

4

5          Attorneys for Defendant
           INDIANA LUMBERMENS MUTUAL
           INSURANCE COMPANY

6

7

8    Dated:  September 4, 2019                   By: */s/ Christie A. Moore*

9

10         Christie A. Moore
           W. Scott Croft
           BINGHAM GREENEBAUM DOLL LLP

11         3500 PNC Tower
           101 South Fifth Street
12         Louisville, KY 40202
           Tel: (502) 587-3758
13         CMoore@bgdlegal.com
           WCroft@bgdlegal.com

14         Attorneys for Defendant
15         LEXON INSURANCE COMPANY

16   Dated:  September 4, 2019                   By: */s/ Travis Wall*

17         Travis Wall (191662)
           Spencer Kook (205304)
18         HINSHAW & CULBERTSON LLP
           One California Street, 18th Floor
19         San Francisco, CA 94111
           Tel: (415) 362-6000
20         twall@hinshawlaw.com

21         Attorneys for Defendant
           PHILADELPHIA REINSURANCE
22         CORPORATION

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

- 14 -         REPLY MEMORANDUM OF P&A ISO CERTAIN
                                                   DEFTS' CONSOLIDATED MTD
                                                   NO. 19-CV-000717-JST

1

2

Dated:  September 4, 2019

By: */s/ David F. Hauge*

3

4

5

6

7

David F. Hauge (128294)
Todd H. Stitt (179694)
Vincent S. Loh (238410)
MICHELMAN & ROBINSON, LLP
17901 Von Karman Avenue, 10th Floor
Irvine, CA 92614
Tel: (714) 557-7990
vloh@mrllp.com

8

9

10

Attorneys for Defendant
UNITED STATES FIRE INSURANCE
COMPANY, THE NORTH RIVER
INSURANCE COMPANY, and SENECA
INSURANCE COMPANY

11

Dated:  September 4, 2019

By: */s/ Anne K. Edwards*

12

13

14

15

Anne K. Edwards (110424)
aedwards@sgrlaw.com
444 South Flower Street, Suite 1700
Los Angeles, CA 90071
Tel: (213) 358-7210
Fax: (213) 358-7310

16

17

Attorneys for Defendant
WILLIAMSBURG NATIONAL
INSURANCE COMPANY

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

- 15 -

REPLY MEMORANDUM OF P&A ISO CERTAIN
DEFTS' CONSOLIDATED MTD
NO. 19-CV-000717-JST

1

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

2

I, Edwin B. Barnes, attest that concurrence in the filing of this document has been

3

obtained from the other signatories.   Executed on September 4, 2019 in Redwood City,

4

California.

5

6
*/s/ Edwin B. Barnes*
Edwin. Barnes

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

4825-2977-6292.1    - 16 -    REPLY MEMORANDUM OF P&A ISO CERTAIN
DEFTS' CONSOLIDATED MTD
NO. 19-CV-000717-JST