UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 19-cv-00717-JST<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 50 |

On June 3, 2019, the Court issued an order granting Plaintiffs' joint motion for appointment of interim class counsel; directing the filing of proposed attorney's fees and cost guidelines; and denying Plaintiffs' motion for appointment of an executive committee. ECF No. 44. On the subject of proposed attorney's fees and cost guidelines, the Court ordered that those guidelines provide, among other things, that "contract attorneys will be billed only at the rates actually paid to and received by such attorneys, without mark-up." *Id.* at 4.

On June 24, 2019, with leave of court, Plaintiffs filed a motion for reconsideration of the portion of the Court's order directed to contract attorneys. ECF No. 50. Plaintiffs asked that the Court order instead "that contract attorneys be billed at market rates." *Id.* at 22.

The Court deferred ruling on the motion while it considered a similar question in another case, *In re Wells Fargo & Co. Shareholder Derivative Litig.*, No. 16-cv-05541-JST (N.D. Cal.). The issue in *Wells Fargo* was how to include contract attorney time in the lodestar for purposes of deciding a motion for attorney's fees. *See In re Wells Fargo & Co. S'holder Derivative Litig.*, No. 16-cv-05541-JST, 2020 WL 1786159 (N.D. Cal. Apr. 7, 2020).

On April 7, 2020, the Court issued its order in *Wells Fargo*. *Id.* It concluded that it could not attribute a higher nominal billing rate to contract attorneys' time than the actual rate paid to

them in the absence of persuasive evidence that such rate was a "market rate." *See, e.g., id.* at *13 ("The Court cannot determine how to include contract attorneys' time in the lodestar until the Court determines what the 'market rate' for those services is."). Because Plaintiffs' counsel in *Wells Fargo* had not provided such evidence, the Court used the rate actually paid to contract attorneys in calculating the lodestar. *Id.* at 26.

The Court cannot foreclose the possibility that Plaintiffs' counsel here will be able to provide evidence of the market rate for contract attorneys if and when the need arises. Accordingly, the motion for reconsideration is GRANTED. Any attorney's fees and costs guidelines in the case must provide that counsel maintain contemporaneous records of the actual hourly rate paid to contract attorneys and submit that information in connection with any fee request or whenever billing records are otherwise ordered by the Court to be submitted. *See* ECF No. 44 at 6. However, Plaintiffs may seek to recover the "market rate" for those services, which the Court will determine based on the evidence then before it.

Plaintiffs shall file an amended protocol for common benefit work and expenses, *see* ECF No. 48, by April 17, 2020.

**IT IS SO ORDERED.**

Dated: April 10, 2020



JON S. TIGAR
United States District Judge

2