Dean M. Harvey (SBN 250298)
Katherine Lubin (SBN 259826)
Adam Gitlin (SBN 317047)
Yaman Salahi (SBN 288752)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
agitlin@lchb.com
ysalahi@lchb.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Master Case No. 4:19-CV-00717-JST<br><br>**[PROPOSED] AMENDED PROTOCOL FOR COMMON BENEFIT WORK AND EXPENSES** |

The Court appointed Interim Class Counsel in an order dated June 3, 2019 (Dkt. 44) and ordered counsel to submit guidelines they will follow to limit costs and expenses including attorney's fees by June 18, 2018. On June 18, 2018, Interim Class Counsel submitted a proposed protocol. This Court has reviewed the proposed protocol and adopts it as set forth herein.[1]

### I. Adoption of Case Management Protocols for Common Benefit Work

The Court hereby adopts the following guidelines for the management of case-staffing, timekeeping, cost reimbursement, and related common benefit issues. The recovery of common benefit attorneys' fees and cost reimbursements will be limited to "Participating Counsel."

---

[1] Nothing in this Order shall be interpreted to affect any proceedings other than those involving the authorities, duties, responsibilities, guidelines, and rules of and for Plaintiffs' counsel, as discussed herein.

"Participating Counsel" shall be defined as Interim Class Counsel and any other counsel authorized by Interim Class Counsel to perform work that may be considered for common benefit compensation, and/or counsel who have been specifically approved by this Court as Participating Counsel prior to incurring any such cost or expense.

Eligibility does not pre-determine payment of fees and costs. If and to the extent that this litigation is certified as a class action under Federal Rule of Civil Procedure 23 for purposes of resolution and/or trial, any award of fees and costs for common benefit work will be governed by the standards and procedures set forth in Rule 23, including Rule 23(h). In any event, no award or payment of common benefit fees or costs shall be made without this Court's approval.

Participating Counsel shall be eligible to receive common benefit attorney's fees and reimbursement of costs and expenses only if the time expended, costs incurred, and activity in question were (a) for the common benefit of Plaintiffs; (b) timely submitted; and (c) reasonable. Fees, costs, and expenses incurred after the appointment of Interim Class Counsel may only be reimbursed if incurred performing work authorized by Interim Class Counsel. Costs or expenses that fall within the limitations set forth herein shall not be deemed presumptively reasonable, and the Court retains its discretion to evaluate any costs or expenses submitted by counsel for reasonableness.

Participating Counsel, as defined above, shall agree to the terms and conditions herein, including submitting to this Court's jurisdiction and agreeing that this Court has plenary authority regarding the award and allocation of common benefit attorney's fees and expense reimbursements in this matter.

Interim Class Counsel will be responsible for collecting monthly common benefit time and expense submissions from Participating Counsel, auditing such submissions for compliance with the directives set forth in this Order, and informing Participating Counsel when their submissions do not comply with the directives set forth in this Order. Interim Class Counsel's auditing responsibility notwithstanding, the ultimate determination of what is compensable common benefit work, and the extent or rate at which it is compensable, is within the purview of the Court.

In the event that Participating Counsel are unsure if the action they are about to undertake is considered common benefit work, they shall ask Interim Class Counsel in advance as to whether such time may be compensable.

### A. Compensable Common Benefit Work

"Common Benefit Work" includes all work done and expenses incurred that inure to the common benefit of Plaintiffs and the proposed Class in this consolidated action.

Examples of compensable and non-compensable work include, but are not limited to:

- **Consolidated Pleadings and Briefs:** (i) factual and legal research and preparation of consolidated class action complaints and related briefing; (ii) responding to inquiries from class members; (iii) communications with clients in response to Interim Class Counsel's requests regarding proposed class representatives; (iv) comments and suggestions regarding the consolidated class action complaints and briefs; and (v) class-related issues and briefing related thereto are compensable.

