Dean M. Harvey (SBN 250298)
Katherine Lubin (SBN 259826)
Yaman Salahi (SBN 288752)
Adam Gitlin (SBN 317047)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
ysalahi@lchb.com
agitlin@lchb.com

*Interim Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Master Case No. 4:19-CV-00717-JST<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO LIFT STAY OF DISCOVERY, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**: Please take notice that Plaintiffs Shonetta Crain and Kira Monterrey hereby move to lift the discovery stay previously issued by the Court (Dkt. 64).  In the alternative, Plaintiffs request that the Court permit the initial steps of discovery to take place.  These steps would include: (1) negotiating a proposed protective order and any other relevant stipulations governing discovery; (2) exchanging initial disclosures; (3) meeting and conferring pursuant to the Northern District of California's ESI Guidelines and Checklist; (4) meeting and conferring regarding any objections Defendants may have to Plaintiffs' First Request for Production of Documents ("RFPs"), previously served on February 20, 2019; and (5) meeting and conferring regarding Defendants' responses to those RFPs, including identifying document custodians and negotiating search terms.  Plaintiffs make this motion on the grounds that reasons supporting issuance of the prior stay order no longer apply, and Plaintiffs will be prejudiced if the discovery stay continues.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law and Points and Authorities, arguments of counsel, and the papers, records, and pleadings on file in this matter.

Dated:  May 13, 2020

Respectfully submitted,

By: */s/ Dean M. Harvey*

Dean M. Harvey (SBN 250298)
Katherine Lubin Benson (SBN 259826)
Yaman Salahi (SBN 288752)
Adam Gitlin (SBN 317047)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
ysalahi@lchb.com
agitlin@lchb.com

*Interim Class Counsel*

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1
II. PROCEDURAL BACKGROUND ................................................................................. 1
    A. Defendants' Motions to Dismiss and Motion to Stay Discovery ........................... 1
    B. The Court's Order On Defendants' Motions to Dismiss ........................................ 2
    C. Defendants Refuse to Agree to Open Discovery .................................................... 3
III. LEGAL STANDARD .................................................................................................... 3
IV. ARGUMENT ................................................................................................................. 4
    A. Plaintiffs Have Stated Antitrust Claims Regarding a Price-Fixing Conspiracy ............................................................................................................. 4
    B. In The Alternative, Targeted Discovery Should Proceed ...................................... 6
    C. Plaintiffs Will Be Prejudiced If The Discovery Stay Continues ............................ 8
V. CONCLUSION ............................................................................................................... 9

## I. INTRODUCTION

Plaintiffs Shonetta Crain and Kira Monterrey respectfully move the Court to lift the discovery stay ordered July 30, 2019 ("Stay Order," Dkt. 64) because the reasons the Court articulated for why a stay was justified no longer apply.

However Defendants respond to the Second Consolidated Amended Complaint ("SCAC"), filed herewith, this case will proceed against at least three of them. In the Court's April 13 order denying in part Defendants' motions to dismiss ("MTD Order"), the Court rejected nearly every immunity argument Defendants advanced, and held that Plaintiffs adequately alleged antitrust violations with respect to both components of the alleged price-fixing conspiracy: (1) collusive rate filings; and (2) suppression of rebates from those rates. MTD Order at 33. The Court stayed discovery because, at that time, Defendants motions' to dismiss could have been dispositive over the entire case. Stay Order at 2. That is no longer true. Further, even if the remaining Defendants succeed in any forthcoming motions to dismiss, they would still be subject to discovery as third parties moving forward. In light of these developments, Plaintiffs asked Defendants if they would join a motion to lift discovery, or at the very least begin the initial disclosure process. Harvey Decl., Ex. A (4/14/2020 D. Harvey ltr to Defs). All Defendants refused both requests. Harvey Decl., Exs. B, C (4/20/2020 Defs' ltrs to D. Harvey).

If the Court is inclined to limit discovery pending adjudication of any forthcoming motions to dismiss, Plaintiffs propose in the alternative to begin only targeted discovery now, so that the preparatory work required for discovery can proceed. Defendants would then not be required to review and produce documents pursuant to ESI searches until any additional motions to dismiss are resolved.

