# EXHIBIT B

REDWOOD CITY | 1001 Marshall Street
Boston | Suite 500
Las Vegas | Redwood City, CA 94063-2052
Los Angeles | Telephone (650) 364-8200
New York | Facsimile (650) 780-1701
Paris | www.rmkb.com
San Francisco
San Jose | Nicole S. Healy
Seattle | (650) 780-1733



nicole.healy@rmkb.com

April 20, 2020

**Via Electronic Mail**

Dean M. Harvey
Katherine Lubin Benson
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
dharvey@lchb.com
kbenson@lchb.com

      Re:   *In re California Bail Bond Antitrust Litigation*,
             Case No. 19-cv-00717-JST (N.D. Cal.)

Dear Counsel:

      We are writing in response to your letter dated April 14, 2020. We disagree that "the basis for the Court's July 20, 2019 Order Granting Stay of Discovery (ECF 64) no longer exists, and the stay should accordingly be lifted." Rather, in ruling that discovery should be stayed, the Court found that having "consider[ed] the relevant factors" including with regard to the burden and cost of discovery in an antitrust matter, a "brief stay of discovery is warranted until the pleadings are settled." ECF No. 64 at 2.

      At this time, the pleadings are not yet settled. Defendants anticipate that Plaintiffs will amend the Consolidated Amended Class Action Complaint ("CAC," ECF No. 46), in an effort to "address the deficiencies" identified by the Court in its April 13, 2020 Order on Defendants' motions to dismiss the CAC. ECF No. 91 at 34.

      Given Plaintiffs' expressly stated intention to file an amended complaint and the likelihood of further motion practice challenging any amended complaint, the time for discovery has not yet arrived. Until such time as there is an operative complaint, the three remaining defendants — two of whom are individuals — should not be burdened with responding to discovery concerning claims and allegations that are not yet fixed.



Dean M. Harvey
Katherine Lubin Benson
April 20, 2020

Page 2

Under these circumstances, the three remaining defendants oppose lifting the discovery stay. Moreover, we do not believe that a Rule 26(f) conference would be useful under the circumstances.

Sincerely,

Nicole S. Healy,
Counsel for William Carmichael

Gary A. Nye
Counsel for Jerry Watson

Gregory S. Day
Counsel for California Bail Agents Association

4850-2691-0906.1