# EXHIBIT C

# Cooley

Beatriz Mejia
+1 415 693 2145
mejiab@cooley.com

By Email to: dharvey@lchb.com

April 20, 2020

Dean Harvey, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

Re: *In Re California Bail Bond Antitrust Litigation*, No. 3:19-cv-00717-JST (N.D. Cal.)

Dear Mr. Harvey:

We write in response to your April 14, 2020 correspondence on behalf of the 21 Defendants who have been dismissed from the case.

As there are no claims pending against our clients, there is no basis to suggest that our clients are required to participate in a Rule 26(f) conference. There is no obligation under Rule 26 for third parties to meet-and-confer concerning discovery. Additionally, we note that the Court's Order Granting Stay of Discovery concluded the stay was warranted "until the pleadings are settled" and observed Plaintiffs did not seriously dispute that "discovery in this case, once undertaken, will be significant and complex." (ECF 64 at 2.) As you know, the pleadings are far from settled—there is no operative complaint against a single surety or bail agent—and discovery will be broad, time-consuming and expensive.

Between the initial complaint and filing of the Consolidated Amended Complaint (CAC), Plaintiffs dropped multiple named defendants from their suit; after the CAC was filed, Plaintiffs voluntarily dismissed another. (ECF 55.) We suspect more dismissals may follow by the time that Plaintiffs file their Second Consolidated Amended Complaint. Indeed, the Court's Order dismissing the CAC noted the inadequacy of Plaintiffs' pleading, which failed to assert a single specific allegation against the majority of Defendants and lodged "naked allegation[s]" against others. (ECF 91 at 24-27.)

Finally, for the reasons explained in our September 16, 2019 letter, you continue to inappropriately mischaracterize the response to Plaintiffs' request for judicial notice as evidence that Defendants have not upheld preservation obligations. Plaintiffs' request for judicial notice and accompanying declaration failed to establish the authenticity of certain exhibits appended to the CAC and that their contents were appropriate for judicial notice. (*See* ECF 66 & 67.) It was well within Defendants' rights to point out such deficiencies. (*See* ECF 73.) Furthermore, it is our understanding that American Surety Company subsequently confirmed in writing that the documents in question had been preserved. Plaintiffs' claims about preservation are thus baseless.

//



Dean Harvey, Esq.
April 20, 2020
Page Two

We appreciate your well wishes and hope the same for you and your team.

Sincerely,

/s/ *Beatriz Mejia*

cc: Defense Counsel
 Katherine Benson <kbenson@lchb.com>
 Adam Gitlin <agitlin@lchb.com>
 Yaman Salahi <ysalahi@lchb.com>

224320566