1  Dean M. Harvey (SBN 250298)
   Katherine Lubin (SBN 259826)
2  Yaman Salahi (SBN 288752)
   Adam Gitlin (SBN 317047)
3  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
4  San Francisco, CA 94111
   Telephone: (415) 956-1000
5  dharvey@lchb.com
   kbenson@lchb.com
6  ysalahi@lchb.com
   agitlin@lchb.com
7
   *Interim Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION | Master Case No. 4:19-CV-00717-JST |
| THIS DOCUMENT RELATES TO:<br>All Actions | **PLAINTIFFS' ADMINISTRATIVE MOTION TO SET A BRIEFING SCHEDULE AND PAGE LIMITS REGARDING RESPONSES TO THE SECOND CONSOLIDATED AMENDED COMPLAINT AND MOTION TO LIFT DISCOVERY STAY** |

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO
SET BRIEFING SCHEDULE AND PAGE LIMITS
CASE NO. 4:19-CV-00717-JST

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**: Please take notice that Plaintiffs Shonetta Crain and Kira Monterrey hereby move to set a briefing schedule and page limits regarding Defendants' anticipated motions to dismiss the Second Consolidated Amended Complaint, filed on May 13, 2020 (Dkt. 94), and Plaintiffs' Motion to Lift the Discovery Stay (Dkt. 95). This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law and Points and Authorities, the accompanying declaration of Dean M. Harvey, and the papers, records, and pleadings on file in this matter.

Dated: May 18, 2020

Respectfully submitted,

By: */s/ Dean M. Harvey*

Dean M. Harvey (SBN 250298)
Katherine Lubin Benson (SBN 259826)
Yaman Salahi (SBN 288752)
Adam Gitlin (SBN 317047)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
ysalahi@lchb.com
agitlin@lchb.com

*Interim Class Counsel*

## I. INTRODUCTION

Pursuant to Local Rule 7-11, Plaintiffs Shonetta Crain and Kira Monterrey respectfully move the Court to set a briefing schedule and page limits regarding Defendants' anticipated motions to dismiss the Second Consolidated Amended Complaint ("SCAC"; Dkt. 94), and Plaintiffs' Motion to Lift the Discovery Stay (Dkt. 95). Plaintiffs and Defendants have conferred regarding these issues, but could reach agreement only on the schedule for Defendants' anticipated motions to dismiss. Declaration of Dean M. Harvey ("Harvey Decl."), ¶ 2 and Ex. A, filed herewith. On the remaining issues, Defendants insist that their only limitations should be as set forth in the Local Rules. *Id.*, Ex. A. This would permit up to 1,820 pages of briefing on the motions to dismiss alone. Plaintiffs submit this motion to request the Court's guidance.

## II. BACKGROUND

Following the filing of the SCAC on May 13, 2020, Plaintiffs met and conferred with Defendants, and Defendants said all of them intended to move to dismiss the SCAC, and they would oppose Plaintiffs' Motion to Lift the Discovery Stay. Harvey Decl., ¶ 2. The parties agreed on the following briefing schedule for Defendants' anticipated motions to dismiss: opening briefs would be due on June 12, 2020; Plaintiffs' consolidated opposition brief would be due on July 13, 2020; and Defendants' reply briefs would be due on August 3, 2020. *Id.*, Ex. A at 3 (May 15, 2020 email from Beatriz Mejia confirming agreement on briefing schedule). The parties attempted to, but could not, reach agreement on page limits for the motions to dismiss, a briefing schedule for Plaintiffs' Motion to Lift the Discovery Stay, or page limits regarding Plaintiffs' Motion to Lift the Discovery Stay. *Id.* ¶ 2 and Ex. A at 1-3 (May 15, 2020 emails from Dean Harvey and David Houska). Plaintiffs suggested that the parties submit a joint filing with one page per side and ask the Court to choose. *Id.* at 3 (May 15, 2020 email from Dean Harvey). Defendants refused, and said they would instead proceed under the Local Rules, which would provide up to 1,820 pages of briefing on the motions to dismiss (25 pages for each of 28 Defendants for opening and opposing briefs, and another 15 pages for each of 28 Defendants for reply briefs). *Id.* at 2 (email from David Houska). Defendants also said they "do not anticipate" using more than 75 pages in their opening briefs, *id.*, which would result in a total of 200 or more

1 | pages of briefing. *Id.*

## III. PAGE LIMITS REGARDING FORTHCOMING MOTIONS TO DISMISS

The remaining pleading issues following the Court's April 13, 2020 Order Granting in Part and Denying in Part Motions to Dismiss ("MTD Order"; Dkt. 91) should not require anywhere near the number of pages Defendants intend to file. In the first round of Defendants' motions to dismiss, the Court provided 30 pages for a consolidated brief regarding arguments common to all Defendants, another 30 pages for Defendants to address issues relevant to certain Defendants, and two 15-page replies. (Dkt. 27.) This was adequate for the parties to provide the relevant factual background and argument regarding: five different immunity defenses, the statutes of limitations, the plausibility of the alleged conspiracy, and whether Plaintiffs alleged sufficient facts about how each Defendant joined the alleged conspiracy. The MTD Order resolved all common issues, and resolved the sufficiency of alleged conspiracy participation with respect to the California Bail Agents Association and the Individual Defendants. (Dkt. 91 at 26 – 28.) With respect to the remaining Defendants, the Court granted Plaintiffs leave to amend to better explain their participation in the alleged conspiracy. (Dkt. 91 at 33.)

Plaintiffs propose that the Court provide Defendants with the same number of pages to brief individual Defendant issues that the Court provided in the first round of motions to dismiss: a 30 page opening brief and a 15 page reply. (*See* Dkt. 27.) (After the MTD Order, there are no longer any pleading issues common to all Defendants.) This should be more than adequate, since the earlier opening brief for certain Defendants devoted 8 pages to conspiracy participation (Dkt. 58 at ECF 14-15, 18-23), and their reply brief devoted another 7 pages to this issue (Dkt. 74 at ECF 4-7, 9-11), for a total of 15 pages. Thus, Plaintiffs' proposal of a total of 45 pages would provide them *three times* the pages they previously used.

Defendants intend to spend substantially more pages briefing Defendant-specific plausibility than they spent to brief *everything* from their first set of motions to dismiss. This is excessive. Defendants' only justification is that Plaintiffs provide more factual allegations in the SCAC. Harvey Decl., Ex. A, at 1-2 (May 15, 2020 email from David Houska). But while the SCAC is certainly longer than the Consolidated Amended Complaint (Dkt. 46), Defendant-

specific allegations are organized, consistent, and uniform.  For instance, nearly half of the SCAC is devoted to individual Surety Defendants. (Dkt. 94, ¶¶ 156 – 357.)  For each, Plaintiffs provide: (1) background and market entry; (2) participation in the rate filing component of the conspiracy; (3) loss ratios showing that the prices charged by that surety cannot be explained be independent, competitive decision-making; (4) participation in trade associations that joined the conspiracy; (5) participation in the rebate-suppression component of the conspiracy; (6) application of economic plus factors;  and (7) surety statements evidencing participation in the conspiracy.  These allegations are largely either sufficient for all of the Surety Defendants, or they are sufficient for none of them.  The relevant arguments will be common across the Surety Defendants.  The same is true of the remaining two Trade Association Defendants (*id.*, ¶¶ 127 – 135, 143 – 150) and the two Bail Agent Defendants (*id.*, ¶¶ 371 – 382).

## IV. BRIEFING SCHEDULE AND PAGE LIMITS REGARDING PLAINTIFFS' MOTION TO LIFT DISCOVERY STAY

The Court set the following briefing schedule for Defendants' previous Motion to Stay Discovery: Plaintiffs' opposition was due 7 days later, and Defendants' reply was due 3 days thereafter.  (Dkt. 23.)  Plaintiffs asked Defendants if they would follow the same schedule.  Harvey Decl., Ex. A at 4 (May 14, 2020 email from Dean Harvey).  Defendants refused, and said they would proceed under the Local Rules.  *Id.* at 3 (May 15, 2020 email from Beatriz Mejia).

Plaintiffs have no objection to following a briefing schedule as set by the Local Rules (14 days for an opposition, 7 days for a reply).  Plaintiffs suggest the following page limits (Plaintiffs' Motion to Lift the Discovery Stay is 9 pages): 10 pages to oppose and 5 pages to reply.

| | | |
|---|---|---|
| 1 | Dated:  May 18, 2020 | Respectfully submitted, |
| 2 | | |
| 3 | | */s/ Dean M. Harvey*<br>Dean M. Harvey (SBN 250298) |
| 4 | | Katherine Lubin (SBN 259826)<br>Yaman Salahi (SBN 288752) |
| 5 | | Adam Gitlin (SBN 317047)<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| 6 | | 275 Battery Street, 29th Floor<br>San Francisco, CA 94111 |
| 7 | | Telephone: (415) 956-1000<br>dharvey@lchb.com |
| 8 | | kbenson@lchb.com<br>ysalahi@lchb.com |
| 9 | | agitlin@lchb.com |
| 10 | | *Interim Class Counsel* |

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2020, I caused the foregoing to be electronically filed and served with the Clerk of the Court using the CM/ECF system to all parties of record.

DATED: May 18, 2020  /s/ Dean M. Harvey
DEAN M. HARVEY
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP