COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone:    (858) 550-6000
Facsimile:    (858) 550-6420

BEATRIZ MEJIA (190948)
(mejiab@cooley.com)
DAVID HOUSKA (295918)
(dhouska@cooley.com)
MAX SLADEK DE LA CAL (324961)
(msladekdelacal@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Defendants
SEAVIEW INSURANCE COMPANY
and TWO JINN, INC.

*[Additional Defendants and Counsel Listed on Signature Pages]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 19-cv-00717-JST<br><br>CLASS ACTION<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SET BRIEFING SCHEDULE AND PAGE LIMITS REGARDING RESPONSES TO THE SECOND CONSOLIDATED AMENDED COMPLAINT AND MOTION TO LIFT DISCOVERY STAY** |

# I. INTRODUCTION

Defendants oppose Plaintiffs' Administrative Motion (ECF No. 99 ("Motion")) to the extent it asks this Court to limit **28 defendants** to a collective limit of **30 pages** for their opening briefs and **15 pages** for reply briefs on their forthcoming motions to dismiss the Second Consolidated Amended Complaint (ECF No. 94 ("SCAC")). This proposal, which limits each defendant to barely a page-and-a-half of space across two briefs, is facially unreasonable, but all the more so in light of the fact that Plaintiffs' SCAC is **70 pages longer** than its predecessor complaint (ECF No. 46 ("CAC")). Defendants will need space for each defendant to establish that the SCAC falls short of the Court's order that Plaintiffs make adequate allegations specific to each defendant. Each individual Defendant is entitled to show that there are no meaningful additions particular to it that would correct the shortcomings of the prior pleading.

Defendants' good faith efforts to reach a compromise with Plaintiffs were unsuccessful. As Defendants explained to Plaintiffs before they filed their Motion, Defendants are prepared to follow the same page limits the parties agreed to last year for briefing on the motion to dismiss the CAC: 60 cumulative pages of opening briefs; 60 pages of opposition briefing; and 30 collective pages on reply. (*See* Defs.' "Proposed Order" (filed concurrently herewith); ECF No. 27 (April 24, 2019 Order granting parties' stipulated request on briefing).) Defendants intend to work together to file consolidated motion to dismiss briefs and eliminate duplication as much as possible, as they have done in previous filings.

Defendants otherwise agree with the briefing schedule Plaintiffs set forth for the motions to dismiss, and with Plaintiffs' proposal on page limits and briefing schedule for the motion to lift the discovery stay.

# II. BACKGROUND

Plaintiffs filed the SCAC and the Motion to Lift Discovery Stay on May 13, 2020. (*See* ECF No. 94; ECF No. 95.) Defendants and Plaintiffs subsequently met and conferred in an effort to reach agreement on briefing schedule and page limits for Defendants' anticipated motions to dismiss and opposition to Plaintiffs' discovery motion. (*See* Mot. at 2.) The parties agreed to a schedule for motion to dismiss briefing, but did not reach an agreement on page limits. (*Id.*) Defendants initially proposed

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANTS' RESP. TO PLS.' ADMIN. MOT.
RE: BRIEFING SCHEDULE & PAGE LIMITS
NO. 19-CV-00717 (JST)

75 pages of cumulative opening briefs, Plaintiffs countered with 30, and Defendants lowered their offer to 60 pages. (ECF No. 100-1 (Ex. A).) However, Plaintiffs were unwilling to compromise and refused to move off their initial position. Plaintiffs based their intransigence on a unilateral assessment of how many pages Defendants had devoted to "discuss defendant-specific plausibility" in moving to dismiss the CAC. (Ex. A at 2.)

In response, Defendants reiterated their proposal that the parties agree to the same page limitations that they agreed to last year in moving to dismiss the CAC (60 pages for opening, 30 pages for opposition, and 30 pages for reply), and explained:

> The number of pages the defendants used on the last round of briefing to address defendant specific issues has little relevance to what they will need now. Plaintiffs' Consolidated and Amended Class Action Complaint was 32 pages with 155 paragraphs, and no allegations as to most of the Defendants. Defendants did not need to write a great deal to rebut allegations that did not exist. Plaintiffs' Second Amended Complaint is over three times as long at 102 pages with 416 paragraphs and, though deficient, does include allegations as to each Defendant. Accordingly, Defendants will need more space to address them. Additionally, we do not agree with your assumption that there is nothing to brief besides the sufficiency of the allegations against each individual defendant.

(*Id.* at 1-2.) Plaintiffs did not respond to Defendants on this issue for two days and instead filed the instant Motion.

## III. BREIFING SCHEDULE AND PAGE LIMITS REGARDING DEFENDANTS' MOTIONS TO DISMISS

Defendants and Plaintiffs agree on the following briefing schedule for motions to dismiss the SCAC: Defendants shall file motions to dismiss by June 12, 2020; Plaintiffs shall file consolidated opposition briefing by July 13, 2020; and Defendants' replies shall be filed by August 3, 2020. (*See* Mot. at 2.) Defendants object to Plaintiffs' proposal that the 28 Defendants should share a total of 30 pages for opening briefs and 15 pages for reply briefs on their anticipated motions to dismiss, limiting each individual Defendant to roughly a page-and-a-half of space across two briefs. (*See id.* at 3.)

Plaintiffs' SCAC is over 100 pages long, contains 416 paragraphs of allegations, and names 28 defendants. (*See* ECF No. 94.) As a matter of right, Defendants are allowed to individually and separately respond to the amended pleading. Defendants intend to work together to avoid burdening

the Court with voluminous and duplicative briefing, and accordingly propose 60 combined pages for opening and opposition briefs, and 30 pages of reply briefing. (*See* Defs.' Proposed Order.) Contrary to Plaintiffs' claim that this would be "excessive" (Mot. at 3), Defendants' proposal amounts to ***barely three pages of briefing per defendant***. These are also the same page limits the parties agreed upon and the Court ordered for the CAC. (*See* ECF No. 27.)

Plaintiffs' assumptions and speculation about what page lengths "should be more than adequate" for Defendants' motions are irrelevant. (Mot. at 3; *see, e.g.*, *id.* at 4 (assuming that "[t]he relevant arguments will be common across [all] the Surety Defendants").) Nor should Defendants be required to preview their motion to dismiss arguments. (*See id.* at 3-4 (arguing that Defendants have not provided adequate justification for their page limit proposal).)

Finally, Defendants disagree with Plaintiffs' conclusion that "there are no longer any pleading issues common to all Defendants." (*Id.* at 3.) Many key allegations in the SCAC are different from the CAC. In other instances, the SCAC contains new allegations that raise issues that were not present before. Defendants intend to jointly move on these issues where appropriate.

As Defendants explained to Plaintiffs during the meet-and-confer process, and as Defendants did in response to the CAC, Defendants intend to work together to eliminate duplicative briefing as much as possible and reduce the burden on the Court. (*See* Ex. A. at 2.) But Plaintiffs' proposal limiting each Defendant to less than two pages of total motion to dismiss briefing is entirely unreasonable.

## IV. BREIFING SCHEDULE AND PAGE LIMITS REGARDING PLAINTIFFS' MOTION TO LIFT DISCOVERY STAY

Defendants do not object to the schedule Plaintiffs propose for the remaining briefing on Plaintiffs' Motion to Lift Discovery Stay, which is the same schedule set forth by the Local Rules. (*See* Mot. at 4; Civ. L.R. 7-3.) Defendants also do not object to the page limitations on the remaining briefing for the Motion to Lift Discovery Stay that Plaintiffs propose. (*See* Mot. at 4.)

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter the briefing schedule and page limits in Defendants' Proposed Order filed concurrently herewith.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

DEFENDANTS' RESP. TO PLS.' ADMIN. MOT.
RE: BRIEFING SCHEDULE & PAGE LIMITS
NO. 19-CV-00717 (JST)

Dated: May 19, 2020

Respectfully submitted,

By: /s/ Beatriz Mejia
Beatriz Mejia (190948)

COOLEY LLP
MICHAEL A. ATTANASIO (151529)
BEATRIZ MEJIA (190948)
DAVID HOUSKA (295918)
MAX SLADEK DE LA CAL (324961)

*Attorneys for Defendants Seaview Insurance
Company and Two Jinn, Inc.*

Dated: May 19, 2020

By: /s/ Julie A. Gryce

Julie A. Gryce (319530)
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2701
julie.gryce@dlapiper.com

Michael P. Murphy (*pro hac vice*)
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
michael.murphy@dlapiper.com

John Hamill
DLA Piper LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Telephone: 312.368.7036
Facsimile: 312.251.5809
John.hamill@us.dlapiper.com

*Attorneys for Defendant Danielson National
Insurance Company*

Cooley LLP
Attorneys At Law
San Diego

4.

DEFENDANTS' RESP. TO PLS.' ADMIN. MOT.
RE: BRIEFING SCHEDULE & PAGE LIMITS
No. 19-CV-00717 (JST)

| | |
|---|---|
| 1 | Dated: May 19, 2020 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |

Dated: May 19, 2020      By: _/s/ Blake Zollar_ 

Drew Koning (263082)
Blake Zollar (268913)
Shaun Paisley (244377)
KONING ZOLLAR LLP
169 Saxony Road, Suite 115
Encinitas, CA 92024
Telephone:  (858) 252-3234
Facsimile:  (858) 252-3238
drew@kzllp.com
blake@kzllp.com
shaun@kzllp.com

_Attorneys for Defendant All-Pro Bail Bonds, Inc._

Dated: May 19, 2020      By: _/s/ Gerard G. Pecht_ 

Gerard G. Pecht (_pro hac vice_)
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas  77010
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246
gerard.pecht@nortonrosefulbright.com

Joshua D. Lichtman (SBN 176143)
NORTON ROSE FULBRIGHT US LLP
555 South Flower Street, Forty-First Floor
Los Angeles, California  90071
Telephone:  (213) 892-9200
Facsimile:  (213) 892-9494
joshua.lichtman@nortonrosefulbright.com

_Attorneys for Defendant American Contractors Indemnity Company_

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

DEFENDANTS' RESP. TO PLS.' ADMIN. MOT.
RE: BRIEFING SCHEDULE & PAGE LIMITS
NO. 19-CV-00717 (JST)

| | |
|---|---|
| Dated: May 19, 2020 | By: /s/ Anne K. Edwards |
| | Anne K. Edwards (110424)<br>SMITH, GAMBRELL & RUSSELL, LLP<br>444 South Flower Street, Suite 1700<br>Los Angeles, CA 90071<br>Telephone: (213) 358-7210<br>Facsimile: (213) 358-7310<br>aedwards@sgrlaw.com |
| | *Attorneys for Defendant Williamsburg*<br>*National Insurance Company* |
| Dated: May 19, 2020 | By: /s/ Nicole S. Healy |
| | Todd A. Roberts<br>Nicole S. Healy<br>Edwin B. Barnes<br>ROPERS, MAJESKI, KOHN & BENTLEY |
| | *Attorneys for Defendants American Bail*<br>*Coalition, Inc. and William B. Carmichael* |
| Dated: May 19, 2020 | By: /s/ David F. Hauge |
| | David F. Hauge (128294)<br>Todd H. Stitt (179694)<br>Vincent S. Loh (238410)<br>MICHELMAN & ROBINSON, LLP |
| | *Attorneys for Defendants United States Fire*<br>*Insurance Company, The North River*<br>*Insurance Company, and Seneca Insurance*<br>*Company* |

| | |
|---|---|
| Dated: May 19, 2020 | By: */s/ Christie A. Moore* |
| | |
| | Christie A. Moore (*pro hac vice*) |
| | W. Scott Croft (*pro hac vice*) |
| | DENTONS BINGHAM GREENEBAUM DOLL LLP |
| | 101 S. Fifth Street |
| | 3500 PNC Tower |
| | Louisville, KY 40202 |
| | Telephone: 502.587.3758 |
| | Facsimile: 502.540.2276 |
| | cmoore@bgdlegal.com |
| | wcroft@bgdlegal.com |
| | |
| | *Attorneys for Lexon Insurance Company* |
| Dated: May 19, 2020 | By: */s/ Travis Wall* |
| | |
| | Travis Wall (191662) |
| | Spencer Kook (205304) |
| | HINSHAW & CULBERTSON LLP |
| | One California Street, 18th Floor |
| | San Francisco, CA 94111 |
| | Tel: (415) 362-6000 |
| | twall@hinshawlaw.com |
| | |
| | *Attorneys for Defendant Philadelphia Reinsurance Corporation* |
| Dated: May 19, 2020 | By: */s/ Gregory S. Day* |
| | |
| | Gregory S. Day |
| | LAW OFFICES OF GREGORY S. DAY |
| | 120 Birmingham Drive, Suite 200 |
| | Cardiff, CA 92007 |
| | Telephone: (760) 436-2827 |
| | attygsd@gmail.com |
| | |
| | *Attorneys for Defendants California Bail Agents Association, Universal Fire & Insurance Company, Sun Surety Insurance Company* |

Dated: May 19, 2020                    By: */s/ Howard Holderness*

John A. Sebastinelli (127859)
Howard Holderness (169814)
GREENBERG TRAURIG, LLP
4 Embarcadero Ctr, Ste. 3000
San Francisco, CA 94111-5983
Telephone: (415) 655-1289
Facsimile: (415) 358-4796
sebastinellij@gtlaw.com
holdernessh@gtlaw.com

*Attorneys for Defendants American Surety
Company and Indiana Lumbermens Mutual
Insurance Company*

Dated: May 19, 2020                    By: */s/ Gary A. Nye*

Gary A. Nye (126104)
ROXBOROUGH, POMERANCE, NYE & ADREANI,
LLP

*Attorneys for Defendants Allegheny Casualty
Company, AIA Holdings, Inc., Bankers
Insurance Company, International Fidelity
Insurance Company, Lexington National
Insurance Corporation, and Jerry Watson*

Dated: May 19, 2020                    By: */s/ Brendan Pegg*

Brendan Pegg (174159)
LAW OFFICES OF BRENDAN PEGG
201 E. Ojai Avenue #1505
Ojai, CA 93024
Telephone: (805) 3024151
Facsimile: (877) 719-7298
brendan@bpegglaw.com

*Attorneys for Defendant Financial Casualty &
Surety, Inc.*

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

DEFENDANTS' RESP. TO PLS.' ADMIN. MOT.
RE: BRIEFING SCHEDULE & PAGE LIMITS
NO. 19-CV-00717 (JST)

Dated: May 19, 2020                    By: */s/ Erik K. Swanholt*

Erik K. Swanholt
FOLEY & LARDNER
555 South Flower St., 33rd Floor
Los Angeles, CA 90071
Telephone: (213) 972-4500
Facsimile: (213) 486-0065

*Attorneys for Defendants Continental Heritage*
*Insurance Company*

Dated: May 19, 2020                    By: */s/ John M. Rorabaugh*

John M. Rorabaugh (178366)

*Attorney for Defendant Golden State Bail*
*Association*

Dated: May 19, 2020                    By: */s/ Paul J. Riehle*

Paul J. Riehle (115199)
FAEGRE DRINKER BIDDLE & REATH LLP
4 Embarcadero Center, 27th Floor
San Francisco, California 94111
Telephone: (415) 551-7521
Facsimile: (415) 551- 7510
paul.riehle@faegredrinker.com

*Attorneys for Defendant Accredited Surety and*
*Casualty Company, Inc.*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Beatriz Mejia, attest that concurrence in the filing of this document has been obtained from the other signatories. Executed on May 19, 2020, in San Francisco, California.


*/s/ Beatriz Mejia*

Beatriz Mejia

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANTS' RESP. TO PLS.' ADMIN. MOT.
RE: BRIEFING SCHEDULE & PAGE LIMITS
NO. 19-CV-00717 (JST)