1  **DLA PIPER LLP (US)**
   John Hamill (IL SBN 6217530) (*pro hac vice*)
2  john.hamill@us.dlapiper.com
   444 West Lake Street, Suite 900
3  Chicago, Illinois 60606-0089
   Tel: 312.368.4000 / Fax: 312.236.7516
4
   Michael P. Murphy (NY SBN 2171635) (*pro hac vice*)
5  michael.murphy@us.dlapiper.com
   Jonathan Kinney (NY SBN 5259072)
6  jonathan.kinney@us.dlapiper.com
   1251 Avenue of the Americas, 27th Floor
7  New York, NY 10020-1104
   Tel: 212.335.4500 / Fax: 212.335.4501
8
   Julie Gryce (CA SBN 319530)
9  julie.gryce@us.dlapiper.com
   401 B Street, Suite 1700
10 San Diego, CA 92101-4297
   Tel: 619-699-2700 / Fax: 619-699-2701
11
   Attorneys for DEFENDANT DANIELSON NATIONAL
12 INSURANCE COMPANY

13 *[Additional Defendants and
   Counsel Listed on Signature Pages]*
14

15                **UNITED STATES DISTRICT COURT**

16                **NORTHERN DISTRICT OF CALIFORNIA**

17                         **OAKLAND DIVISION**

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION | Master Docket No. 4:19-cv-00717-JST |
| THIS DOCUMENT RELATES TO: ALL ACTIONS, | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY OF DISCOVERY** |
| | Room: Crtrm 6, 2nd Floor<br>Judge: Hon. Jon S. Tigar |

**Overview**

This Court should deny Plaintiffs' Motion to Lift Stay of Discovery (ECF No. 95 ("Motion")). Plaintiffs present no new grounds for opening discovery and instead repeat arguments that this Court previously rejected. As before, the forthcoming motions to dismiss should be given careful consideration and resolved before the parties undertake costly, burdensome, and expansive discovery. ECF 64 at 3. Defendants assume that the Court will be entertaining the Motion notwithstanding Plaintiffs' failure to submit a joint letter brief in compliance with Section J of this Court's January 29, 2020 Standing Order. The Motion should be denied for these reasons:

- Plaintiffs are wrong that the reasons supporting this Court's issuance of the discovery stay no longer apply. The pleadings are not "settled," and Defendants will be filing motions to dismiss that will demonstrate the continued insufficiency of the claims in the Second Consolidated Amended Complaint ("Second CAC").

- Good cause still exists for this Court to stay discovery because the two-pronged test previously applied remains satisfied.

- The mere possibility that any dismissed Defendant would be subject to *non-party* discovery does not warrant burdening Defendants now with wide-ranging discovery pending resolution of dispositive motions.

- There are no legitimate "preservation" concerns.

- Plaintiffs will not suffer any undue prejudice by a continued stay pending the soon-to-be-filed motions to dismiss.

- Unnecessary costly, burdensome, and expansive antitrust case discovery is a matter of particular concern that should be protected against during this time of global COVID-19 pandemic with its accompanying financial and workplace disruption.

**Argument**

**A.     The Pleadings Remain Far From Settled**

In its prior Order Granting Stay of Discovery, this Court held that a stay of discovery is warranted "until the pleadings are settled." ECF No. 64 ("Stay Order"). Plaintiffs are incorrect that the Court's reasoning in support of a stay no longer applies. ECF No. 95 at 1, 4. Continuing the stay is warranted precisely because the pleadings are unsettled—just as they were when the Court entered the Stay Order. All Defendants, both individually and collectively, will again be proceeding with motions to dismiss. As will be shown in the motions to dismiss, Plaintiffs altogether failed to

address the numerous shortcomings in the pleadings regarding the lack of meaningful allegations as to each previously dismissed Defendant. Defendants will further demonstrate that Plaintiffs' additional allegations regarding the market for bail bonds in California, both individually and collectively, undermine the plausibility of the alleged conspiracy. Just because the Second CAC has more pages than its predecessor does not mean it states a claim. The status quo staying discovery therefore should not change.

**B.     The Two-Pronged Test Applied in This District Remains Satisfied**

The case continues to meet the good cause test for staying discovery pending resolution of a dispositive motion. ECF No. 64 at 1. "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id*. (citing *Yiren Huang v. Futurewei Techs., Inc.*, No. 18-CV-00534-BLF, 2018 WL 1993503, at *2 (N.D. Cal. Apr. 27, 2018). "Second, the court must determine whether the pending motion can be decided absent discovery." *Id*. "If the Court answers these two questions in the affirmative, a protective order may issue." *Id*. (citing *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 220 F.R.D. 349, 352 (N.D. Cal. 2003)). "In applying this two-factor test, the court must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id*. Defendants have not yet filed their motions to dismiss to allow the Court the "preliminary peek," but will be doing so in short order. These motions to dismiss—like the first round—once again satisfy the test.

In dismissing the First Consolidated Amended Complaint ("First CAC"), the Court agreed (among other shortcomings) that there were insufficient factual allegations demonstrating each Defendants' role in the alleged conspiracy. ECF No. 91 at 25-26 (dismissing the surety and bail agency defendants) and ECF No. 91 at 27 (dismissing one of two industry association defendants). The Court's Order dismissed Plaintiffs' claims against 24 of the 27 named Defendants. The same deficiencies remain in Plaintiffs' Second CAC.

There is no basis to change the stay absent meaningfully changed circumstances. "Until a new complaint is filed and its adequacy tested," continuing the stay is proper. *In re Wyse Tech. Sec. Litig.*, 744 F. Supp. 207, 210 (N.D. Cal. 1990); *accord Song Fi, Inc. v. Google, Inc.*, 2016 WL 9185325, at *1 (N.D. Cal. Apr. 27, 2016) (granting defendants' motion to stay discovery until

defendants file an answer to the third amended complaint or, if defendants file a motion to dismiss, a claim survives the motion). Defendants' motions to dismiss will present strong grounds that will be entirely dispositive for the vast majority of Defendants, if not all of them. Defendants will again demonstrate that the alleged claims remain insufficient to state a claim. For example, the Second CAC continues to fall short of making the requisite showing that the individual Surety Defendants or Bail Agent Defendants participated in the alleged conspiracy and their roles in the claimed conspiracy. Nor does it state sufficient facts regarding any act in furtherance of the purported conspiracy taken by any Association or Individual Defendants. At a minimum, the Court should wait until it has reviewed Defendants' forthcoming motions before accepting Plaintiffs' argument that the pleadings are truly settled and the case is likely to proceed. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F. 29 729, 738 (9th Cir. 1987) (It "especially makes sense" to avoid "costly and time-consuming discovery" until the Court "determine[s] whether there is any reasonable likelihood plaintiffs can construct a claim.").

Plaintiffs do not (and cannot) dispute the second prong that the motions to dismiss can be decided again without discovery. Like the motions to dismiss the First CAC, Defendants' motions to dismiss the Second CAC will be capable of being decided without discovery as well.

**C.      It Is Irrelevant if Some Defendants May Become Third-Party Targets**

Plaintiffs wrongly insist the stay should be lifted because some Defendants will be third-party discovery targets even if they are dismissed from the case. This argument tacitly admits the weakness of the Second CAC. The admission that some Defendants may become third-parties also in no way compels broad and expansive discovery to start now. First, the claims may be further narrowed, and the scope of the case might materially shrink upon resolution of the motions to dismiss. Second, third-party discovery is far more limited than that of parties to the litigation. Rule 45 of the Federal Rules of Civil Procedure offers many protections for third-parties and limitations on the scope and breadth of discovery directed at third-parties. It explicitly directs that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." F.R.C.P. 45(d)(1).

Plaintiffs cite many inapposite cases. All but one of their authorities involve the question of whether discovery (or the proceedings as a whole) should be stayed pending resolution of questions regarding qualified immunity. *Mendia v. Garcia*, 2016 WL 3249485 (N.D. Cal. June 14, 2016), for instance, involved a request to stay discovery based on the assertion that defendants were entitled to qualified immunity pending an appeal denying them such immunity. *Id.* at *1. *Mendia* did not involve a temporary stay of discovery pending potentially dispositive motions to dismiss as to all defendants and where the Court had already granted motions to dismiss as to the vast majority of defendants. *Id*. at *4 (distinguishing cases involving temporary stays of discovery pending motions to dismiss, noting they are not on point). The same is true for *Martin v. Naval Criminal Investigative Services*, 2013 WL 2896879 (S.D. Cal. June 11, 2013), which involved a request for a stay of all proceedings pending one defendant's appeal of the trial court's decision denying him qualified immunity. *Id.* at *3. *Seeds of Peace Collective v. City of Pittsburgh*, 2010 WL 2990734 (W.D. Pa. July 28, 2010) is likewise inapposite, as it involved only certain defendants' request for a stay of discovery pending their qualified immunity appeal, and those same defendants remained in the case for other claims not subject to appeal. *See also Galarza v. Szalczyk*, 2012 WL 627917 (E.D. Pa. Feb. 28, 2012) (similarly involving a motion to stay discovery pending a motion to dismiss of a subset of defendants based on qualified immunity).

The only case Plaintiffs cite outside the qualified immunity context is readily distinguishable. In *Skellerup Industries Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995), at the time the City moved to stay discovery, the only other defendant (Bridgestone) had answered the complaint and was already participating in discovery. Certain other third-parties were also already responding to discovery requests from the plaintiff. *Id*. at 601. To be sure, the court noted that "even if defendant City is no longer a party to the case, plaintiff and perhaps defendant Bridgestone are likely to continue to conduct discovery with defendant City as a non-party." *Id.* at 601. But that is a far cry from this case, where the pleadings are not settled, there are 27 defendants, all of whom will be moving to dismiss the Second CAC, and none of whom are currently engaged in discovery with Plaintiffs.

**DEFENDANTS' OPP. TO PLAINTIFFS'
MOTION TO LIFT STAY OF DISCOVERY**

Plaintiffs also incorrectly assume that this case will proceed against at least three Defendants because of the Court's prior ruling. Those Defendants intend to move to dismiss. But even if it were accurate that those three Defendants would remain in the case, that does not justify engaging in broad and expansive discovery against *all* Defendants. Nor can the parties meaningfully or properly assess the scope of discovery until the pleadings are actually settled. The most sensible and practical use of resources at this time is to resolve whether this case should proceed at all, especially as to the vast majority of Defendants that were originally dismissed.

**D. The "Preservation" Concerns Are Without Merit**

The Court soundly rejected Plaintiffs' supposed concerns about document preservation. ECF 95 at 11. Nothing has changed. The Court observed that Plaintiffs presented no "specific facts" and their allegations had nothing "to do with spoliation of evidence, and Plaintiffs' colorful prose does not help the Court decide the question of whether a stay of discovery is appropriate." ECF 64 at 3. Any (non-existent) concern of Plaintiffs is further mitigated by the Court's May 1, 2019 Order, which provided that "[u]ntil the parties agree on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation." ECF No. 29 at 4.

Plaintiffs continue to inappropriately mischaracterize Defendants' response to Plaintiffs' request for judicial notice as evidence that Defendants have not upheld their preservation obligations. ECF No. 95 at 8; ECF No. 61-1 at 3. As explained in correspondence to Plaintiffs on April 20, 2020 (ECF No. 96-3), "Plaintiffs' request for judicial notice and accompanying declaration failed to establish the authenticity of certain exhibits appended to the [First] CAC and that their contents were appropriate for judicial notice. *See* ECF Nos. 66 & 67. It was well within the Defendants' rights to point out such deficiencies. *See* ECF No. 73." ECF No. 96-3. Plaintiffs' speculation fares no better than it did the first time they presented it to the Court, and it should again be rejected.

### E. A Continued Discovery Stay Does Not Prejudice Plaintiffs

There is no prejudice to Plaintiffs with a continued stay of discovery during the pendency of Defendants' next round of motions to dismiss. The Court has ordered that briefing will be complete in 75 days. ECF No. 104. The continued stay would be of limited duration. Plaintiffs have articulated no specific prejudice caused by such a continuation of the stay, other than vague, conclusory, and unsupported allegations that it "prejudices Plaintiffs' interest in expeditious litigation." ECF No. 95 at 11.

On the other hand, lifting the discovery stay would expose Defendants to the significant burden and expense of discovery in a case involving allegations of a purported antitrust conspiracy spanning over 16 years and involving 27 Defendants. As this Court has already noted, the Supreme Court in *Twombly* expressed particular concern about the cost of discovery in antitrust cases, highlighting that "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." ECF No. 64 at 2. The Court found that exact "specificity" as to nearly all Defendants to be lacking in dismissing the First CAC. It remains lacking in the Second CAC. Nothing has changed from this Court's prior observation that "to allow antitrust discovery prior to sustaining a complaint would defeat one of the rationales of *Twombly*, at least when the discovery would be burdensome." ECF No. 64 at 2.

If the discovery requests that Plaintiffs previously served are any indication, Plaintiffs' proposed discovery would be incredibly expansive and burdensome. As Defendants explained in the prior briefing, Plaintiffs (at a minimum) seek "[a]ll potentially relevant evidence . . . without regard to time period, custodian category, or format of documents or ESI" regarding 43 categories, some with as many as 16 subparts, including "all documents" regarding "bail bond premiums" and "bail bond pricing." ECF No. 63 at 2-3. Plaintiffs themselves concede that "[t]his list of topics contains examples only . . . without prejudice to Plaintiffs requesting discovery regarding additional topics." *Id.* The case continues to involve nearly thirty defendants, potentially over 3,000 unnamed bail agents, hundreds of thousands of purported class members, and a relevant period supposedly lasting over 16 years. As the Court previously found, and Plaintiffs do not dispute, "discovery in this case, once undertaken, will be significant and complex." ECF No. 64 at 2.

Even Plaintiffs' alternative request, which Plaintiffs tout as "targeted" and "not overly burdensome," is unwarranted and prejudicial. It would expose Defendants—who may ultimately be dismissed from the case altogether—to significant premature and potentially unnecessary burden and expense. The Court previously denied Plaintiffs' prior alternative request that the Court require Defendants to make their Rule 26(f) disclosures and produce the information set forth in the Northern District of California's ESI Checklist for Use During the Rule 26(f) Meet and Confer Process. ECF 64 at 4.

Plaintiffs' alternative request is substantially broader than its prior alternative request. Plaintiffs ask for the Court to allow the following: (1) negotiating a proposed protective order and any other relevant stipulations governing discovery; (2) exchanging initial disclosures; (3) meeting and conferring pursuant to the Northern District of California's ESI Guidelines and Checklist; (4) meeting and conferring regarding any objections Defendants may have to Plaintiffs' First Request for Production of Documents ("RFPs"), previously served on February 20, 2019; and (5) meeting and conferring regarding Defendants' responses to those RFPs, including identifying document custodians and negotiating search terms. ECF No. 95 at 6.

Despite Plaintiffs' characterization, this request would likewise entail significant burden and expense for Defendants. By way of limited example only, and as previously noted, the RFPs to which Plaintiffs refer that were served in February 2019 contain no less than 43 document requests, some with as many as 16 subparts. Requiring written responses from each Defendant and subsequent meet and confers places significant time, resources, and fiscal burdens on Defendants. The proposed alternative should be rejected.

It bears mentioning that the current pandemic only adds to the considerable burden and expense that Defendants would face if the stay of discovery in this antitrust case were lifted, or if Plaintiffs' alternative request were granted. The added cost and burden of engaging in discovery at this time, during a pandemic that has caused widespread financial and workplace disruption, weighs strongly in favor of a continued stay. As one court put it: "The breadth of discovery in this case is substantial, and the Covid-19 pandemic will only compound the difficulty the parties have experienced obtaining discovery. A stay will cause [plaintiff] no unfair prejudice." *Bryant v. Boyd*,

**DEFENDANTS' OPP. TO PLAINTIFFS' MOTION TO LIFT STAY OF DISCOVERY**

2020 WL 1493548, at *2 (E.D. Mo. Mar. 27, 2020). All aspects of discovery should thus await resolution of the motions to dismiss.

## Conclusion

For these reasons, and for good cause shown, Defendants respectfully request that the Court deny Plaintiffs' Motion to Lift Stay of Discovery and also deny Plaintiffs' alternative request for "targeted" discovery.

Dated: May 27, 2020

Respectfully submitted,

By: */s/ Julie A. Gryce*
Julie A. Gryce (319530)
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2701
julie.gryce@dlapiper.com

Michael P. Murphy (*pro hac vice*)
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
michael.murphy@dlapiper.com

John Hamill (*pro hac vice*)
DLA Piper LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Telephone: 312.368.7036
Facsimile: 312.251.5809
John.hamill@us.dlapiper.com

*Attorneys for Defendant Danielson National Insurance Company*

| | | |
|---|---|---|
| 1 | Dated: May 27, 2020 | Respectfully submitted, |
| 2 | | By: /s/ *Beatriz Mejia* |
| 3 | | Beatriz Mejia (190948) |
| 4 | | COOLEY LLP |
| 5 | | MICHAEL A. ATTANASIO (151529) |
| | | BEATRIZ MEJIA (190948) |
| 6 | | DAVID HOUSKA (295918) |
| | | MAX SLADEK DE LA CAL (324961) |
| 7 | | |
| 8 | | *Attorneys for Defendants Seaview Insurance Company and Two Jinn, Inc.* |
| 9 | | |
| 10 | Dated: May 27, 2020 | By: */s/ Blake Zollar* |
| 11 | | Drew Koning (263082) |
| | | Blake Zollar (268913) |
| 12 | | Shaun Paisley (244377) |
| 13 | | KONING ZOLLAR LLP |
| | | 169 Saxony Road, Suite 115 |
| 14 | | Encinitas, CA 92024 |
| | | Telephone: (858) 252-3234 |
| 15 | | Facsimile: (858) 252-3238 |
| 16 | | drew@kzllp.com |
| | | blake@kzllp.com |
| 17 | | shaun@kzllp.com |
| 18 | | *Attorneys for Defendant All-Pro Bail Bonds, Inc.* |

| | |
|---|---|
| Dated: May 27, 2020 | By: */s/ Gerard G. Pecht* |

Gerard G. Pecht (*pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
gerard.pecht@nortonrosefulbright.com

Joshua D. Lichtman (SBN 176143)
NORTON ROSE FULBRIGHT US LLP
555 South Flower Street, Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
joshua.lichtman@nortonrosefulbright.com

*Attorneys for Defendant American Contractors Indemnity Company*

| | |
|---|---|
| Dated: May 27, 2020 | By: */s/ Anne K. Edwards* |

Anne K. Edwards (110424)
SMITH, GAMBRELL & RUSSELL, LLP
444 South Flower Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 358-7210
Facsimile: (213) 358-7310
aedwards@sgrlaw.com

*Attorneys for Defendant Williamsburg National Insurance Company*

| | |
|---|---|
| Dated: May 27, 2020 | By: */s/ Nicole S. Healy* |

Todd A. Roberts
Nicole S. Healy
Edwin B. Barnes
ROPERS, MAJESKI, KOHN & BENTLEY

*Attorneys for Defendants American Bail Coalition, Inc. and William B. Carmichael*

| | | |
|---|---|---|
| 1 | Dated:  May 27, 2020 | By: */s/ David F. Hauge* |
| 2 | | David F. Hauge (128294) |
| 3 | | Todd H. Stitt (179694) |
| | | Vincent S. Loh (238410) |
| 4 | | MICHELMAN & ROBINSON, LLP |
| 5 | | *Attorneys for Defendants United States Fire Insurance Company, The North River Insurance Company, and Seneca Insurance Company* |
| 6 | | |
| 7 | | |
| 8 | Dated:  May 27, 2020 | By: */s/ Christie A. Moore* |
| 9 | | Christie A. Moore (*pro hac vice*) |
| | | W. Scott Croft (*pro hac vice*) |
| 10 | | DENTONS BINGHAM GREENEBAUM DOLL LLP |
| | | 101 S. Fifth Street |
| 11 | | 3500 PNC Tower |
| 12 | | Louisville, KY 40202 |
| | | Telephone:  502.587.3758 |
| 13 | | Facsimile:  502.540.2276 |
| 14 | | Christie.moore@dentons.com |
| | | Scott.croft@dentons.com |
| 15 | | |
| | | *Attorneys for Lexon Insurance Company* |
| 16 | | |
| 17 | Dated:  May 27, 2020 | By: */s/ Travis Wall* |
| 18 | | Travis Wall (191662) |
| | | Spencer Kook (205304) |
| 19 | | HINSHAW & CULBERTSON LLP |
| 20 | | One California Street, 18th Floor |
| | | San Francisco, CA 94111 |
| 21 | | Tel: (415) 362-6000 |
| | | twall@hinshawlaw.com |
| 22 | | |
| | | *Attorneys for Defendant Philadelphia Reinsurance Corporation* |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

**DEFENDANTS' OPP. TO PLAINTIFFS' MOTION TO LIFT STAY OF DISCOVERY**

| | | |
|---|---|---|
| 1 | Dated: May 27, 2020 | By: */s/ Gregory S. Day* |
| 2 | | Gregory S. Day |
| 3 | | LAW OFFICES OF GREGORY S. DAY |
| | | 120 Birmingham Drive, Suite 200 |
| 4 | | Cardiff, CA 92007 |
| 5 | | Telephone: (760) 436-2827 |
| | | attygsd@gmail.com |
| 6 | | *Attorneys for Defendants California Bail* |
| 7 | | *Agents Association, Universal Fire &* |
| | | *Insurance Company, Sun Surety Insurance* |
| 8 | | *Company* |
| 9 | Dated: May 27, 2020 | By: */s/ Howard Holderness* |
| 10 | | John A. Sebastinelli (127859) |
| 11 | | Howard Holderness (169814) |
| | | GREENBERG TRAURIG, LLP |
| 12 | | 4 Embarcadero Ctr, Ste. 3000 |
| 13 | | San Francisco, CA 94111-5983 |
| | | Telephone: (415) 655-1289 |
| 14 | | Facsimile: (415) 358-4796 |
| 15 | | sebastinellij@gtlaw.com |
| | | holdernessh@gtlaw.com |
| 16 | | *Attorneys for Defendants American Surety* |
| 17 | | *Company and Indiana Lumbermens Mutual* |
| | | *Insurance Company* |
| 18 | Dated: May 27, 2020 | By: */s/ Gary A. Nye* |
| 19 | | Gary A. Nye (126104) |
| 20 | | ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP |
| 21 | | |
| 22 | | *Attorneys for Defendants Allegheny Casualty* |
| 23 | | *Company, AIA Holdings, Inc., Bankers* |
| | | *Insurance Company, International Fidelity* |
| 24 | | *Insurance Company, Lexington National* |
| | | *Insurance Corporation, and Jerry Watson* |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

DEFENDANTS' OPP. TO PLAINTIFFS' MOTION TO LIFT STAY OF DISCOVERY

| | | |
|---|---|---|
| 1 | Dated: May 27, 2020 | By: */s/ Brendan Pegg* |
| 2 | | |
| 3 | | Brendan Pegg (174159)<br>Lindsay Cooper-Greene, of Counsel (295180)<br>LAW OFFICES OF BRENDAN PEGG |
| 4 | | 201 E. Ojai Avenue #1505<br>Ojai, CA 93024 |
| 5 | | Telephone: (805) 302-4151<br>Facsimile: (877) 719-7298 |
| 6 | | brendan@bpegglaw.com<br>lindsay@bpegglaw.com |
| 7 | | |
| 8 | | *Attorneys for Defendant Financial Casualty & Surety, Inc.* |
| 9 | | |
| 10 | Dated: May 27, 2020 | By: */s/ Erik K. Swanholt* |
| 11 | | Erik K. Swanholt |
| 12 | | FOLEY & LARDNER<br>555 South Flower St., 33rd Floor |
| 13 | | Los Angeles, CA 90071<br>Telephone: (213) 972-4500 |
| 14 | | Facsimile: (213) 486-0065 |
| 15 | | *Attorneys for Defendants Continental Heritage Insurance Company* |
| 16 | | |
| 17 | Dated: May 27, 2020 | By: */s/ John M. Rorabaugh* |
| 18 | | John M. Rorabaugh (178366) |
| 19 | | *Attorney for Defendant Golden State Bail Association* |
| 20 | | |
| 21 | Dated: May 27, 2020 | By: */s/ Paul J. Riehle* |
| 22 | | Paul J. Riehle (115199)<br>FAEGRE DRINKER BIDDLE & REATH LLP |
| 23 | | 4 Embarcadero Center, 27th Floor<br>San Francisco, California 94111 |
| 24 | | Telephone: (415) 551-7521<br>Facsimile: (415) 551- 7510 |
| 25 | | paul.riehle@faegredrinker.com |
| 26 | | *Attorneys for Defendant Accredited Surety and Casualty Company, Inc.* |
| 27 | | |
| 28 | | |

## **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Julie Gryce, attest that concurrence in the filing of this document has been obtained from the other signatories. Executed on May 27, 2020, in San Diego, California.

*/s/ Julie A. Gryce*_____

Julie A. Gryce

## **CERTIFICATE OF SERVICE**

I, Julie Gryce, an attorney, hereby certify that Defendants' Opposition to Plaintiffs' Motion to Lift Stay of Discovery was electronically filed May 27, 2020 and will be served electronically via the Court's ECF Notice system upon the registered parties of record. Executed on May 27, 2020, in San Diego, California.

*/s/ Julie A. Gryce*_____

Julie A. Gryce