COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

BEATRIZ MEJIA (190948)
(mejiab@cooley.com)
DAVID HOUSKA (295918)
(dhouska@cooley.com)
MAX SLADEK DE LA CAL (324961)
(msladekdelacal@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendants
SEAVIEW INSURANCE COMPANY
and TWO JINN, INC.

[*Additional Defendants and Counsel Listed on Signature Pages*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Master Docket No. 19-cv-00717-JST<br><br>CLASS ACTION<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Jon S. Tigar<br>Hearing Date: August 26, 2020<br>Courtroom: 2, 4th Floor<br>Time: 2:00 p.m.<br>Trial Date: Not Set |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

226935183

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
MASTER DOCKET NO. 19-CV-00717 (JST)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201, Defendants hereby request that the Court take judicial notice of the following documents in support of Defendants' concurrently filed Motion to Dismiss. The exhibit references below correspond to the exhibits attached to the Declaration of Max Sladek de la Cal (the "Declaration") filed concurrently herewith:

| | |
|---|---|
| Exhibit 1: | A true and correct copy of an excerpt of the publicly available California Department of Insurance (CDI) Filing No. 13-6170,[1] submitted by Defendant Accredited Surety and Casualty Company to the CDI on August 19, 2013 |
| Exhibit 2: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 10-5444, submitted by Defendant Accredited Surety and Casualty Company to the CDI on July 23, 2010 |
| Exhibit 3: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 97-10504, submitted by Defendant Accredited Surety and Casualty Company to the CDI on November 12, 1997 |
| Exhibit 4: | A true and correct copy of an excerpt of the publicly available CDI Filing Nos. 17-4681, 17-6595, submitted by Defendant Allegheny Casualty Company to the CDI on July 10, 2017 |
| Exhibit 5: | A true and correct copy of an excerpt of the publicly available CDI Filing Nos. 13-4507, 13-4508, submitted by Defendant Allegheny Casualty Company to the CDI on June 17, 2013 |
| Exhibit 6: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 08-2395, submitted by Defendant American Contractors Indemnity Company to the CDI on February 11, 2008 |
| Exhibit 7: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 95-4409, submitted by Defendant American Contractors Indemnity Company to the CDI on June 1, 1995 |
| Exhibit 8: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 94-682, submitted by Defendant American Surety Company to the CDI on February 1, 1994 |
| Exhibit 9: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 18-5155, submitted by Defendant Bankers Insurance Company to the CDI on October 10, 2018 |
| Exhibit 10: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 13-7036, submitted by Defendant Bankers Insurance Company to the CDI on September 25, 2013 |
| Exhibit 11: | A true and correct copy of an excerpt of the publicly available CDI Filing |

---

[1] Given the size and length of these documents, Defendants have excerpted the rate filings submitted as Exhibits 1 through 51 for the Court's convenience and included only the cover pages, the "Filing at a Glance" pages, the relevant rate schedule page(s), and in some cases, portions quoted or referenced in the SCAC or Defendants' Motion to Dismiss. Defendants are prepared to submit the filings in their entirety should the Court so wish.

| | | |
|---|---|---|
| | | No. 09-4748, submitted by Defendant Bankers Insurance Company to the CDI on June 10, 2009 |
| | Exhibit 12: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 07-838, submitted by Defendant Bankers Insurance Company to the CDI on January 25, 2007 |
| | Exhibit 13: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 05-5598, submitted by Defendant Bankers Insurance Company to the CDI on July 15, 2005 |
| | Exhibit 14: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 03-11, submitted by Defendant Bankers Insurance Company to the CDI on December 20, 2002 |
| | Exhibit 15: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 01-3860, submitted by Defendant Bankers Insurance Company to the CDI on March 27, 2001 |
| | Exhibit 16: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 17-1995, submitted by Defendant Continental Heritage Insurance Company to the CDI on March 20, 2017 |
| | Exhibit 17: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 12-6468, submitted by Defendant Continental Heritage Insurance Company to the CDI on August 13, 2012 |
| | Exhibit 18: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 09-3983, submitted by Defendant Continental Heritage Insurance Company to the CDI on May 7, 2009 |
| | Exhibit 19: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 04-7961, submitted by Defendant Continental Heritage Insurance Company to the CDI on November 5, 2004 |
| | Exhibit 20: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 99-13986, submitted by Defendant Continental Heritage Insurance Company to the CDI on November 8, 1999 |
| | Exhibit 21: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 11-1995, submitted by Defendant Danielson National Insurance Company to the CDI on February 22, 2011 |
| | Exhibit 22: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 11-1385, submitted by Defendant Danielson National Insurance Company to the CDI on February 2, 2011 |
| | Exhibit 23: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 08-1743, submitted by Defendant Danielson National Insurance Company to the CDI on January 31, 2008 |
| | Exhibit 24: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 18-2776, submitted by Defendant Financial Casualty & Surety, Inc. to the CDI on May 11, 2018 |
| | Exhibit 25: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 14-7527, submitted by Defendant Financial Casualty & Surety, Inc. to the CDI on October 8, 2014 |
| | Exhibit 26: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 04-8381, submitted by Defendant Financial Casualty & Surety, Inc. to the CDI on November 17, 2004 |
| | Exhibit 27: | A true and correct copy of an excerpt of the publicly available CDI Filing |

| | |
|---|---|
| | No. 05-6589, submitted by Defendant Indiana Lumbermens Mutual Insurance Company to the CDI on August 24, 2005 |
| Exhibit 28: | A true and correct copy of an excerpt of the publicly available CDI Filing Nos. 17-4681, 17-6595, submitted by Defendant International Fidelity Insurance Company to the CDI on July 10, 2017 |
| Exhibit 29: | A true and correct copy of an excerpt of the publicly available CDI Filing Nos. 13-4507, 13-4508, submitted by Defendant International Fidelity Insurance Company to the CDI on June 17, 2013 |
| Exhibit 30: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 15-10267, submitted by Defendant Lexington National Insurance Company to the CDI on November 18, 2015 |
| Exhibit 31: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 06-8729, submitted by Defendant Lexington National Insurance Company to the CDI on August 26, 2009 |
| Exhibit 32: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 03-3414, submitted by Defendant Lexington National Insurance Company to the CDI on May 19, 2003 |
| Exhibit 33: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 11-5648, submitted by Defendant Lexon Insurance Company to the CDI on June 27, 2011 |
| Exhibit 34: | A true and correct copy of an excerpt of the publicly available CDI Filing Nos. 13-3655, 13-3656, 13-3657, submitted by Defendant The North River Insurance Company to the CDI on May 7, 2013 |
| Exhibit 35: | A true and correct copy of an excerpt of the publicly available CDI Filing Nos. 12-724, 12-725, 12-726, submitted by Defendant The North River Insurance Company to the CDI on January 19, 2012 |
| Exhibit 36: | A true and correct copy of an excerpt of the publicly available CDI Filing Nos. 07-4496, 07-4497, submitted by Defendant The North River Insurance Company to the CDI on May 4, 2007 |
| Exhibit 37: | A true and correct copy of an excerpt of the publicly available CDI Filing Nos. 06-1938, 06-1939, submitted by Defendant The North River Insurance Company to the CDI on March 11, 2006 |
| Exhibit 38: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 16-3207, submitted by Defendant Philadelphia Reinsurance Corporation to the CDI on May 27, 2016 |
| Exhibit 39: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 11-6920, submitted by Defendant Seaview Surety Holding, Inc. to the CDI on July 29, 2011 |
| Exhibit 40: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 18-3953, submitted by Defendant Seneca Insurance Company to the CDI on July 24, 2018 |
| Exhibit 41: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 07-6650, submitted by Defendant Seneca Insurance Company to the CDI on October 18, 2007 |
| Exhibit 42: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 05-1194, submitted by Defendant Seneca Insurance Company to the CDI on February 1, 2005 |
| Exhibit 43: | A true and correct copy of an excerpt of the publicly available CDI Filing |

|  |  |
|---|---|
|  | No. 03-5751, submitted by Defendant Seneca Insurance Company to the CDI on August 4, 2003 |
| Exhibit 44: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 17-20, submitted by Defendant Sun Surety Insurance Company to the CDI on December 22, 2016 |
| Exhibit 45: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 08-11696, submitted by Defendant Sun Surety Insurance Company to the CDI on August 17, 2008 |
| Exhibit 46: | A true and correct copy of an excerpt of the publicly available CDI Filing Nos. 13-3655, 13-3656, 13-3657, submitted by Defendant United States Fire Insurance Company to the CDI on May 7, 2013 |
| Exhibit 47: | A true and correct copy of an excerpt of the publicly available CDI Filing Nos. 12-724, 12-725, 12-726, submitted by Defendant United States Fire Insurance Company to the CDI on January 19, 2012 |
| Exhibit 48: | A true and correct copy of an excerpt of the publicly available CDI Filing Nos. 07-4496, 07-4497, submitted by Defendant United States Fire Insurance Company to the CDI on May 4, 2007 |
| Exhibit 49: | A true and correct copy of an excerpt of the publicly available CDI Filing Nos. 06-1938, 06-1939, submitted by Defendant United States Fire Insurance Company to the CDI on March 11, 2006 |
| Exhibit 50: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 17-7130, submitted by Defendant Universal Fire & Casualty Insurance Company to the CDI on October 10, 2017 |
| Exhibit 51: | A true and correct copy of an excerpt of the publicly available CDI Filing No. 11-1622, submitted by Defendant Williamsburg National Insurance Company to the CDI on February 4, 2011 |
| Exhibit 52: | A true and correct copy of the Annual Statement For the Year Ended December 31, 2018, submitted to the CDI by Defendant Continental Heritage Insurance Company |

## I. BACKGROUND

The Second Consolidated Amended Class Action Complaint (the "SCAC") includes numerous allegations about the premium rates charged by the Surety Defendants for the issuance of bail bonds from 2004 to the present (the alleged class period). Plaintiffs rely on these premium rates to underpin their claim that the Surety Defendants conspired to maintain a "near[] uniform" 10% premium rate across the bail bond industry. (SCAC ¶ 7.) Plaintiffs have prepared a "Timeline of Standard Premium Rates Charged by Defendant Sureties." (*Id.*) This timeline—which relies on the Defendants' publicly available rate filings with the California Department of Insurance (CDI)—forms the cornerstone of Plaintiffs' claims. Plaintiffs also rely heavily on the rate notices that the Surety Defendants include in the CDI premium rate filings. (*See, e.g.*, *id.* ¶ 8 (including excerpts of 11 separate rate notices that "the Surety Defendants require their agents to post in their retail offices").) Additionally, the SCAC relies throughout on financial data submitted to the CDI by the Surety Defendants. (*See, e.g.*, *id.* at ¶ 159 (allegations specifically based on "ASC's annual financial disclosures filed with the CDI"); ¶ 170 (same); ¶ 182 (same).)

In the previous round of motion to dismiss briefing, the Court granted Defendants' request for judicial notice of two web pages, on the basis that "web pages themselves are judicially noticeable as a general matter." (ECF No. 91, Order Granting in Part and Denying in Part Motions to Dismiss ("Order") at 6 (citing *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).) The Court also granted Plaintiffs' request for judicial notice of certain "documents currently or formerly available on publicly accessible websites." (Order at 6.) The Court noted "that a document is not judicially noticeable simply because it appears on a publicly available website," but granted judicial notice based on the incorporation by reference doctrine, given the parties' use of the contents of the documents. (*Id.* at 6 (citing *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018).) Finally, the Court granted Plaintiffs' request to judicially notice an excerpt from a CDI rate review file. (*Id.* at 7.) The same justifications for judicial notice apply here: the premium rate filings are publicly available on the CDI website and Plaintiffs have made extensive use of the information contained therein to support the allegations in the SCAC.

//

## II. ARGUMENT

### A. Legal Standard

When ruling on a motion to dismiss, a court may consider any matter that is subject to judicial notice or incorporated by reference into the complaint. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 503-04 (9th Cir. 1986); *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). Judicial notice is appropriate for facts "not subject to reasonable dispute" that are either generally known within the jurisdiction of the trial court, or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This is true even if the plaintiff does not explicitly allege the contents of the particular documents in the complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Under this standard, a court may take judicial notice of "records and reports of administrative bodies." *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (citing *Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir.1953)).

The incorporation by reference doctrine allows the Court to consider documents not attached to the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908 (9th Cir. 2003). The doctrine extends to circumstances where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Hong v. AXA Equitable Life Ins. Co.*, 2018 WL 6331012, at *2 (N.D. Cal. Dec. 4, 2018) (Tigar, J.) (citing *Knievel*, 393 F.3d at 1076 (9th Cir. 2005)).

### B. The Court Should Take Judicial Notice of the Surety Defendants' Rate Filings and Financial Disclosures

Exhibits 1 through 51 attached to the Declaration are excerpted premium rate filings submitted by the Surety Defendants to the CDI.[2] These filings are publicly available on the Web Access to Rate

---

[2] Given the size and length of these documents, Defendants have excerpted the rate filings submitted

and Form Filings (WARFF) system, which is available via the CDI's website at http://www.insurance.ca.gov/0250-insurers/0800-rate-filings/0050-viewing-room/. Exhibit 52 is a copy of the "Annual Statement For the Year Ended December 31, 2018," submitted to the CDI by Defendant Continental Heritage Insurance Company, publicly available on the CDI's website at https://interactive.web.insurance.ca.gov/sdrive/companyprofile/2018/propertyAndCasualty/annual/39551.2018.P.AN.PK.O.M.3642092.pdf.

Under Federal Rule of Evidence 201, the court can take judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet," such as websites run by governmental agencies. *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015). This is because the accuracy of the results of records searches of government websites "can be determined by readily accessible resources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(B)(2); *see also L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 938 (C.D. Cal. 2011). The court may take judicial notice "at any stage of the proceeding." Fed. R. Evid. 201(d). And the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

Moreover, the Court may take judicial notice of matters of public record, including materials filed before the CDI. *See Moore v. Navarro*, No. C 00–03213 MMC, 2004 WL 783104, at *2 (N.D. Cal. Mar. 31, 2004) (citing *Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986)); *see also Mike Rose's Auto Body, Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, No. 16-cv-01864-EMC, 2016 WL 5407898, at *2 (N.D. Cal. Sept. 28, 2016) (taking judicial notice of decision by the California Insurance Commissioner because its existence is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Faragi v. Provident Life & Acc. Ins. Co.*, 161 F. App'x 649, 650 (9th Cir. 2005) (taking judicial notice of records from the California Insurance Commissioner). The Court should therefore

---

as Exhibits 1 through 51 for the Court's convenience and included only the cover pages, the "Filing at a Glance" pages, the relevant rate schedule page(s), and in some cases, portions quoted or referenced in the SCAC or Defendants' Motion to Dismiss. Defendants also include the relevant rate notices that Plaintiffs refer to in the SCAC. (*See, e.g.*, SCAC ¶ 8.) Defendants are prepared to submit the filings in their entirety should the Court so wish.

take judicial notice of the premium rate filings and financial disclosures submitted as Exhibits 1-52.

### C. The Surety Defendants' Rate Filings and Financial Disclosures Are Incorporated by Reference

The Court may also take judicial notice of Defendants' CDI premium rate filings and financial disclosures because they are incorporated by reference.

The Ninth Circuit has applied the incorporation by reference doctrine to "situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel*, 393 F.3d at 1076. Here, Plaintiffs rely extensively on the contents of the Surety Defendants' rate filings and financial disclosures available on the CDI website to support their conspiracy claims. (*See supra* Part I.) While the SCAC does not attach the rate filings to the SCAC, Plaintiffs' claims fundamentally rely on the contents of these filings. The core allegation in the SCAC is that Defendants have conspired to fix the premium rates filed with the CDI at 10%. (*See* SCAC ¶ 7.) The SCAC specifically references the contents of various types of CDI filings, including premium rate filings, at least a dozen times. (*See, e.g.*, *id.* ¶¶ 103, 107, 139, 156, 159.) Plaintiffs cannot plausibly argue that they have obtained the Surety Defendants' premium rate schedules from any other source but the CDI filings themselves. Nor can Plaintiffs reasonably dispute the contents of the filings available on the CDI website. As Plaintiffs explain in the SCAC, "Rate filings are public . . . and CDI filings are easily accessible to the public in reading rooms and on CDI's website." (*Id.* ¶ 89.) For this reason, the premium rate filings of each of the Surety Defendants included as Exhibits 1-51 should be deemed incorporated into the SCAC by reference. *See Ritchie*, 342 F.3d at 908 (9th Cir. 2003); *Hong*, 2018 WL 6331012, at *2.

The same holds true for Exhibit 52. The SCAC specifically cites language and quotes financial data from Defendant Continental Heritage Co.'s "annual financial disclosures filed with the CDI." (SCAC ¶ 237.) Therefore, such financial disclosures should be deemed incorporated by reference.

### III. CONCLUSION

Defendants respectfully request that the Court take judicial notice of the documents enumerated herein in consideration of Defendants' Motion to Dismiss.

| | | |
|---|---|---|
| 1 | Dated: June 12, 2020 | Respectfully submitted, |
| 2 | | By: /s/ *Beatriz Mejia* |
| 3 | | Beatriz Mejia (190948) |
| 4 | | COOLEY LLP<br>MICHAEL A. ATTANASIO (151529) |
| 5 | | BEATRIZ MEJIA (190948)<br>DAVID HOUSKA (295918) |
| 6 | | MAX SLADEK DE LA CAL (324961) |
| 7 | | *Attorneys for Defendants Seaview Insurance Company and Two Jinn, Inc.* |
| 8 | Dated: June 12, 2020 | By: */s/ Julie A. Gryce* |
| 9 | | |
| 10 | | Julie A. Gryce (319530)<br>DLA Piper LLP (US) |
| 11 | | 401 B Street, Suite 1700<br>San Diego, CA 92101-4297 |
| 12 | | Telephone: (619) 699-2700<br>Facsimile: (619) 699-2701 |
| 13 | | julie.gryce@dlapiper.com |
| 14 | | Michael P. Murphy (*pro hac vice*)<br>DLA PIPER LLP (US) |
| 15 | | 1251 Avenue of the Americas<br>New York, NY 10020-1104 |
| 16 | | Telephone: (212) 335-4500<br>Facsimile: (212) 335-4501 |
| 17 | | michael.murphy@dlapiper.com |
| 18 | | John Hamill<br>DLA Piper LLP (US) |
| 19 | | 444 West Lake Street, Suite 900<br>Chicago, IL 60606-0089 |
| 20 | | Telephone: 312.368.7036<br>Facsimile: 312.251.5809 |
| 21 | | John.hamill@us.dlapiper.com |
| 22 | | *Attorneys for Defendant Danielson National Insurance Company* |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| Dated: June 12, 2020 | | By: */s/ Blake Zollar* |

Drew Koning (263082)
Blake Zollar (268913)
Shaun Paisley (244377)
KONING ZOLLAR LLP
169 Saxony Road, Suite 115
Encinitas, CA 92024
Telephone: (858) 252-3234
Facsimile: (858) 252-3238
drew@kzllp.com
blake@kzllp.com
shaun@kzllp.com

*Attorneys for Defendant All-Pro Bail Bonds, Inc.*

Dated: June 12, 2020                    By: */s/ Gerard G. Pecht*

Gerard G. Pecht (*pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
gerard.pecht@nortonrosefulbright.com

Joshua D. Lichtman (SBN 176143)
NORTON ROSE FULBRIGHT US LLP
555 South Flower Street, Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
joshua.lichtman@nortonrosefulbright.com

*Attorneys for Defendant American Contractors Indemnity Company*

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
MASTER DOCKET NO. 19-CV-00717 (JST)**

| | | |
|---|---|---|
| Dated: June 12, 2020 | | By: */s/ Anne K. Edwards* |

Anne K. Edwards (110424)
SMITH, GAMBRELL & RUSSELL, LLP
444 South Flower Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 358-7210
Facsimile: (213) 358-7310
aedwards@sgrlaw.com

*Attorneys for Defendant Williamsburg National Insurance Company*

Dated: June 12, 2020                    By: */s/ Nicole S. Healy*

Todd A. Roberts
Nicole S. Healy
Edwin B. Barnes
ROPERS MAJESKI PC

*Attorneys for Defendants American Bail Coalition, Inc. and William B. Carmichael*

Dated: June 12, 2020                    By: */s/ David F. Hauge*

David F. Hauge (128294)
Todd H. Stitt (179694)
Vincent S. Loh (238410)
MICHELMAN & ROBINSON, LLP

*Attorneys for Defendants United States Fire Insurance Company, The North River Insurance Company, and Seneca Insurance Company*

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11.

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**
**MASTER DOCKET NO. 19-CV-00717 (JST)**

| | | |
|---|---|---|
| Dated: June 12, 2020 | | By: */s/ Christie A. Moore* |

Christie A. Moore (*pro hac vice*)
W. Scott Croft (*pro hac vice*)
DENTONS BINGHAM GREENEBAUM DOLL LLP
101 S. Fifth Street
3500 PNC Tower
Louisville, KY 40202
Telephone: 502.587.3758
Facsimile: 502.540.2276
cmoore@bgdlegal.com
wcroft@bgdlegal.com

*Attorneys for Lexon Insurance Company*

Dated: June 12, 2020                                  By: */s/ Travis Wall*

Travis Wall (191662)
Spencer Kook (205304)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Tel: (415) 362-6000
twall@hinshawlaw.com

*Attorneys for Defendant Philadelphia Reinsurance Corporation*

Dated: June 12, 2020                                  By: */s/ Gregory S. Day*

Gregory S. Day
LAW OFFICES OF GREGORY S. DAY
120 Birmingham Drive, Suite 200
Cardiff, CA 92007
Telephone: (760) 436-2827
attygsd@gmail.com

*Attorneys for Defendants California Bail Agents Association, Universal Fire & Insurance Company, Sun Surety Insurance Company*

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

12.

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
MASTER DOCKET NO. 19-CV-00717 (JST)**

| | | |
|---|---|---|
| Dated: June 12, 2020 | | By: */s/ Howard Holderness* |

John A. Sebastinelli (127859)
Howard Holderness (169814)
GREENBERGTRAURIG, LLP
4 Embarcadero Ctr, Ste. 3000
San Francisco, CA 94111-5983
Telephone: (415) 655-1289
Facsimile: (415) 358-4796
sebastinellij@gtlaw.com
holdernessh@gtlaw.com

*Attorneys for Defendants American Surety Company and Indiana Lumbermens Mutual Insurance Company*

Dated: June 12, 2020               By: */s/ Gary A. Nye*

Gary A. Nye (126104)
ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

*Attorneys for Defendants Allegheny Casualty Company, AIA Holdings, Inc., Bankers Insurance Company, International Fidelity Insurance Company, Lexington National Insurance Corporation, and Jerry Watson*

Dated: June 12, 2020               By: */s/ Brendan Pegg*

Brendan Pegg (174159)
LAW OFFICES OF BRENDAN PEGG
201 E. Ojai Avenue #1505
Ojai, CA 93024
Telephone: (805) 3024151
Facsimile: (877) 719-7298
brendan@bpegglaw.com

*Attorneys for Defendant Financial Casualty & Surety, Inc.*

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

13.

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
MASTER DOCKET NO. 19-CV-00717 (JST)**

| | | |
|---|---|---|
| Dated: June 12, 2020 | | By: */s/ Erik K. Swanholt* |

Erik K. Swanholt
FOLEY & LARDNER
555 South Flower St., 33rd Floor
Los Angeles, CA 90071
Telephone: (213) 972-4500
Facsimile: (213) 486-0065

*Attorneys for Defendants Continental Heritage Insurance Company*

Dated: June 12, 2020                    By: */s/ John M. Rorabaugh*

John M. Rorabaugh (178366)

*Attorney for Defendant Golden State Bail Association*

Dated: June 12, 2020                    By: */s/ Paul J. Riehle*

Paul J. Riehle (115199)
FAEGRE DRINKER BIDDLE & REATH LLP
4 Embarcadero Center, 27th Floor
San Francisco, California 94111
Telephone: (415) 551-7521
Facsimile: (415) 551- 7510
paul.riehle@faegredrinker.com

*Attorneys for Defendant Accredited Surety and Casualty Company, Inc.*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Beatriz Mejia, attest that concurrence in the filing of this document has been obtained from the other signatories. Executed on June 12, 2020 in Berkeley, California.

*/s/ Beatriz Mejia*
Beatriz Mejia