KONING ZOLLAR LLP
Drew Koning (263082)
(drew@kzllp.com)
Blake Zollar (268913)
(blake@kzllp.com)
Shaun Paisley (244377)
(shaun@kzllp.com)
169 Saxony Road, Suite 115
Encinitas, CA 92024
Telephone: (858) 252-3234
Facsimile: (858) 252-3238

*Attorneys for Defendant*
*All-Pro Bail Bonds, Inc.*

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 19-CV-00717-JST<br><br>**DECLARATION OF SHAUN PAISLEY IN SUPPORT OF DEFENDANT ALL-PRO BAIL BONDS, INC.'S MOTION FOR RULE 11 SANCTIONS**<br><br>Date: August 12, 2020<br>Time: 2:00 p.m.<br>Location: Courtroom 6, 2nd Floor<br>Judge: The Honorable Jon S. Tigar |

I, Shaun Paisley, hereby declare as follows:

1. I am a partner of the law firm, Koning Zollar LLP, and counsel of record for Defendant All-Pro Bail Bonds, Inc. ("All-Pro") in this action.

2. On April 30, 2020, I sent a letter to Plaintiffs' counsel, Dean Harvey, on behalf of All-Pro, which attached business records obtained from All-Pro's systems relating to bail transactions on December 25, 2016, the date Plaintiff Shonetta Crain alleges she obtained a bail bond from All-Pro. A true and correct copy of my April 30, 2020 letter, along with the attached business records, is attached hereto as Exhibit 1.

3. On May 5, 2020, Mr. Harvey sent a letter responding to my letter of April 30, 2020, a true and correct copy of which is attached hereto as Exhibit 2.

4. On May 11, 2020, I sent a letter responding to Mr. Harvey's May 5, 2020 letter, a true and correct copy of which is attached hereto as Exhibit 3.

5. On May 12, 2020, Mr. Harvey sent a letter responding to my letter of May 11, 2020, a true and correct copy of which is attached hereto as Exhibit 4.

6. On June 8, 2020, I served All-Pro's proposed Rule 11 motion, along with the supporting Declarations of Shaun Paisley and Steffan Gibbs, on Plaintiffs' counsel by email, with Plaintiffs' counsel's consent.

7. On June 9, 2020, Mr. Harvey sent me a letter responding to the Rule 11 motion, a true and correct copy of which is attached hereto as Exhibit 5.

8. On June 17, 2020, I sent a letter responding to Mr. Harvey's June 9, 2020 letter, a true and correct copy of which is attached hereto as Exhibit 6.

9. After further discussions with Mr. Harvey, I sent him an email on June 30, 2020, attaching additional business records obtained from All-Pro's systems relating to bail transactions on November 8, 2017 and January 16, 2020, two dates that I had selected at random to illustrate the differences between how discounts and rebates appear on All-Pro's records. A true and correct copy of my June 30, 2020 email, along with the attached business records, is attached hereto as Exhibit 7.

10. Throughout my discussions with Plaintiffs' counsel, All-Pro repeatedly offered to provide, and Plaintiffs' counsel repeatedly declined to review, a random sample of rebating data

from dates of Plaintiffs' choosing, with Plaintiffs' counsel taking the position that the frequency of All-Pro's rebating was irrelevant to their assessment of whether All-Pro participated in an anti-rebating conspiracy. All-Pro renewed this offer on July 6, 2020, and Plaintiffs' counsel responded the same day, stating that the evidence All-Pro was offering was irrelevant to liability "as a matter of black letter antitrust law." A true and correct copy of this email exchange is attached hereto as Exhibit 8.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 7th day of July, 2020

/s/ Shaun Paisley
Shaun Paisley

EXHIBIT 1



**Koning Zollar LLP**
470 James Street, #007
New Haven, CT 06513
www.kzllp.com

Shaun Paisley
(203) 951-1213
shaun@kzllp.com

April 30, 2020

**By Email**

Dean Harvey
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
dharvey@lchb.com

> Re: ***In Re California Bail Bond Antitrust Litigation***, No. 3:19-cv-00717-JST (N.D. Cal.): All-Pro Bail Bonds, Inc.

Dear Dean:

As you know, this firm represents All-Pro Bail Bonds, Inc. ("All-Pro") in this lawsuit. On April 13, 2020, the Court dismissed Plaintiffs' Consolidated Amended Complaint against All-Pro on the basis that the only allegation concerning All-Pro—that it sold Plaintiff Shonetta Crain an allegedly "inflated" bail bond—did not add up to a plausible claim that All-Pro was involved in an antitrust conspiracy. (Dkt. No. 91 at 26.) While the Court granted Plaintiffs leave to amend, I am writing to explain why Plaintiffs cannot include All-Pro as a defendant in any amended complaint consistent with Federal Rule of Civil Procedure 11(b)(3).

There is a reason why Plaintiffs were unable to allege sufficient facts to support their antitrust claims against All-Pro the first time around: there are no such facts to allege. All-Pro is not and never has been involved in a conspiracy not to provide rebates to bail bond purchasers. In fact, contrary to the assertion Plaintiffs made in opposition to All-Pro's motion to dismiss that All-Pro "refuses to [rebate]" (Dkt. No. 68 at 6), All-Pro has consistently rebated in order to compete with other agents in the bail bond market.

Indeed, Plaintiff Crain's experience of paying a 10% premium for a bond and not receiving a rebate is the exception, not the rule. To illustrate, out of the forty-five individuals who obtained bonds from All-Pro on the same date Plaintiff Crain did—December 25, 2016—the majority (24 out of 45) paid a premium of less than 10% after discounts and commission rebates, with some paying

as little as 5% or 6%. Attached is a record of data exported from All-Pro's customer database providing detail on these transactions. (We have redacted all identifying information except as it relates to Plaintiff Crain.) Also attached are receipts for some of these bail transactions, which show a line item for commission rebates.

This snapshot from the day Plaintiff Crain was issued a bond is consistent with All-Pro's practice on commission rebating throughout the period relevant to this lawsuit. For example, over the course of the past four years, the average annual bail bond premium charged by All-Pro, after discounts and rebates, has ranged from 5.3% to 6.7%. That number varies from year to year because in many, if not most, cases, bonds are individually negotiated. The amount of the commission rebate provided to bail bond purchasers thus varies from person to person, often depending on their personal circumstances, including their ability to pay, and the rates they have previously been quoted by All-Pro's competitors.

In sum, Plaintiffs have no basis on which to include All-Pro as a defendant in any amended complaint Plaintiffs intend to file. To survive dismissal, Plaintiffs would have to plead that All-Pro refuses to rebate. But that allegation would not have the required "evidentiary support" under Rule 11(b)(3) because it is false: All-Pro routinely offers rebates. Plaintiffs would also have to plead facts sufficient to state a plausible claim that All-Pro has engaged in an antitrust conspiracy with bail agents, sureties, bail associations, and individuals. But again, no such facts could be alleged consistent with Rule 11(b)(3) because All-Pro actively competes for business in the bail bond marketplace, including by providing rebates.

In light of this information, please confirm that Plaintiffs will not be asserting any claims against All-Pro in any amended complaint. If, notwithstanding the information All-Pro is providing in this letter, Plaintiffs choose to name All-Pro as a defendant, All-Pro will have no choice but to seek Rule 11 sanctions. *See Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1154 (9th Cir. 2002) (holding that sanctions under Rule 11(b)(3) are appropriate when counsel has "personal knowledge of [facts] that disprove[] his . . . argument"); *Hunt v. Sunny Delight Beverages Co.*, No. 818CV00557JLSDFM, 2018 WL 6786265, at *4 (C.D. Cal. Dec. 18, 2018) (imposing Rule 11 sanctions where plaintiff persisted with false factual allegations even after the defendant presented plaintiff with proof of their falsity).

If you wish to discuss this matter further, please feel free to contact me at (203) 951-1213.

Sincerely,

Shaun Paisley

Bonds issued on 12/25/2016

| Bond Date | Power Number | Bond Amount | Prem. Chrged | Commission Rebate | Total billed | Rebate % | Agent | Case Number | Court Name | Defendant |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/25/2016 | 555-555170318 | $50,000.00 | $5,000.00 | $2,500.00 | $2,500.00 | 50% | Nava, Miguel | | San Diego Superior | |
| 12/25/2016 | 5105-510563255 | $65,000.00 | $6,500.00 | $2,600.00 | $3,900.00 | 40% | Hohl, Deanna | | San Francisco | |
| 12/25/2016 | 527-527280498 | $20,000.00 | $2,000.00 | $800.00 | $1,200.00 | 40% | Costilla, Ector | | San Francisco | |
| 12/25/2016 | 5105-510564229 | $100,000.00 | $10,000.00 | $4,000.00 | $6,000.00 | 40% | Thomas, Justin | | Visalia | |
| 12/25/2016 | 555-555170319 | $50,000.00 | $5,000.00 | $1,500.00 | $3,500.00 | 30% | Sandoval, Ismael | 1 | South Bay | |
| 12/25/2016 | 5250-525009729 | $120,000.00 | $12,000.00 | $3,600.00 | $8,400.00 | 30% | Gonzalez, Robert | | WILEY W. MANUEL COURT | |
| 12/25/2016 | 527-527281528 | $15,000.00 | $1,500.00 | $450.00 | $1,050.00 | 30% | Gonzalez, Robert | | Oakland | |
| 12/25/2016 | 527-527281529 | $15,000.00 | $1,500.00 | $450.00 | $1,050.00 | 30% | Gonzalez, Robert | | WILEY W. MANUEL COURT | |
| 12/25/2016 | 511-511346088 | $693.00 | $69.30 | $19.30 | $50.00 | 28% | Sandoval, Ismael | | South Bay | |
| 12/25/2016 | 580-580303170 | $2,500.00 | $250.00 | $50.00 | $200.00 | 20% | Torres, Francisco | | North County Superior | |
| 12/25/2016 | 555-555167827 | $30,000.00 | $3,000.00 | $600.00 | $2,400.00 | 20% | Truong, Nhan | | North County Superior | |
| 12/25/2016 | 511-511346087 | $2,500.00 | $250.00 | $50.00 | $200.00 | 20% | Ramirez, Ivan | | San Diego Superior | |
| 12/25/2016 | 511-511346093 | $5,000.00 | $500.00 | $100.00 | $400.00 | 20% | Sandoval, Ismael | | South Bay | |
| 12/25/2016 | 511-511346091 | $2,500.00 | $250.00 | $50.00 | $200.00 | 20% | Sandoval, Ismael | | El Cajon Sup | |
| 12/25/2016 | 527-527275841 | $20,000.00 | $2,000.00 | $400.00 | $1,600.00 | 20% | Lopez, Victor | | South Bay | |
| 12/25/2016 | 511-511333464 | $5,000.00 | $500.00 | $100.00 | $400.00 | 20% | Americano Sanchez | | Modesto | |
| 12/25/2016 | 555-555173172 | $40,000.00 | $4,000.00 | $800.00 | $3,200.00 | 20% | Sarabia, Cristobal | | Merced | |
| 12/25/2016 | 511-511348505 | $5,000.00 | $500.00 | $100.00 | $400.00 | 20% | Barraza, Sergio | | So County | |
| 12/25/2016 | 555-555167626 | $30,000.00 | $3,000.00 | $600.00 | $2,400.00 | 20% | Barraza, Sergio | | So County | |
| 12/25/2016 | 527-527280324 | $15,000.00 | $1,500.00 | $300.00 | $1,200.00 | 20% | Valderrama, Steve | | Redwood City | |
| 12/25/2016 | 527-527282383 | $20,000.00 | $2,000.00 | $400.00 | $1,600.00 | 20% | Hohl, Deanna | | WILEY W. MANUEL COURT | |
| 12/25/2016 | 555-555170382 | $50,000.00 | $5,000.00 | $1,000.00 | $4,000.00 | 20% | Rojas, Nathan | | Visalia | |
| 12/25/2016 | 527-527275882 | $20,000.00 | $2,000.00 | $400.00 | $1,600.00 | 20% | Rojas, Nathan | | Visalia | |
| 12/25/2016 | 527-527281597 | $25,000.00 | $2,500.00 | $500.00 | $2,000.00 | 20% | Mejia, Juan | | Fresno | |
| 12/25/2016 | 580-580303168 | $2,000.00 | $200.00 | $0.00 | $200.00 | 0% | Cortez, Rody | | North County Superior | |
| 12/25/2016 | 580-580303167 | $2,000.00 | $200.00 | $0.00 | $200.00 | 0% | Cortez, Rody | | North County Superior | |
| 12/25/2016 | 511-511346086 | $693.00 | $69.30 | $0.00 | $69.30 | 0% | Ramirez, Ivan | | San Diego Superior | |
| 12/25/2016 | 555-555173171 | $50,000.00 | $5,000.00 | $0.00 | $5,000.00 | 0% | Sarabia, Cristobal | | Merced | |
| 12/25/2016 | 580-580305252 | $3,000.00 | $300.00 | $0.00 | $300.00 | 0% | Hartel, Gregory | | Stockton | |
| 12/25/2016 | 527-527280359 | $24,400.00 | $2,440.00 | $0.00 | $2,440.00 | 0% | Hartel, Gregory | | Manteca | |
| 12/25/2016 | 527-527277997 | $25,000.00 | $2,500.00 | $0.00 | $2,500.00 | 0% | Garcia, Miguel | | Modesto | |
| 12/25/2016 | 527-527278029 | $20,000.00 | $2,000.00 | $0.00 | $2,000.00 | 0% | Jasso, Adriana | | Modesto | |
| 12/25/2016 | 555-555169331 | $50,000.00 | $5,000.00 | $0.00 | $5,000.00 | 0% | Americano Sanchez | | Modesto | |
| 12/25/2016 | 527-527280243 | $10,000.00 | $1,000.00 | $0.00 | $1,000.00 | 0% | Vargas, Christopher | | RICHMOND | |
| 12/25/2016 | 555-555169465 | $10,000.00 | $1,000.00 | $0.00 | $1,000.00 | 0% | Molina, Moyses | | San Jose-Superior | |
| 12/25/2016 | 527-527281663 | $20,000.00 | $2,000.00 | $0.00 | $2,000.00 | 0% | Barraza, Christian | | San Jose Superior | |
| 12/25/2016 | 5105-510565196 | $56,000.00 | $5,600.00 | $0.00 | $5,600.00 | 0% | Barraza, Sergio | | HOLLISTER | |
| 12/25/2016 | 555-555170859 | $30,000.00 | $3,000.00 | $0.00 | $3,000.00 | 0% | Hohl, Deanna | 6326400 | WILEY W. MANUEL COURT | DAVIS, JAMIKIA |
| 12/25/2016 | 527-527281596 | $20,000.00 | $2,000.00 | $0.00 | $2,000.00 | 0% | Salazar, Christopher | | Hanford | |
| 12/25/2016 | 527-527281593 | $10,500.00 | $1,050.00 | $0.00 | $1,050.00 | 0% | Salazar, Christopher | | Fresno | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 12/25/2016 | 527-527281586 | $20,000.00 | $2,000.00 | $0.00 | $2,000.00 | 0% | Salazar, Christopher | Fresno |
| 12/25/2016 | 527-527281594 | $5,000.00 | $500.00 | $0.00 | $500.00 | 0% | Salazar, Christopher | Fresno |
| 12/25/2016 | 5105-510564172 | $65,000.00 | $6,500.00 | $0.00 | $6,500.00 | 0% | Flores, Christopher | Indio court |
| 12/25/2016 | 511-511344804 | $5,000.00 | $500.00 | $0.00 | $500.00 | 0% | Flores, Christopher | Riverside |
| 12/25/2016 | 527-527278452 | $25,000.00 | $2,500.00 | $0.00 | $2,500.00 | 0% | Flores, Christopher | Riverside |
| | | **$926,786.00** | **$92,678.60** | **$11,469.30** | **$81,209.30** | | | |
| | | | | 12% | | | | |

45 bonds issued
24 w Rebates of 20%, or greater

## BAIL BOND PREMIUM RECEIPT
## AND STATEMENT OF CHARGES

RECEIPT NO.: 527280498-0

*I understand that the premium owing or paid is fully earned upon the defendant's release from custody, and the fact that the defendant may have been improperly arrested, re-arrested, the case dismissed, or the bail reduced shall not obligate the return or forgiveness of any portion of the premium except as otherwise provided by applicable law (if any) as stated in an addendum attached to the Bail Bond Application and Agreement.*

1. Date  12/25/2016          Date of Defendant's Arrest  12/25/2016

2. Amount Received ONE THOUSAND FIVE HUNDRED Dollars ($  1,200  )

3. In the form of [ ] cash [ ] check [ ] money order [✓] credit card [ ] other _____

4. Payer's Name: _____ _____ _____
   First / Middle / Last

5. Payer's Address: _____ _____ _____ _____
   Street / City / State / Zip

6. In connection with a Bail Bond(s) for Defendant: _____ _____ _____
   First / Middle / Last

7. Bail Bond Amount(s):  20,000   Power Nos. (if known):  527280498-0

8. Date of Defendant's Release on Bail  12/25/2016

9. Court Name & Address  850 BRYANT ST SAN FRANCISCO, CA

10. Date & Time of Next Required Court Appearance  12/30/2016 @ 9:00 AM

11. Charged with:  166(A)(4)PC/M

12. Bail Bond Premium                                      $  2,000

13. Itemized Expenses (if and as permitted by applicable law):

    REBATE                                               $  -800

    NONE                                                 $  0

14. Total Charges (premium plus any itemized expenses):  $  1,200

15. Amount Paid:                                          $  -1,200

16. Balance Due:                                          $  0

17. Was collateral taken? [ ] Yes [✓] No  If yes, collateral receipt # _____

All other documents executed by Defendant, Indemnitor(s), me, or other party related to the Bail Bond(s) are incorporated into and made a part hereof by reference.

_____
PAYER SIGNATURE

_____
PAYER NAME (PRINTED)

**Bankers Insurance Company**
**11101 Roosevelt Blvd. N.**
**St. Petersburg, FL 33716**
**800-627-0000**

RECEIVED BY: _____

_____
PRODUCER/REPRESENTATIVE SIGNATURE

E. COSTILLA
_____
PRODUCER NAME (PRINTED)

Bail Producer Stamp: [must include name, address, phone no. and license no.]
ALL-PRO BAIL BOND
P.O. BOX 131658
Carlsbad, CA 92013
855-328-9005
LICENSE # BA 1843885

White – Producer Copy • Yellow – Payer Copy
NOT FOR USE IN ARKANSAS, COLORADO OR NEW MEXICO
© 2014 Bankers Insurance Company

BIC9921940414

# BAIL BOND PREMIUM RECEIPT
## AND STATEMENT OF CHARGES

RECEIPT NO.: _____

*I understand that the premium owing or paid is fully earned upon the defendant's release from custody, and the fact that the defendant may have been improperly arrested, re-arrested, the case dismissed, or the bail reduced shall not obligate the return or forgiveness of any portion of the premium except as otherwise provided by applicable law (if any) as stated in an addendum attached to the Bail Bond Application and Agreement.*

1. Date __12/25/2016__    Date of Defendant's Arrest __12/24/2016__

2. Amount Received __400.00__ Dollars ($ __-400.00__ )

3. In the form of ☐ cash ☐ check ☐ money order ☐ credit card ☐ other

4. Payer's Name: _____ ▇▇▇ _____ ▇▇▇ _____ ▇▇▇
       First             Middle           Last

5. Payer's Address: ▇▇▇ ▇ ▇▇
       Street        City        State       Zip

6. In connection with a Bail Bond(s) for Defendant: _____ _____ _____
       First        Middle      Last

7. Bail Bond Amount(s): __100,000.00__ Power Nos. (if known) 510564229-3

8. Date of Defendant's Release on Bail __12/25/2016__

9. Court Name & Address VISALIA SUPERIOR COURT 221 S. MOONEY BLVD. VISALIA, CA 93277

10. Date & Time of Next Required Court Appearance _____ @ _____ In Department: _____

11. Charged with: __VC23153(b)__

12. Bail Bond Premium      $ __10000__

13. Itemized Expenses (if and as permitted by applicable law):
    __REBATE__      $ __-4,000.00__
    _____      $ _____

14. Total Charges (premium plus any itemized expenses): $ __6,000.00__

15. Amount Paid:      $ __-400.00__

16. Balance Due:      $ __$ 5,600.00__

17. Was collateral taken? ☐ Yes ☑ No If yes, collateral receipt # __NONE__

All other documents executed by Defendant, Indemnitor(s), me, or other party related to the Bail Bond(s) are incorporated into and made a part hereof by reference.

▇▇▇▇▇▇

PAYER SIGNATURE

▇▇▇

PAYER NAME (PRINTED)

RECEIVED BY: _(signature)_

PRODUCER/REPRESENTATIVE SIGNATURE

JUSTIN THOMAS

PRODUCER NAME (PRINTED)

**Bankers Insurance Company**
**11101 Roosevelt Blvd. N.**
**St. Petersburg, FL 33716**
**800-627-0000**

Bail Producer Stamp: [must include name, address, phone no. and license no.]
**ALL- PRO BAIL BONDS**
**2117 MERCED ST**
**FRESNO, CA 93721**
**559-230-2245**
**LICENSE # BA 1843885**

White – Producer Copy • Yellow – Payer Copy
NOT FOR USE IN ARKANSAS, COLORADO OR NEW MEXICO
© 2014 Bankers Insurance Company

BIC9921940414

# BAIL BOND PREMIUM RECEIPT
## AND STATEMENT OF CHARGE

RECEIPT NO.: _____

*I understand that the premium owing or paid is fully earned upon the defendant's release from custody, and the fact that the defendant may have been improperly arrested, re-arrested, the case dismissed, or the bail reduced shall not obligate the return or forgiveness of any portion of the premium except as otherwise provided by applicable law (if any) as stated in an addendum attached to the Bail Bond Application and Agreement.*

1. Date **12/25/2016**     Date of Defendant's Arrest **12/25/2016**

2. Amount Received **THREE THOUSAND FIVE HUNDRED** Dollars ($ **3500** )

3. In the form of ☐ cash ☐ check ☐ money order ☐ credit card ☐ other _____

4. Payer's Name: ████████

5. Payer's Address: ████████  Street / City / State / Last / Zip

6. In connection with a Bail Bond(s) for Defendant: ____ First ____ Middle ____ Last

7. Bail Bond Amount(s): **$50,000.00**     Power Nos. (if known): **555170319-3**

8. Date of Defendant's Release on Bail **12/25/2016**

9. Court Name & Address **Chula Vista Superior Court / 500 3rd ave Chula Vista , ca**

10. Date & Time of Next Required Court Appearance **01/03/2017 @ 12:30 pm**

11. Charged with: **273.5(A) PC**

12. Bail Bond Premium     $ **$5,000.00**

13. Itemized Expenses (if and as permitted by applicable law):

    **Reabte**     $ **-$1,500.00**

    _____     $ _____

14. Total Charges (premium plus any itemized expenses):     $ **$3,500.00**

15. Amount Paid:     $ **$3500**

16. Balance Due:     $ **0**

17. Was collateral taken? ☐ Yes ☑ No  If yes, collateral receipt # _____

All other documents executed by Defendant, Indemnitor(s), me, or other party related to the Bail Bond(s) are incorporated into and made a part hereof by reference.

████████
PAYER SIGNATURE

RECEIVED BY
PRODUCER/REPRESENTATIVE SIGNATURE

████████
PAYER NAME (PRINTED)

*CARNER BAKER*
PRODUCER NAME (PRINTED)

**Bankers Insurance Company**
**11101 Roosevelt Blvd. N.**
**St. Petersburg, FL  33716**
**800-627-0000**

Bail Producer Stamp: [must include name, address, phone no. and license no.]

White – Producer Copy • Yellow – Payer Copy
NOT FOR USE IN ARKANSAS, COLORADO OR NEW MEXICO
© 2014 Bankers Insurance Company

BIC9921940414

# BAIL BOND PREMIUM RECEIPT
## AND STATEMENT OF CHARGES

**RECEIPT NO.:** _____

*I understand that the premium owing or paid is fully earned upon the defendant's release from custody, and the fact that the defendant may have been improperly arrested, re-arrested, the case dismissed, or the bail reduced shall not obligate the return or forgiveness of any portion of the premium except as otherwise provided by applicable law (if any) as stated in an addendum attached to the Bail Bond Application and Agreement.*

1. Date ___12/25/2016___     Date of Defendant's Arrest ___12/24/2016___

2. Amount Received ___ONE THOUSAND FIVE HUNDRED___ Dollars ($ ___1500.00___ )

3. In the form of ☐ cash ☐ check ☐ money order ☐ credit card ☐ other _____

4. Payer's Name: _____ _____ _____
             First        Middle        Last

5. Payer's Address: _____ _____ _____ _____
             Street       City       State      Zip

6. In connection with a Bail Bond(s) for Defendant: _____ _____ _____
             First       Middle      Last

7. Bail Bond Amount(s): ___120000.00___ Power Nos. (if known): _____

8. Date of Defendant's Release on Bail ___12/25/2016___

9. Court Name & Address ___12/27/2016 @ 09:00 Am___

10. Date & Time of Next Required Court Appearance ___661 Washington St Oakland CA 94607___

11. Charged with: ___PC 29800(a)(1), PC 30305(a)(1)  PC 459-f-2___

12. Bail Bond Premium      $ ___12000.00___

13. Itemized Expenses (if and as permitted by applicable law):

    ___REBATE___      $ ___-3600.00___

    ___NONE___      $ ___0.00___

14. Total Charges (premium plus any itemized expenses):   $ ___8400.00___

15. Amount Paid:      $ ___1500.00___

16. Balance Due:      $ ___6900.00___

17. Was collateral taken? ☐ Yes ☑ No  If yes, collateral receipt # _____

All other documents executed by Defendant, Indemnitor(s), me, or other party related to the Bail Bond(s) are incorporated into and made a part hereof by reference.

PA▮▮▮▮▮▮▮

PA▮▮▮▮▮▮▮

PAYER NAME (PRINTED)

**Bankers Insurance Company**
**11101 Roosevelt Blvd. N.**
**St. Petersburg, FL 33716**
**800-627-0000**

RECEIVED BY: _____

_____
PRODUCER/REPRESENTATIVE SIGNATURE
ROBERT GONZALEZ

_____
PRODUCER NAME (PRINTED)

Bail Producer Stamp: [must include name, address, phone no. and license no.]

    ALL-PRO BAIL BOND
    P.O. BOX 131658
    Carlsbad, CA 92013
    855-328-9005
    LICENSE # BA 1843885

# BAIL BOND PREMIUM RECEIPT
## AND STATEMENT OF CHARGES

RECEIPT NO.: 527281528-1

*I understand that the premium owing or paid is fully earned upon the defendant's release from custody, and the fact that the defendant may have been improperly arrested, re-arrested, the case dismissed, or the bail reduced shall not obligate the return or forgiveness of any portion of the premium except as otherwise provided by applicable law (if any) as stated in an addendum attached to the Bail Bond Application and Agreement.*

1. Date __12/25/2016__    Date of Defendant's Arrest __12/24/2016__

2. Amount Received __ONE THOUSAND__ Dollars ($ __1000.00__ )

3. In the form of  ☐ cash  ☐ check  ☐ money order  ☐ credit card  ☐ other

4. Payer's Name: _____  _____  _____
   First / Middle / Last

5. Payer's Address: _____  _____  _____  _____
   Street / City / State / Zip

6. In connection with a Bail Bond(s) for Defendant: _____  _____  _____
   First / Middle / Last

7. Bail Bond Amount(s): __15000.00__   Power Nos. (if known): __527281528-1__

8. Date of Defendant's Release on Bail __12/25/2016__

9. Court Name & Address __WILEY MANUEL SUPERIOR COURT__

10. Date & Time of Next Required Court Appearance __12/27/2016__

11. Charged with: __PC243(E)(1)__

12. Bail Bond Premium    $ __1500.00__

13. Itemized Expenses (if and as permitted by applicable law):

    __REBATE__    $ __-450.00__

    _____    $ __0__

14. Total Charges (premium plus any itemized expenses):    $ __1050.00__

15. Amount Paid:    $ __1000.00__

16. Balance Due:    $ __50.00__

17. Was collateral taken?  ☐ Yes  ☑ No   If yes, collateral receipt# _____

All other documents executed by Defendant, Indemnitor(s), me, or other party related to the Bail Bond(s) are incorporated into and made a part hereof by reference.

RECEIVED BY: _____

PRODUCER/REPRESENTATIVE SIGNATURE

PRODUCER NAME (PRINTED) __ROBERT GONZALEZ__

PAYER NAME (PRINTED)

PRODUCER NAME (PRINTED)

**Bankers Insurance Company**
**11101 Roosevelt Blvd. N.**
**St. Petersburg, FL 33716**
**800-627-0000**

Bail Producer Stamp: [must include name, address, phone no. and license no.]

ALL-PRO BAIL BOND
P.O. BOX 131658
Carlsbad, CA 92013
855-328-9005
LICENSE # BA 1843885

White – Producer Copy • Yellow – Payer Copy
NOT FOR USE IN ARKANSAS, COLORADO OR NEW MEXICO
© 2014 Bankers Insurance Company

BIC9921940414

# BAIL BOND PREMIUM RECEIPT
## AND STATEMENT OF CHARGES

RECEIPT NO.: _____

*I understand that the premium owing or paid is fully earned upon the defendant's release from custody, and the fact that the defendant may have been improperly arrested, re-arrested, the case dismissed, or the bail reduced shall not obligate the return or forgiveness of any portion of the premium except as otherwise provided by applicable law (if any) as stated in an addendum attached to the Bail Bond Application and Agreement.*

1.   Date __12/25/2016__     Date of Defendant's Arrest _____

2.   Amount Received __FIVE HUNDRED__ Dollars ($ __500.00__ )

3.   In the form of [ ] cash [✓] check [ ] money order [ ] credit card [ ] other _____

4.   Payer's Name: _____ _____ _____
      First               Middle               Last

5.   Payer's Address: _____ _____ _____
      Street                      City              State        Zip

6.   In connection with a Bail Bond(s) for Defendant: _____ _____ _____
      First               Middle               Last

7.   Bail Bond Amount(s): __15000.00__ Power Nos. (if known): 52728152924

8.   Date of Defendant's Release on Bail __12/25/2016__

9.   Court Name & Address __WILEY MANUEL SUPERIOR COURTHOUSE__

10.  Date & Time of Next Required Court Appearance __12/27/2016__

11.  Charged with: __PC243(E)(1)__

12.  Bail Bond Premium                                    $ __1500.00__

13.  Itemized Expenses (if and as permitted by applicable law):

      __REBATE__                                          $ __-450.00__

      _____                                     $ __0__

14.  Total Charges (premium plus any itemized expenses):  $ __1050.00__

15.  Amount Paid:                                         $ __500.00__

16.  Balance Due:                                         $ __550.00__

17.  Was collateral taken? [ ] Yes [✓] No  If yes, collateral receipt # _____

All other documents executed by Defendant, Indemnitor(s), me, or other party related to the Bail Bond(s) are incorporated into and made a part hereof by reference.

_____                          RECEIVED BY: _____

PAYER SIGNATURE                          PRODUCER/REPRESENTATIVE SIGNATURE

_____                          _Robert Gonzalez_

PAYER NAME (PRINTED)                     PRODUCER NAME (PRINTED)

**Bankers Insurance Company**            Bail Producer Stamp: [must include name, address, phone no.
**11101 Roosevelt Blvd. N.**             and license no.]        ALL-PRO BAIL BOND
**St. Petersburg, FL 33716**                                     P.O. BOX 131658
**800-627-0000**                                                 Carlsbad, CA 92013
                                                                 855-328-9005
                                                                 LICENSE # BA 1843885

White – Producer Copy • Yellow – Payer Copy
**NOT FOR USE IN ARKANSAS, COLORADO OR NEW MEXICO**
© 2014 Bankers Insurance Company

BIC9921940414

## BAIL BOND PREMIUM RECEIPT AND STATEMENT OF CHARGES

RECEIPT NO.: 511342227-4

*I understand that the premium owing or paid is fully earned upon the defendant's release from custody, and the fact that the defendant may have been improperly arrested, re-arrested, the case dismissed, or the bail reduced shall not obligate the return or forgiveness of any portion of the premium except as otherwise provided by applicable law (if any) as stated in an addendum attached to the Bail Bond Application and Agreement.*

1. Date __12/25/2016__    Date of Defendant's Arrest __12/25/2016__

2. Amount Received _____ Dollars ($ _____)

3. In the form of ☐ cash ☐ check ☐ money order ☐ credit card ☐ other _____

4. Payer's Name: ██████████  ██████████  ██████████
   First      Middle      Last

5. Payer's Address: _____
   Street    City    State    Zip

6. In connection with a Bail Bond(s) for Defendant: ██████  ██████
   First    Middle    Last

7. Bail Bond Amount(s): __2500__  Power Nos. (if known): __511342227-4__

8. Date of Defendant's Release on Bail __12/25/2016__

9. Court Name & Address __325 S. Melrose Dr. Vista, Ca 92083__

10. Date & Time of Next Required Court Appearance __02/09/2017 @ 7:30am__

11. Charged with: __23152(A)/23152(B)VC__

12. Bail Bond Premium    $ __250__

13. Itemized Expenses (if and as permitted by applicable law):

    __Rebate__    $ __-50__

    __-__    $ __-__

14. Total Charges (premium plus any itemized expenses):    $ __200__

15. Amount Paid:    $ __200__

16. Balance Due:    $ __0__

17. Was collateral taken? ☐ Yes ☑ No   If yes, collateral receipt # _____

All other documents executed by Defendant, Indemnitor(s), me, or other party related to the Bail Bond(s) are incorporated into and made a part hereof by reference.

██████████████████████

PAYER SIGNATURE

██████████████████████

PAYER NAME (PRINTED)

RECEIVED BY:

_____
PRODUCER/REPRESENTATIVE SIGNATURE

Francisco Jr. Torres
_____
PRODUCER NAME (PRINTED)

**Bankers Insurance Company**
**11101 Roosevelt Blvd. N.**
**St. Petersburg, FL 33716**
**800-627-0000**

Bail Producer Stamp: [must include name, address, phone no. and license no.]
ALL-PRO BAIL BOND
P.O. BOX 131658
Carlsbad, CA 92013
855-328-9005
LICENSE # BA 1843885

White – Producer Copy • Yellow – Payer Copy
NOT FOR USE IN ARKANSAS, COLORADO OR NEW MEXICO
© 2014 Bankers Insurance Company

BIC9921940414

# BAIL BOND PREMIUM RECEIPT
## AND STATEMENT OF CHARGES

RECEIPT NO.: <u>555167827-1</u>

*I understand that the premium owing or paid is fully earned upon the defendant's release from custody, and the fact that the defendant may have been improperly arrested, re-arrested, the case dismissed, or the bail reduced shall not obligate the return or forgiveness of any portion of the premium except as otherwise provided by applicable law (if any) as stated in an addendum attached to the Bail Bond Application and Agreement.*

1. Date <u>12/25/2016</u>     Date of Defendant's Arrest <u>12/25/2016</u>

2. Amount Received <u>600.00</u> Dollars ($ <u>600.00</u> )

3. In the form of [✓] cash [ ] check [ ] money order [✓] credit card [ ] other _____

4. Payer's Name: _____
   First        Middle        Last

5. Payer's Address: _____
   Street     City     State     Zip

6. In connection with a Bail Bond(s) for Defendant: _____
   First        Middle        Last

7. Bail Bond Amount(s): <u>30,000.00</u>  Power Nos. (if known): <u>555167827-1</u>

8. Date of Defendant's Release on Bail <u>12/25/2016</u>

9. Court Name & Address <u>325 S Melrose Dr. Vista, CA 92081</u>

10. Date & Time of Next Required Court Appearance <u>1/3/2017 @ 1:30PM</u>

11. Charged with: <u>245(A)(1)PC</u>

12. Bail Bond Premium                         $ <u>3,000.00</u>

13. Itemized Expenses (if and as permitted by applicable law):

    <u>REBATE</u>                             $ <u>-600.00</u>

    <u>0</u>                                  $ <u>0</u>

14. Total Charges (premium plus any itemized expenses):   $ <u>2,400.00</u>

15. Amount Paid:                              $ <u>600.00</u>

16. Balance Due:                              $ <u>1,800.00</u>

17. Was collateral taken? [ ] Yes [✓] No  If yes, collateral receipt# _____

All other documents executed by Defendant, Indemnitor(s), me, or other party related to the Bail Bond(s) are incorporated into and made a part hereof by reference.

PAYER SIGNATURE

RECEIVED BY: _____

PRODUCER/REPRESENTATIVE SIGNATURE

PAYER NAME (PRINTED)

PRODUCER NAME (PRINTED)

**Bankers Insurance Company**
11101 Roosevelt Blvd. N.
St. Petersburg, FL 33716
800-627-0000

Bail Producer Stamp: [must include name, address, phone no. and license no.]
ALL-PRO BAIL BOND
P.O. BOX 131658
Carlsbad, CA 92013
855-328-9005
LICENSE # BA 1843885

White – Producer Copy • Yellow – Payer Copy
NOT FOR USE IN ARKANSAS, COLORADO OR NEW MEXICO
© 2014 Bankers Insurance Company

BIC9921940414

# BAIL BOND PREMIUM RECEIPT AND STATEMENT OF CHARGES

RECEIPT NO.: _____

*I understand that the premium owing or paid is fully earned upon the defendant's release from custody, and the fact that the defendant may have been improperly arrested, re-arrested, the case dismissed, or the bail reduced shall not obligate the return or forgiveness of any portion of the premium except as otherwise provided by applicable law (if any) as stated in an addendum attached to the Bail Bond Application and Agreement.*

1. Date ___12/25/2016___     Date of Defendant's Arrest ___12/23/2016___

2. Amount Received ___0.00___ Dollars ($___0.00___)

3. In the form of ☐ cash ☐ check ☐ money order ☐ credit card ☐ other _____

4. Payer's Name: _____ _____ _____
                      First          Middle          Last

5. Payer's Address: _____ _____ _____ _____
                      Street        City       State       Zip

6. In connection with a Bail Bond(s) for Defendant: _____ _____ _____
               First       Middle       Last

7. Bail Bond Amount(s): $2,500.00     Power Nos. (if known): _____

8. Date of Defendant's Release on Bail ___12/25/2016___

9. Court Name & Address SAN DIEGO SUPERIOR COURT / 220 W BROADWAY, SAN DIEGO, C

10. Date & Time of Next Required Court Appearance ___2/9/2017 @ 8:30AM___

11. Charged with: ___23152(E)VC, 20002(A)VC___

12. Bail Bond Premium     $___250.00___

13. Itemized Expenses (if and as permitted by applicable law):

    REBATE     $___-50.00___

    NONE     $___0.00___

14. Total Charges (premium plus any itemized expenses):     $___200.00___

15. Amount Paid:     $___0.00___

16. Balance Due:     $___200.00___

17. Was collateral taken? ☐ Yes ☑ No   If yes, collateral receipt # ___NONE TAKEN___

All other documents executed by Defendant, Indemnitor(s), me, or other party related to the Bail Bond(s) are incorporated into and made a part hereof by reference.

RECEIVED BY: _____

PRODUCER/REPRESENTATIVE SIGNATURE

IVAN RAMIREZ

PRODUCER NAME (PRINTED)

PAYER NAME (PRINTED)

Bail Producer Stamp: [must include name, address, phone no. and license no.]

**Bankers Insurance Company**
**11101 Roosevelt Blvd. N.**
**St. Petersburg, FL 33716**
**800-627-0000**

White – Producer Copy • Yellow – Payer Copy
**NOT FOR USE IN ARKANSAS, COLORADO OR NEW MEXICO**
© 2014 Bankers Insurance Company

BIC9921940414

## BAIL BOND PREMIUM RECEIPT
## AND STATEMENT OF CHARGE

RECEIPT NO.: _____

*I understand that the premium owing or paid is fully earned upon the defendant's release from custody, and the fact that the defendant may have been improperly arrested, re-arrested, the case dismissed, or the bail reduced shall not obligate the return or forgiveness of any portion of the premium except as otherwise provided by applicable law (if any) as stated in an addendum attached to the Bail Bond Application and Agreement.*

1. Date_____12/25/2016_____ Date of Defendant's Arrest _____12/25/2016_____

2. Amount Received _One hundred_ Dollars ($ _100_ )

3. In the form of ☐ cash ☐ check ☐ money order ☐ credit card ☐ other _____

4. Payer's Name: _____ ███████ _____ ███████ _____ ███████
   First                              Middle                              Last

5. Payer's Address: _____ _____ _____ _____
   Street                  City                  State                  Zip

6. In connection with a Bail Bond(s) for Defendant: _____ _____ _____
   First                  Middle                  Last

7. Bail Bond Amount(s):_$5,000.00_____ Power Nos. (if known):_ 5 11 346093-9 __

8. Date of Defendant's Release on Bail_____12/25/2016_____

9. Court Name & Address ___San Diego Superior Court / 220 W Broadway San Diego , CA___

10. Date & Time of Next Required Court Appearance ___02/09/2017 @ 12:30___

11. Charged with:___11350(A) HS___

12. Bail Bond Premium                                   $___$500.00___

13. Itemized Expenses (if as permitted by applicable law):

    ___Rebate___                                        $___-$100.00___

    _____                                     $_____

14. Total Charges (premium plus any itemized expenses):  $___$400.00___

15. Amount Paid:                                         $___100___

16. Balance Due:                                         $___300___

17. Was collateral taken? ☐ Yes ☑ No  If yes, collateral receipt # _____

All other documents executed by Defendant, Indemnitor(s), me, or other party related to the Bail Bond(s) are incorporated into and made a part hereof by reference.

████████████████████

████████████████████

PAYER SIGNATURE

████████████████████

PAYER NAME (PRINTED)

RECEIVED BY:

_____

PRODUCER/REPRESENTATIVE SIGNATURE

_____

PRODUCER NAME (PRINTED)

Bail Producer Stamp: [must include name, address, phone no. and license no.]

**Bankers Insurance Company**
**11101 Roosevelt Blvd. N.**
**St. Petersburg, FL 33716**
**800-627-0000**

White – Producer Copy • Yellow – Payer Copy
NOT FOR USE IN ARKANSAS, COLORADO OR NEW MEXICO
© 2014 Bankers Insurance Company

BIC9921940414

EXHIBIT 2



Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

May 5, 2020

Dean Harvey
Partner
dharvey@lchb.com

**VIA E-MAIL**
shaun@kzllp.com

Shaun Paisley
Koning Zollar LLP
470 James Street, #007
New Haven, CT 06513

RE: *In Re California Bail Bond Antitrust Litigation*, No. 3:19-cv-00717-JST (N.D. Cal.) – All-Pro Bail Bonds, Inc.

Dear Shaun:

I write in response to your letter of April 30, 2020.

This action was first filed well over a year ago, on January 29, 2019. On April 30, 2020, for the first time, you provided us with information which you argue proves that there could not possibly be valid antitrust claims against your client, All-Pro Bail Bonds, Inc. We disagree.

You provided us with a report of 45 bail bonds sold on a single day: December 25, 2016, which was Christmas Day; statements of charges for ten of those transactions; and assertions, with no evidence, that, over the past four years, the average premium charged has ranged from 5.3% to 6.7%, after discounts and rebates. Even assuming all of this is true, this information does not disprove your clients' role in a conspiracy to suppress rebating. Far from it.

The alleged conspiracy began in 2004, not 2017. You provided us with nothing regarding the vast majority of the alleged class period. With respect to All-Pro's alleged rebating since 2017, evidence of competition is no defense to participation in a price-fixing conspiracy. As the jury will be instructed, "it is no defense that defendants actually competed in some respects with each other or failed to eliminate all competition between them." ABA Model Jury Instructions in Civil Antitrust Cases, at 31 (2016 Ed.). One cannot evade liability for participating in an antitrust conspiracy by, sometimes, competing in certain respects with one's co-conspirators.

So that we may further evaluate your arguments, please provide us with the following:

1. Transactional data for all bail bonds sold by All-Pro, from February 2004 through the present, showing premiums charged and any rebates;

2. Examples of marketing materials from 2004 to the present that offer rebates;

3. Internal documents showing that, from 2004 to the present, All-Pro directed bail agents to rebate;

4. Internal documents regarding premiums or rebates offered by rivals; and

5. All communications between All-Pro and any rival, surety, or trade association, regarding premiums or rebates, from 2004 to the present.

Very truly yours,

Dean Harvey

DH/wp

1988168.1

EXHIBIT 3



**Koning Zollar LLP**
470 James Street, #007
New Haven, CT 06513
www.kzllp.com

Shaun Paisley
(203) 951-1213
shaun@kzllp.com

May 11, 2020

**By Email**

Dean Harvey
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
dharvey@lchb.com

      **Re:**    *In Re California Bail Bond Antitrust Litigation*, No. 3:19-cv-00717-JST (N.D.
             Cal.): All-Pro Bail Bonds, Inc.

Dear Dean:

I respond to your letter of May 5, 2020.

In our April 30, 2020 letter, we explained that All-Pro Bail Bonds, Inc. ("All-Pro") has consistently
rebated its commissions, and provided evidence that the majority of people on December 25,
2016—the date Plaintiff Crain obtained her bail bond—paid less than 10% after discounts and
rebates. In order to provide some additional concrete numbers beyond the snapshot from
December 25, 2016, we also shared with you—taking the last four years, just as an example—the
annual effective premium rate from 2016 to 2019.[1]

You respond that even if All-Pro rebated commissions as we say, Plaintiffs can still plausibly assert
that All-Pro participated in a conspiracy not to rebate. That is wrong. In support of that
proposition, you cite only to an ABA Model Jury Instruction, which states that it is "no defense

---

[1] Because of a calculation error, the average annual effective premium rates we quoted in the April 30, 2020 letter
were misstated. The average annual rate from 2016 to 2019 in fact ranged from 5.14% to 5.91%, when calculated
according to what purchasers actually paid, *i.e.*, taking account of amounts that All-Pro was unable to collect. When
calculating the annual rate according to the amount purchasers agreed to pay after discounts and rebates (and not
considering the amount actually paid to All-Pro), the average rate from 2016 to 2019 ranged from 7.66% to 8.36%.
However calculated, the bottom line is that All-Pro provided bail bond purchasers with significant rebates on a
consistent basis.

that defendants actually competed in some respects with each other or failed to eliminate all competition between them." ABA Model Jury Instructions in Civil Antitrust Cases, at 31 (2016 Ed.). All-Pro is not claiming, however, that it competed merely "in some respects"; it competed by providing rebates, the very thing that Plaintiffs are claiming All-Pro was conspiring to prevent. Unsurprisingly, besides the inapposite jury instruction, you identify no authority suggesting that All-Pro could plausibly be part of a conspiracy not to rebate while also consistently rebating. Indeed, in the Consolidated Amended Complaint, you differentiated between bail agents who "have opted to openly compete on price" (who are not part of the conspiracy you allege), and those who "generally … refrain from offering competitive rebates" (who allegedly are). *See* CAC ¶¶ 68, 104. While All-Pro is not aware of any conspiracy, it fits into the category of bail agents who have consistently competed on price, and there is no factual basis on which to name All-Pro as a participant in any alleged conspiracy.

We are also not sure why you refer to "All-Pro's alleged rebating since 2017." We did not reference 2017 in our April 30, 2020 letter and, in fact, All-Pro consistently rebated prior to 2017. As such, we provided you, merely as an example of All-Pro's consistent rebating, with the average annual effective rates from the past four years, meaning 2016 through 2019.

While you request that we provide you with numerous categories of documents in order to "further evaluate [our] arguments," we will not be providing you with the wide-ranging discovery you request. Plaintiffs cannot file a groundless lawsuit and then demand, as a precondition to considering withdrawing it, that All-Pro engage in burdensome discovery. Plaintiffs were required to have facts supporting their claims before they filed the complaint, rather than filing a complaint with no foundation and conducting an investigation later.

Nonetheless, we are willing to provide you with additional documentation confirming that All-Pro has consistently rebated. Under applicable regulations, All-Pro is required to retain records for only five years (10 Cal. Code of Regs. § 2104), and will therefore have complete records for all bail transactions from 2014 onwards. Accordingly, if you provide us with five dates of your choosing from January 29, 2014 (five years before the initial filing of the *Crain* complaint) to the present, All-Pro will search its records and promptly provide you with the same information we provided you for December 25, 2016, *i.e.*, details of each transaction on that date, including the number of commission rebates provided and the amount of those rebates.

Finally, we are aware that Plaintiffs' deadline to file an amended complaint is approaching on May 13, 2020. If you need additional time to determine whether you have sufficient evidentiary support to name All-Pro as a defendant, including to consider the supplemental information we are offering to provide, All-Pro is willing to stipulate to a two-week extension of time to amend the complaint as to All-Pro only. If, when that extended period expires, Plaintiffs decide, notwithstanding the information we have provided, to amend the complaint further to add All-Pro as a defendant, All-Pro will stipulate to the amendment, while reserving all rights in response, including the right to file Rule 12(b)(6) and Rule 11 motions. Please let us know your response to our proposal.

If you wish to discuss further, please feel free to call me at (203) 951-1213.

Sincerely,

Shaun Paisley

EXHIBIT 4



**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

May 12, 2020

Dean Harvey
Partner
dharvey@lchb.com

**VIA E-MAIL**

Shaun Paisley
shaun@kzllp.com
KONING ZOLLAR, LLP
470 James Street, #007
New Haven, CT 06513
470 James Street, #007
New Haven, CT 06513

    RE:  ***In Re California Bail Bond Antitrust Litigation,*** **No. 3:19-cv-00717-JST (N.D. Cal.): All-Pro Bail Bonds, Inc.**

Dear Shaun:

    This responds to your letter of May 11, 2020.

    We disagree on whether evidence of some price competition is a complete defense to conspiring to fix prices.  You appear to believe that it is.  But it is black letter antitrust law that not only is evidence of price competition not a complete defense, evidence of price competition is *irrelevant* for purposes of determining liability.  *See, e.g., United States v. Socony-Vacuum Oil Co.,* 310 U.S. 150, 220-221 (1940) ("[T]he fact that sales on the spot markets were still governed by some competition is of no consequence").  Accordingly, we decline your proposal.

      Very truly yours,

      Dean Harvey

1991581.1

EXHIBIT 5



Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

June 9, 2020

Dean Harvey
Partner
dharvey@lchb.com

**VIA E-MAIL**

Shaun Paisley
shaun@kzllp.com
KONING ZOLLAR, LLP
470 James Street, #007
New Haven, CT 06513
470 James Street, #007
New Haven, CT 06513

RE:     ***In Re California Bail Bond Antitrust Litigation,*** **No. 3:19-cv-00717-JST (N.D. Cal.)**

Dear Shaun:

Yesterday you served us with a draft Rule 11 motion. Rule 11 exists, in part, to conserve the resources of the courts and the parties, not to needlessly expend additional resources litigating meritless arguments. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *CQ Intern. Co., Inc. v. Rochem Intern., Inc., USA*, 659 F.3d 53, 62 (1st Cir. 2011). Indeed, baseless Rule 11 motions can themselves be the subject of Rule 11 sanctions. *See, e.g., Smith v. Psychiatric Solutions, Inc.*, 750 F.3d 1253, 1260 (11th Cir. 2014). For the reasons we have previously explained, your draft motion is without merit. We ask that you reconsider this course of action, before the parties and the Court waste additional time and resources.

You continue your refusal to provide any of the evidence we requested, including: (1) transaction data backup (despite the fact that it appears All-Pro's transaction database may easily generate reports, such as the one you provide for Christmas day, 2016); (2) marketing materials showing that All-Pro advertised discounts; (3) internal documents regarding All-Pro's directions to its agents with respect to rebating; (4) internal documents regarding rebates offered by rivals; and (5) communications with any rival, surety, or trade association regarding premiums or rebates. Without this evidence, we cannot verify your assertion that All-Pro did not join the alleged conspiracy. To the contrary, for the reasons alleged in the Second Consolidated Amended Complaint, we believe that All-Pro joined the conspiracy and charged its bail bond customers more because of it.

We declined your offer to provide us with five days' worth of transaction data, because that tiny sample could not possibly shed additional light on whether All-Pro joined the conspiracy.

Further, to pass muster under Rule 11, any representation of fact in your draft motion must have evidentiary support. In your draft, you make the following factual claims: All-Pro "consistently provided rebates" (Mot. at 2); charging a customer the full amount of a CDI-approved rate was "the exception, not the rule" (*id.*); All-Pro "regularly rebates" (*id.*); and All-Pro "provided bail bond purchasers with significant rebates on a consistent basis" (*id.* at 5).

The evidence you have provided does not support these assertions. First, you provide a transaction report for 45 bail bonds All-Pro sold on Christmas Day, 2016. For 24 of these transactions, All-Pro charged less than 10% of the bond amount. Of these, All-Pro charged 15 customers 8%, and charged less than 8% to the remaining 9. Thus, only 20% of the transactions on Christmas Day, 2016, reflect discounts below the standard 8% rate for certain categories of customers. This does not support a "rule" whereby All-Pro "provided bail bond purchases with significant rebates on a consistent basis." It supports the opposite.

Second, you again assert (without evidence) that the average premiums All-Pro charged over the prior four years ranged from 7.66% to 8.36%. Taking into account of the fact that All-Pro could charge certain categories of customers 8% without running afoul of the conspiracy, a range of 7.66% to 8.36% appears only to confirm that All-Pro consistently charged its customers supracompetitive prices made possible by the conspiracy we challenge. Without concerted action in violation of state and federal antitrust laws, All-Pro would not have been able to charge prices close to those you say All-Pro charged. Moreover, it is impossible to use these figures to evaluate your assertions regarding the frequency of rebates, without knowing the proportion of transactions, per year, whereby All-Pro charged a premium below the collusive 8-10% "standard" rates. Given the aggregate range you assert, it appears to be mathematically impossible that All-Pro "routinely" provided its customers with "significant" discounts below conspiracy prices of 8-10%.

Very truly yours,

Dean Harvey

1998879.1

EXHIBIT 6



**Koning Zollar LLP**
470 James Street, #007
New Haven, CT 06513
www.kzllp.com

Shaun Paisley
(203) 951-1213
shaun@kzllp.com

June 17, 2020

<u>**By Email**</u>

Dean Harvey
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
dharvey@lchb.com

      Re:    *In Re California Bail Bond Antitrust Litigation*, No. 3:19-cv-00717-JST (N.D. Cal.):  All-Pro Bail Bonds, Inc.

Dear Dean:

In response to the request in your June 9, 2020 letter, All-Pro will not reconsider filing its Rule 11 motion.  While you say that you "previously explained" why All-Pro's Rule 11 arguments were meritless, the prior explanation was that the fact and frequency of All-Pro's rebating are "irrelevant" to whether All-Pro is participating in an anti-rebating conspiracy.  *See* May 12, 2020 Ltr. from D. Harvey to S. Paisley.  But you appear to have abandoned that position.  In the SCAC, you repeatedly rely on the supposed *infrequency* of rebating as a basis to infer that All-Pro participated in a conspiracy to suppress rebates.  And in your latest letter, you suggest for the first time that you refused to consider the random sample All-Pro offered—details of each bail transaction, including the number of commission rebates provided and the amount of those rebates, from any five days of your choosing from January 29, 2014 to the present—not because it was "irrelevant," but because the sample size was too small.[1]

---

[1] You did not, however, ask for a larger sample size.  Instead, when All-Pro refused your demand for burdensome, wide-ranging discovery—which sought information well beyond what would be required to verify that All-Pro has consistently provided rebates—you dismissed the rebating information All-Pro offered you as somehow "irrelevant" and filed the SCAC without looking at it.  As we explain in the Rule 11 motion, that is the type of willful ignorance that Rule 11 forbids.

Indeed, far from providing a reason not to file the Rule 11 motion, your letter serves only to confirm that you did not conduct a reasonable inquiry before making baseless allegations against All-Pro in the SCAC. You suggest, for example, that the evidence All-Pro provided shows that "only 20% of the transactions on Christmas Day, 2016, reflect discounts below the standard 8% rate for certain categories of customers." Putting aside that, in light of the allegations in the SCAC about how "rare[]" and "unusual" rebating is (SCAC ¶¶ 4, 196), the Court might be surprised to find out that 20% of customers paid premiums of less than 8% on the same day Plaintiff obtained her bond, your assertion that any purchaser that day who paid an 8% premium was charged the "standard" rate is wrong. The SCAC itself alleges that the "Conspiracy's mandates" are that a standard rate of *10%* be charged, and that the "only … avenue" to charging less, without "cheat[ing] on the terms of the Conspiracy," is a discounted 8% rate available only to "discrete, limited, actuarially arbitrary groups." SCAC ¶ 324. But the evidence shows that the majority of purchasers on December 25, 2016—including those who paid 8%—received *rebates* from All-Pro, not the discounts available only to "limited … groups." By charging an 8% premium to customers who were not eligible for discounts, All-Pro was, under your own theory, defying the "Conspiracy's mandates." And while you contend that an annual average premium of between about 7.6% and 8.3% is somehow evidence of All-Pro's participation in the conspiracy, this contention also relies on conflating rebates and discounts. Basic math indicates that if the "standard" rate is 10%, and if discounts to 8% can be provided only in "limited" circumstances, then charging an *average* premium of approximately 8% evidences significant rebating.

All-Pro gave you the time and opportunity to make a reasonable inquiry into the facts about All-Pro's rebating without any prejudice to your clients, you refused to consider the information offered, and the result is that you have filed a factually baseless complaint with the Court, which is grounds for sanctions. *See Burnette v. Godshall*, 828 F. Supp. 1439, 1448 (N.D. Cal. 1993) (noting that it is "unacceptable" for a plaintiff to "file first and investigate later" particularly where the plaintiff has time to investigate prior to filing an amended complaint). If you choose not to withdraw the allegations against All-Pro, we will file our Rule 11 motion following the expiration of the 21-day safe harbor. In the meantime, my offer to discuss these issues (which you have so far declined to take up) remains open.

Sincerely,

Shaun Paisley

EXHIBIT 7

| | |
|---|---|
| **From:** | Shaun Paisley |
| **Sent:** | Tuesday, June 30, 2020 9:12 AM |
| **To:** | Harvey, Dean |
| **Cc:** | Michael Paguyo; Benson, Katherine Lubin; Salahi, Yaman; Gitlin, Adam; Rivera, Omar; Dafa, Jallé; Blake Zollar |
| **Subject:** | RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST:  Rule 11 Motion |
| **Attachments:** | 11.8.17 APBB (redacted).pdf; 1-16-20 APBB (redacted).pdf |

Dean,

You have made clear that, regardless of the answers we provide in response to your questions, Plaintiffs will not withdraw their allegations against All-Pro.  That is because Plaintiffs continue to believe that the frequency and extent of All-Pro's historical rebating practices do not undermine Plaintiffs' allegations that All-Pro participated in an anti-rebating conspiracy.  Instead, we understand that you are seeking this information solely for purposes of assessing "impact and damages."

Even so, I will provide answers to the questions you raised, with the hope that Plaintiffs will reconsider their position and belatedly withdraw their baseless allegations as to All-Pro.  As for the question of whether the December 25, 2016 spreadsheet reflects rebates, as I've explained before, discounts and rebates are different.  A discount results in a reduction of the rate itself, and it is available only for certain eligible customers.  A rebate, by contrast, is taken from the bail agent's commission and could be provided to any customer.  So when the spreadsheet contains a column entitled "Rebate," that reflects a rebate.  If the person received a discount, that would be reflected in the "Premium Charged" column.  Thus, if the premium charged amount is 10% of the bond amount, the rate was 10%.  If the premium charged amount is 8% of the bond amount, the rate was 8%.  While the December 25, 2016 spreadsheet does not reflect 8% rates, I have attached, as an illustration, data from All-Pro's CRM reflecting bonds issued on a randomly selected date (November 8, 2017) that does include several 8% rates.  I have also attached data from All-Pro's CRM reflecting bonds issued on another randomly selected date (January 16, 2020) that, like December 25, 2016, shows only 10% rates, to illustrate that the absence of 8% discounted rates on a particular day is not unusual.

As for the annual average premium ranges we provided, those are calculated based upon company financials showing the total bonds written by All-Pro, the total amount of premiums charged, the total amount of rebating, as well as the amounts collected from customers.  You have made clear that, in your view, the percentage ranges we have provided somehow prove All-Pro's participation in a conspiracy, so we are not sure why providing you with information confirming the accuracy of those percentage ranges would make any difference to your determination about whether to withdraw the allegations.  In any event, we would not produce such information without entry of a protective order.

As for the CRM, it contains the data that is included in the spreadsheets we have provided you; we have not withheld any fields in these reports.  In addition, to produce a report like the one we provided you for December 25, 2016, but covering years' worth of data, would be very burdensome, because it is not possible to simply plug in a date range and print out a spreadsheet.  It requires some labor to extract and format the data for a single day, and doing so for several years' worth of data would therefore take thousands of hours.

Finally, making factually baseless allegations without first conducting a reasonable inquiry is indeed the "proper subject" of a Rule 11 motion, and so we intend to file the motion absent withdrawal or correction of the allegations against All-Pro.  While the safe harbor period expires tomorrow, we will hold off on filing the motion until Monday, July 6 to allow you to consider the additional information we have provided.

**Shaun Paisley**
[Koning Zollar LLP](#)
470 James Street, #007
New Haven, CT 06513
T: 203-951-1213 / F: 858-252-3238
[www.kzllp.com](#)



This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

**From:** Harvey, Dean <dharvey@lchb.com>
**Sent:** Tuesday, June 23, 2020 1:55 PM
**To:** Shaun Paisley <shaun@kzllp.com>
**Cc:** Michael Paguyo <michael@kzllp.com>; Benson, Katherine Lubin <kbenson@lchb.com>; Salahi, Yaman <ysalahi@lchb.com>; Gitlin, Adam <agitlin@lchb.com>; Rivera, Omar <orivera@lchb.com>; Dafa, Jallé <jdafa@lchb.com>; Blake Zollar <blake@kzllp.com>
**Subject:** RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Hello Shaun,

I stand by my June 18 email. Our conversation was as I described it.

You have asked me to put the questions we discussed on our call in writing. I did that in my June 18 email. Please provide answers to them. In addition, please provide a list of all available fields of data in the CRM database, and provide us with the underlying data backup you used to calculate the ranges of prices paid you assert in your prior letter and in your draft motion.

We stand by the allegations in the SCAC. You've asked the court to dismiss those allegations as implausible. We will respond to those arguments in our opposition brief. Nothing you have raised is the proper subject of a Rule 11 motion and I ask, again, that you reconsider this course of action before we waste more time on it.

Best,

Dean

Dean M. Harvey
Lieff, Cabraser, Heimann & Bernstein, LLP

**From:** Shaun Paisley [[mailto:shaun@kzllp.com](#)]
**Sent:** Thursday, June 18, 2020 3:41 PM
**To:** Harvey, Dean
**Cc:** Michael Paguyo; Benson, Katherine Lubin; Salahi, Yaman; Gitlin, Adam; Rivera, Omar; Dafa, Jallé; Blake Zollar
**Subject:** RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Dean,

This email misstates or distorts our conversation in a number of respects.

2

First, you did say that you were *now* happy to consider any evidence All-Pro provides. That comes, of course, only after you refused All-Pro's offer to provide you with additional evidence about rebating, and then filed the Second Consolidated Amended Complaint ("SCAC") containing false or misleading allegations, requiring All-Pro to serve a Rule 11 motion based on your refusal to look at the evidence. And while you seem to be shifting your position on why you refused to look at the evidence previously, you could not have been more clear in your May 12, 2020 letter: you believe the extent of All-Pro's rebating is "irrelevant" to whether it participated in an anti-rebating conspiracy.

Second, what you asked me about the CRM was whether it could generate a report covering four years of data versus just one day's worth. It is true I said I did not know that, and I told you that if you had similar technical questions, you should pose them in writing and we could determine whether to provide a response. But you also confirmed that even if the CRM could generate a four-year report and it showed the same level of rebating as on December 25, 2016, it would make no difference to whether you would withdraw your allegations that All-Pro is involved in an anti-rebating conspiracy. Your claim that you asked the other questions (about average prices and burden) is untrue.

Third, you did ask questions purporting to better understand the evidence provided with my April 30, 2020 letter. But I did not say I didn't know the answer. I told you that, as asserted in our motion, and as reflected in the business records, the majority of purchasers on December 25, 2016, received rebates. As I also noted, if you were actually interested in the answers to these questions, you had ample opportunity to ask them over the last two months and did not do so. And if you actually considered the information about the extent of rebating relevant to whether All-Pro participated in an anti-rebating conspiracy, you would have taken us up on our offer of reviewing five additional days' worth of data, including the underlying receipts, and we could have worked through any questions you had before you filed the SCAC.

Fourth, All-Pro's position is not, as I again explained on the call, that some price competition always defeats a claim of joining a price-fixing conspiracy. All-Pro's claim is that evidence that it rebated consistently is irreconcilable with allegations that it is "unusual" or "rare[]" for All-Pro to rebate, and allegations that All-Pro is part of a cartel clamping down on rebating wherever it occurs. With respect to advertising, what I said is that advertising is a means to an end—which, here, is the goal to suppress rebating. I did not dispute that an agreement not to advertise rebates (you say discounts, but you continue to confuse the terminology) might violate antitrust laws. My point was that you have no facts supporting your false assertion that All-Pro conspired not to advertise, and given that there *are* facts showing that All-Pro regularly rebated in defiance of the ends of your alleged conspiracy, your conspiracy allegations are implausible.

Fifth, I did not in fact decline your offer to walk through the allegations of the SCAC (although we have made clear which allegations are improper and why in the Rule 11 motion we served). And I made clear what we believe your obligations are: to either withdraw the allegations against All-Pro, or to correct them and be candid with the Court about the facts. As All-Pro notes in its motion, Rule 11 prohibits omitting material facts when doing so renders a complaint misleading.

Finally, what is true is that All-Pro will not be providing you with discovery. All-Pro has been named as a defendant in the SCAC based on allegations with no factual support, and it should not be burdened with discovery in an effort to disprove them. That is particularly true when you appear to have made up your mind that, regardless of the extent of All-Pro's rebating, All-Pro engaged in a conspiracy to suppress rebates. But if you are now open to the possibility that the frequency of All-Pro's rebating is relevant to whether it participated in an anti-rebating conspiracy, and that your allegations in the SCAC against All-Pro may be incorrect, our offer to provide you with the same random sample we offered before remains open. Accordingly, if you provide us with five dates of your choosing from January 29, 2014 to the present, All-Pro will search its records and promptly provide you with details of each bail transaction on that date, including the number of commission rebates provided and the amount of those rebates. And, as I offered on our call, if you have questions about the CRM system or about the distinction between discounts and rebates after receiving that information, you can pose them in writing and we will work with our client to provide responses if appropriate.

Let me know your response.

**Shaun Paisley**
Koning Zollar LLP
470 James Street, #007
New Haven, CT 06513
T: 203-951-1213 / F: 858-252-3238
www.kzllp.com



---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

**From:** Harvey, Dean <dharvey@lchb.com>
**Sent:** Thursday, June 18, 2020 1:32 PM
**To:** Shaun Paisley <shaun@kzllp.com>
**Cc:** Michael Paguyo <michael@kzllp.com>; Benson, Katherine Lubin <kbenson@lchb.com>; Salahi, Yaman <ysalahi@lchb.com>; Gitlin, Adam <agitlin@lchb.com>; Rivera, Omar <orivera@lchb.com>; Dafa, Jallé <jdafa@lchb.com>; Blake Zollar <blake@kzllp.com>
**Subject:** RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Shaun,

Thank you for calling me. I write to memorialize our conversation.

First, I said we are happy to consider any evidence you would like us to review. I explained that we declined your earlier offer to give us five days' worth of data because we rejected the premise of your offer that, if it showed any rebating, the result should be to dismiss your client. As I've explained before, evidence of price competition is not a defense to joining an antitrust conspiracy. Nonetheless, I said we would consider any additional information or data you would like to give us. The data is certainly relevant to impact and damages.

To that end, I asked you to explain the time period covered by All-Pro's Customer Relationship ("CRM") database, described in the declaration of Steffan Gibbs. You did not know. I asked you if it could create a report for the data over which you assert average prices All-Pro Charged (beyond Christmas Day, 2016). You did not know. I asked you if there would be any burden involved in generating a report that covered the class period. You did not know.

I also asked questions to better understand the report you attached to your April 30, 2020 letter. I said that it was not clear to us if the transactions that appear to have a rebate percentage were actually instead merely transactions that qualified for a discounted rate. For instance, most of the transactions that purport to include a rebate show 20%, which could mean that the person simply qualified for a lower 8% rate, rather than benefiting from a negotiated rebate. You said that we could not answer this question based on what you have provided us. Instead, we would need to review the individual contracts.

Second, I did my best to explain that evidence of price competition is not a complete defense to joining a price-fixing conspiracy. You appear to continue to believe that it does. You also said that there would be no point in joining a conspiracy not to advertise rebates if any rebates occurred. I informed you that agreeing not to advertise discounts is itself a violation of the antitrust laws, regardless of whether there is an explicit agreement on price. Certainly, it is no defense to either form of price-fixing to say that some price competition occurred. The question in this case is what

would the prices have been in the absence of the misconduct we allege.  We believe for all the reasons in the SCAC that All-Pro's prices would have been lower.

Third, I offered to walk through any allegation in the SCAC that you believe violated our Rule 11 obligations, and discuss them.  You declined.  Instead, you said we had an obligation to allege that All-Pro offered significant rebates on a consistent basis.  I told you that we do not know that to be the case, as I've previously explained to you.  And that, nonetheless, we find the complete absence of advertised rebates to be an important fact that led to us to name your client as a defendant.  I again asked you to give me a single example of an advertised rebate.  You refused and changed the subject.

Fourth, I repeated my request for the information I've asked for to be able to evaluate your assertion that All-Pro could not possibly have joined the alleged conspiracy.  I said we would take any portion of what we are requesting and would consider it.  I also said we would be happy to meet and confer about these requests to discuss any burden or other objections you have.  You did not take me up on the offer.

Best,

Dean

Dean M. Harvey
Lieff, Cabraser, Heimann & Bernstein, LLP

**From:** Shaun Paisley [mailto:shaun@kzllp.com]
**Sent:** Wednesday, June 17, 2020 5:05 PM
**To:** Harvey, Dean
**Cc:** Michael Paguyo; Benson, Katherine Lubin; Salahi, Yaman; Gitlin, Adam; Rivera, Omar; Dafa, Jallé; Blake Zollar
**Subject:** Re: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

That works; I'll call you then.

**Shaun Paisley**
Koning Zollar LLP
470 James Street, #007
New Haven, CT 06513
T: 203-951-1213 / F: 858-252-3238
www.kzllp.com

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

**From:** Harvey, Dean <dharvey@lchb.com>
**Sent:** Wednesday, June 17, 2020 7:38 PM
**To:** Shaun Paisley <shaun@kzllp.com>
**Cc:** Michael Paguyo <michael@kzllp.com>; Benson, Katherine Lubin <kbenson@lchb.com>; Salahi, Yaman <ysalahi@lchb.com>; Gitlin, Adam <agitlin@lchb.com>; Rivera, Omar <orivera@lchb.com>; Dafa, Jallé <jdafa@lchb.com>; Blake Zollar <blake@kzllp.com>
**Subject:** Re: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

I can talk at 12:30 tomorrow if that works.

Sent from my iPhone

On Jun 17, 2020, at 1:25 PM, Shaun Paisley <shaun@kzllp.com> wrote:


Dean,

I'll be available tomorrow before 10.30 PT or between Noon and 3 PT. If there's a time in there that works, let me know.

Thanks,
Shaun

Shaun Paisley
Koning Zollar
LLP<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cshaun%40kzllp.com%7Cb1fc20befbba49aabc3608d81317881a%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637280339083005059&amp;sdata=8i3jiKzg8JedYZzIcQ%2BEge3eIGmSA%2FnaoWM5TUip7z4%3D&amp;reserved=0>
470 James Street, #007
New Haven, CT 06513
T: 203-951-1213 / F: 858-252-3238
https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cshaun%40kzllp.com%7Cb1fc20befbba49aabc3608d81317881a%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C6
3728033908300505059&amp;sdata=8i3jiKzg8JedYZzIcQ%2BEge3eIGmSA%2FnaoWM5TUip7z4%3D&amp;reserved=0
<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cshaun%40kzllp.com%7Cb1fc20befbba49aabc3608d81317881a%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C
637280339083005059&amp;sdata=8i3jiKzg8JedYZzIcQ%2BEge3eIGmSA%2FnaoWM5TUip7z4%3D&amp;reserved=
0>
<image001.png>


_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

From: Harvey, Dean <dharvey@lchb.com>
Sent: Wednesday, June 17, 2020 1:19 PM
To: Shaun Paisley <shaun@kzllp.com>; Michael Paguyo <michael@kzllp.com>
Cc: Benson, Katherine Lubin <kbenson@lchb.com>; Salahi, Yaman <ysalahi@lchb.com>; Gitlin, Adam <agitlin@lchb.com>; Rivera, Omar <orivera@lchb.com>; Dafa, Jallé <jdafa@lchb.com>; Blake Zollar <blake@kzllp.com>
Subject: RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Hi Shaun,

If you have additional information you are willing to provide us, please do so. Happy to discuss, as always. When are you available?

Best,

Dean

Dean M. Harvey
Lieff, Cabraser, Heimann & Bernstein, LLP

From: Shaun Paisley [mailto:shaun@kzllp.com]
Sent: Wednesday, June 17, 2020 1:14 PM
To: Harvey, Dean; Michael Paguyo
Cc: Benson, Katherine Lubin; Salahi, Yaman; Gitlin, Adam; Rivera, Omar; Dafa, Jallé; Blake Zollar
Subject: RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Please see the attached letter.

Shaun Paisley
Koning Zollar
LLP<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cshaun%40kzllp.com%7Cb1fc20befbba49aabc3608d81317881a%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637280339083005059&amp;sdata=8i3jiKzg8JedYZzIcQ%2BEge3eIGmSA%2FnaoWM5TUip7z4%3D&amp;reserved=0>
470 James Street, #007
New Haven, CT 06513
T: 203-951-1213 / F: 858-252-3238
https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cshaun%40kzllp.com%7Cb1fc20befbba49aabc3608d81317881a%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637280339083015054&amp;sdata=pZhKYU8NLBg7jTMjhZCXT41BZV7TaNYp3BtaIn2WMaw%3D&amp;reserved=0<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cshaun%40kzllp.com%7Cb1fc20befbba49aabc3608d81317881a%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637280339083015054&amp;sdata=pZhKYU8NLBg7jTMjhZCXT41BZV7TaNYp3BtaIn2WMaw%3D&amp;reserved=0>
<image001.png>

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

From: Harvey, Dean <dharvey@lchb.com<mailto:dharvey@lchb.com>>
Sent: Tuesday, June 9, 2020 1:51 PM
To: Michael Paguyo <michael@kzllp.com<mailto:michael@kzllp.com>>
Cc: Benson, Katherine Lubin <kbenson@lchb.com<mailto:kbenson@lchb.com>>; Salahi, Yaman <ysalahi@lchb.com<mailto:ysalahi@lchb.com>>; Gitlin, Adam <agitlin@lchb.com<mailto:agitlin@lchb.com>>; Rivera, Omar <orivera@lchb.com<mailto:orivera@lchb.com>>; Dafa, Jallé <jdafa@lchb.com<mailto:jdafa@lchb.com>>; Shaun Paisley <shaun@kzllp.com<mailto:shaun@kzllp.com>>; Blake Zollar <blake@kzllp.com<mailto:blake@kzllp.com>>
Subject: RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Counsel,

Please see attached.

Best,

Dean

Dean M. Harvey
Lieff, Cabraser, Heimann & Bernstein, LLP

From: Michael Paguyo [mailto:michael@kzllp.com]
Sent: Monday, June 08, 2020 3:37 PM
To: Harvey, Dean
Cc: Benson, Katherine Lubin; Salahi, Yaman; Gitlin, Adam; Rivera, Omar; Dafa, Jallé; Shaun Paisley; Blake Zollar
Subject: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Hello Mr. Harvey,

Please see attached.

Let us know if you have any questions.

Thank you,

Michael


Michael Paguyo
Sr. Paralegal
Koning Zollar
LLP<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cshaun%40kzllp.com%7Cb1fc20befbba49aabc3608d81317881a%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637280339083015054&amp;sdata=pZhKYU8NLBg7jTMjhZCXT41BZV7TaNYp3BtaIn2WMaw%3D&amp;reserved=0>
169 Saxony Road, Suite 115
Encinitas, CA 92024-6780
T: 858-252-3209 | F: 858-252-3238
https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cshaun%40kzllp.com%7Cb1fc20befbba49aabc3608d81317881a%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637280339083015054&amp;sdata=pZhKYU8NLBg7jTMjhZCXT41BZV7TaNYp3BtaIn2WMaw%3D&amp;reserved=0<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cshaun%40kzllp.com%7Cb1fc20befbba49aabc3608d81317881a%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637280339083015054&amp;sdata=pZhKYU8NLBg7jTMjhZCXT41BZV7TaNYp3BtaIn2WMaw%3D&amp;reserved=0>
<image001.png>

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this

email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

| Bond Date | Power Number | Bond Amount | Prem. Chrged | Rebate | Total Billed | Rebate % | Agent | Case Number | Court Name | Defendant |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/16/2020 | 5105-510590553 | $100,000.00 | $10,000.00 | $5,000.00 | $5,000.00 | 50% | Villegas, Jesus | | North County Superior | |
| 1/16/2020 | 527-527364514 | $15,000.00 | $1,500.00 | $600.00 | $900.00 | 40% | Murphy, Soloven | | Redwood City | |
| 1/16/2020 | 511-511441296 | $10,000.00 | $1,000.00 | $400.00 | $600.00 | 40% | Garcia, Maria | | SSF | |
| 1/16/2020 | 511-511441297 | $10,000.00 | $1,000.00 | $400.00 | $600.00 | 40% | Garcia, Maria | | SSF | |
| 1/16/2020 | 580-580388905 | $4,000.00 | $400.00 | $145.40 | $254.60 | 36% | Moran, Daniel | | San Diego Superior | |
| 1/16/2020 | 5105-510590545 | $70,000.00 | $7,000.00 | $2,500.00 | $4,500.00 | 36% | Torres, Francisco | | North County Superior | |
| 1/16/2020 | 5105-510590559 | $100,000.00 | $10,000.00 | $3,000.00 | $7,000.00 | 30% | Baker, Christopher | | El Cajon Sup | |
| 1/16/2020 | 555-555231142 | $35,000.00 | $3,500.00 | $1,050.00 | $2,450.00 | 30% | Barraza, Sergio | | Palo Alto | |
| 1/16/2020 | 555-555231114 | $30,000.00 | $3,000.00 | $900.00 | $2,100.00 | 30% | Barraza, Sergio | | San Jose Superior | |
| 1/16/2020 | 555-555231308 | $30,000.00 | $3,000.00 | $900.00 | $2,100.00 | 30% | Villegas, Jesus | | San Diego Superior | |
| 1/16/2020 | 580-580388908 | $5,000.00 | $500.00 | $150.00 | $350.00 | 30% | Camacho, Jaime | | El Cajon Sup | |
| 1/16/2020 | 5250-525018403 | $170,000.00 | $17,000.00 | $3,400.00 | $13,600.00 | 20% | Moran, Daniel | | El Cajon Sup | |
| 1/16/2020 | 5105-510591027 | $60,000.00 | $6,000.00 | $1,200.00 | $4,800.00 | 20% | Dreo, Nathan | | Visalia | |
| 1/16/2020 | 555-555229793 | $50,000.00 | $5,000.00 | $1,000.00 | $4,000.00 | 20% | Ybarra, Eric | | Modesto | |
| 1/16/2020 | 555-555231264 | $50,000.00 | $5,000.00 | $1,000.00 | $4,000.00 | 20% | DeLaCruz, Daniel | | North County Superior | |
| 1/16/2020 | 555-555231265 R | $50,000.00 | $5,000.00 | $1,000.00 | $4,000.00 | 20% | Torres, Francisco | | North County Superior | |
| 1/16/2020 | 527-527364395 | $25,000.00 | $2,500.00 | $500.00 | $2,000.00 | 20% | Cortez, Rody | | North County Superior | |
| 1/16/2020 | 527-527364396 | $25,000.00 | $2,500.00 | $500.00 | $2,000.00 | 20% | Cortez, Rody | | North County Superior | |
| 1/16/2020 | 555-555229793 | $25,000.00 | $2,500.00 | $500.00 | $2,000.00 | 20% | Villegas, Jesus | | San Diego Superior | |
| 1/16/2020 | 527-527362430 | $20,000.00 | $2,000.00 | $400.00 | $1,600.00 | 20% | Rivers, Arish | | San Francisco | |
| 1/16/2020 | 527-527362832 | $20,000.00 | $2,000.00 | $400.00 | $1,600.00 | 20% | DeLaCruz, Daniel | | West Justice Center | |
| 1/16/2020 | 527-527364391 | $20,000.00 | $2,000.00 | $400.00 | $1,600.00 | 20% | Cortez, Rody | | North County Superior | |
| 1/16/2020 | 527-527364413 | $20,000.00 | $2,000.00 | $400.00 | $1,600.00 | 20% | DeLaCruz, Daniel | | North County Superior | |
| 1/16/2020 | 527-527364515 | $20,000.00 | $2,000.00 | $400.00 | $1,600.00 | 20% | Vazquez, Lorena | | Palo Alto | |
| 1/16/2020 | 511-511441260 | $10,000.00 | $1,000.00 | $200.00 | $800.00 | 20% | DeLaCruz, Daniel | | North County Superior | |
| 1/16/2020 | 511-511439305 | $5,000.00 | $500.00 | $100.00 | $400.00 | 20% | DeLaCruz, Daniel | | North County Superior | |
| 1/16/2020 | 580-580386484 | $5,000.00 | $500.00 | $100.00 | $400.00 | 20% | Ybarra, Eric | | Modesto | |
| 1/16/2020 | 580-580386485 | $5,000.00 | $500.00 | $100.00 | $400.00 | 20% | Ybarra, Eric | | Modesto | |
| 1/16/2020 | 580-580386486 | $5,000.00 | $500.00 | $100.00 | $400.00 | 20% | Ybarra, Eric | | Modesto | |
| 1/16/2020 | 580-580391017 | $5,000.00 | $500.00 | $100.00 | $400.00 | 20% | Sandoval, Ismael | | El Cajon Sup | |
| 1/16/2020 | 511-511439306 | $2,500.00 | $250.00 | $50.00 | $200.00 | 20% | Cortez, Rody | | North County Superior | |
| 1/16/2020 | 511-511439307 | $2,500.00 | $250.00 | $50.00 | $200.00 | 20% | Cortez, Rody | | North County Superior | |
| 1/16/2020 | 580-580388907 | $2,500.00 | $250.00 | $50.00 | $200.00 | 20% | Moran, Daniel | | South Bay | |
| 1/16/2020 | 511-511441259 | $2,000.00 | $200.00 | $40.00 | $160.00 | 20% | Cortez, Rody | | North County Superior | |
| 1/16/2020 | 511-511441258 | $2,500.00 | $250.00 | $0.00 | $250.00 | 0% | DeLaCruz, Daniel | | North County Superior | |
| 1/16/2020 | 527-527366098 | $10,000.00 | $1,000.00 | $0.00 | $1,000.00 | 0% | Barraza, Christian | | San Jose Superior | |
| 1/16/2020 | 555-555229792 | $50,000.00 | $5,000.00 | $0.00 | $5,000.00 | 0% | Camacho, Jaime | | San Diego Superior | |
| 1/16/2020 | 555-555231240 | $35,000.00 | $3,500.00 | $0.00 | $3,500.00 | 0% | Vazquez, Lorena | | Oakland | |
| 1/16/2020 | 580-580386426 | $1,000.00 | $100.00 | $0.00 | $100.00 | 0% | Hernandez, Erik | | SONOMA | |
| 1/16/2020 | 580-580388906 | $754.00 | $75.40 | $0.00 | $75.40 | 0% | Moran, Daniel | | San Diego Superior | |
| | | $1,107,754.00 | $110,775.40 | $27,035.40 | $83,740.00 | | | | | |
| | | | | 24% | | | | | | |

40 bonds issued
34 w Rebates of 20%, or greater

| 1/16/2020 | 555-555231266 R | $50,000.00 | $5,000.00 | $5,000.00 | $0.00 | 100% | Torres, Francisco | North County Superior |
| 1/16/2020 | 527-527364521 R | $25,000.00 | $2,500.00 | $2,500.00 | $0.00 | 100% | Garcia, Maria | SSF |
| 1/16/2020 | 511-511436161 | $7,500.00 | $750.00 | $600.00 | $150.00 | 80% | Mejia, Anthony | Fresno |
| | | **$82,500.00** | **$8,250.00** | **$8,100.00** | **$150.00** | | | |
| | | | | 98% | | | | |

3 rewrite bonds issued w rebates of 80%, or higher

| Bond Date | Power Number | Bond Amount | Prem. Chrged | Rebate | Total billed | Rebate % | Agent | Case Number | Court Name | Defendant |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/8/2017 | 1018-119115356 | $100,000.00 | $10,000.00 | $3,000.00 | $7,000.00 | 30% | Lopez, Victor | | El Cajon Sup | |
| 11/8/2017 | 4003-137712947 | $66,667.00 | $6,666.70 | $1,667.00 | $4,999.70 | 25% | Chavez, Jose | | Vallejo | |
| 11/8/2017 | 1014-133105039 | $50,000.00 | $5,000.00 | $1,500.00 | $3,500.00 | 30% | Martinez, Gabby | | South Bay | |
| 11/8/2017 | 555-555183211 | $50,000.00 | $5,000.00 | $1,500.00 | $3,500.00 | 30% | Barnes, Jeff | | Visalia | |
| 11/8/2017 | 1014-114705323 | $50,000.00 | $5,000.00 | $1,000.00 | $4,000.00 | 20% | Torres-Smith, Jeremy | | El Cajon Sup | |
| 11/8/2017 | 4019-157603078 | $50,000.00 | $5,000.00 | $1,000.00 | $4,000.00 | 20% | Garcia, Miguel | | Stockton | |
| 11/8/2017 | 6016-113919418 | $25,000.00 | $2,500.00 | $750.00 | $1,750.00 | 30% | Barraza, Christian | | San Jose Superior | |
| 11/8/2017 | 6010-136905832 | $25,000.00 | $2,500.00 | $500.00 | $2,000.00 | 20% | Valderrama, Steve | | Redwood City | |
| 11/8/2017 | 6009-161905878 | $15,000.00 | $1,500.00 | $300.00 | $1,200.00 | 20% | Santiago, Peter | | Oakland | |
| 11/8/2017 | 6010-118885097 | $10,000.00 | $1,000.00 | $300.00 | $700.00 | 30% | Martinez, Adrian | | Redwood City | |
| 11/8/2017 | 6017-173678234 | $10,000.00 | $1,000.00 | $300.00 | $700.00 | 30% | Shaffer, Stephen | | Santa Rosa | |
| 11/8/2017 | 1014-156379041 | $10,000.00 | $1,000.00 | $200.00 | $800.00 | 20% | Martinez, Gabby | | San Diego Superior | |
| 11/8/2017 | 511-511359811 | $10,000.00 | $1,000.00 | $200.00 | $800.00 | 20% | Dreo, Nathan | | Fresno | |
| 11/8/2017 | 1014-164919146 | $5,000.00 | $500.00 | $100.00 | $400.00 | 20% | Torres-Smith, Jeremy | | South Bay | |
| 11/8/2017 | 1014-172662389 | $5,000.00 | $500.00 | $100.00 | $400.00 | 20% | Torres-Smith, Jeremy | | San Diego Superior | |
| 11/8/2017 | 3004-140828214 | $35,000.00 | $2,800.00 | $350.00 | $2,450.00 | 13% | Mejia, Juan | | San Jose-Superior | |
| 11/8/2017 | 1014-114192817 | $2,500.00 | $250.00 | $0.00 | $250.00 | 0% | Martinez, Gabby | | El Cajon Sup | |
| 11/8/2017 | 1014-138442898 | $2,500.00 | $250.00 | $0.00 | $250.00 | 0% | Martinez, Gabby | | South Bay | |
| 11/8/2017 | 1014-184529131 | $1,000.00 | $100.00 | $0.00 | $100.00 | 0% | Huerta, Victor | | San Diego Superior | |
| 11/8/2017 | 1021-119302994 | $1,500.00 | $150.00 | $0.00 | $150.00 | 0% | Greenlee, Jeremy | | North County Superior | |
| 11/8/2017 | 1021-144356900 | $20,000.00 | $2,000.00 | $0.00 | $2,000.00 | 0% | Greenlee, Jeremy | | North County Superior | |
| 11/8/2017 | 1021-160691192 | $5,000.00 | $500.00 | $0.00 | $500.00 | 0% | Greenlee, Jeremy | | North County Superior | |
| 11/8/2017 | 1021-173741115 | $10,000.00 | $800.00 | $0.00 | $800.00 | 0% | Truong, Nhan | | North County Superior | |
| 11/8/2017 | 1021-187655456 | $2,500.00 | $200.00 | $0.00 | $200.00 | 0% | Sandoval, Ismael | | North County Superior | |
| 11/8/2017 | 3004-187275280 | $1,000.00 | $100.00 | $0.00 | $100.00 | 0% | Salazar, Antonio | | Fresno | |
| 11/8/2017 | 4003-145222139 | $7,500.00 | $750.00 | $0.00 | $750.00 | 0% | Mathenia-Witthar, Taneya | | FAIRFIELD | |
| 11/8/2017 | 4003-159177821 | $15,000.00 | $1,500.00 | $0.00 | $1,500.00 | 0% | Mathenia-Witthar, Taneya | | FAIRFIELD | |
| 11/8/2017 | 4003-168287575 | $10,000.00 | $1,000.00 | $0.00 | $1,000.00 | 0% | Mathenia-Witthar, Taneya | | FAIRFIELD | |
| 11/8/2017 | 4003-180573143 | $3,500.00 | $350.00 | $0.00 | $350.00 | 0% | Mathenia-Witthar, Taneya | | FAIRFIELD | |
| 11/8/2017 | 4008-142894575 | $150,000.00 | $12,000.00 | $0.00 | $12,000.00 | 0% | Mitchell, Mike | | Modesto | |
| 11/8/2017 | 6009-164186189 | $145,000.00 | $14,500.00 | $0.00 | $14,500.00 | 0% | Mayar, Tariq | | Oakland | |
| 11/8/2017 | 6010-144235579 | $10,000.00 | $800.00 | $0.00 | $800.00 | 0% | Murphy, Soloven | | Redwood City | |
| 11/8/2017 | 6012-176773906 | $7,500.00 | $600.00 | $0.00 | $600.00 | 0% | Lopez, Noemi | | SALINAS | |
| 11/8/2017 | 6015-128494355 | $50,000.00 | $5,000.00 | $0.00 | $5,000.00 | 0% | Shaffer, Stephen | | San Francisco | |
| 11/8/2017 | 6017-112961275 | $10,000.00 | $1,000.00 | $0.00 | $1,000.00 | 0% | Forward, Daniel | 5 | Santa Rosa | |
| 11/8/2017 | 6017-127333505 | $1,000.00 | $100.00 | $0.00 | $100.00 | 0% | Bayley, Cameron | | Santa Rosa | |
| 11/8/2017 | 6017-131347052 | $10,000.00 | $1,000.00 | $0.00 | $1,000.00 | 0% | Forward, Daniel | 4 | Santa Rosa | |
| 11/8/2017 | 6017-136483303 | $10,000.00 | $1,000.00 | $0.00 | $1,000.00 | 0% | Forward, Daniel | | Santa Rosa | |
| 11/8/2017 | 6017-146821308 | $10,000.00 | $1,000.00 | $0.00 | $1,000.00 | 0% | Forward, Daniel | | Santa Rosa | |
| 11/8/2017 | 6017-160866965 | $3,500.00 | $350.00 | $0.00 | $350.00 | 0% | Forward, Daniel | | Santa Rosa | |
| 11/8/2017 | 6017-164145424 | $5,000.00 | $500.00 | $0.00 | $500.00 | 0% | Forward, Daniel | | Santa Rosa | |
| 11/8/2017 | 6017-175416020 | $2,500.00 | $250.00 | $0.00 | $250.00 | 0% | Forward, Daniel | | Santa Rosa | |
| | | $1,013,167.00 | $97,016.70 | $12,767.00 | $84,249.70 | | | | | |
| | | | | | | 13% | | | | |

42 bonds issued
16 w Rebates total, 15 of those with Rebates of 20%, or greater

EXHIBIT 8

| | |
|---|---|
| **From:** | Harvey, Dean <dharvey@lchb.com> |
| **Sent:** | Monday, July 6, 2020 1:00 PM |
| **To:** | Shaun Paisley; Benson, Katherine Lubin |
| **Cc:** | Michael Paguyo; Salahi, Yaman; Gitlin, Adam; Rivera, Omar; Dafa, Jallé; Blake Zollar |
| **Subject:** | RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST:  Rule 11 Motion |

Shaun,

We are clearly at an impasse regarding whether evidence of some price competition "fatally undercuts" allegations of conspiracy.  We have tried to explain, many times, that you are mistaken as a matter of black letter antitrust law.  You appear determined to file a motion devoid of merit.  If you do so, we reserve our right to seek our attorney fees in responding to it.  Enough.

Best,

Dean

Dean M. Harvey
Lieff, Cabraser, Heimann & Bernstein, LLP


-----Original Message-----
From: Shaun Paisley [mailto:shaun@kzllp.com]
Sent: Monday, July 06, 2020 12:38 PM
To: Benson, Katherine Lubin
Cc: Harvey, Dean; Michael Paguyo; Salahi, Yaman; Gitlin, Adam; Rivera, Omar; Dafa, Jallé; Blake Zollar
Subject: RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Katie,

Because we are confident that All-Pro has consistently provided rebates, which fatally undercuts the allegations in the SCAC, we have repeatedly offered to provide rebating data for five random dates of Plaintiffs' choosing.  Plaintiffs have repeatedly stated that they believe such information is irrelevant to liability and thus declined that offer.  If they have reconsidered that position, please immediately let us know.  If not, we intend to file our Rule 11 motion tomorrow.

Shaun Paisley
Koning Zollar LLP
470 James Street, #007
New Haven, CT 06513
T: 203-951-1213 / F: 858-252-3238
https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874655925&amp;sdata=ezfIAR%2BcyDdu7LwPOL29wRWw%2BBH3M4CEyfN0yU%2BlNoM%3D&amp;reserved=0


_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

-----Original Message-----
From: Benson, Katherine Lubin <kbenson@lchb.com>
Sent: Friday, July 3, 2020 9:45 AM
To: Shaun Paisley <shaun@kzllp.com>
Cc: Harvey, Dean <dharvey@lchb.com>; Michael Paguyo <michael@kzllp.com>; Salahi, Yaman <ysalahi@lchb.com>; Gitlin, Adam <agitlin@lchb.com>; Rivera, Omar <orivera@lchb.com>; Dafa, Jallé <jdafa@lchb.com>; Blake Zollar <blake@kzllp.com>
Subject: Re: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Shaun,

We have indicated several times, including again in Mr. Harvey's email from yesterday, that we will consider information you provide. You've told us that you will not provide information from CRM for several years because it would be "very burdensome." We've therefore asked you to provide further information describing that burden. Please do so.

Best,
Katie

On Jul 2, 2020, at 12:14 PM, Shaun Paisley <shaun@kzllp.com> wrote:


Katie,

I don't understand the purpose of these questions.  It seems like you are trying to probe whether All-Pro can, without significant burden, provide you with more of the same rebating information it has already provided you, but covering years, rather than a random sampling of your own choosing.  But you have made clear that you view the frequency and amount of All-Pro's rebating to be "irrelevant" to whether it participated in the alleged conspiracy.  Have you changed your position on that?  If not, and it is still your position that Plaintiffs have a plausible claim that All-Pro participated in an anti-rebating conspiracy no matter how often it rebated, what difference would it make if we provided you with more of the same rebating data?

Shaun Paisley
Koning Zollar
LLP<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874655925&amp;sdata=ezfIAR%2BcyDdu7LwPOL29wRWw%2BBBH3M4CEyfN0yU%2BlNoM%3D&amp;reserved=0>
470 James Street, #007
New Haven, CT 06513
T: 203-951-1213 / F: 858-252-3238
https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874655925&amp;sdata=ezfIAR%2BcyDdu7LwPOL29wRWw%2BBBH3M4CEyfN0yU%2BlNoM%3D&amp;reserved=0
<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C63

7296623874655925&amp;sdata=ezfIAR%2BcyDdu7LwPOL29wRWw%2BBH3M4CEyfN0yU%2BlNoM%3D&amp;reserved=0>
<image001.png>

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

From: Benson, Katherine Lubin <kbenson@lchb.com>
Sent: Wednesday, July 1, 2020 9:09 AM
To: Shaun Paisley <shaun@kzllp.com>; Harvey, Dean <dharvey@lchb.com>
Cc: Michael Paguyo <michael@kzllp.com>; Salahi, Yaman <ysalahi@lchb.com>; Gitlin, Adam <agitlin@lchb.com>; Rivera, Omar <orivera@lchb.com>; Dafa, Jallé <jdafa@lchb.com>; Blake Zollar <blake@kzllp.com>
Subject: RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Dear Shaun,

I write regarding All-Pro's Customer Relationship ("CRM") database, as described in the declaration of Steffan Gibbs.  In your June 18 telephone conversation and in correspondence following that conversation, we requested that you provide information about the CRM database.

Your email from yesterday states that "to produce a report like the one we provided you for December 25, 2016, but covering years' worth of data, would be very burdensome, because it is not possible to simply plug in a date range and print out a spreadsheet.  It requires some labor to extract and format the data for a single day, and doing so for several years' worth of data would therefore take thousands of hours."

Please provide the following information so that we can assess your claim of burden and your representation that generating a report for years of data would take "thousands of hours":


1.          Describe the data management system(s) (including but not limited to CRM) storing the bail transactions and rebating information (i.e., the database(s) containing the information that would be used to identify each bail transaction, the amount of bail, the amount of the premium charged, the rate category utilized, and any rebates that were offered)?

a.          What database management software is used (i.e., Oracle, Teradata, SQL Server, IBM AS400, etc.)?

b.          What hardware is the database running on?

c.          Are there copies of the database(s) that are accessible (i.e., for reporting, disaster recovery, high availability, etc.)?

d.          What tools are available to access the data? (i.e., custom All-Pro tools as well as industry standard tools that can be run at the command line or otherwise)

e.          What tools are available for developing, running, or testing customized database queries?

2.        Please describe the structure of the actual data in the database(s) mentioned above.  For example, how many tables need to be queried to determine whether responsive data is maintained, and if there are multiple tables, how do they relate to each other?

Please provide your responses by Monday July 6.

Best,
Katie

<image002.gif>

Katherine Lubin Benson
kbenson@lchb.com<mailto:kbenson@lchb.com>
t 415.956.1000
f 415.956.1008
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.lieffcabraser.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874655925&amp;sdata=GZdc5KwI19A7DXrVo8QXtVt7WD%2BQ6cYUXT4aMm%2BVlZs%3D&amp;reserved=0<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.lieffcabraser.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874655925&amp;sdata=GZdc5KwI19A7DXrVo8QXtVt7WD%2BQ6cYUXT4aMm%2BVlZs%3D&amp;reserved=0>

From: Shaun Paisley [mailto:shaun@kzllp.com]
Sent: Tuesday, June 30, 2020 9:12 AM
To: Harvey, Dean
Cc: Michael Paguyo; Benson, Katherine Lubin; Salahi, Yaman; Gitlin, Adam; Rivera, Omar; Dafa, Jallé; Blake Zollar
Subject: RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Dean,

You have made clear that, regardless of the answers we provide in response to your questions, Plaintiffs will not withdraw their allegations against All-Pro.  That is because Plaintiffs continue to believe that the frequency and extent of All-Pro's historical rebating practices do not undermine Plaintiffs' allegations that All-Pro participated in an anti-rebating conspiracy.  Instead, we understand that you are seeking this information solely for purposes of assessing "impact and damages."

Even so, I will provide answers to the questions you raised, with the hope that Plaintiffs will reconsider their position and belatedly withdraw their baseless allegations as to All-Pro.  As for the question of whether the December 25, 2016 spreadsheet reflects rebates, as I've explained before, discounts and rebates are different.  A discount results in a reduction of the rate itself, and it is available only for certain eligible customers.  A rebate, by contrast, is taken from the bail agent's commission and could be provided to any customer.  So when the spreadsheet contains a column entitled "Rebate," that reflects a rebate.  If the person received a discount, that would be reflected in the "Premium Charged" column.  Thus, if the premium charged amount is 10% of the bond amount, the rate was 10%.  If the premium charged amount is 8% of the bond amount, the rate was 8%.  While the December 25, 2016 spreadsheet does not reflect 8% rates, I have attached, as an illustration, data from All-Pro's CRM reflecting bonds issued on a randomly selected date

(November 8, 2017) that does include several 8% rates. I have also attached data from All-Pro's CRM reflecting bonds issued on another randomly selected date (January 16, 2020) that, like December 25, 2016, shows only 10% rates, to illustrate that the absence of 8% discounted rates on a particular day is not unusual.

As for the annual average premium ranges we provided, those are calculated based upon company financials showing the total bonds written by All-Pro, the total amount of premiums charged, the total amount of rebating, as well as the amounts collected from customers. You have made clear that, in your view, the percentage ranges we have provided somehow prove All-Pro's participation in a conspiracy, so we are not sure why providing you with information confirming the accuracy of those percentage ranges would make any difference to your determination about whether to withdraw the allegations. In any event, we would not produce such information without entry of a protective order.

As for the CRM, it contains the data that is included in the spreadsheets we have provided you; we have not withheld any fields in these reports. In addition, to produce a report like the one we provided you for December 25, 2016, but covering years' worth of data, would be very burdensome, because it is not possible to simply plug in a date range and print out a spreadsheet. It requires some labor to extract and format the data for a single day, and doing so for several years' worth of data would therefore take thousands of hours.

Finally, making factually baseless allegations without first conducting a reasonable inquiry is indeed the "proper subject" of a Rule 11 motion, and so we intend to file the motion absent withdrawal or correction of the allegations against All-Pro. While the safe harbor period expires tomorrow, we will hold off on filing the motion until Monday, July 6 to allow you to consider the additional information we have provided.

Shaun Paisley
Koning Zollar
LLP<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874655925&amp;sdata=ezfIAR%2BcyDdu7LwPOL29wRWw%2BBBH3M4CEyfN0yU%2BlNoM%3D&amp;reserved=0>
470 James Street, #007
New Haven, CT 06513
T: 203-951-1213 / F: 858-252-3238
https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874655925&amp;sdata=ezfIAR%2BcyDdu7LwPOL29wRWw%2BBBH3M4CEyfN0yU%2BlNoM%3D&amp;reserved=0<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874655925&amp;sdata=ezfIAR%2BcyDdu7LwPOL29wRWw%2BBBH3M4CEyfN0yU%2BlNoM%3D&amp;reserved=0>
<image001.png>

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

From: Harvey, Dean <dharvey@lchb.com<mailto:dharvey@lchb.com>>
Sent: Tuesday, June 23, 2020 1:55 PM
To: Shaun Paisley <shaun@kzllp.com<mailto:shaun@kzllp.com>>

Cc: Michael Paguyo <michael@kzllp.com<mailto:michael@kzllp.com>>; Benson, Katherine Lubin <kbenson@lchb.com<mailto:kbenson@lchb.com>>; Salahi, Yaman <ysalahi@lchb.com<mailto:ysalahi@lchb.com>>; Gitlin, Adam <agitlin@lchb.com<mailto:agitlin@lchb.com>>; Rivera, Omar <orivera@lchb.com<mailto:orivera@lchb.com>>; Dafa, Jallé <jdafa@lchb.com<mailto:jdafa@lchb.com>>; Blake Zollar <blake@kzllp.com<mailto:blake@kzllp.com>>
Subject: RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Hello Shaun,

I stand by my June 18 email.  Our conversation was as I described it.

You have asked me to put the questions we discussed on our call in writing.  I did that in my June 18 email.  Please provide answers to them.  In addition, please provide a list of all available fields of data in the CRM database, and provide us with the underlying data backup you used to calculate the ranges of prices paid you assert in your prior letter and in your draft motion.

We stand by the allegations in the SCAC.  You've asked the court to dismiss those allegations as implausible.  We will respond to those arguments in our opposition brief.  Nothing you have raised is the proper subject of a Rule 11 motion and I ask, again, that you reconsider this course of action before we waste more time on it.

Best,

Dean

Dean M. Harvey
Lieff, Cabraser, Heimann & Bernstein, LLP

From: Shaun Paisley [mailto:shaun@kzllp.com]
Sent: Thursday, June 18, 2020 3:41 PM
To: Harvey, Dean
Cc: Michael Paguyo; Benson, Katherine Lubin; Salahi, Yaman; Gitlin, Adam; Rivera, Omar; Dafa, Jallé; Blake Zollar
Subject: RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Dean,

This email misstates or distorts our conversation in a number of respects.

First, you did say that you were now happy to consider any evidence All-Pro provides.  That comes, of course, only after you refused All-Pro's offer to provide you with additional evidence about rebating, and then filed the Second Consolidated Amended Complaint ("SCAC") containing false or misleading allegations, requiring All-Pro to serve a Rule 11 motion based on your refusal to look at the evidence.  And while you seem to be shifting your position on why you refused to look at the evidence previously, you could not have been more clear in your May 12, 2020 letter:  you believe the extent of All-Pro's rebating is "irrelevant" to whether it participated in an anti-rebating conspiracy.

Second, what you asked me about the CRM was whether it could generate a report covering four years of data versus just one day's worth.  It is true I said I did not know that, and I told you that if you had similar technical questions, you should pose them in writing and we could determine whether to provide a response.  But you also confirmed that even if the CRM could generate a four-year report and it showed the same level of rebating as on December 25, 2016, it would make no difference to whether you would withdraw your allegations that All-Pro is involved in an anti-rebating conspiracy.  Your claim that you asked the other questions (about average prices and burden) is untrue.

Third, you did ask questions purporting to better understand the evidence provided with my April 30, 2020 letter. But I did not say I didn't know the answer. I told you that, as asserted in our motion, and as reflected in the business records, the majority of purchasers on December 25, 2016, received rebates. As I also noted, if you were actually interested in the answers to these questions, you had ample opportunity to ask them over the last two months and did not do so. And if you actually considered the information about the extent of rebating relevant to whether All-Pro participated in an anti-rebating conspiracy, you would have taken us up on our offer of reviewing five additional days' worth of data, including the underlying receipts, and we could have worked through any questions you had before you filed the SCAC.

Fourth, All-Pro's position is not, as I again explained on the call, that some price competition always defeats a claim of joining a price-fixing conspiracy. All-Pro's claim is that evidence that it rebated consistently is irreconcilable with allegations that it is "unusual" or "rare[]" for All-Pro to rebate, and allegations that All-Pro is part of a cartel clamping down on rebating wherever it occurs. With respect to advertising, what I said is that advertising is a means to an end—which, here, is the goal to suppress rebating. I did not dispute that an agreement not to advertise rebates (you say discounts, but you continue to confuse the terminology) might violate antitrust laws. My point was that you have no facts supporting your false assertion that All-Pro conspired not to advertise, and given that there are facts showing that All-Pro regularly rebated in defiance of the ends of your alleged conspiracy, your conspiracy allegations are implausible.

Fifth, I did not in fact decline your offer to walk through the allegations of the SCAC (although we have made clear which allegations are improper and why in the Rule 11 motion we served). And I made clear what we believe your obligations are: to either withdraw the allegations against All-Pro, or to correct them and be candid with the Court about the facts. As All-Pro notes in its motion, Rule 11 prohibits omitting material facts when doing so renders a complaint misleading.

Finally, what is true is that All-Pro will not be providing you with discovery. All-Pro has been named as a defendant in the SCAC based on allegations with no factual support, and it should not be burdened with discovery in an effort to disprove them. That is particularly true when you appear to have made up your mind that, regardless of the extent of All-Pro's rebating, All-Pro engaged in a conspiracy to suppress rebates. But if you are now open to the possibility that the frequency of All-Pro's rebating is relevant to whether it participated in an anti-rebating conspiracy, and that your allegations in the SCAC against All-Pro may be incorrect, our offer to provide you with the same random sample we offered before remains open. Accordingly, if you provide us with five dates of your choosing from January 29, 2014 to the present, All-Pro will search its records and promptly provide you with details of each bail transaction on that date, including the number of commission rebates provided and the amount of those rebates. And, as I offered on our call, if you have questions about the CRM system or about the distinction between discounts and rebates after receiving that information, you can pose them in writing and we will work with our client to provide responses if appropriate.

Let me know your response.

Shaun Paisley
Koning Zollar
LLP<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874655925&amp;sdata=ezfIAR%2BcyDdu7LwPOL29wRWw%2BBH3M4CEyfN0yU%2BlNoM%3D&amp;reserved=0>
470 James Street, #007
New Haven, CT 06513
T: 203-951-1213 / F: 858-252-3238
https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874665883&amp;sdata=A3k4AqyCxVOgogt5yWJysKeblzT53zmh7t5Rw5cS%2BkM%3D&amp;reserved=0<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874665883&amp;sdata=A3k4AqyCxVOgogt5yWJysKeblzT53zmh7t5Rw5cS%2BkM%3D&amp;reserved=0>

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

From: Harvey, Dean <dharvey@lchb.com<mailto:dharvey@lchb.com>>
Sent: Thursday, June 18, 2020 1:32 PM
To: Shaun Paisley <shaun@kzllp.com<mailto:shaun@kzllp.com>>
Cc: Michael Paguyo <michael@kzllp.com<mailto:michael@kzllp.com>>; Benson, Katherine Lubin <kbenson@lchb.com<mailto:kbenson@lchb.com>>; Salahi, Yaman <ysalahi@lchb.com<mailto:ysalahi@lchb.com>>; Gitlin, Adam <agitlin@lchb.com<mailto:agitlin@lchb.com>>; Rivera, Omar <orivera@lchb.com<mailto:orivera@lchb.com>>; Dafa, Jallé <jdafa@lchb.com<mailto:jdafa@lchb.com>>; Blake Zollar <blake@kzllp.com<mailto:blake@kzllp.com>>
Subject: RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Shaun,

Thank you for calling me. I write to memorialize our conversation.

First, I said we are happy to consider any evidence you would like us to review. I explained that we declined your earlier offer to give us five days' worth of data because we rejected the premise of your offer that, if it showed any rebating, the result should be to dismiss your client. As I've explained before, evidence of price competition is not a defense to joining an antitrust conspiracy. Nonetheless, I said we would consider any additional information or data you would like to give us. The data is certainly relevant to impact and damages.

To that end, I asked you to explain the time period covered by All-Pro's Customer Relationship ("CRM") database, described in the declaration of Steffan Gibbs. You did not know. I asked you if it could create a report for the data over which you assert average prices All-Pro Charged (beyond Christmas Day, 2016). You did not know. I asked you if there would be any burden involved in generating a report that covered the class period. You did not know.

I also asked questions to better understand the report you attached to your April 30, 2020 letter. I said that it was not clear to us if the transactions that appear to have a rebate percentage were actually instead merely transactions that qualified for a discounted rate. For instance, most of the transactions that purport to include a rebate show 20%, which could mean that the person simply qualified for a lower 8% rate, rather than benefiting from a negotiated rebate. You said that we could not answer this question based on what you have provided us. Instead, we would need to review the individual contracts.

Second, I did my best to explain that evidence of price competition is not a complete defense to joining a price-fixing conspiracy. You appear to continue to believe that it does. You also said that there would be no point in joining a conspiracy not to advertise rebates if any rebates occurred. I informed you that agreeing not to advertise discounts is itself a violation of the antitrust laws, regardless of whether there is an explicit agreement on price. Certainly, it is no defense to either form of price-fixing to say that some price competition occurred. The question in this case is what would the prices have been in the absence of the misconduct we allege. We believe for all the reasons in the SCAC that All-Pro's prices would have been lower.

Third, I offered to walk through any allegation in the SCAC that you believe violated our Rule 11 obligations, and discuss them. You declined. Instead, you said we had an obligation to allege that All-Pro offered significant rebates on a

consistent basis. I told you that we do not know that to be the case, as I've previously explained to you. And that, nonetheless, we find the complete absence of advertised rebates to be an important fact that led to us to name your client as a defendant. I again asked you to give me a single example of an advertised rebate. You refused and changed the subject.

Fourth, I repeated my request for the information I've asked for to be able to evaluate your assertion that All-Pro could not possibly have joined the alleged conspiracy. I said we would take any portion of what we are requesting and would consider it. I also said we would be happy to meet and confer about these requests to discuss any burden or other objections you have. You did not take me up on the offer.

Best,

Dean

Dean M. Harvey
Lieff, Cabraser, Heimann & Bernstein, LLP

From: Shaun Paisley [mailto:shaun@kzllp.com]
Sent: Wednesday, June 17, 2020 5:05 PM
To: Harvey, Dean
Cc: Michael Paguyo; Benson, Katherine Lubin; Salahi, Yaman; Gitlin, Adam; Rivera, Omar; Dafa, Jallé; Blake Zollar
Subject: Re: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

That works; I'll call you then.


Shaun Paisley

Koning Zollar
LLP<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874665883&amp;sdata=A3k4AqyCxVOgogt5yWJysKeblzT53zmh7t5Rw5cS%2BkM%3D&amp;reserved=0>

470 James Street, #007

New Haven, CT 06513

T: 203-951-1213 / F: 858-252-3238

https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874665883&amp;sdata=A3k4AqyCxVOgogt5yWJysKeblzT53zmh7t5Rw5cS%2BkM%3D&amp;reserved=0<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874665883&amp;sdata=A3k4AqyCxVOgogt5yWJysKeblzT53zmh7t5Rw5cS%2BkM%3D&amp;reserved=0>

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient,

please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

_____

From: Harvey, Dean <dharvey@lchb.com<mailto:dharvey@lchb.com>>
Sent: Wednesday, June 17, 2020 7:38 PM
To: Shaun Paisley <shaun@kzllp.com<mailto:shaun@kzllp.com>>
Cc: Michael Paguyo <michael@kzllp.com<mailto:michael@kzllp.com>>; Benson, Katherine Lubin <kbenson@lchb.com<mailto:kbenson@lchb.com>>; Salahi, Yaman <ysalahi@lchb.com<mailto:ysalahi@lchb.com>>; Gitlin, Adam <agitlin@lchb.com<mailto:agitlin@lchb.com>>; Rivera, Omar <orivera@lchb.com<mailto:orivera@lchb.com>>; Dafa, Jallé <jdafa@lchb.com<mailto:jdafa@lchb.com>>; Blake Zollar <blake@kzllp.com<mailto:blake@kzllp.com>>
Subject: Re: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

I can talk at 12:30 tomorrow if that works.

Sent from my iPhone

On Jun 17, 2020, at 1:25 PM, Shaun Paisley <shaun@kzllp.com<mailto:shaun@kzllp.com>> wrote:


Dean,

I'll be available tomorrow before 10.30 PT or between Noon and 3 PT.  If there's a time in there that works, let me know.

Thanks,
Shaun

Shaun Paisley
Koning Zollar
LLP<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874665883&amp;sdata=A3k4AqyCxVOgogt5yWJysKeblzT53zmh7t5Rw5cS%2BkM%3D&amp;reserved=0<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874665883&amp;sdata=A3k4AqyCxVOgogt5yWJysKeblzT53zmh7t5Rw5cS%2BkM%3D&amp;reserved=0>>
470 James Street, #007
New Haven, CT 06513
T: 203-951-1213 / F: 858-252-3238
https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874665883&amp;sdata=A3k4AqyCxVOgogt5yWJysKeblzT53zmh7t5Rw5cS%2BkM%3D&amp;reserved=0<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874665883&amp;sdata=A3k4AqyCxVOgogt5yWJysKeblzT53zmh7t5Rw5cS%2BkM%3D&amp;reserved=0<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874665883&amp;sdata=A3k4AqyCxVOgogt5yWJysKeblzT53zmh7t5Rw5cS%2BkM%3D&amp;reserved=0>>

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

From: Harvey, Dean <dharvey@lchb.com<mailto:dharvey@lchb.com>>
Sent: Wednesday, June 17, 2020 1:19 PM
To: Shaun Paisley <shaun@kzllp.com<mailto:shaun@kzllp.com>>; Michael Paguyo <michael@kzllp.com<mailto:michael@kzllp.com>>
Cc: Benson, Katherine Lubin <kbenson@lchb.com<mailto:kbenson@lchb.com>>; Salahi, Yaman <ysalahi@lchb.com<mailto:ysalahi@lchb.com>>; Gitlin, Adam <agitlin@lchb.com<mailto:agitlin@lchb.com>>; Rivera, Omar <orivera@lchb.com<mailto:orivera@lchb.com>>; Dafa, Jallé <jdafa@lchb.com<mailto:jdafa@lchb.com>>; Blake Zollar <blake@kzllp.com<mailto:blake@kzllp.com>>
Subject: RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Hi Shaun,

If you have additional information you are willing to provide us, please do so.  Happy to discuss, as always.  When are you available?

Best,

Dean

Dean M. Harvey
Lieff, Cabraser, Heimann & Bernstein, LLP

From: Shaun Paisley [mailto:shaun@kzllp.com]
Sent: Wednesday, June 17, 2020 1:14 PM
To: Harvey, Dean; Michael Paguyo
Cc: Benson, Katherine Lubin; Salahi, Yaman; Gitlin, Adam; Rivera, Omar; Dafa, Jallé; Blake Zollar
Subject: RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Please see the attached letter.

Shaun Paisley
Koning Zollar
LLP<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874665883&amp;sdata=A3k4AqyCxVOgogt5yWJysKeblzT53zmh7t5Rw5cS%2BkM%3D&amp;reserved=0<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmicha el%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C63729 6623874665883&amp;sdata=A3k4AqyCxVOgogt5yWJysKeblzT53zmh7t5Rw5cS%2BkM%3D&amp;reserved=0>>
470 James Street, #007
New Haven, CT 06513
T: 203-951-1213 / F: 858-252-3238

https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmic
hael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637
296623874665883&amp;sdata=A3k4AqyCxVOgogt5yWJysKeblzT53zmh7t5Rw5cS%2BkM%3D&amp;reserved=0<https://
nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%4
0kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623
874665883&amp;sdata=A3k4AqyCxVOgogt5yWJysKeblzT53zmh7t5Rw5cS%2BkM%3D&amp;reserved=0<https://nam04.
safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.c
om%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874675
837&amp;sdata=YQP5Wot5Nqo2EiRhai0k8HiJaPt%2BNnpYXJ7R9jcLEy8%3D&amp;reserved=0>>
<image001.png>

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged
information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient,
please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient,
please be advised that the content of this message is subject to access, review and disclosure by the sender's Email
System Administrator.

From: Harvey, Dean
<dharvey@lchb.com<mailto:dharvey@lchb.com<mailto:dharvey@lchb.com%3cmailto:dharvey@lchb.com>>>
Sent: Tuesday, June 9, 2020 1:51 PM
To: Michael Paguyo
<michael@kzllp.com<mailto:michael@kzllp.com<mailto:michael@kzllp.com%3cmailto:michael@kzllp.com>>>
Cc: Benson, Katherine Lubin
<kbenson@lchb.com<mailto:kbenson@lchb.com<mailto:kbenson@lchb.com%3cmailto:kbenson@lchb.com>>>; Salahi,
Yaman <ysalahi@lchb.com<mailto:ysalahi@lchb.com<mailto:ysalahi@lchb.com%3cmailto:ysalahi@lchb.com>>>; Gitlin,
Adam <agitlin@lchb.com<mailto:agitlin@lchb.com<mailto:agitlin@lchb.com%3cmailto:agitlin@lchb.com>>>; Rivera,
Omar <orivera@lchb.com<mailto:orivera@lchb.com<mailto:orivera@lchb.com%3cmailto:orivera@lchb.com>>>; Dafa,
Jallé <jdafa@lchb.com<mailto:jdafa@lchb.com<mailto:jdafa@lchb.com%3cmailto:jdafa@lchb.com>>>; Shaun Paisley
<shaun@kzllp.com<mailto:shaun@kzllp.com<mailto:shaun@kzllp.com%3cmailto:shaun@kzllp.com>>; Blake Zollar
<blake@kzllp.com<mailto:blake@kzllp.com<mailto:blake@kzllp.com%3cmailto:blake@kzllp.com>>>
Subject: RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Counsel,

Please see attached.

Best,

Dean

Dean M. Harvey
Lieff, Cabraser, Heimann & Bernstein, LLP

From: Michael Paguyo [mailto:michael@kzllp.com]
Sent: Monday, June 08, 2020 3:37 PM
To: Harvey, Dean
Cc: Benson, Katherine Lubin; Salahi, Yaman; Gitlin, Adam; Rivera, Omar; Dafa, Jallé; Shaun Paisley; Blake Zollar
Subject: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Hello Mr. Harvey,

Please see attached.

Let us know if you have any questions.

Thank you,

Michael


Michael Paguyo
Sr. Paralegal
Koning Zollar
LLP<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874675837&amp;sdata=YQP5Wot5Nqo2EiRhai0k8HiJaPt%2BNnpYXJ7R9jcLEy8%3D&amp;reserved=0<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874675837&amp;sdata=YQP5Wot5Nqo2EiRhai0k8HiJaPt%2BNnpYXJ7R9jcLEy8%3D&amp;reserved=0>>
169 Saxony Road, Suite 115
Encinitas, CA 92024-6780
T: 858-252-3209 | F: 858-252-3238
https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874675837&amp;sdata=YQP5Wot5Nqo2EiRhai0k8HiJaPt%2BNnpYXJ7R9jcLEy8%3D&amp;reserved=0<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874675837&amp;sdata=YQP5Wot5Nqo2EiRhai0k8HiJaPt%2BNnpYXJ7R9jcLEy8%3D&amp;reserved=0<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cmichael%40kzllp.com%7Cef3d542f72f145cfd2fb08d821e720fa%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637296623874675837&amp;sdata=YQP5Wot5Nqo2EiRhai0k8HiJaPt%2BNnpYXJ7R9jcLEy8%3D&amp;reserved=0>>
<image001.png>

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.