Dean M. Harvey (SBN 250298)
Katherine Lubin (SBN 259826)
Yaman Salahi (SBN 288752)
Adam Gitlin (SBN 317047)
Jallé Dafa (SBN 290637)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
ysalahi@lchb.com
agitlin@lchb.com
jdafa@lchb.com

*Interim Class Counsel*

*(Additional counsel listed on signature page)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Master Case No. 4:19-CV-00717-JST<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |

## I. INTRODUCTION

Defendants ask the Court to take judicial notice of, or incorporate by reference, fifty-two documents in support of their Motion to Dismiss. *See* ECF No. 111 (Defs'. Req. for Judicial Notice). Exhibits 1 through 51 are excerpts of documents related to Defendants' bail bond premium rate filings with the California Department of Insurance ("CDI"). Exhibit 52 is a financial disclosure filed with CDI by Continental Heritage Insurance Company.

Plaintiffs do not oppose Defendants' request to the extent Defendants merely would like the Court to take judicial notice that (1) a specific rate was filed with and either approved or rejected by CDI in a particular rate filing; or (2) a Defendant and/or CDI made a particular representation or statement in a CDI rate filing. However, Plaintiffs oppose Defendants' request to the extent they ask the Court to go beyond the appropriate bounds of judicial notice by seeking to introduce the *truth* or *accuracy* of Defendants' statements in those filings, or the inferences to be drawn from the reported financial data, all of which are subject to reasonable dispute and contradict the allegations of Plaintiffs' complaint.

## II. LEGAL STANDARD

In deciding a motion under Rule 12(b)(6), district courts are generally limited to the pleadings. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). There are two exceptions to this rule: judicial notice under Federal Rule of Evidence 201 and the incorporation-by-reference doctrine. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019).

Judicial notice is appropriate under Federal Rule of Evidence 201 for facts that are "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned . . . ." *See United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (quoting Fed. R. Evid. 201(b)(1)-(2)). And "[w]hen a Court takes judicial notice of a document, the Court must identify the particular facts it is noticing." *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 906 (N.D. Cal. 2019). Courts may take judicial notice of "records and reports of administrative bodies." *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (citation and quotation omitted); *see also Lee*, 250 F.3d at 688-89 (9th Cir. 2001)

1    (noting that "a court may take judicial notice of matters of public record" (citation omitted)).  But

2    "ascertaining this factor is only part of the inquiry under Rule 201(b)." *Khoja*, 899 F.3d at 1001.

3    If "there is reasonable dispute" as to what the record or report establishes, then the administrative

4    document is not susceptible to judicial notice. *Id.*

5        Incorporation by reference "permits a district court to consider documents 'whose

6    contents are alleged in a complaint and whose authenticity no party questions . . . .'" *In re Silicon

7    Graphics Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell*, 14 F.3d 449,

8    454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara,* 307 F.3d

9    1119 (9th Cir. 2002)).  Incorporation by reference covers situations where "the plaintiff refers

10   extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*,

11   342 F.3d at 908.  But "incorporation by reference does not mean that the court assumes the truth

12   of the document contents." *In re Apple Inc. Sec. Litig.*, No. 19-CV-02033-YGR, 2020 WL

13   2857397, at *5 (N.D. Cal. June 2, 2020).

14   **III.    DISCUSSION**

15       Defendants do not identify the particular portions of the Defendant Sureties' CDI filings

16   they seek to have the Court consider pursuant to judicial notice or incorporation-by-reference.

17   *See* Defs'. Req. for Judicial Notice 7-8 (requesting "judicial notice of the premium rate filings and

18   financial disclosure submitted").  Plaintiffs' response is therefore based on what can be discerned

19   from how Defendants cite the exhibits in their Motion to Dismiss.

20       **A.    Exhibits 1-51**

21       Plaintiffs do not oppose Defendants' request that the Court take judicial notice of Exhibits

22   1 through 51 (CDI filings), to the extent Defendants submit the filings for the purpose of

23   demonstrating the particular rate categories and rates that were submitted to CDI, and CDI's

24   disposition of those submissions as indicated on the face of the documents. *See Troy Grp., Inc. v.*

25   *Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005).

26       However, judicial notice or incorporation-by-reference beyond those matters—in

27   particular to prove the truth of the statements in the CDI filings—is inappropriate. *Troy Grp.*, 364

28   F. Supp. 2d at 1152 (taking judicial notice of administrative filings is appropriate "only for the

1  purpose of determining what statements the documents contain, not to prove the truth of the
2  documents' contents" (citation omitted)).  For example, Defendants ask the Court to take judicial
3  notice that certain filings were made to be more "competitive."  *See*, *e.g.*, ECF No. 112, Motion
4  to Dismiss at 26 (quoting Exhibit 2 "[Accredited Surety & Casualty] believes implementing this
5  rule will enable ASC to be more competitive in the marketplace").  But judicial notice of the
6  purported "truth" of the statement by Defendant ASC is not appropriate; indeed, Plaintiffs
7  strongly dispute that statement.  *See Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) ("The
8  truth of the content, and the inferences properly drawn from them, however, is not a proper
9  subject of judicial notice . . . ."); *Khoja*, 899 F.3d at 999 ("Just because the document itself is
10 susceptible to judicial notice does not mean that every assertion of fact within that document is
11 judicially noticeable for its truth."); *Jones*, 400 F. Supp. 3d at 905 ("[A] court may not take
12 judicial notice of disputed facts contained in such public records." (citing *Lee*, 250 F.3d at 689)).
13 Similarly, while Exhibits 1-51 are properly incorporated by reference given Plaintiffs' reliance on
14 them in the SCAC, the Court may not consider statements in those Exhibits for their truth to the
15 extent they dispute facts alleged in the SCAC.  *See Khoja*, 899 F.3d at 1003 ("[I]t is improper to
16 assume the truth of an incorporated document if such assumptions only serve to dispute facts
17 stated in a well-pleaded complaint."); *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052,
18 1061 (C.D. Cal. 2012) ("[T]he Court may *consider* [incorporated documents'] contents" but the
19 courts "will not consider these documents for the truth of the matters they assert."); *In re Apple*,
20 2020 WL 2857397, at *5.

21       Moreover, Defendants only cite to thirty-seven of the fifty-two exhibits in their Motion to
22 Dismiss.  The Court has previously noted that where a party does not discuss judicially noticed
23 exhibits in their brief, the Court need not consider them.  *See* ECF No. 91, Order Granting in Part
24 and Denying in Part Motions to Dismiss at 6 ("Where [the party] failed to discuss a document in
25 their brief, the Court has not considered it.").  Considering this, we respectfully request the Court
26 decline to consider exhibits 8, 13, 15, 17, 19, 21, 23, 26, 27, 31, 33, 38, 43, 50, and 51—all of
27 which Defendants fail to cite in their brief.
28

**B.     Exhibit 52**

Continental Heritage's financial disclosure filed with the CDI, Exhibit 52, is the proper subject of judicial notice only to demonstrate that Continental Heritage submitted the document to the CDI.  However, Defendants improperly attempt to use that data to claim that Continental Heritage's profit margins and loss ratios are different than as alleged in the SCAC.  *See* ECF No. 112, Motion to Dismiss at 29 (arguing Continental's filing "reveal far leaner profit margins" that "barely exceed three percent").  That is a disputed question in the litigation and therefore inappropriate for judicial notice or incorporation by reference.  Indeed, the calculations Defendants include in their brief do not even appear in Exhibit 52.  *Abbit v. ING USA Annuity & Life Ins. Co.*, 999 F. Supp. 2d 1189, 1196 (S.D. Cal. 2014) (rejecting judicial notice of calculations at the motion to dismiss stage where defendants "fail[ed] to provide proper support for the calculations").  Further, Plaintiffs dispute Defendants' method of calculating loss ratios and profit margins.  *See* ECF No. 112 at 29-31; *see also Taylor v. Procter & Gamble Co.*, 178 F.3d 1296, 1999 WL 232695, at *1 (6th Cir. 1999) (rejecting judicial notice of a party's statistical calculations "based on data in the record" because "the accuracy and significance of the calculation can reasonably be questioned" and statistical calculations "constitute[] *evidence*, and as such, [are] properly introduced only at trial").

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court take judicial notice of Defendants' Exhibits 1-52 only for (1) the fact that a certain rate filing or category was submitted to CDI and CDI's disposition of the filing; and (2) the fact that a particular statement was made or not made in a particular CDI filing or financial statement.

| | | |
|---|---|---|
| 1 | Dated: July 13, 2020 | Respectfully submitted, |
| 2 | | |
| 3 | | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| 4 | | By: */s/ Dean M. Harvey* |
| 5 | | Dean M. Harvey (SBN 250298) |
| | | Katherine C. Lubin (SBN 259826) |
| 6 | | Yaman Salahi (SBN 288752) |
| 7 | | Adam Gitlin (SBN 317047) |
| | | Jalle Dafa (SBN 290637) |
| 8 | | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| | | 275 Battery Street, 29th Floor |
| 9 | | San Francisco, CA 94111 |
| 10 | | Telephone: (415) 956-1000 |
| | | dharvey@lchb.com |
| 11 | | kbenson@lchb.com |
| | | ysalahi@lchb.com |
| 12 | | agitlin@lchb.com |
| 13 | | jdafa@lchb.com |
| 14 | | *Interim Class Counsel* |
| 15 | | |
| | | Benjamin David Elga (pro hac vice) |
| 16 | | Brian James Shearer (pro hac vice) |
| 17 | | JUSTICE CATALYST LAW |
| | | 81 Prospect St. |
| 18 | | Brooklyn, NY 11201 |
| | | Telephone: (518) 732-6703 |
| 19 | | belga@justicecatalyst.org |
| 20 | | brianshearer@justicecatalyst.org |
| 21 | | David Seligman (pro hac vice) |
| | | TOWARDS JUSTICE |
| 22 | | 1410 High Street, Suite 300 |
| | | Denver, CO 80218 |
| 23 | | Telephone: (720) 441-2236 |
| 24 | | Facsimile: (303) 957-2289 |
| | | david@towardsjustice.org |
| 25 | | Stuart T. Rossman (pro hac vice) |
| 26 | | NATIONAL CONSUMER LAW |
| | | CENTER 7 Winthrop Square, Fourth Floor |
| 27 | | Boston, MA 02110-1245 |
| | | Telephone: (617) 542-8010 |
| 28 | | |

| | |
|---|---|
| 1 | Facsimile: (617) 542-8028 |
| 2 | srossman@nclc.org |
| 3 | Cindy Pánuco (SBN 266921) |
| | Stephanie Carroll (SBN 263698) |
| 4 | Nisha Kashyap (SBN 301934) |
| | PUBLIC COUNSEL |
| 5 | 610 South Ardmore Avenue |
| | Los Angeles, California, 90005 |
| 6 | Telephone: (213) 385-2977 |
| 7 | Facsimile: (213) 201-4722 |
| | cpanuco@publiccounsel.org |
| 8 | scarroll@publiccounsel.org |
| | nkashyap@publiccounsel.org |
| 9 | |
| 10 | *Counsel for Plaintiffs and the Proposed Class* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2020, I caused the foregoing to be electronically filed and served with the Clerk of the Court using the CM/ECF system to all parties of record.

DATED: July 13, 2020
*/s/ Dean M. Harvey*
DEAN M. HARVEY
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP