Dean M. Harvey (SBN 250298)
Katherine Lubin (SBN 259826)
Yaman Salahi (SBN 288752)
Adam Gitlin (SBN 317047)
Jallé Dafa (SBN 290637)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
ysalahi@lchb.com
agitlin@lchb.com
jdafa@lchb.com

*Interim Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Master File No. 3:19-CV-000717-JST<br><br>CLASS ACTION<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS**<br><br>Judge: Hon. Jon S. Tigar<br>Hearing Date: August 26, 2020<br>Courtroom: 2, 4th Floor<br>Time: 2:00 p.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201 and the incorporation by reference doctrine, Plaintiffs hereby request that the Court take judicial notice of the following documents in support of Plaintiffs' Opposition to Defendants' Joint Motion to Dismiss, which is filed concurrently. The exhibit references correspond to the exhibits attached to the Declaration of Jallé Dafa filed herewith:

| | |
|---|---|
| Exhibit 1: | Greg Padilla Bail Bonds' Web Page "How Bail Works" with Embedded Video |
| Exhibit 2: | AIA Holdings, Inc. Web Page |
| Exhibit 3: | American Bail Coalition's 2005 Form 990 |
| Exhibit 4: | Golden State Bail Agents Association ("GSBAA") Resources Web Page |
| Exhibit 5: | Continental Heritage Insurance Company's 1999 CDI Rate Filing |
| Exhibit 6: | American Contractors Indemnity Company's 1999 CDI Rate Filing |
| Exhibit 7: | International Fidelity Insurance Company's 2017 CDI Rate Filing |
| Exhibit 8: | Continental Heritage Insurance Company's 2014 CDI Financial Condition Report |
| Exhibit 9: | 2015 Allegheny Financial Examination Report |

# I. INTRODUCTION

Plaintiffs respectfully request that this Court take judicial notice of nine documents, including three web pages and six government records, attached as exhibits to the Declaration of Jallé Dafa, submitted herewith. These are publically available documents the authenticity of which cannot reasonably be disputed.

# II. LEGAL STANDARD

In deciding a motion to dismiss, courts are generally limited to the pleadings. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). There are two exceptions. First, a court may consider judicially noticed facts—facts that are "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *See United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (quoting Fed. R. Evid. 201(b)(1)-(2)). When "the court is supplied with the necessary information" the court "must take judicial notice if a party requests it." Fed. R. Evid. 201(c)(2).

Second, a court may also consider documents under the doctrine of incorporation by reference. "Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Incorporation by reference is appropriate where "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908.

# III. ARGUMENT

## A. Information on Defendant AIA's Website (Exhibit 2), GSBAA's Website (Exhibit 4), and Third-Party Greg Padilla Bail Bonds' Website (Exhibit 1)

Exhibit 2 is a printout of a Defendant AIA Holdings' ("AIA") web page entitled "About AIA." Dafa Decl. ¶ 2. Exhibit 4 is a printout of Defendant Golden State Bail Agent's Association's ("GSBAA") "Resources" web page, which is discussed in the SCAC at Paragraph 149. Dafa Decl. ¶ 4.

Publically available web pages are judicially noticeable where, as here, "there can be no reasonable dispute" as to their reliability. *See Rollins v. Dignity Health*, 338 F. Supp. 3d 1025,

1032 (N.D. Cal. 2018) (Tigar, J.); *Opperman v. Kong Techs., Inc.*, No. 13-CV-00453-JST, 2017 WL 3149295, at *4 (N.D. Cal. July 25, 2017) (Tigar, J.) (taking judicial notice where plaintiffs' exhibits were "available to the public on [defendant's] website, the website's authenticity is not in dispute, and the exhibits [were] capable of accurate and ready determination" (citation omitted)). Printouts of web pages are not subject to reasonable dispute where the printout originates from a website "which purports to be maintained by [Defendant] itself." *Blue Lake Rancheria v. United States*, No. 08-4206 SC, 2010 WL 144989, at *2 n.4 (N.D. Cal. Jan. 8, 2010), *rev'd and remanded on other grounds,* 653 F.3d 1112 (9th Cir. 2011); *Savin v. City & Cty. of San Francisco*, No. 16-CV-05627-JST, 2017 WL 2686546, at *5 n.3 (N.D. Cal. June 22, 2017) (Tigar, J.) (taking judicial notice of the defendant's own website which described its mission). Exhibit 2 and 4 are from two Defendants' own websites and are therefore judicially noticeable. Further, the Court may consider Exhibit 4 for the separate reason that the webpage is discussed in the Second Consolidated Amended Complaint (ECF No. 94 ("SCAC") at ¶ 149) and is therefore incorporated by reference. ECF No. 91, Order Granting in Part and Denying in Part Motions to Dismiss ("MTD Order") at 6; *Ritchie*, 342 F.3d at 908.

Exhibit 1 is a video appearing on Padilla Bail Bond's "How Bail Works" website, https://www.padillabailbonds.com/how-bail-works-faq/. Dafa Decl. ¶ 1. In the video, titled "Greg Padilla Bail Bonds Sacramento – FAQ," Topo Padilla states that "[t]he premium of 10% is regulated by the California Department of Insurance. That rate cannot legally be discounted." Dafa Decl. ¶ 1 (quoting FAQ Video at 1:25, 1:49). While Padilla Bail Bonds and Mr. Padilla are not Defendants, material from third-party websites may be appropriate for judicial notice where the material is not subject to reasonable dispute. *Datel Holdings Ltd. v. Microsoft Corp.*,712 F. Supp. 2d 974, 985(N.D. Cal. 2010) (taking judicial notice of web page "printouts . . . from third parties"); *see also Optivus Tech., Inc. v. Ion Beam Applications S.A.*, No. CV 03-2052 SJO(VBKX), 2004 WL 5700631, at *18 n.15 (C.D. Cal. Aug. 31, 2004) (taking judicial notice of content embedded in third-party websites). Mr. Padilla is a founder and board member of Defendant GSBAA, Padilla Bail Bonds' is referenced several times throughout the SCAC (¶¶ 146, 214, 220), and the video appears on Padilla Bail Bonds' own website, which is owned by

Mr. Padilla. In addition, Padilla Bail Bonds is one of Defendant Lexington National's bail agents. SCAC ¶ 214. Plaintiffs submit the video not for the truth of Mr. Padilla's statements (indeed, Plaintiffs dispute them), but for the indisputable fact that Mr. Padilla himself makes the statements on his own website. Just as an internet article can be judicially noticed to "indicate what was in the public realm at the time," Plaintiffs request the Court take judicial notice of the fact of the existence of the video in Exhibit 1 and Mr. Padilla's statements made therein. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted).

**B.  Administrative Reports and Records Filed with State Insurance Agencies (Exhibits 5, 6, 7, 8, and 9)**

Exhibits 5 through 7 are CDI rate filings for Continental Heritage Insurance Company, American Contractors Indemnity Company, and International Fidelity Insurance Company, respectively.[1] Exhibit 8 is Continental Heritage Insurance Company's 2014 Report entitled "Management's Discussion & Analysis of Financial Condition and Results of Operation" filed with the CDI. The rate filings and report are publically available on the CDI website.

As the Court previously recognized, the CDI filings are the proper subject of judicial notice. *See* MTD Order at 5-6 (granting judicial notice of administrative records on the CDI website). Reports and records for state insurance agencies are matters of public record, whether they are made available on paper or online. *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) ("We may take judicial notice of records and reports of administrative bodies."); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (taking judicial notice of information compiled by government entities and made publicly available on their websites); *Mike Rose's Auto Body, Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, No. 16-cv-01864-EMC, 2016 WL 5407898, at *2 (N.D. Cal. Sept. 28, 2016) (taking judicial notice of records by the California Insurance Commissioner); *Faragi v. Provident Life & Acc. Inc. Co.*, 161 F. App'x 649, 650 (9th Cir. 2005) (same). Further, Plaintiffs' conspiracy claims

---

[1] Given the length of the filings, Plaintiffs have included here only those portions of the CDI filings relied on in their opposition brief. Plaintiffs will file the entire document should the Court request it.

rely extensively on the contents of the Surety Defendants' rate filings and financial disclosures available on the CDI website. Because Plaintiffs' claims fundamentally depend on the contents of these filings, they are incorporated by reference. *See Ritchie*, 342 F.3d at 908.

Exhibit 9 is the Report on Examination as to the Condition of the Allegheny Casualty Company as of December 31, 2015. Robert A. Pietras, Examiner-In-Charge and Certified Financial Reviewer from the New Jersey Department of Banking and Insurance ("NJDBI") prepared the report for the NJDBI. Jafa Decl. ¶ 9. The report is subject to judicial notice because it reflects a report by a state agency, the NJDBI, appearing on the state agency's website. *See Wilson v. Frito-Lay N. Am., Inc.*, 260 F. Supp. 3d 1202, 1206-07 (N.D. Cal. 2017) (Tigar, J.) ("Public records and information on government agency websites are properly subject to judicial notice.").

### C. Defendant ABC's 990 Form (Exhibit 3)

Exhibit 3 is Defendant ABC's 2005 Form 990, filed with the Internal Revenue Service. Dafa Decl. ¶ 3. Exhibit 3 reflects that Defendant Carmichael was listed as chairman of ABC in 2005.

Filings with the IRS, including Form 990s, are appropriate for judicial notice. *See Hughes v. United States*, 953 F.2d 531, 539-40 (9th Cir. 1992) (tax forms are a matter of public record); *Urena v. Cent. Cal. Almond Growers Assn.*, No.18-cv-00517 NONE-EPG, 2020 WL 3483280, at *13 (E.D. Cal. June 26, 2020) (taking judicial notice of proposed *cy pres* recipient's Form 990); *Africare, Inc. v. Xerox Complete Document Sols. Md., LLC*, 436 F. Supp. 3d 17, 45 n.21 (D.D.C. 2020), *appeal dismissed sub nom. De Lage Landen Fin. Servs., Inc., Appellee v. Africare, Inc., Appellant*, No. 20-5038-RMC, 2020 WL 3635115 (D.C. Cir. June 30, 2020) (taking judicial notice of defendant's Form 990).

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court take judicial notice of Exhibits 1-9 of the Dafa Declaration, in support of Plaintiffs' Opposition to Defendants' Joint Motion to Dismiss.

| | | |
|---|---|---|
| Dated: July 13, 2020 | | Respectfully submitted, |

By: */s/ Dean M. Harvey*

Dean M. Harvey (SBN 250298)
Katherine C. Lubin (SBN 259826)
Yaman Salahi (SBN 288752)
Adam Gitlin (SBN 317047)
Jallé Dafa (SBN 290637)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
ysalahi@lchb.com
agitlin@lchb.com
jdafa@lchb.com

*Interim Class Counsel*

Benjamin David Elga (pro hac vice)
Brian James Shearer (pro hac vice)
JUSTICE CATALYST LAW
81 Prospect St.
Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org
brianshearer@justicecatalyst.org

David Seligman (pro hac vice)
TOWARDS JUSTICE
1410 High Street, Suite 300
Denver, CO 80218
Telephone: (720) 441-2236
Facsimile: (303) 957-2289
david@towardsjustice.org

Stuart T. Rossman (pro hac vice)
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, Fourth Floor
Boston, MA 02110-1245
Telephone: (617) 542-8010
Facsimile: (617) 542-8028
srossman@nclc.org

| | |
|---|---|
| 1 | |
| 2 | Cindy Pánuco (SBN 266921) |
| 3 | Stephanie Carroll (SBN 263698) |
|   | Nisha Kashyap (SBN 301934) |
| 4 | PUBLIC COUNSEL |
|   | 610 South Ardmore Avenue |
| 5 | Los Angeles, California, 90005 |
|   | Telephone: (213) 385-2977 |
| 6 | Facsimile: (213) 201-4722 |
|   | cpanuco@publiccounsel.org |
| 7 | scarroll@publiccounsel.org |
|   | nkashyap@publiccounsel.org |

*Counsel for Plaintiffs and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2020, I caused the foregoing to be electronically filed and served with the Clerk of the Court using the CM/ECF system to all parties of record.

*/s/ Dean M. Harvey*
Dean M. Harvey
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP