# EXHIBIT 3

| | |
|---|---|
| **From:** | Harvey, Dean |
| **Sent:** | Thursday, July 02, 2020 12:05 PM |
| **To:** | 'Shaun Paisley' |
| **Cc:** | Michael Paguyo; Benson, Katherine Lubin; Salahi, Yaman; Gitlin, Adam; Rivera, Omar; Dafa, Jallé; Blake Zollar |
| **Subject:** | RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion |

Shaun,

We have never "made clear" that regardless of the facts we would never withdraw our allegations against your client. To the contrary, I have asked you for various categories of evidence that would allow us to evaluate your claim that your client did not join the alleged conspiracy. You have provided none of the additional information we have requested.

Nothing you have provided contradicts a single allegation in the SCAC. You ask us to dismiss your client based solely on information suggesting that your client provided some rebates. That, alone, is certainly not dispositive regarding whether your client is liable for joining the alleged conspiracy, as we have previously explained. It is also consistent with the SCAC. The SCAC specifically contemplates that some rebating may have occurred, but alleges that, but for the conspiracy, prices paid would have been lower. This is due in large part to the fact that All-Pro, in coordination with other Defendants, misled consumers into believing that posted prices were required by law, and inexplicably did not advertise rebates, despite significant individual economic incentive to do so.

With respect to your reference to a protective order, we have attempted to negotiate a protective order with Defendants since the outset of the case, to no avail. We will circulate a draft protective order shortly, and we look forward to any comments you have so we can file it as soon as possible.

I ask you one last time to reconsider this foolhardy course of action. If you file your motion, be on notice that we will ask for our attorney fees in dealing with this matter.

Best,

Dean

Dean M. Harvey
Lieff, Cabraser, Heimann & Bernstein, LLP

---

**From:** Shaun Paisley [mailto:shaun@kzllp.com]
**Sent:** Tuesday, June 30, 2020 9:12 AM
**To:** Harvey, Dean
**Cc:** Michael Paguyo; Benson, Katherine Lubin; Salahi, Yaman; Gitlin, Adam; Rivera, Omar; Dafa, Jallé; Blake Zollar
**Subject:** RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Dean,

You have made clear that, regardless of the answers we provide in response to your questions, Plaintiffs will not withdraw their allegations against All-Pro. That is because Plaintiffs continue to believe that the frequency and extent of All-Pro's historical rebating practices do not undermine Plaintiffs' allegations that All-Pro participated in an anti-rebating

conspiracy. Instead, we understand that you are seeking this information solely for purposes of assessing "impact and damages."

Even so, I will provide answers to the questions you raised, with the hope that Plaintiffs will reconsider their position and belatedly withdraw their baseless allegations as to All-Pro. As for the question of whether the December 25, 2016 spreadsheet reflects rebates, as I've explained before, discounts and rebates are different. A discount results in a reduction of the rate itself, and it is available only for certain eligible customers. A rebate, by contrast, is taken from the bail agent's commission and could be provided to any customer. So when the spreadsheet contains a column entitled "Rebate," that reflects a rebate. If the person received a discount, that would be reflected in the "Premium Charged" column. Thus, if the premium charged amount is 10% of the bond amount, the rate was 10%. If the premium charged amount is 8% of the bond amount, the rate was 8%. While the December 25, 2016 spreadsheet does not reflect 8% rates, I have attached, as an illustration, data from All-Pro's CRM reflecting bonds issued on a randomly selected date (November 8, 2017) that does include several 8% rates. I have also attached data from All-Pro's CRM reflecting bonds issued on another randomly selected date (January 16, 2020) that, like December 25, 2016, shows only 10% rates, to illustrate that the absence of 8% discounted rates on a particular day is not unusual.

As for the annual average premium ranges we provided, those are calculated based upon company financials showing the total bonds written by All-Pro, the total amount of premiums charged, the total amount of rebating, as well as the amounts collected from customers. You have made clear that, in your view, the percentage ranges we have provided somehow prove All-Pro's participation in a conspiracy, so we are not sure why providing you with information confirming the accuracy of those percentage ranges would make any difference to your determination about whether to withdraw the allegations. In any event, we would not produce such information without entry of a protective order.

As for the CRM, it contains the data that is included in the spreadsheets we have provided you; we have not withheld any fields in these reports. In addition, to produce a report like the one we provided you for December 25, 2016, but covering years' worth of data, would be very burdensome, because it is not possible to simply plug in a date range and print out a spreadsheet. It requires some labor to extract and format the data for a single day, and doing so for several years' worth of data would therefore take thousands of hours.

Finally, making factually baseless allegations without first conducting a reasonable inquiry is indeed the "proper subject" of a Rule 11 motion, and so we intend to file the motion absent withdrawal or correction of the allegations against All-Pro. While the safe harbor period expires tomorrow, we will hold off on filing the motion until Monday, July 6 to allow you to consider the additional information we have provided.

Shaun Paisley
Koning Zollar LLP
470 James Street, #007
New Haven, CT 06513
T: 203-951-1213 / F: 858-252-3238
www.kzllp.com



---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

**From:** Harvey, Dean <dharvey@lchb.com>
**Sent:** Tuesday, June 23, 2020 1:55 PM

**To:** Shaun Paisley <shaun@kzllp.com>
**Cc:** Michael Paguyo <michael@kzllp.com>; Benson, Katherine Lubin <kbenson@lchb.com>; Salahi, Yaman <ysalahi@lchb.com>; Gitlin, Adam <agitlin@lchb.com>; Rivera, Omar <orivera@lchb.com>; Dafa, Jallé <jdafa@lchb.com>; Blake Zollar <blake@kzllp.com>
**Subject:** RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Hello Shaun,

I stand by my June 18 email. Our conversation was as I described it.

You have asked me to put the questions we discussed on our call in writing. I did that in my June 18 email. Please provide answers to them. In addition, please provide a list of all available fields of data in the CRM database, and provide us with the underlying data backup you used to calculate the ranges of prices paid you assert in your prior letter and in your draft motion.

We stand by the allegations in the SCAC. You've asked the court to dismiss those allegations as implausible. We will respond to those arguments in our opposition brief. Nothing you have raised is the proper subject of a Rule 11 motion and I ask, again, that you reconsider this course of action before we waste more time on it.

Best,

Dean

Dean M. Harvey
Lieff, Cabraser, Heimann & Bernstein, LLP

---

**From:** Shaun Paisley [mailto:shaun@kzllp.com]
**Sent:** Thursday, June 18, 2020 3:41 PM
**To:** Harvey, Dean
**Cc:** Michael Paguyo; Benson, Katherine Lubin; Salahi, Yaman; Gitlin, Adam; Rivera, Omar; Dafa, Jallé; Blake Zollar
**Subject:** RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Dean,

This email misstates or distorts our conversation in a number of respects.

First, you did say that you were *now* happy to consider any evidence All-Pro provides. That comes, of course, only after you refused All-Pro's offer to provide you with additional evidence about rebating, and then filed the Second Consolidated Amended Complaint ("SCAC") containing false or misleading allegations, requiring All-Pro to serve a Rule 11 motion based on your refusal to look at the evidence. And while you seem to be shifting your position on why you refused to look at the evidence previously, you could not have been more clear in your May 12, 2020 letter: you believe the extent of All-Pro's rebating is "irrelevant" to whether it participated in an anti-rebating conspiracy.

Second, what you asked me about the CRM was whether it could generate a report covering four years of data versus just one day's worth. It is true I said I did not know that, and I told you that if you had similar technical questions, you should pose them in writing and we could determine whether to provide a response. But you also confirmed that even if the CRM could generate a four-year report and it showed the same level of rebating as on December 25, 2016, it would make no difference to whether you would withdraw your allegations that All-Pro is involved in an anti-rebating conspiracy. Your claim that you asked the other questions (about average prices and burden) is untrue.

Third, you did ask questions purporting to better understand the evidence provided with my April 30, 2020 letter. But I did not say I didn't know the answer. I told you that, as asserted in our motion, and as reflected in the business records, the majority of purchasers on December 25, 2016, received rebates. As I also noted, if you were actually interested in

the answers to these questions, you had ample opportunity to ask them over the last two months and did not do so. And if you actually considered the information about the extent of rebating relevant to whether All-Pro participated in an anti-rebating conspiracy, you would have taken us up on our offer of reviewing five additional days' worth of data, including the underlying receipts, and we could have worked through any questions you had before you filed the SCAC.

Fourth, All-Pro's position is not, as I again explained on the call, that some price competition always defeats a claim of joining a price-fixing conspiracy. All-Pro's claim is that evidence that it rebated consistently is irreconcilable with allegations that it is "unusual" or "rare[]" for All-Pro to rebate, and allegations that All-Pro is part of a cartel clamping down on rebating wherever it occurs. With respect to advertising, what I said is that advertising is a means to an end— which, here, is the goal to suppress rebating. I did not dispute that an agreement not to advertise rebates (you say discounts, but you continue to confuse the terminology) might violate antitrust laws. My point was that you have no facts supporting your false assertion that All-Pro conspired not to advertise, and given that there *are* facts showing that All-Pro regularly rebated in defiance of the ends of your alleged conspiracy, your conspiracy allegations are implausible.

Fifth, I did not in fact decline your offer to walk through the allegations of the SCAC (although we have made clear which allegations are improper and why in the Rule 11 motion we served). And I made clear what we believe your obligations are: to either withdraw the allegations against All-Pro, or to correct them and be candid with the Court about the facts. As All-Pro notes in its motion, Rule 11 prohibits omitting material facts when doing so renders a complaint misleading.

Finally, what is true is that All-Pro will not be providing you with discovery. All-Pro has been named as a defendant in the SCAC based on allegations with no factual support, and it should not be burdened with discovery in an effort to disprove them. That is particularly true when you appear to have made up your mind that, regardless of the extent of All-Pro's rebating, All-Pro engaged in a conspiracy to suppress rebates. But if you are now open to the possibility that the frequency of All-Pro's rebating is relevant to whether it participated in an anti-rebating conspiracy, and that your allegations in the SCAC against All-Pro may be incorrect, our offer to provide you with the same random sample we offered before remains open. Accordingly, if you provide us with five dates of your choosing from January 29, 2014 to the present, All-Pro will search its records and promptly provide you with details of each bail transaction on that date, including the number of commission rebates provided and the amount of those rebates. And, as I offered on our call, if you have questions about the CRM system or about the distinction between discounts and rebates after receiving that information, you can pose them in writing and we will work with our client to provide responses if appropriate.

Let me know your response.

**Shaun Paisley**
Koning Zollar LLP
470 James Street, #007
New Haven, CT 06513
T: 203-951-1213 / F: 858-252-3238
www.kzllp.com



This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

**From:** Harvey, Dean <dharvey@lchb.com>
**Sent:** Thursday, June 18, 2020 1:32 PM

**To:** Shaun Paisley <shaun@kzllp.com>
**Cc:** Michael Paguyo <michael@kzllp.com>; Benson, Katherine Lubin <kbenson@lchb.com>; Salahi, Yaman <ysalahi@lchb.com>; Gitlin, Adam <agitlin@lchb.com>; Rivera, Omar <orivera@lchb.com>; Dafa, Jallé <jdafa@lchb.com>; Blake Zollar <blake@kzllp.com>
**Subject:** RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Shaun,

Thank you for calling me. I write to memorialize our conversation.

First, I said we are happy to consider any evidence you would like us to review. I explained that we declined your earlier offer to give us five days' worth of data because we rejected the premise of your offer that, if it showed any rebating, the result should be to dismiss your client. As I've explained before, evidence of price competition is not a defense to joining an antitrust conspiracy. Nonetheless, I said we would consider any additional information or data you would like to give us. The data is certainly relevant to impact and damages.

To that end, I asked you to explain the time period covered by All-Pro's Customer Relationship ("CRM") database, described in the declaration of Steffan Gibbs. You did not know. I asked you if it could create a report for the data over which you assert average prices All-Pro Charged (beyond Christmas Day, 2016). You did not know. I asked you if there would be any burden involved in generating a report that covered the class period. You did not know.

I also asked questions to better understand the report you attached to your April 30, 2020 letter. I said that it was not clear to us if the transactions that appear to have a rebate percentage were actually instead merely transactions that qualified for a discounted rate. For instance, most of the transactions that purport to include a rebate show 20%, which could mean that the person simply qualified for a lower 8% rate, rather than benefiting from a negotiated rebate. You said that we could not answer this question based on what you have provided us. Instead, we would need to review the individual contracts.

Second, I did my best to explain that evidence of price competition is not a complete defense to joining a price-fixing conspiracy. You appear to continue to believe that it does. You also said that there would be no point in joining a conspiracy not to advertise rebates if any rebates occurred. I informed you that agreeing not to advertise discounts is itself a violation of the antitrust laws, regardless of whether there is an explicit agreement on price. Certainly, it is no defense to either form of price-fixing to say that some price competition occurred. The question in this case is what would the prices have been in the absence of the misconduct we allege. We believe for all the reasons in the SCAC that All-Pro's prices would have been lower.

Third, I offered to walk through any allegation in the SCAC that you believe violated our Rule 11 obligations, and discuss them. You declined. Instead, you said we had an obligation to allege that All-Pro offered significant rebates on a consistent basis. I told you that we do not know that to be the case, as I've previously explained to you. And that, nonetheless, we find the complete absence of advertised rebates to be an important fact that led to us to name your client as a defendant. I again asked you to give me a single example of an advertised rebate. You refused and changed the subject.

Fourth, I repeated my request for the information I've asked for to be able to evaluate your assertion that All-Pro could not possibly have joined the alleged conspiracy. I said we would take any portion of what we are requesting and would consider it. I also said we would be happy to meet and confer about these requests to discuss any burden or other objections you have. You did not take me up on the offer.

Best,

Dean

**From:** Shaun Paisley [mailto:shaun@kzllp.com]
**Sent:** Wednesday, June 17, 2020 5:05 PM
**To:** Harvey, Dean
**Cc:** Michael Paguyo; Benson, Katherine Lubin; Salahi, Yaman; Gitlin, Adam; Rivera, Omar; Dafa, Jallé; Blake Zollar
**Subject:** Re: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

That works; I'll call you then.

**Shaun Paisley**
Koning Zollar LLP
470 James Street, #007
New Haven, CT 06513
T: 203-951-1213 / F: 858-252-3238
www.kzllp.com

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

**From:** Harvey, Dean <dharvey@lchb.com>
**Sent:** Wednesday, June 17, 2020 7:38 PM
**To:** Shaun Paisley <shaun@kzllp.com>
**Cc:** Michael Paguyo <michael@kzllp.com>; Benson, Katherine Lubin <kbenson@lchb.com>; Salahi, Yaman <ysalahi@lchb.com>; Gitlin, Adam <agitlin@lchb.com>; Rivera, Omar <orivera@lchb.com>; Dafa, Jallé <jdafa@lchb.com>; Blake Zollar <blake@kzllp.com>
**Subject:** Re: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

I can talk at 12:30 tomorrow if that works.

Sent from my iPhone

On Jun 17, 2020, at 1:25 PM, Shaun Paisley <shaun@kzllp.com> wrote:

Dean,

I'll be available tomorrow before 10.30 PT or between Noon and 3 PT.  If there's a time in there that works, let me know.

Thanks,
Shaun

Shaun Paisley
Koning Zollar
LLP<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cshaun%40kzllp.com%7Cb1fc20befbba49aabc3608d81317881a%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637280339083005059&amp;sdata=8i3jiKzg8JedYZzIcQ%2BEge3eIGmSA%2FnaoWM5TUip7z4%3D&amp;reserved=0>

470 James Street, #007
New Haven, CT 06513
T: 203-951-1213 / F: 858-252-3238
https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Csh aun%40kzllp.com%7Cb1fc20befbba49aabc3608d81317881a%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C6 3728033908300505059&amp;sdata=8i3jiKzg8JedYZzIcQ%2BEge3eIGmSA%2FnaoWM5TUip7z4%3D&amp;reserved=0 <https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cs haun%40kzllp.com%7Cb1fc20befbba49aabc3608d81317881a%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C 63728033908300505059&amp;sdata=8i3jiKzg8JedYZzIcQ%2BEge3eIGmSA%2FnaoWM5TUip7z4%3D&amp;reserved= 0>
<image001.png>

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

From: Harvey, Dean <dharvey@lchb.com>
Sent: Wednesday, June 17, 2020 1:19 PM
To: Shaun Paisley <shaun@kzllp.com>; Michael Paguyo <michael@kzllp.com>
Cc: Benson, Katherine Lubin <kbenson@lchb.com>; Salahi, Yaman <ysalahi@lchb.com>; Gitlin, Adam <agitlin@lchb.com>; Rivera, Omar <orivera@lchb.com>; Dafa, Jallé <jdafa@lchb.com>; Blake Zollar <blake@kzllp.com>
Subject: RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Hi Shaun,

If you have additional information you are willing to provide us, please do so.  Happy to discuss, as always.  When are you available?

Best,

Dean

Dean M. Harvey
Lieff, Cabraser, Heimann & Bernstein, LLP

From: Shaun Paisley [mailto:shaun@kzllp.com]
Sent: Wednesday, June 17, 2020 1:14 PM
To: Harvey, Dean; Michael Paguyo
Cc: Benson, Katherine Lubin; Salahi, Yaman; Gitlin, Adam; Rivera, Omar; Dafa, Jallé; Blake Zollar
Subject: RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Please see the attached letter.

Shaun Paisley
Koning Zollar
LLP<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01 %7Cshaun%40kzllp.com%7Cb1fc20befbba49aabc3608d81317881a%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C 0%7C63728033908300505059&amp;sdata=8i3jiKzg8JedYZzIcQ%2BEge3eIGmSA%2FnaoWM5TUip7z4%3D&amp;rese rved=0>
470 James Street, #007

New Haven, CT 06513

T: 203-951-1213 / F: 858-252-3238

https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cshaun%40kzllp.com%7Cb1fc20befbba49aabc3608d81317881a%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637280339083015054&amp;sdata=pZhKYU8NLBg7jTMjhZCXT41BZV7TaNYp3BtaIn2WMaw%3D&amp;reserved=0<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cshaun%40kzllp.com%7Cb1fc20befbba49aabc3608d81317881a%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637280339083015054&amp;sdata=pZhKYU8NLBg7jTMjhZCXT41BZV7TaNYp3BtaIn2WMaw%3D&amp;reserved=0>
<image001.png>

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

From: Harvey, Dean <dharvey@lchb.com<mailto:dharvey@lchb.com>>
Sent: Tuesday, June 9, 2020 1:51 PM
To: Michael Paguyo <michael@kzllp.com<mailto:michael@kzllp.com>>
Cc: Benson, Katherine Lubin <kbenson@lchb.com<mailto:kbenson@lchb.com>>; Salahi, Yaman <ysalahi@lchb.com<mailto:ysalahi@lchb.com>>; Gitlin, Adam <agitlin@lchb.com<mailto:agitlin@lchb.com>>; Rivera, Omar <orivera@lchb.com<mailto:orivera@lchb.com>>; Dafa, Jallé <jdafa@lchb.com<mailto:jdafa@lchb.com>>; Shaun Paisley <shaun@kzllp.com<mailto:shaun@kzllp.com>>; Blake Zollar <blake@kzllp.com<mailto:blake@kzllp.com>>
Subject: RE: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Counsel,

Please see attached.

Best,

Dean

Dean M. Harvey
Lieff, Cabraser, Heimann & Bernstein, LLP

From: Michael Paguyo [mailto:michael@kzllp.com]
Sent: Monday, June 08, 2020 3:37 PM
To: Harvey, Dean
Cc: Benson, Katherine Lubin; Salahi, Yaman; Gitlin, Adam; Rivera, Omar; Dafa, Jallé; Shaun Paisley; Blake Zollar
Subject: In Re California Bail Bond Antitrust Litigation, No. 3:19-cv-00717-JST: Rule 11 Motion

Hello Mr. Harvey,

Please see attached.

Let us know if you have any questions.

Thank you,

Michael

Michael Paguyo
Sr. Paralegal
Koning Zollar
LLP<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cshaun%40kzllp.com%7Cb1fc20befbba49aabc3608d81317881a%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637280339083015054&amp;sdata=pZhKYU8NLBg7jTMjhZCXT41BZV7TaNYp3BtaIn2WMaw%3D&amp;reserved=0>
169 Saxony Road, Suite 115
Encinitas, CA 92024-6780
T: 858-252-3209 | F: 858-252-3238
https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cshaun%40kzllp.com%7Cb1fc20befbba49aabc3608d81317881a%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637280339083015054&amp;sdata=pZhKYU8NLBg7jTMjhZCXT41BZV7TaNYp3BtaIn2WMaw%3D&amp;reserved=0<https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kzllp.com%2F&amp;data=02%7C01%7Cshaun%40kzllp.com%7Cb1fc20befbba49aabc3608d81317881a%7C2cebf42ac3ed4c82b7ab6baf40ffeb9e%7C0%7C0%7C637280339083015054&amp;sdata=pZhKYU8NLBg7jTMjhZCXT41BZV7TaNYp3BtaIn2WMaw%3D&amp;reserved=0>
<image001.png>

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.