Dean M. Harvey (SBN 250298)
Katherine Lubin (SBN 259826)
Yaman Salahi (SBN 288752)
Adam Gitlin (SBN 317047)
Jallé Dafa (SBN 290637)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
ysalahi@lchb.com
agitlin@lchb.com
jdafa@lchb.com

*Interim Class Counsel*

*(Additional counsel listed on signature page)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Master Case No. 4:19-CV-00717-JST<br><br>**PLAINTIFFS' OBJECTION TO DEFENDANTS' REPLY EVIDENCE** |

2017704.3

PLAINTIFFS' OBJECTION TO
DEFENDANTS' REPLY EVIDENCE
CASE NO. 4:19-CV-00717-JST

## I. INTRODUCTION

Plaintiffs object to purported evidence Defendants submitted for the first time in their reply in support of their motion to dismiss the Second Consolidated Amended Complaint (ECF No. 123) ("MTD Reply"). In a footnote, Defendants ask the Court to take judicial notice of what Defendants claim to be examples of "advertisements for rebates." MTD Reply at 29 & n.9.[1] According to Defendants, these examples prove that "Plaintiffs' characterization of the state of the California Bail Bond market is demonstrably false." *Id.* at 29-30. Defendants are mistaken. Their request to take judicial notice is improper and should be rejected. Even if considered, these examples do not disprove any allegation in the Second Consolidated Amended Complaint.

## II. LEGAL STANDARD

Local Rule 7-3(d)(1) provides that "[i]f new evidence has been submitted on reply, the opposing party may file and serve an Objection to Reply Evidence . . . stating its objections to the new evidence." Local Rule 7-3(d)(1). Evidence submitted for the first time in reply should not be considered and should be stricken. *See*, *e.g.*, *TPK Touch Sols., Inc. v. Wintek Electro-Optics Corporation*, No. 13-CV-02218-JST, 2013 WL 5289015, at *4 (N.D. Cal. Sept. 18, 2013) (Tigar, J. ) ("The court does not consider new facts or argument made for the first time in a reply brief."); *24/7 Customer, Inc. v. LivePerson, Inc.*, No. 15-CV-02897-JST, 2017 WL 2311272, at *8 n.6 (N.D. Cal. May 25, 2017) (Tigar, J.) (sustaining opposing party's objection and striking new evidence on reply); *Sheets v. F. Hoffmann-La Roche Ltd.*, No. 18-CV-04565-JST, 2018 WL 6428460, at *2 (N.D. Cal. Dec. 7, 2018) (Tigar, J.) (same).

Further, in deciding a motion to dismiss, courts are generally limited to the pleadings. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

## III. ARGUMENT

### A. Defendants' Request For Judicial Notice Is Improper

Defendants' request for judicial notice is improper and should be rejected for several reasons. First, the purported evidence was introduced for the first time on reply, and should be struck on that basis alone. If Defendants thought that their "examples" were relevant to their

---
[1] Pincites to documents filed on the Court's docket follow the ECF-stamped pagination.

motion, they should have provided them in their opening materials.

Second, Defendants refer the Court to the results of a purported Google search. MTD Reply at 29. But "Google search results are not proper subjects of judicial notice because the results of a Google search are continually changing and thus cannot be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Better Homes Realty, Inc. v. Watmore*, No. 3:16-CV01607-BENMDD, 2017 WL 1400065, at *3 (S.D. Cal. Apr. 18, 2017) (citations omitted). *See also Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 963 n.2 (N.D. Cal. 2015) (screen shot of a Google search result "is inappropriate for a request for judicial notice").

Third, to the extent Defendants seek to introduce the four webpages identified (MTD Reply at 29), that material is not judicially noticeable because Defendants did not provide the Court with the necessary information—namely, printouts of the webpages for which they sought judicial review—leaving the Court with only a changeable hyperlink. *See Caldwell v. Caldwell*, No. C 05-4166 PJH, 2006 WL 618511, at *3-4 (N.D. Cal. Mar. 13, 2006), *order clarified,* No. C 05-4166 PJH, 2006 WL 734405 (N.D. Cal. Mar. 20, 2006) (refusing to take judicial notice of a website where "Defendants have not attached a hard copy of any portion of the website to their request" which the court found "especially significant, given the changing and changeable nature of internet websites"). Indeed, as explained further below, one of the websites is currently inaccessible. *See*, *e.g.*, *Major v. City & Cty. of San Francisco*, No. 15-CV-03426-KAW, 2017 WL 4419175, at *5 (N.D. Cal. Oct. 5, 2017) (denying judicial notice where "the court cannot access the link").

Finally, the material is not the proper subject of judicial notice because Plaintiffs dispute whether the webpages actually advertise "rebates" within the meaning of Plaintiffs' allegations and Proposition 103 (that is, rebates out of the bail agent's commission), as opposed to merely referring to "preferred" rate categories the Surety Defendants offer to consumers meeting certain limited criteria (what Defendants sometimes refer to as "discounts"). Defendants have not provided sufficient information from which to determine whether these are examples of actual Proposition 103 rebates rather than "preferred" rate categories. As explained below, there is at

least a reasonable dispute about what these webpages actually show. Judicial notice would thus be improper. *Lee*, 250 F.3d at 689 ("[A] court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" (quoting Fed. R. Evid. 201(b))).

**B.    Defendants' "Examples" Do Nothing To Rebut Plaintiffs' Allegations**

Even if considered, the "examples" Defendants cite do not contradict the Second Consolidated Amended Complaint (ECF No. 94; "SCAC"). Defendants contend that the results of a Google search for "California bail rebates" conclusively disprove factual allegations in the SCAC. MTD Reply at 29-30. Defendants do not explain when or how they ran this search. Presumably, the search occurred after Plaintiffs' July 13, 2020 Opposition Brief (ECF No. 117)— over a year and a half after Plaintiffs initially filed suit on January 29, 2019. Any advertised rebates occurring now may simply be a response to this lawsuit challenging Defendants' efforts to suppress them. Indeed, the first Google search result is to a news report about this action. Declaration of Katherine Lubin ("Lubin Decl") ¶ 5.

The only link Defendants provide that is dated before the filing of this action is to a 2013 blog post: http://chickiesbailbonds.com/2013/05/01/scoop-from-the-coop-issue-3/. MTD Reply at 29. The link does not currently function. Lubin Decl. ¶ 4, Ex. 3 (webpage printout as of August 10, 2020). Indeed, the homepage www.chickiesbailbonds.com does not function either. *Id*. ¶ 4; Ex. 4. Regardless, Plaintiffs had already come across this 2013 blog post in their investigation, *and refer to it in the SCAC*. *See* SCAC ¶ 92 ("Plaintiffs have been able to identify only one other public acknowledgement among the thousands of California bail agents about their rebating authority under Proposition 103."); Lubin Decl. ¶ 3. Since the website is unavailable, Plaintiffs provide an archived version of the page. Lubin Decl., Ex. 2. And even this page does not advertise any specific rebate. *Id*. To the contrary, it only says that rebates "will be available under *certain* circumstances," (emphasis added), suggesting that lower prices are available through lower rates for specific categories of customers, not necessarily through rebates off of the agents' commission. *Id*. This interpretation is consistent with how other webpages describe the availability of rebates.

For instance, the only specific advertised rebate to which Defendants cite is to a statement

1    on www.luckybail.com regarding their "20% rebate program."  MTD Reply at 29; Lubin Decl.,

2    Ex. 1.  But this likely refers to an 8% preferred rate available only to customers who meet certain

3    criteria, providing the appearance of a 20% "rebate" off of the "standard" rate of 10%.  This is

4    exactly how other results from Defendants' Google search for "California bail rebates" describe

5    their "rebates."  *See*, *e.g.*, Lubin Decl. ¶ 5, Ex. 5 (http://www.ajuabailbonds.com/ ("You may also

6    qualify for up to a 20% rebate if you meet applicable conditions such as: Private Attorney[,]

7    Union Member[,] Military Discount[, or] AARP Member")).  Rather than true Proposition 103

8    rebates, these "rebates" appear to be nothing more than references to the "preferred" rates

9    discussed at length in the parties' briefs.

10         Thus, Defendants' examples, even if considered, only show the undisputed availability of

11    lower premiums to customers meeting certain limited criteria, not advertisements of rebates

12    below those rates.  These examples make the same use of the word "rebate" that Defendants

13    earlier criticized Plaintiffs for using.  *See* Reply in Support of Motion to Dismiss the First

14    Amended Complaint, ECF No. 72 at 9-10 ("Plaintiffs obfuscate premiums . . . with the agents'

15    right to rebate purchasers some portion of their commission.")

### IV.    CONCLUSION

     For the foregoing reasons, Plaintiffs respectfully request that the Court strike the new factual allegations Defendants made for the first time in their reply brief.

Dated: August 10, 2020      Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: */s/ Dean M. Harvey*

     Dean M. Harvey (SBN 250298)
     Katherine C. Lubin (SBN 259826)
     Yaman Salahi (SBN 288752)
     Adam Gitlin (SBN 317047)
     Jallé Dafa (SBN 290637)
     LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
     275 Battery Street, 29th Floor
     San Francisco, CA 94111
     Telephone:  (415) 956-1000

dharvey@lchb.com
kbenson@lchb.com
ysalahi@lchb.com
agitlin@lchb.com
jdafa@lchb.com

*Interim Class Counsel*

Benjamin David Elga (pro hac vice)
Brian James Shearer (pro hac vice)
JUSTICE CATALYST LAW
81 Prospect St.
Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org
brianshearer@justicecatalyst.org

David Seligman (pro hac vice)
TOWARDS JUSTICE
1410 High Street, Suite 300
Denver, CO 80218
Telephone: (720) 441-2236
Facsimile: (303) 957-2289
david@towardsjustice.org

Stuart T. Rossman (pro hac vice)
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, Fourth Floor
Boston, MA 02110-1245
Telephone: (617) 542-8010
Facsimile: (617) 542-8028
srossman@nclc.org

Cindy Pánuco (SBN 266921)
Stephanie Carroll (SBN 263698)
Nisha Kashyap (SBN 301934)
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, California, 90005
Telephone: (213) 385-2977
Facsimile: (213) 201-4722
cpanuco@publiccounsel.org
scarroll@publiccounsel.org
nkashyap@publiccounsel.org

*Counsel for Plaintiffs and the Proposed Class*