UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No. 19-cv-00717-JST<br><br>**ORDER LIFTING STAY OF DISCOVERY**<br><br>Re: ECF No. 95 |

On July 30, 2019, the Court granted Defendants' request for a stay of discovery pending resolution of their motions to dismiss the consolidated amended class action complaint ("CAC"). ECF No. 64. On April 13, 2020, the Court granted in part and denied in part those motions to dismiss. ECF No. 91. On May 13, 2020, Plaintiffs filed a second consolidated amended class action complaint ("SCAC"), ECF No. 94, and a motion to lift the discovery stay, ECF No. 95. Defendants filed an opposition to the discovery stay motion, ECF No. 106, and Plaintiffs replied, ECF No. 108. The Court will grant the motion.

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). "Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion." *Huang v. Futurewei Techs., Inc.*, No. 18-CV-00534-BLF, 2018 WL 1993503, at *2 (N.D. Cal. Apr. 27, 2018). "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* "Second, the court must determine whether the pending motion can be decided absent discovery." *Id.* "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either

prong of this test is not established, discovery proceeds." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 220 F.R.D. 349, 352 (N.D. Cal. 2003). In applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602.

In opposing Defendants' prior motion to stay discovery, Plaintiffs did not dispute either that Defendants' motions to dismiss, if granted, would be dispositive of the entire case, or that the motions could be decided without discovery. *See* ECF No. 64 at 2. Here, Plaintiffs argue that any motions to dismiss could not be dispositive of the entire case given the Court's prior holding that Plaintiffs' CAC adequately pleaded the existence of a price-fixing conspiracy. ECF No. 95 at 7-8. Indeed, in its order on Defendants' previous motions to dismiss, the Court held that Plaintiffs had adequately pleaded the existence of an antitrust conspiracy and thus stated both Sherman Act and Cartwright Act claims. ECF No. 91 at 23, 33. While the Court dismissed the claims against the majority of Defendants, with leave to amend, it held that Plaintiffs had stated plausible claims against three other Defendants. *Id.* at 27-28, 33.

This distinguishes Plaintiffs' motion from the cases cited by Defendants, in which the plaintiffs had not adequately pleaded claims against any defendant. *See* ECF No. 106 at 3-4; *In re Wyse Tech. Secs. Litig.*, 744 F. Supp. 207, 210 (N.D. Cal. 1990) (extending stay of discovery because "there is no greater indication now than at the time the stay was imposed that the complaint will ultimately be upheld"); *Song Fi, Inc. v. Google, Inc.*, No. C 14-5080 CW, 2016 WL 9185325, at *1 (N.D. Cal. Apr. 27, 2016) (granting stay of discovery "until Defendants file an answer to the [amended complaint] or, if Defendants file a motion to dismiss, *a claim* survives the motion") (emphasis added). Because some of Plaintiffs' claims have already survived a motion to dismiss, a new motion to dismiss is unlikely to be dispositive as to the "entire case" or "the issue at which discovery [would be] directed" – i.e., the details of the alleged conspiracy. *See Yiren Huang*, 2018 WL 1993503, at *2. Accordingly, the Court finds that Defendants have not carried their heavy burden to show why discovery should continue to be denied. *See Gray*, 133 F.R.D. at 40.

///

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to lift the stay of discovery.

The parties shall meet and confer regarding an appropriate Rule 26 disclosure deadline. By August 18, 2020, they shall file either a stipulation and proposed order or competing proposed orders regarding the same. If the latter, Defendants shall file one joint proposal. The parties may submit up to three pages of written argument to accompany their proposed orders.

**IT IS SO ORDERED.**

Dated: August 11, 2020



JON S. TIGAR
United States District Judge