Dean M. Harvey (SBN 250298)
Katherine Lubin (SBN 259826)
Yaman Salahi (SBN 288752)
Adam Gitlin (SBN 317047)
Jallé Dafa (SBN 290637)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
ysalahi@lchb.com
agitlin@lchb.com
jdafa@lchb.com

*Interim Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Master Case No. 4:19-CV-00717-JST<br><br>**PLAINTIFFS' SUBMISSION RE DISCOVERY** |

At the conclusion of the Court's hearing on Defendants' motion to dismiss on August 26, 2020, the Court requested that the parties address the appropriate scope of discovery going forward in the event the Court sustains claims against certain Defendants but dismisses others without prejudice. The parties met and conferred by telephone on August 27 regarding their respective positions, and agreed to submit brief separate submissions to the Court.

## I. Current Status of Discovery

The Court held an initial status conference in this case on April 24, 2019. At the conference, the Court concluded that the parties had held a Rule 26 conference. *See* April 24, 2019 Hr'g Tr. at 11 ("A little saber rattling in there about whether people participated in good faith in the Rule 26 conference or whether there even was a Rule 26 conference. I think there was one."). On July 30, 2019, the Court granted Defendants' motion to stay discovery. ECF No. 64.

On May 13, 2020, Plaintiffs moved to lift the discovery stay (ECF No. 95), which the Court granted on August 11, 2020 (ECF No. 126). The next day, Plaintiffs served Requests for Production ("RFPs") on Defendants. Plaintiffs agreed to provide Defendants until October 2, 2020 to respond to the RFPs. On August 14, Plaintiffs served a third-party subpoena for documents on the Surety Financial Association of America ("SFAA"). Plaintiffs have met and conferred with SFAA, and it will be responding to the subpoena next week.

In response to the Court's August 11 order lifting the discovery stay, the parties submitted a stipulation and proposed order on August 18, 2020, which the Court entered on August 20 (ECF No. 130). The August 20 order required the parties to complete Rule 26 conferences by September 4, 2020, exchange Rule 26 disclosures by September 18, 2020, and file a Rule 26 report on September 18, 2020. *Id*. A telephonic conference among all parties regarding Rule 26 issues is scheduled for September 2, 2020, and the parties are in the process of setting individual Rule 26 conferences with each of the Defendants.

## II. Proposed Discovery Moving Forward

The parties agree to follow the deadlines they previously agreed upon regarding: when additional Rule 26 conferences will take place, when the parties will exchange initial disclosures, and when they will file a Rule 26 Report. The parties also agree that Defendants will provide

1    their written responses and objection to the RFPs by October 2, 2020.

2        Beyond that, Defendants oppose additional discovery until the Court resolves the pending
3    motion to dismiss.  However, the Court just decided this exact question in its order lifting the
4    discovery stay.  ECF No. 126.  Until the Court resolves the pending motion to dismiss, discovery
5    should remain open.  *Id. See also* ECF Nos. 95 and 108 (Plaintiffs' briefs on their motion to lift
6    the discovery stay).

7        If the Court grants the pending motion to dismiss with respect to certain Defendants, but
8    denies it as to others, then discovery should continue as it would in any case.  Remaining
9    Defendants would respond to discovery with the standards applicable to any party Defendant, and
10   dismissed Defendants would respond to discovery with the standards applicable to any third party
11   with relevant information.  The parties and the Court are well-versed in these rules and standards.
12   Any discovery dispute that might arise would be handled pursuant to Paragraph J of the Court's
13   Standing Order for Civil Cases.

14       On September 18, 2020, the parties will file their joint Rule 26 Report.  That Report
15   should include a proposed deadline to add any additional Defendants based upon the discovery
16   record developed.  The parties have not yet conferred regarding when that deadline should be.
17   That deadline should be a topic of conversation at the telephonic conference among the parties
18   that will occur on September 2.  If the parties agree, they would submit their proposal in the Rule
19   26 Report.  If they disagree, they would submit brief argument regarding their competing
20   proposals in that same Rule 26 Report.

21       This plan is consistent with how Judge Donato handled a similar situation in another
22   price-fixing case: *In re Capacitors Antitrust Litig.*, No. 14-cv-3264-JD (N.D. Cal.).  In
23   *Capacitors*, Judge Donato opened discovery in April 2015, and the following month dismissed
24   certain defendants with leave to amend on the grounds that the complaint did not adequately
25   allege their involvement in the conspiracy.  ECF Nos. 632 and 710.  Discovery proceeded against
26   all defendants.  Plaintiffs then amended their complaint in July 2015, and renamed and refined
27   their allegations against previously-dismissed defendants.  *Id*. at ECF No. 799.

28       In the event that the Court grants the pending motion to stay against all Defendants, then

Plaintiffs should be provided a similar opportunity for discovery as described in one of Defendants' favorite authorities: *In re Musical Instruments & Equip. Antitrust Litig.*, 798 F.3d 1186 (9th Cir. 2015). In that case, Plaintiffs were provided an opportunity to serve requests for production and interrogatories, and deposed a CEO and 7 other employees. *Id.* at 1191 & n.2.

Dated: August 28, 2020

Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: */s/ Dean M. Harvey*

Dean M. Harvey (SBN 250298)
Katherine C. Lubin (SBN 259826)
Yaman Salahi (SBN 288752)
Adam Gitlin (SBN 317047)
Jallé Dafa (SBN 290637)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
ysalahi@lchb.com
agitlin@lchb.com
jdafa@lchb.com

*Interim Class Counsel*