Dean M. Harvey (SBN 250298)
Katherine Lubin (SBN 259826)
Yaman Salahi (SBN 288752)
Adam Gitlin (SBN 317047)
Jallé Dafa (SBN 290637)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
ysalahi@lchb.com
agitlin@lchb.com
jdafa@lchb.com

*Interim Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No. 19-cv-00717-JST<br><br>**RULE 26(f) REPORT** |

Pursuant to the Court's August 20, 2020 order (ECF No. 130), the parties in the above-captioned action submit this Rule 26(f) Report.

## I. DISCLOSURES

The parties will exchange Rule 26 disclosures on September 18, 2020.

## II. DISCOVERY

### A. Plaintiffs' Statement

On August 11, 2020, the Court lifted the stay of discovery, and directed the parties to meet and confer on dates to exchange Rule 26 disclosures. ECF No. 126. On August 18, 2018, the Court entered an order setting a deadline to hold a Rule 26(f) conference by September 4, 2020, a deadline to exchange Rule 26(a)(1) disclosures by September 18, 2020, and a deadline to file this Rule 26 report by September 18, 2020. ECF No. 130.

The parties held a global Rule 26(f) conference on September 2, 2020 to discuss the proposed case schedule, the proposed Protective Order, and the ESI protocol. The parties met again by telephone on September 15, 2020 to discuss the schedule and Protective Order.

Plaintiffs also held separate Rule 26(f) conferences with each of the Defendants to discuss the items in Rule 26(f) and the Northern District of California's ESI Checklist. The parties continue to meet and confer about the items in that checklist, including identification of custodians for each Defendant. To assist the parties in identifying appropriate custodians, Plaintiffs have requested that each Defendant produce organizational charts reflecting senior leadership and key employees.

Plaintiffs served their First Set of Requests for Production to All Defendants ("RFPs") on August 12, 2020. Plaintiffs agreed to provide Defendants until October 2, 2020 to respond to the RFPs.

Plaintiffs also served a subpoena on third-party SFAA on August 14, 2020. SFAA responded on September 3, 2020, and Plaintiffs are meeting and conferring with SFAA on the scope of production.

Consistent with the RFPs and subpoena served to date, Plaintiffs anticipate that discovery will include the following topics: bail bond transaction data; inter-competitor communications

1 regarding prices; internal competitive analyses and business plans; advertisements and other

2 statements regarding the ability or purported inability to offer discounts or rebates; and contracts

3 and communications between sureties and bail bond agents regarding prices and rebating

4 practices.

5 Below, Defendants contend yet again that no discovery should take place until the Court

6 rules on the pending motion to dismiss. This is exactly the question raised by Plaintiffs' Motion

7 to Lift the Discovery Stay (ECF No. 95), and that the Court resolved in its order granting

8 Plaintiffs' Motion (ECF No. 126). The Court found that "Defendants have not carried their heavy

9 burden to show why discovery should continue to be denied." ECF No. 126 at 2. Here, as

10 before, Defendants do not satisfy that "heavy burden", and there is no reason for the Court to

11 reconsider and reverse its earlier decision.

12 Defendants' assertions below regarding "extreme burdens of discovery" are baseless and

13 unsupported. There is no way for the parties to know what the discovery burdens will be before

14 negotiating search terms, reviewing hit counts, and gathering other relevant data points. This is

15 how discovery under the Federal Rules works. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain

16 discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

17 proportional to the needs of the case, considering the importance of the issues at stake in the

18 action, the amount in controversy, the parties' relative access to relevant information, the parties'

19 resources, the importance of the discovery in resolving the issues, and whether the burden or

20 expense of the proposed discovery outweighs its likely benefit."). Defendants' cannot short-

21 circuit that process with nothing more than conclusory assertions. The parties should follow the

22 normal course of discovery, and, if necessary, bring disputes to the Court via the procedure

23 described in Paragraph J of the Court's Standing Order.

24 **B.** **Defendants' Statement on Discovery**

25 At the August 26, 2020 hearing on Defendants' Motion to Dismiss (the "Motion"), the

26 Court requested that the parties submit proposals for (1) how discovery should proceed while the

27 Motion is under submission; and (2) how discovery should proceed in the event that at least some

28 Defendants are dismissed from the lawsuit a second time, potentially with prejudice. (8/26/2020

Tr. of Proceedings at 68:20-69:13.)  As Defendants explained in their submission to the Court, that discovery should be partially stayed while the Motion is pending.  Given the extreme burdens of discovery in this matter, it makes little sense to require Defendants to undertake an extremely expensive document review and production process if these efforts may be mooted by a subsequent dismissal. (ECF No. 137.)  Defendants also proposed that the scope of discovery after the Court resolves the pending Motion should depend on how the Court rules and whether Plaintiffs are again granted leave to amend.  (*Id.*)

At the same time, as Plaintiffs note above, Defendants have conducted various preliminary steps that will allow discovery to rapidly proceed with respect to any claims that may remain once the Court rules on the pending Motion.  The parties are diligently conferring on a Protective Order, ESI Protocol, and other discovery matters applicable to individual Defendants.  Defendants have also agreed to provide responses and objections to Plaintiffs' voluminous Requests for Production of Documents by October 2, 2020.  By completing these steps while the Motion is pending discovery is advancing, the extreme cost and expense of unrestricted discovery should only be imposed once the pleadings are settled and it is clear who will remain in this matter.  Defendants respectfully request that the Court endorse Defendants' submitted discovery proposal to this effect. (*See* ECF No. 137.)

### III. **EVIDENCE PRESERVATION (ESI)**

Plaintiffs sent detailed preservation letters to all Defendants on January 29, 2019.  The parties are meeting and conferring about an Electronically Stored Information ("ESI") Protocol and plan to submit it to the Court for approval shortly.

Should the parties encounter any issues with respect to preservation, they will raise them with the Court promptly.

### IV. **PROTECTIVE ORDER**

Plaintiffs proposed the Northern District's Model Protective Order to Defendants on August 11, 2020.  The parties are meeting and conferring about the Protective Order, and will submit their proposal to the Court shortly, along with a declaration identifying those areas where the proposal differs from the Model Protective Order, consistent with Section G of the Court's

Standing Order for All Civil Cases.

## V. EXPEDITED TRIAL PROCEDURE

The parties do not believe that this case is appropriate for an expedited schedule.

## VI. PROPOSED SCHEDULE

If discovery remains open, the parties propose the following schedule. The parties acknowledge that this schedule will need to be revised if the Court accepts Defendants' proposal regarding discovery. *See* Defendants' Discovery Statement, ECF No. 137; Plaintiffs' Discovery Statement, ECF No. 138.

| Deadline | Date |
|---|---|
| Deadline to Serve Rule 26 Disclosures | September 18, 2020 |
| Deadline for Defendants to Serve Objections and Responses to Plaintiffs' First Set of RFPs | October 2, 2020 |
| Substantial Completion of Document Production | April 16, 2021 |
| Deadline to Produce Privilege Logs | June 11, 2021 |
| Deadline to Amend Pleadings | August 11, 2021 |
| Plaintiffs' Motion for Class Certification, and Designation of Experts and Disclosure of Opening Expert Reports | November 19, 2021 |
| Defendants' Opposition to Motion for Class Certification, and Designation of Rebuttal Experts and Disclosure of Rebuttal Expert Reports | February 17, 2022 |

| Deadline | Date |
|---|---|
| Plaintiffs' Reply Brief ISO Class Certification, and Disclosure of Reply Expert Reports | April 15, 2022 |
| Hearing on Class Certification | At the Court's convenience |
| Last Day of Fact Discovery | 60 days following the Court's order on Class Certification (understanding that this does not mean discovery has been sequenced or bifurcated between class certification and the merits) |

## VII. FURTHER CASE MANAGEMENT CONFERENCE

### A. Plaintiffs' Proposal

Plaintiffs suggest that the Court apply its standard practice in class cases and hold frequent and regular case management conferences. *See*, *e.g.*, *In re Wells Fargo & Co. Shareholder Derivative Litig.*, Case No. 16-cv-5541-JST (N.D. Cal.), July 18, 2018 CMC Tr. at 8:11-16 ("I usually do class actions a certain way when I'm managing them and that is, that I see them much more frequently, and they report to me at a much more granular level about discovery planning and things like that just to make sure that it all gets done, and that there aren't surprises. And also, so that I can help people in an informal way."). Plaintiffs propose that these conferences occur every month.

Parties tend to be much more reasonable when a case management conference is on the horizon. Regular case management conferences encourage efficient progress of the action, and provide the parties with an incentive to resolve disputes among each other as best they can, and where agreement cannot be reached, to provide reasonable proposals and obtain guidance from the Court.

### B. Defendants' Proposal

Defendants believe that the monthly case management conferences proposed by Plaintiffs
- 6 -

RULE 26(F) REPORT
CASE NO. 19-CV-00717-JST

1 are not necessary and would not be an efficient use of the parties or the Court's resources,
2 especially while the Motion to Dismiss is still pending.  The parties have thus far worked
3 diligently and effectively on a variety of case management issues and favor the process the Court
4 has thus far employed to resolve any potential disagreements.  Additionally, given the difficulties
5 of coordinating between 29 distinct Defendants in this action, each and every joint submission to
6 the court, hearing, or conference imposes a significant logistical burden; scheduling monthly
7 status conferences with no particular dispute or need for them will heighten these costs without
8 any offsetting benefits.  Defendants submit that the Court should set case management
9 conferences at its discretion and that the parties should be encouraged to jointly request case
10 management conferences at key stages of the litigation.

Dated:  September 18, 2020

By: */s/ Dean M. Harvey*

Dean M. Harvey (SBN 250298)
Katherine Lubin (SBN 259826)
Yaman Salahi (SBN 288752)
Adam Gitlin (SBN 317047)
Jallé Dafa (SBN 290637)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
ysalahi@lchb.com
agitlin@lchb.com
jdafa@lchb.com

*Interim Class Counsel*

| | | |
|---|---|---|
| 1 | Dated: September 18, 2020 | By: */s/ Beatriz Mejia* |
| 2 | | |
| 3 | | Michael A. Attanasio (151529)<br>Beatriz Mejia (190948)<br>David Houska (295918) |
| 4 | | Max Sladek de la Cal (324961)<br>COOLEY LLP |
| 5 | | |
| 6 | | *Attorneys for Defendants Seaview Insurance Company and Two Jinn, Inc.* |
| 7 | Dated: September 18, 2020 | By: */s/ Julie A. Gryce* |
| 8 | | |
| 9 | | Julie A. Gryce (319530)<br>DLA PIPER LLP (US) |
| 10 | | 401 B Street, Suite 1700<br>San Diego, CA 92101-4297 |
| 11 | | Telephone: (619) 699-2700<br>Facsimile: (619) 699-2701 |
| 12 | | julie.gryce@dlapiper.com |
| 13 | | Michael P. Murphy (*pro hac vice*) |
| 14 | | John Hamill (*pro hac vice*)<br>DLA PIPER LLP (US) |
| 15 | | Telephone: (212) 335-4500<br>Facsimile: (212) 335-4501 |
| 16 | | michael.murphy@dlapiper.com<br>john.hamill@dlapiper.com |
| 17 | | |
| 18 | | *Attorneys for Defendants Danielson National Insurance Company* |

| | | |
|---|---|---|
| Dated: September 18, 2020 | | By: */s/ Blake Zollar* |

Drew Koning (263082)
Blake Zollar (268913)
Shaun Paisley (244377)
KONING ZOLLAR LLP
2210 Encinitas Blvd., Suite S
Encinitas, CA 92024
Telephone: (858) 252-3234
Facsimile: (858) 252-3238
drew@kzllp.com
blake@kzllp.com
shaun@kzllp.com

*Attorneys for Defendant All-Pro Bail Bonds, Inc.*

Dated: September 18, 2020     By: */s/ Gerard G. Pecht*

Gerard G. Pecht (*pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
gerard.pecht@nortonrosefulbright.com
Joshua D. Lichtman (176143)
NORTON ROSE FULBRIGHT US LLP
555 South Flower Street, Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
joshua.lichtman@nortonrosefulbright.com

*Attorneys for Defendant American Contractors Indemnity Company*

| | | |
|---|---|---|
| Dated: September 18, 2020 | | By: */s/ Anne K. Edwards* |

Anne K. Edwards (110424)
SMITH, GAMBRELL & RUSSELL, LLP
444 South Flower Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 358-7210
Facsimile: (213) 358-7310
aedwards@sgrlaw.com

*Attorneys for Defendant Williamsburg National Insurance Company*

Dated: September 18, 2020    By: */s/ Nicole S. Healy*

Todd A. Roberts
Nicole S. Healy
ROPERS, MAJESKI, KOHN & BENTLEY

*Attorneys for Defendants American Bail Coalition, Inc. and William B. Carmichael*

Dated: September 18, 2020    By: */s/ David F. Hauge*

David F. Hauge (128294)
Todd H. Stitt (179694)
Vincent S. Loh (238410)
MICHELMAN & ROBINSON, LLP

*Attorneys for Defendants United States Fire Insurance Company, North River Insurance Company, and Seneca Insurance Company*

Dated: September 18, 2020    By: */s/ Christie A. Moore*

Christie A. Moore (*pro hac* vice)
W. Scott Croft (*pro hac* vice)
BINGHAM GREENEBAUM DOLL LLP
101 S. Fifth Street
3500 PNC Tower
Louisville, KY 40202
Telephone: 502.587.3758
Facsimile: 502.540.2276
cmoore@bgdlegal.com
wcroft@bgdlegal.com

*Attorneys for Defendant Lexon Insurance Company*

Dated: September 18, 2020                By: */s/ Travis Wall*

Travis Wall (191662)
Spencer Kook (205304)
HINSHAW & CULBERTSON LLP

*Attorneys for Defendant Philadelphia Reinsurance Corporation*

Dated: September 18, 2020                By: */s/ Gregory S. Day*

Gregory S. Day
LAW OFFICES OF GREGORY S. DAY
120 Birmingham Drive, Suite 200
Cardiff, CA 92007
Telephone: (760) 436-2827
attygsd@gmail.com

*Attorneys for Defendants California Bail Agents Association, Universal Fire & Casualty Company, and Sun Surety Insurance Company*

Dated: September 18, 2020                By: */s/ Howard Holderness*

John A. Sebastinelli (127859)
Howard Holderness (169814)
GREENBERG TRAURIG, LLP

*Attorneys for Defendants American Surety Company and Indiana Lumbermens Mutual Insurance Company*

| | | |
|---|---|---|
| Dated: September 18, 202019 | | By: */s/ Gary A. Nye* |

Gary A. Nye (126104)
ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

*Attorneys for Defendants AIA Holdings, Inc., Allegheny Casualty Company, Bankers Insurance Company, International Fidelity Insurance Company, Lexington National Insurance Corporation, and Jerry Watson*

Dated: September 18, 2020                    By: */s/ Brendan Pegg*

Brendan Pegg
Lindsay Cooper-Greene
LAW OFFICE OF BRENDAN PEGG
201 E. Ojai Ave, Suite 1505
Ojai, CA 93024
Telephone: (805) 302-4151
Facsimile: (877) 718-7298

*Attorneys for Defendant Financial Casualty & Surety, Inc.*

Dated: September 18, 2020                    By: */s/ Erik K. Swanholt*

Erik K. Swanholt
Alyssa L. Titche
Ian T. Hampton (*pro hac vice*)
FOLEY & LARDNER
555 South Flower St., 33rd Floor
Los Angeles, CA 90071
Telephone: (213) 972-4500
Facsimile: (213) 486-0065

*Attorneys for Defendant Continental Heritage Insurance Company*

Dated: September 18, 2020                    By: */s/ John M. Rorabaugh*

John M. Rorabaugh (178366)

*Attorney for Defendant Golden State Bail Association*

Dated: September 18, 2020

By: */s/ Paul J. Riehle*

Paul J. Riehle (115199)
Amanda M. Pasquini (*pro hac vice*)
DRINKER BIDDLE & REATH LLP
4 Embarcadero Center, 27th Floor
San Francisco, California 94111
Telephone: (415) 551-7521
Facsimile: (415) 551- 7510
paul.riehle@faegredrinker.com
amanda.pasquini@faegredrinker.com

*Attorneys for Defendant Accredited Surety and Casualty Company, Inc.*

# **ATTESTATION**

I, Dean M. Harvey , in compliance with Local Rule 5-1(i)(3), hereby attest that I obtained the concurrence of all of the above-listed counsel in filing this document.

DATED: September 18, 2020          */s/ Dean M. Harvey*
                                                    Dean M. Harvey