# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Master Docket No. 19-cv-00717-JST-DMR<br><br>CLASS ACTION<br><br>**ADMINISTRATIVE MOTION TO SUPPLEMENT THE AUGUST 12, 2021 LETTER BRIEF AND TO SEAL MATERIAL DESIGNATED AS CONFIDENTIAL BY AN OPPOSING PARTY** |

1       Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs bring this administrative motion to file provisionally under seal ACIC_000011890 ("Exhibit 1") for the Court's consideration in conjunction with the September 30, 2021 hearing on the parties' pending discovery dispute. At issue is whether Select Dismissed Defendants (SDDs) may withhold or redact information that, in their subjective judgment, lacks a sufficient connection to California, regardless of whether the document is: (1) responsive to agreed-upon discovery requests; (2) from the files of custodians who, according to the SDDs "would necessarily be aware" of the alleged conspiracy in California; and (3) hit on search terms that the SDDs have agreed to use. ECF 208. Exhibit 1, attached, illustrates why the Court should compel the SDDs to produce all such documents without redactions.

       Exhibit 1 is a contemporaneous email exchange among direct California bail competitors, including the SDDs, produced by Dismissed Defendant American Contractors Indemnity Company ("ACIC") on September 10, 2021. The discussion pertains to the efforts of "Chad the Bail Guy" to buck the cartel goal of charging consumers 10% of the bail amount, without rebates, referenced in Plaintiffs' Second Consolidated Amended Complaint. ECF No. 94, ¶ 92. Participants in the exchange make clear that they have, and will continue to, collude to deprive California consumers of the benefits of the competition required by Proposition 103, exactly as Plaintiffs have alleged. The document is directly relevant to Plaintiffs' claims.

       Despite this, ACIC redacted several passages in the exchange, on the basis of the geographic scope objection pending before the Court. ACIC has informed Plaintiffs that may be willing to produce unredacted versions of this exchange, but have not yet done so. The SDDs should not be permitted to make redactions of this kind, or to withhold documents that would otherwise be produced, but for the SDDs' geographic scope objection.

       Exhibit 1 shows the kind of information that the SDDs are withholding from their document productions, and demonstrates the risks attendant to Defendants' highly subjective criteria for doing so. Plaintiffs therefore propose to supplement the August 12, 2021 letter brief with Exhibit 1.

| | | |
|---|---|---|
| 1 | Dated: September 29, 2021 | By: */s/ Adam Gitlin* |

Dean M. Harvey (SBN 250298)
Katherine Lubin (SBN 259826)
Yaman Salahi (SBN 288752)
Adam Gitlin (SBN 317047)
Nigar A. Shaikh (*pro hac vice*)
Miriam E. Marks (SBN 332351)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
ysalahi@lchb.com
agitlin@lchb.com
nshaikh@lchb.com
mmarks@lchb.com

*Interim Class Counsel*