UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No. 4:19-CV-00717-JST (DMR)<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING AMERICAN SURETY COMPANY DOCUMENT PRODUCTION DEADLINE** |

WHEREAS by Order of the Court (ECF No. 230) certain parties who had been previously dismissed from this lawsuit without prejudice were to complete their pre-amendment document production by November 29, 2021.

WHEREAS American Surety Company and its executive William Carmichael were not dismissed from the litigation, and the company has agreed with Plaintiffs that it is appropriate given its status as an active defendant in the litigation to search for and produce documents from ten custodians, including Mr. Carmichael, which is a substantially larger number of custodians than the more limited number of custodians that had been agreed to by the dismissed defendants.

WHEREAS American Surety Company, like dismissed defendants, had previously asserted that non-California documents were irrelevant but had understood that given its unique position in the litigation that it was not a party to the motion resulting in the Order of the Court

1  (ECF No. 230).

2  WHEREAS American Surety Company, following issuance of the Order of the Court
3  (ECF No. 230) and in an effort to avoid needless additional motion practice to clarify whether the
4  Order applied to it, agreed to produce in the same manner as dismissed defendants all non-
5  California bail documents that were unrelated to individual bail transactions that were in the
6  possession of its agreed upon custodians, but it did not concede that it must produce all
7  responsive documents by November 29, 2021, given its substantially larger number of custodians;

8  WHEREAS Plaintiffs believe that the November 29, 2021 deadline for pre-amendment
9  document production should apply to American Surety Company, but American Surety Company
10 cannot meet that deadline.

11 WHEREAS counsel for Plaintiffs and for American Surety Company are mindful of the
12 Court's direction to meet and confer regarding mutually agreeable production schedules and have
13 met and conferred on multiple occasions regarding the scope and timing of American Surety
14 Company's production and have discussed a sample of more than 10,000 non-California
15 documents that have already been produced.

16 IT IS HEREBY STIPULATED by and between the Plaintiffs and American Surety
17 Company, and their counsel, that American Surety Company's production deadline shall be
18 December 13, 2021, without prejudice to the parties agreeing without the need for a further order
19 to an additional extension if appropriate.  If after meeting and conferring regarding additional
20 extensions, Plaintiffs and American Surety Company cannot agree to an extension, they may refer
21 the matter to this Court.

22 Dated:  November 29, 2021

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP

By: /s/ *Dean M. Harvey*
Dean M. Harvey
Katherine C. Lubin
Adam Gitlin
Yaman Salahi
Nigar A. Shaikh
Miriam E. Marks

*Interim Class Counsel*

Dated: November 29, 2021				GREENBERG TRUARIG, LLP

						By: /s/ *Howard Holderness*
						    John A. Sebastinelli
						    Howard Holderness

						*Attorneys for Defendants American Surety Company*

### [PROPOSED] ORDER

PURSUANT TO STIPULATION AND GOOD CAUSE APPEARING, IT IS SO ORDERED that American Surety Company's production deadline shall be December 13, 2021, without prejudice to the parties agreeing without the need for a further order to an additional extension if appropriate. If after meeting and conferring regarding additional extensions, Plaintiffs and American Surety Company cannot agree to an extension, they may refer the matter to this Court.

.

DATE:_____

						_____
						HONORABLE DONNA M. RYU
						UNITED STATES MAGISTRATE JUDGE