Dean M. Harvey (SBN 250298)
Katherine C. Lubin (SBN 259826)
Michelle A. Lamy (SBN 308174)
Nigar A. Shaikh (SBN 343554)
Miriam E. Marks (SBN 332351)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
mlamy@lchb.com
nshaikh@lchb.com
mmarks@lchb.com

*Interim Class Counsel*

*(Additional counsel listed on signature page)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 4:19-cv-00717-JST<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF DEAN M. HARVEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO CERTAIN DEFENDANTS' MOTION TO DISMISS THE THIRD CONSOLIDATED AMENDED COMPLAINT** |

I, Dean M. Harvey, declare as follows:

1. I am a partner of the law firm Lieff Cabraser Heimann & Bernstein, LLP, which has been appointed Interim Class Counsel in the above-captioned proceeding. I am a member of the State Bar of California. I have personal knowledge of the facts herein and, if called upon to testify to those facts, I could and would do so competently.

2. Attached hereto as **Exhibit A** is a comparison of Plaintiffs' Second Consolidated Amended Complaint ("SCAC"), ECF No. 94, with Plaintiffs Third Consolidated Amended Complaint ("TCAC"), ECF No. 281-1.

3. After months of meeting and conferring and motion practice, Defendants produced documents from a small set of custodians (most Defendants searched the files of only two employees), only documents that hit on Plaintiffs' first (and only) set of search terms, and only documents that each Defendant deemed responsive to five of the 40 RFPs Plaintiffs served on August 12, 2020.

4. Meaningful document production did not begin until September 2021, and continued in fits and starts, including thousands of documents that were produced on April 5, 2022, only six days before Plaintiffs filed the TCAC.

5. The documents Defendants produced are those that: hit on Plaintiffs' first and only set of search terms (which Plaintiffs crafted without the benefit of having reviewed any documents produced, and that were narrowed in the course of months of meeting and conferring with Defendants); were preserved in an electronic format capable of being searched with keywords; are from certain electronic files of a small set of custodians, often only two per Defendant; passed through Defendants' subjective responsiveness review regarding five of 40 RFPs; and were not otherwise withheld.

6. No discovery other than limited document production has occurred. From the beginning of Plaintiffs' meet and confers with Defendants, Plaintiffs sought an opportunity to take depositions before filing the TCAC. Defendants steadfastly refused, and made clear that depositions would not occur without additional motion practice and a Court order.

7. The TCAC references bail bond pricing information that Defendants exchanged through the Surety and Fidelity Association of America ("SFAA") and its Bail Bond Advisory Committee. The SFAA produced these documents to Plaintiffs pursuant to subpoena. Moving Defendants filed an example of these documents at ECF No. 285-8. Like other similar documents SFAA produced, the example Moving Defendants filed states "CONFIDENTIAL" on pages disclosing Defendant pricing data. ECF No. 286-8 at 3, 4, and 5. SFAA also produced these documents with a confidentiality designation, under the terms of the Protective Order. Pursuant to the Protective Order, Plaintiffs initially filed portions of the TCAC under seal, including portions disclosing information regarding these "CONFIDENTIAL" pricing summaries. ECF Nos. 269 and 270.

8. Pursuant to Civil Local Rule 7905(f)(3), the designating party (here, SFAA) needed to file a responsive statement and/or declaration to maintain that information under seal.

9. On April 11, 2022, Plaintiffs' counsel provided a redacted copy of the TCAC to SFAA's counsel, along with those portions that were tentatively filed under seal. Plaintiffs' counsel explained that, if SFAA wished to maintain this material under seal, it needed to provide the basis for that request to the Court.

10. On April 20, 2022, the Court provided SFAA and other designating parties an additional seven days to file the required documents. ECF. No. 274.

11. On April 26, 2022, SFAA's counsel informed Plaintiffs' counsel that, while it would not object to unsealing the relevant portions of the TCAC, the documents themselves "shall remain confidential and shall not be disclosed as required under SFAA's condition for production."

12. On April 28, 2022, Plaintiffs' counsel asked SFAA's counsel to explain the basis for its instructions that the underlying documents "remain confidential and shall not be disclosed," in light of SFAA counsel's representation that it contained only publicly available information. SFAA's counsel did not respond.

13. Attached as **Exhibit B** is Seaview Insurance Company's 2012 Annual Statement, obtained from the California Department of Insurance.

14. Attached as **Exhibit C** is Seaview Insurance Company's September 30, 2012 Quarterly Statement, obtained from the California Department of Insurance.

15. Attached as **Exhibit D** is Seaview Insurance Company's Dec. 31, 2019 Management Discussion and Analysis, obtained from the California Department of Insurance.

16. Attached as **Exhibit E** is Seaview Insurance Company's 2019 Annual Statement, obtained from the California Department of Insurance.

17. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed July 11, 2022 in San Francisco, California.

*/s/ Dean M. Harvey*
Dean M. Harvey