- **Depositions:** While it is impracticable to impose inflexible rules to cover every conceivable situation, Interim Class Counsel shall exercise discretion, judgment, and prudence to designate the appropriate number of attorneys to participate in any given deposition commensurate with the nature of that deposition, so as to avoid over-staffing. Thus, for example, the deposition of a causation expert proffered by Defendants would typically justify the assignment of more attorneys than would the defense of the deposition of one of Plaintiffs' fact witnesses, which would typically require one or two attorneys. Time and expenses for Participating Counsel not designated as one of the authorized questioners or otherwise authorized to attend the deposition by Interim Class Counsel may not be considered Common Benefit Work but, rather, considered as attending on behalf of such counsel's individual clients. Unnecessary attendance by counsel may not be compensated in any fee application to the Court.

- **Court Hearings:** The Court intends to hold periodic status conferences to ensure that the litigation moves forward efficiently, and that legal issues are resolved through formal rulings or guidance from the Court. Individual attorneys are free to attend any status conference held in open court to stay up-to-date on the status of the litigation, but except for Interim Class Counsel, attending and listening to such hearings is not compensable Common Benefit Work. All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their respective clients. Mere attendance at a hearing will not be considered common benefit time, and expenses incurred in relation thereto will not be considered common benefit expenses. The attorneys designated by Interim Class Counsel to address issues that will be raised at a given hearing or requested by Interim Class Counsel to be present at a hearing are working for the common benefit, and their time will be considered for the common benefit. Similarly, any attorney whose attendance at a hearing is specifically requested by the undersigned (or by any other judge presiding over this matter or Court-appointed Special Master) to address a common

issue may submit his or her time and expenses for such attendance for evaluation as Common Benefit Work.

- **Identification and Work-Up of Experts:** If a Participating Counsel retains an expert without the knowledge and approval of Interim Class Counsel, time and expenses attributable to the same may not be approved as Common Benefit Work. On the other hand, communications with and retention of experts with the knowledge and approval of Interim Class Counsel will be considered common benefit time, subject to the discretion of the Court.

- **Attendance at Seminars:** Except as approved by Interim Class Counsel, attendance at seminars (e.g., American Bar Association Antitrust Section Meetings and similar seminars and Continuing Legal Education programs) shall not qualify as Common Benefit Work, and the expenses pertaining thereto shall not qualify as common benefit expenses.

- **Discovery and Document Analysis:** Only discovery and document analysis authorized by Interim Class Counsel and assigned to an attorney or law firm will be considered Common Benefit Work. If a firm/attorney elects to analyze documents that have not been assigned to them by Interim Class Counsel, that review may not be considered Common Benefit Work. Descriptions associated with "document analysis" or "document review" should contain sufficient detail to allow those reviewing the time entry to generally ascertain what was reviewed. The descriptions should include, for example, the custodian of the document, search query, and/or number of document folders reviewed.

- **Review of Court Filings and Orders:** All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their respective clients, and review of briefs and filings made and orders entered in this litigation is part of that obligation. Only Participating Counsel, and those attorneys working on assignments therefrom that require them to review, analyze, or summarize those filings or orders in connection with their assignments, are doing so for the common benefit. All other counsel are reviewing those filings and orders for their own benefit and that of their respective clients and such review will not be considered Common Benefit Work.

- **Emails and Correspondence:** Except for Participating Counsel and staff, time recorded for reviewing emails and other correspondence is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email or other correspondence and that is for the common benefit of plaintiffs. Thus, for example, review of an email or other correspondence sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable as Common Benefit Work.

B.   **Travel Limitations**

Only reasonable expenses will be reimbursed. Except in unusual circumstances approved by Interim Class Counsel, all travel reimbursements are subject to the following limitations:

- **Airfare:** For routine domestic flights, only the price of a refundable and convenient coach fare seat or its equivalent will be reimbursed.

- **Hotel:** Hotel room charges for the average available room rate of a reasonable business hotel will be reimbursed. Unusually high hotel charges may be reviewed by Interim Class Counsel and disallowed.

- **Meals:** Meal expenses must be reasonable. Unusually large meal expenses may be reviewed by Interim Class Counsel and disallowed.

- **Cash Expenses:** Miscellaneous cash expenses for which receipts generally are not available (*e.g.*, tips, luggage handling) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

- **Automobile Rental:** Automobile rentals must be reasonable for the date and location of the rental. Unusually high car rental charges may be reviewed by Interim Class Counsel and disallowed.

- **Mileage:** Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip. The rate will be the maximum rate allowed by the Internal Revenue Service.

C.  **Non-Travel Limitations**

- **Long Distance, Conference Call, and Cellular Telephone Charges:** Common benefit long distance, conference call, and cellular telephone charges are to be reported at actual cost.

- **Shipping, Overnight, Courier, and Delivery Charges:** All claimed Common benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

- **Postage Charges:** Common benefit postage charges are to be reported at actual cost.

- **Telefax Charges:** Common benefit fax charges shall not exceed $0.50 per page.

- **In-House Photocopy:** The maximum charge for common benefit in-house copies is $0.15 per page.

- **Computerized Research - Lexis, Westlaw, or Bloomberg:** Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services.

No entry should contain more than one category of expense when practical, and no entry should have more than one expense category code assigned to it. If, on the same day, one person incurs two expenses that fall into two different categories, then there should be two separate entries for that person for that date, each with the appropriate expense description and category

1735446.1 1735446.2 - 5 - [PROPOSED] AMENDED PROTOCOL FOR COMMON BENEFIT WORK AND EXPENSES CASE NO. 4:19-CV-00717-JST

code.

Similarly, when practical, no listed expense entry should include expenses incurred by more than one person. If multiple people incur the same expense for the same category, then generally there should be a separate entry for each person, unless a single person paid the expense for multiple people.

Every expense entry should be as detailed and specific as reasonably practical. Descriptions such as "Filing and Service Fees," "Service of Process," "Plane Ticket," "Investigation Fees," "Hearing Transcript," and "Deposition Services" are not sufficient. Every entry must describe the task for which the expense was incurred in enough detail to reasonably identify what the expense was, who incurred it, why it was incurred, and how it related to Common Benefit Work. For example: What was filed and on behalf of whom? Who was served with what document and on behalf of whom? What hearing transcript was requested and for what purpose? For whom was the plane ticket purchased, for air travel from where to where, on what dates of travel? (The same goes for hotels, taxis, car services, tips, meals, and any other travel-related expenses.) Expense entries without sufficient detail may be rejected at Interim Class Counsel's discretion.

Attorneys shall provide receipts for all expenses. This does not mean that receipts are to be provided "upon request"—it means each firm must provide receipts monthly along with their expense submissions, in PDF form, not hard copy. Credit card receipts (not the monthly statements) are an appropriate form of verification. Hotel costs must be proven with the full hotel invoice. The description of unclaimed expenses on the invoice may be redacted.

**D.  Common Benefit Timekeeping Protocols**

**1.  Recording Requirements**

All time must be accurately and daily, contemporaneously maintained. Participating Counsel shall keep contemporaneous billing records of the time spent in connection with Common Benefit Work on this consolidated case, indicating with specificity the hours (in tenth-of-an-hour increments) and billing rate, along with a description of the particular activity (such as "conducted deposition of John Doe"). Descriptions must bear sufficient detail to identify the

1735446.1 1735446.2 - 6 - [PROPOSED] AMENDED PROTOCOL FOR COMMON BENEFIT WORK AND EXPENSES CASE NO. 4:19-CV-00717-JST

precise task and how it related to Common Benefit Work. Individuals identified in time descriptions must be described by at least their first initial and last name, not by initials. "John Doe" is preferred; "J. Doe" is acceptable; and "JD" is unacceptable.

Block billing is not permitted. For example, an entry for 8 hours that states "Draft opposition to motion to dismiss" is inadequate. Instead, it should be broken into more specific descriptions: *e.g.*, "0.7 – Draft legal standard section of opposition to motion to dismiss."

Each time entry must be categorized using one of the categories in Exhibit A. In general, when possible, a more specific category should be used in place of a more general category. Under no circumstances should a submitting firm make up new categories for use in its submission.

While the categories are generally self-explanatory, below are some further explanations of some of the categories that may have the potential for the most confusion.

1. **Interim Class Counsel Duties (category 1) -** This category code should only be used for work done by Court-appointed Interim Class Counsel and their assigned attorneys and staff, in their capacity as Court-appointed Counsel. This category should be used primarily for Court-appointed Counsel's more general or administrative responsibilities that do not fit into other, more specific categories. These include, but are not limited to, reviewing, analyzing, and summarizing filings and orders, or coordinating and designating non-Court-appointed attorneys to conduct common-benefit tasks such as document reviews, depositions, or work with experts. This category should not be used by any timekeeper who is not a Court-appointed Counsel or one of their assigned attorneys or staff.

2. **Participating Counsel Calls/Meetings (category 2) –** This category shall be used for meetings and conference calls amongst Interim Class Counsel and other Participating Counsel on general case status issues. If a call is held for a more specific purpose, the more specific category code should be used instead.

3. **Administrative/Case Management (category 3) -** This category should be used for internal filing and organizational tasks, such as reviewing and downloading documents from

the ECF case docket(s), creating charts, reviewing filings generally, updating calendars, and copying and distributing documents, etc., whether done by an attorney or staff.

4. **Discovery (category 7) -** Almost all common benefit discovery-related tasks should be coded with this category. The exceptions are: document analysis (which should be coded category 8), discovery-related motions or briefs (which should be coded category 10), discovery-related court appearances (which should be category 4), and preparation for and taking/defending depositions (which should be category 9).

5. **Document Review/Analysis (category 8) -** For the purposes of this category, the word "document" specifically means documents or other information produced in discovery. In other words, this category is not to be used for every instance of reading a document—it is more specific than that. Only discovery document analysis specifically authorized by Interim Class Counsel and assigned to an attorney will be considered Common Benefit Work. Time entry descriptions for document analysis tasks should include specific details such as custodians, search query, number of document folders reviewed, or other similar details.

6. **Pleadings/Briefs/ Motions/Legal (category 10) -** All research and drafting time spent for a specific pleading, brief, motion, or similar legal writing should be coded in this category.

7. **Trial (category 15) -** This category is reserved solely for tasks performed during a trial.

8. **Miscellaneous (19) -** This is a general category that should not be used if a more specific category can be used instead. Any activities that are done in connection with or as part of a larger task like a brief, or a court appearance, or a meeting, should be categorized according to that larger task. This category should be used relatively infrequently; however, if it is used, it is critical that the description of the task be sufficiently detailed to make clear how the work was common benefit.

Submitting firms shall direct all questions regarding particular timekeeping categories to Interim Class Counsel. Under no circumstances should a submitting firm make up new categories for use in its submission.

## 2. Hourly Rates

Counsel shall record their then-present hourly rates for all attorneys and staff. Although counsel may seek an award of fees based on their hourly rate at the time a settlement or judgment is reached to account for the delay in payment,[2] their billing records shall be prepared and recorded at the then-present rates in monthly time reports submitted to Interim Class Counsel. Counsel shall not bill a rate other than their standard rates at the time the work is performed. Use of these rates does not guarantee their payment.

## 3. Document Analysis

Interim Class Counsel will put out for bid any vendor services and strive to get the best services for the best price without sacrificing quality. A remote document analysis system may be used to avoid unnecessary travel expenses, and procedures will be put in place to monitor how much time is spent analyzing documents and to monitor the efficiency and quality of analysis by other firms.

~~Interim Class Counsel and authorized~~ Participating Counsel may use junior associates, contract, and staff attorneys for document analysis and coding; mid-level associates, contract, and staff attorneys for higher level analysis and coding; and senior attorneys (including partners, as necessary) for top-tier analysis and quality control. Pursuant to the Court's ~~June 20, 2019 order, counsel shall record contract attorney time at both the actual rate of pay and the proposed prevailing market rate, pending the Court's resolution of Interim Class Counsel's motion for reconsideration on this issue, or until further order of the Court. ECF No. 49~~ April 10, 2020 order, Participating Counsel shall maintain contemporaneous records of the actual hourly rate paid to contract attorneys and submit that information in connection with any fee request or whenever billing records are otherwise ordered by the Court to be submitted. ECF No. 89 at 2. Participating Counsel will be permitted to seek the "market rate" for contract attorney services, which the Court will determine based on the evidence before it at the time of such request. *Id*.

---

[2] The use of a current hourly rate for all hours billed is a permissible way to account for delay in payment. *See, e.g.*, *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 609 (9th Cir. 1997); *In re Washington Public Power Supply Systems Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994).

~~1735446.1~~ 1735446.2     - 9 -     [PROPOSED] AMENDED PROTOCOL FOR COMMON BENEFIT WORK AND EXPENSES
CASE NO. 4:19-CV-00717-JST

**E.     Common Benefit Expenses Protocol**

Shared Costs are costs incurred for the common benefit of Plaintiffs in this consolidated action as a whole.  All Shared Costs must be approved by Interim Class Counsel prior to payment.

All costs that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify for submission and payment directly from the Fund:

- Court, filing, and service costs related to common issues;
- Court reporter and interpreter costs for depositions;
- Document (both electronic and hard copy) depository creation, operation, staffing, equipment, and administration;
- Interim Class Counsel or authorized Participating Counsel out-of-house or extraordinary administration matters (*e.g.*, expenses for equipment, technology, courier services, long distance, electronic service, photocopy and printing, secretarial/temporary staff, meetings and conference calls, etc.);
- Legal, tax, and accountant fees relating to the Fund;
- Expert witness and consultant fees and expenses for experts whose opinions and testimony would be generic and for the common benefit of the proposed Class;
- Printing, copying, coding, and scanning related to the above (only out-of-house or extraordinary firm costs);
- Research by outside third-party vendors/consultants/attorneys, approved by Interim Class Counsel;
- Translation costs related to the above, approved by Interim Class Counsel;
- Bank or financial institution charges relating to the Fund;
- Investigative services, approved by Interim Class Counsel; and
- Any assessment paid by Interim Class Counsel or Participating Counsel.

Interim Class Counsel shall prepare and be responsible for distributing reimbursement procedures and the forms associated therewith.  Requests for payments from the Fund for common benefit expenses shall include sufficient information to permit Interim Class Counsel and a Certified Public Accountant to account properly for costs and to provide adequate detail to the Court if necessary.

**F.      Protocols for Submission of Time and Expenses**

**1.      Format**

For Interim Class Counsel to maintain all time submissions in a fully sortable and searchable format, all of the time and expense submissions must be provided by submitting counsel in the following format.

1.      Counsel must use the Excel forms provided in Exhibit A to this Order.  This means that each monthly submission will consist of one Excel file, within which there will be four "sheets" (marked by tabs at the bottom): "Expense Report," "Supplemental Expense Report," "Monthly Time Report," and "Monthly Time Report Totals."

2.      In the "Monthly Time Report," the person who performed each task should be identified in the column called "Last Name, First Name" by their complete last name, a comma, and their complete first name (e.g., Smith, John).  Please do not use abbreviations or initials in this column.

3.      In all reports, the date must be provided in month/day/year format (*e.g.*, 10/23/14).

**2.      Deadlines**

Time submissions shall be made to Interim Class Counsel on a monthly basis, by deadlines and in accordance with the guidelines set forth herein.  The first submission is due on July 19, 2019 and should include all time and expense from inception of work on California Bail Bond Industry-related antitrust litigation through June 30, 2019.  After this first submission, each monthly submission should include all common benefit time and expenses incurred from the first to the last day of the preceding month (*e.g.*, the submission due August 7, 2019, should contain all common benefit time and expenses incurred from July 1, 2019, through July 31, 2019).  Time and expense reports must be submitted in this fashion no later than the week following the last day of a month.

Although counsel should endeavor to submit all common benefit expenses incurred in a certain month in the submission made on the date one week following the last day of a month, the realities of third-party billing and credit card statement schedules may make such quick expense submission difficult in some circumstances.  Thus submissions of "supplemental" common

1 benefit expense reports will be permitted for those expenses incurred during the previous six
2 months that—because of circumstances outside the submitting counsel's control—could not have
3 been submitted by the deadline. Any common benefit expenses submitted more than six months
4 in arrears may not be considered or included in any compilation of common benefit expense
5 calculation and may be disallowed, except for good cause shown and with approval of Interim
6 Class Counsel.

Supplemental submissions of common benefit time will be permitted only for good cause shown and with the approval of Interim Class Counsel.

### 3. Interim Class Counsel's Review

Interim Class Counsel shall ensure that a senior attorney from the firm is appointed to collect all billing records monthly, and to conduct a monthly review of submitted time and expense records to ensure that costs and expenses are reasonable, with the understanding that the Court may, in its discretion, call upon Interim Class Counsel to submit those records and/or a report for the Court's independent review.

**IT IS SO ORDERED.**

Dated: ~~June~~ April____, ~~2019~~ 2020

                                        Jon S. Tigar
                          United States District Judge