## II. PROCEDURAL BACKGROUND

### A. Defendants' Motions to Dismiss and Motion to Stay Discovery

Plaintiffs filed their Consolidated Amended Complaint ("CAC") on June 13, 2019. Dkt. 46. On July 15, 2019, Defendants filed two motions to dismiss. Dkts. 56, 58. The joint motion filed on behalf of all Defendants sought dismissal of Plaintiffs' federal and state law claims, arguing that the claims were categorically barred by a number of immunity doctrines, including

1  the McCarran Ferguson Act; the state action, filed rate, and *Noerr-Pennington* doctrines; and the
2  California Department of Insurance's purportedly exclusive jurisdiction to hear Plaintiffs'
3  complaints. Dkt. 56. Defendants also asserted that the CAC did not sufficiently allege a
4  conspiracy under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and that the pre-2015
5  claims were barred by the statutes of limitations. *Id.* Certain Defendants separately moved to
6  dismiss the actions against them on the grounds that the CAC did not sufficiently allege their
7  participation in the conspiracy. Dkt. 58.

8      On the same date, Defendants moved for a protective order staying discovery pending
9  resolution of the motions to dismiss. Dkt. 59. Plaintiffs filed their opposition to the stay of
10 discovery on July 22, 2019 (Dkt. 61), and Defendants replied on July 25 (Dkt. 63).

11     On July 30, 2019, the Court granted Defendants' stay motion, concluding that "a brief stay
12 of discovery is warranted until the pleadings are settled" given that "Defendants' motions to
13 dismiss, if granted, would be dispositive of the entire case." Dkt. 64 at 2. The Court also denied
14 Plaintiffs' alternative request that Defendants be required to make their Rule 26(f) disclosures and
15 produce the information set forth in the Northern District of California's ESI Checklist for Use
16 During the Rule 26(f) Meet and Confer Process. *Id.* at 3-4.

17     The stay issued before Plaintiffs had opposed Defendants' motions, on August 14, 2019.
18 Dkt. 68.

19     **B.    The Court's Order On Defendants' Motions to Dismiss**

20     On April 13, 2020, the Court issued the MTD Order granting and denying in part
21 Defendants' motions. At the outset, the Court noted it had "stayed discovery pending resolution
22 of ***these motions***." *Id.* at 4 (emphasis added). The MTD Order upheld Plaintiffs' Sherman and
23 Cartwright Act claims regarding the conspiracy to suppress rebating, their Cartwright Act claim
24 regarding collusive rate filings, and their UCL claim. *Id.* at 33. Only Plaintiffs' Sherman Act
25 claim regarding collusive rate filings was dismissed on the grounds that it was barred by the
26 McCarran-Ferguson Act. *Id.* at 9-12.

27     With respect to particular Defendants, the Court held that the CAC adequately alleged that
28 the following Defendants joined the price-fixing conspiracy: the California Bail Agents

- 2 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO
LIFT STAY OF DISCOVERY
CASE NO. 4:19-CV-00717-JST

1 Association, William Carmichael, and Jerry Watson. *Id.* at 24-28.  The Order also rejected

2 Defendants' statute of limitations argument on the grounds that the CAC adequately pled

3 fraudulent concealment. *Id.* at 33.   The Court otherwise dismissed, with leave to amend,

4 Plaintiffs' claims against certain Defendants—specifically, the Surety Defendants, the Bail

5 Agency Defendants, the American Bail Coalition, Inc., and the Golden State Bail Agents

6 Association—concluding that Plaintiffs had not adequately explained their involvement in the

7 alleged conspiracy. *Id.* at 23-28.  Plaintiffs have filed the SAC concurrently with this motion, and

8 respectfully submit that the SAC sufficiently explains the involvement of the remaining

9 Defendants.

### C. Defendants Refuse to Agree to Open Discovery

On April 14, 2020, in light of the Court's April 13 order, Plaintiffs requested that Defendants stipulate to the lifting of the discovery stay, and agree to meet and confer pursuant to Federal Rule of Civil Procedure 26(f) and the Local Rules.  Harvey Decl. Ex. A (4/14/2020 D. Harvey ltr to Defs).   Defendants refused, including even the California Bail Agents Association, William Carmichael, and Jerry Watson.  Harvey Decl. Exs. B, C (4/20/2020 Defs' ltrs to D. Harvey).

## III. LEGAL STANDARD

Whether to stay discovery is within the discretion of the Court.  *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984).  "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery."  *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004); Fed. R. Civ. P. 26(c)(1).  A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied."  *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal.1990) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).  In the Rule 12 context, discovery should be stayed only when the court "is convinced that the plaintiff will be unable to state a claim for relief."  *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981).  When considering the appropriateness of a stay, "[t]wo related factors a court may consider in deciding a motion for a stay of discovery are the breadth of discovery sought and the burden of responding to it."

*Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

### IV. ARGUMENT

The reasons the discovery stay was originally implemented no longer apply, and given the current record, Defendants cannot meet their "heavy burden" to demonstrate it should remain in place. *Gray*, 133 F.R.D. at 40. Plaintiffs therefore request that the Court lift the stay and allow discovery to proceed.

#### A.  Plaintiffs Have Stated Antitrust Claims Regarding a Price-Fixing Conspiracy

Discovery stays during motions to dismiss are sometimes appropriate when the pending motion to dismiss is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." Stay Order at 1 (quoting *Yiren Huang v. Futurewei Techs., Inc.*, No. 18-CV-00534-BLF, 2018 WL 1993503, at *2 (N.D. Cal. Apr. 27, 2018)). As the Court previously recognized, if this first prong is "not established, discovery proceeds." Stay Order at 1 (quoting *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 220 F.R.D. 349, 352 (N.D. Cal. 2003)).

Indeed, among the principal reasons the Court previously implemented a discovery stay was that Defendants' then-pending motion to dismiss asserted no fewer than *six* separate immunity arguments, raising the possibility that the case would be barred entirely. *See* Stay Order at 2. Ultimately, the Court rejected all but one of these immunity arguments: Plaintiffs' Sherman Act (but not Cartwright Act) claim for conspiracy to file collusive premium rates. MTD Order at 33. The remaining claims were upheld as to three Defendants. Because "a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery," and Defendants' immunity arguments have been dispensed with and certain claims will move forward, discovery should proceed. *Twin City Fire Ins. Co. v. Emp'rs Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

Further, because Plaintiffs have adequately pled both components of the price-fixing conspiracy, any subsequent Rule 12 motion could, at most, challenge the specific participation of any particular Defendant in that conspiracy. Discovery in this case will be directed at the two

1  components of the alleged conspiracy, and the damages that resulted from that conspiracy,
2  irrespective of any forthcoming motion to dismiss.  Thus, any motions to dismiss envisioned by
3  Defendants could not be "dispositive on the issue at which discovery is directed." *Pac. Lumber*,
4  220 F.R.D. at 352.  Even if the Court concludes that Plaintiffs have failed to allege the
5  involvement of any particular Defendant, that Defendant would still be subject to discovery as a
6  third party.  There is nothing to be gained by continuing the discovery stay.

7  Indeed, courts routinely refuse to stay discovery as to particular defendants that have
8  moved to dismiss on the grounds that information from these defendants will be relevant and
9  discoverable notwithstanding whether that defendant remains a party.  For example, in *Mendia v.*
10 *Garcia*, plaintiffs filed *Bivens* claims against government officials in their individual capacities
11 and against the United States.  No. 10-CV-03910-MEJ, 2016 WL 3249485 (N.D. Cal. June 14,
12 2016).  The court denied individual defendants' request for a blanket discovery stay while the
13 court considered their individual immunity arguments, because "regardless of whether they are
14 entitled to qualified immunity, they will still need [to] participate in discovery as percipient
15 witnesses related to" claims against the United States.  *Id.* at *5; *see also Skellerup Indus. Ltd. v.*
16 *City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995) (stay denied as to city defendant
17 pending motion to dismiss where, even were city dismissed from case, "plaintiff and perhaps
18 defendant Bridgestone are likely to continue to conduct discovery with defendant City as a non-
19 party"); *Martin v. Naval Criminal Investigative Serv., (NCIS)*, No. 10CV1879 WQH (MDD),
20 2013 WL 2896879, at *2-*3 (S.D. Cal. June 11, 2013) (no stay for defendants who would be
21 subject to discovery regardless of one defendant's appeal of immunity determination); *Seeds of*
22 *Peace Collective v. City of Pittsburgh*, No. CIV.A 09-1275, 2010 WL 2990734, at *1 (W.D. Pa.
23 July 28, 2010) (because certain defendants would "remain a part of the pretrial proceedings as
24 fact witnesses in the claims not subject to appeal, the need to protect these defendants from the
25 burdens of litigation are not present"); *Galarza v. Szalczyk*, No. CIV.A. 10-6815, 2012 WL
26 627917, at *2-3 (E.D. Pa. Feb. 28, 2012) (denying stay because on the grounds that staying
27 discovery pending motions to dismiss "would merely delay, rather than relieve, the burden on
28 Defendants").

**B.     In The Alternative, Targeted Discovery Should Proceed**

In staying discovery, the Court explained that "the costs and burdens of antitrust discovery do not erect an automatic barrier to discovery in every case in which an antitrust defendant challenges the sufficiency of a complaint." Stay Order at 2 (quoting *In re Lithium Ion Batteries Antitrust Litig.,* No. 13-MD-02420-YGR, 2013 WL 2237887, at *2 (N.D. Cal. May 21, 2013)). Indeed, the Court explained that "[w]hen, however, the discovery would not be so burdensome, a closer question is presented, a question calling for the exercise of discretion and the balancing of competing factors." *Id*. (quoting *In re Graphics Processing Units Antitrust Litig.,* No. C 06-07417 WHA, 2007 WL 2127577, at *4 (N.D. Cal. July 24, 2007)).

If the Court is inclined to limit discovery pending resolution of any additional motions to dismiss, Plaintiffs propose in the alternative that the Court allow only the initial steps of discovery to take place. These steps would include: (1) negotiating a proposed protective order and any other relevant stipulations governing discovery; (2) exchanging initial disclosures; (3) meeting and conferring pursuant to the Northern District of California's ESI Guidelines and Checklist; (4) meeting and conferring regarding any objections Defendants may have to Plaintiffs' First Request for Production of Documents ("RFPs"), previously served on February 20, 2019; and (5) meeting and conferring regarding Defendants' responses to those RFPs, including identifying document custodians and negotiating search terms. Defendants would not be required to review and produce documents pursuant to ESI searches until any additional motions to dismiss are resolved. The only documents Plaintiffs would ask be produced would be easily identified, such as organization charts to aid in the identification of document custodians. This information is not overly burdensome for Defendants to search for and produce. *See*, *e.g.*, *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 333 (N.D. Ill. 2005) (contrasting "organizational charts and documents regarding corporate structure" to broader discovery); *Mailhoit v. Home Depot U.S.A., Inc.*, No. CV 11-03892 AHM (SSx), 2012 WL 12884048, at *2 (C.D. Cal. May 4, 2012) (organization charts not unduly burdensome to produce).

Plaintiffs' alternative proposal allows the parties to make significant progress on the initial stages of discovery, such that when the pleadings are resolved, the parties will be prepared to

- 6 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO
LIFT STAY OF DISCOVERY
CASE NO. 4:19-CV-00717-JST

1  immediately launch into full discovery. This phased approach is consistent with Rule 1's
2  mandate to employ the Federal Rules "to secure the just, speedy, and inexpensive determination
3  of every action and proceeding." Fed. R. Civ. P. 1. *See also Grammer v. Colo. Hosp. Ass'n*
4  *Shared Servs., Inc.*, No. 2:14-CV-1701-RFB, 2015 WL 3938406, at *1 (D. Nev. June 26, 2015)
5  (Rule 1 relevant to deciding whether to stay discovery).

6  For example, the exchange of initial disclosures will enable the parties to identify persons
7  likely to have relevant information, which can be incorporated into discussions regarding
8  document and data repositories and custodians whose files will ultimately be searched. The
9  Northern District of California's ESI Guidelines and Checklist requires that the parties discuss
10 key information regarding preservation of evidence, including the scope of preservation, potential
11 difficulties with preservation, methods to identify and search ESI, and protective orders.
12 Defendants' production of ordinary-course organizational charts would allow the parties to have
13 meaningful discussions about the appropriate custodians and third-parties with relevant
14 information. Finally, Defendants will serve objections and responses to Plaintiffs' document
15 requests (originally served on February 20, 2019), and begin meeting and conferring over the
16 scope of Defendants' production of documents and data. Once each of these steps is completed,
17 the parties will be prepared to tackle full document discovery. This information will also allow
18 the parties to prepare a case schedule, setting the course of document and deposition discovery,
19 expert work, class certification, dispositive motions, and trial. *See*, *e.g.*, *In re Broiler Chicken*
20 *Antitrust Litig.*, No. 1:16-CV-08637, 2017 WL 4417447, at *3 (N.D. Ill. Sept. 28, 2017)
21 (allowing various "preparatory tasks that must be completed before the parties can respond to
22 written and oral discovery and that do not impose undue burden or expense on a party or parties,"
23 in order to "further expedite the process and avoid unnecessary delay later in the case").

24 None of the time spent on these preliminary steps would be wasted. The discovery
25 Plaintiffs seek relate to the conspiracy and its effects. That information will be as relevant to the
26 case when the SAC is resolved as it is today. Even if certain Defendants included in the SAC are
27 ultimately dismissed (which Plaintiffs respectfully doubt), they would remain as relevant third
28 parties, from whom relevant discovery would be sought. Thus, the only pending question is

1 whether these entities will respond to discovery as a defendant or as a third party. That is not
2 sufficient reason to stay all discovery.

### C. Plaintiffs Will Be Prejudiced If The Discovery Stay Continues

Prejudice is not among the factors Plaintiffs must demonstrate to lift the stay; it is *Defendants'* burden, as the party seeking to extend the protective order, to "demonstrat[e] harm or prejudice that will result from the discovery." *Rivera*, 364 F.3d at 1063. Given the above considerations, they cannot. But even so, among the Court's stated reasons for initially staying discovery was that a "brief stay" was appropriate because "any prejudice to the Plaintiffs will be limited, as Defendants' motions to dismiss are scheduled to be heard in less than 90 days." Stay Order at 3.

The discovery stay has now been in place for nearly ten months, and Defendants seek to delay it further while they challenge the SAC. That delay prejudices Plaintiffs' interest in expeditious litigation. *See Ehret v. Uber Techs., Inc.*, No. C-14-0113, 2014 U.S. Dist. LEXIS 103128, at *3-4 (N.D. Cal. July 28, 2014) (discovery stay improper if prejudicial to plaintiff's interests, which most often is the interest in expeditious litigation); *S.F. Tech. v. Kraco Enters. LLC*, No. 5:11-CV-00355 EJD, 2011 WL 2193397, at *3 (N.D. Cal. June 6, 2011) (denying discovery stay because "there is greater benefit to allowing discovery to proceed at this time . . . as it would promote the court's interest, as well as that of the public, in judicial efficiency and timely resolution of litigation").

At the same time, Defendants continue to refuse to provide even minimal information regarding their document preservation efforts. *See* Harvey Decl. Exs. B, C. Plaintiffs have no idea whose documents have been preserved and sequestered, and whose documents have not been. The District's Standing Order for All Judges requires that the parties certify at the beginning of the case that they have "met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action." *See* Standing Order, at No. 6. That is, Defendants must do more than merely certify that they are preserving documents, they must meet and discuss the steps taken to preserve evidence, to ensure that relevant documents are not lost or destroyed. There would be little

burden to Defendants in meeting and conferring about these topics, yet they have refused to do so.

Further, even assuming that all relevant information is being preserved, human memory cannot be frozen in time, and will continue to degrade. "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002); *see also Edward v. New United Motors Mfg.*, No. C 07-05452 WHA, 2008 WL 4712602, at *1 (N.D. Cal. Oct. 22, 2008) (denying request for six month stay because there is a "risk of witnesses' memories fading or witnesses becoming unavailable" during the course of a stay). At this juncture, the Court should allow the parties to proceed with discovery.

## V.   CONCLUSION

For the foregoing reasons, the Court should lift the discovery stay. In the alternative, the Court should permit limited discovery to proceed, as explained above and as described in the proposed order filed herewith.

Dated:  May 13, 2020           Respectfully submitted,


*/s/ Dean M. Harvey*
Dean M. Harvey (SBN 250298)
Katherine Lubin (SBN 259826)
Yaman Salahi (SBN 288752)
Adam Gitlin (SBN 317047)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
ysalahi@lchb.com
agitlin@lchb.com

*Interim Class Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2020, I caused the foregoing to be electronically filed and served with the Clerk of the Court using the CM/ECF system to all parties of record.

DATED: May 13, 2020       /s/ Dean M. Harvey
                          DEAN M. HARVEY
                          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP