Dean M. Harvey (SBN 250298)
Katherine C. Lubin (SBN 259826)
Michelle A. Lamy (SBN 308174)
Miriam E. Marks (SBN 332351)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
dharvey@lchb.com
kbenson@lchb.com
mlamy@lchb.com
mmarks@lchb.com

*Interim Class Counsel*

*(Additional counsel listed on signature page)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 4:19-cv-00717-JST<br><br><u>CLASS ACTION</u><br><br>**<u>ADMINISTRATIVE MOTION TO CORRECT THE DECLARATION OF DARRYL ANDERSON (DKT. 285)</u>** |

1  **I.   INTRODUCTION**

2  Pursuant to Local Rule 7-11, Plaintiffs hereby move to correct Exhibits 4, 6, 8, and 10 to the Declaration of Darryl Anderson (Dkt No. 285). Those Exhibits, submitted by Defendants in support of their Joint Motion to Dismiss Plaintiffs' Third Consolidated Amended Complaint (Dkt. No. 284), contain material errors. Immediately after confirming these errors with their litigation support professionals, Plaintiffs alerted Defendants, and asked if there were any objections to Plaintiffs filing the corrected and completed documents. Defendants confirmed they do not object. *See* Decl. of Dean M. Harvey ¶¶ 7-8, submitted herewith.

**II.   CORRECTIONS TO THE ANDERSON DECLARATION**

*Exhibit 4*. Defendants purport to attach as Exhibit 4 a "true and correct copy of a document beginning at bates label GSBA000002210, which is a document produced by nonparty Golden State Bail Agents Association in this litigation." Dkt. No. 285 ¶ 5. Defendants continue: "In paragraphs 143 and 144 of the TCAC, Plaintiffs describe and quote from a March 18, 2009 email from Topo Padilla as a basis for their allegations. The document attached hereto at Exhibit 4 is the document referenced in paragraphs 143 and 144 of the TCAC." *Id*.

However, Defendants have since confirmed that Exhibit 4 is not, in fact, a copy of the email produced at GSBA000002210 or referenced in paragraphs 143 and 144 of the TCAC, but instead a different copy of that email, which appends another document that is neither an attachment to that email nor part of GSBA000002210. When Plaintiffs asked Defendants about the alteration to GSBA000002210, Defendants acknowledged that the improper attachment comes from a separate production, but did not offer any explanation for its inclusion in Exhibit 4. Harvey Decl. ¶ 8. To avoid confusion, Exhibit 4 should be disregarded, and the Court should rely instead on the actual true and correct copy of GSBA000002210, which is filed herewith. *See* Harvey Decl., Ex. A.

*Exhibit 6*. Defendants purport to attach as Exhibit 6 a "true and correct copy of a document beginning at bates label CBAA000008537, which is a document produced by nonparty California Bail Agents Association in this litigation." Dkt. No. 285 ¶ 7. Defendants continue: "In paragraph 161 of the TCAC, Plaintiffs describe and quote from what they characterize as

'recommended standardized forms for California Bail Agents.' The document attached hereto at Exhibit 6 consists of the '2013 Standardize Forms" that are quoted and referenced in paragraph 161 of the TCAC." *Id.*

However, Exhibit 6 is not a true and correct copy of CBAA000008537. This is clear from the face of the document, which includes not the typeface stamped Bates Number on the true document produced to Plaintiffs, but a handwritten "8357" in blue ink. Plaintiffs also discovered that Exhibit 6 omits pages 10-18 of the cited document, and also cuts off portions of the bottom of the pages that it does include. The complete document is filed herewith. *See* Harvey Decl., Ex. B. This omission is material, because the TCAC references evidence contained in the missing pages. Paragraph 161 of the TCAC alleges as follows:

> Additionally, in 2013, Defendants including Accredited, AIA, ASC, Lexington, Lexon, Sun, Financial Casualty, and Williamsburg were members of CBAA's "Bail Bond Project", which resulted in recommended standardized forms for California Bail Agents. Draft forms dated 2013 state that premium fees are "typically ten percent of the amount of bond." The forms make no reference to rebates, nor provide any space in which to input a rebate. The California addenda to the draft standardized forms assert: "This addendum shall be attached to every Bail Bond Application and Agreement entered into in the State of California."

The tenth page of the complete document (CBAA000008546), omitted from Exhibit 6 of the Anderson Declaration, is entitled: "Bail Bond Premium Receipt and Statement of Charges." The bottom of the document identifies it as "Bail Standard Form No. 3," and contains a copyright notification from "Lexington National Insurance Corporation, et al." The form has spaces for "Bail Bond Premium" and "Total Charges" defined as "premium plus any itemized expenses." As Plaintiffs allege in Paragraph 161 of the TCAC, the "Standard Form" makes no reference to rebates, and provides no space in which to input a rebate. Further, by defining "Total Charges" as "premium plus any itemized expenses," the form excludes the possibility of a rebate, since any rebate would lower "Total Charges" below "premium plus itemized expenses."

In addition, the last page of the complete document (CBAA000008554), also omitted from Exhibit 6 of the Anderson Declaration, is entitled "California Addendum to Indemnitor Application and Agreement." The bottom of the document identifies it as "CA-Bail Form No. 2."

1   As Plaintiffs allege in Paragraph 161 of the TCAC, Paragraph 6 of the form requires that the form
2   be attached to every bail bond application and agreement entered into in the State of California.
3   When Plaintiffs asked Defendants about these omissions, Defendants responded that their
4   mistaken filing was the "result of an oversight."  Harvey Decl. ¶ 7.  Exhibit 6 should be
5   disregarded, and the Court should instead rely on the actual true and correct copy of
6   CBAA000008546, filed herewith.  *See* Harvey Decl., Ex. B.

*Exhibit 8*.  Defendants purport to attach as Exhibit 8 a "true and correct copy of a document bates labeled SFAA000387-SFAA000390, which is a document produced by nonparty Surety & Fidelity Association of America in this litigation."  Dkt. No. 285 ¶ 9.  Defendants continue:  "In paragraph 123 of the TCAC, Plaintiffs describe and quote from what it alleges to be 'pricing reports' prepared by the Bail Bond Advisory Committee of the Surety and Fidelity Association of America.  The document attached hereto at Exhibit 8 is a June 17, 2019 email from Devin Girardi of SFAA, with an attachment consisting of the 2018 Bail Bond Supplement, which is an example of the 'pricing reports' that contain the quotations described and quoted from in paragraph 123 of the TCAC."  *Id*.

However, Defendants have since acknowledged that Exhibit 8 is only an *excerpt* of the relevant document produced in discovery, and that Defendants excluded the remaining pages of the document based on Defendants' unilateral determination that they "do not believe they have any bearing on the references in the TAC at paragraph 123."  Harvey Decl. ¶ 8.  Plaintiffs believe that determination is for the Court, and that the document should be submitted in its entirety.  The complete document is filed herewith.  *See* Harvey Decl., Ex. C.

*Exhibit 10*.  Defendants purport to attach as Exhibit 10 a "true and correct copy of a document bates labeled CDI_000000262-CDI_000000265, which is a document produced by nonparty California Department of Insurance in this litigation."  Dkt. No. 285 ¶ 11.  Defendants continue:  "In paragraph 129 of the TCAC, Plaintiffs describe and quote from a document that it alleges reflected 'a failed attempt on April 13, 2010 to persuade CDI to require a 'fixed 10% bond rate.''  The document attached hereto at Exhibit 10 consists of meeting notes from the CDI Bail ad hoc committee, which includes the quotation found in paragraph 129 of the TCAC."  *Id*.

1   As with Exhibit 8, however, Defendants have since acknowledged that Exhibit 10 is only

2   an *excerpt* of the relevant document produced in discovery.  The complete document is filed

3   herewith.  *See* Harvey Decl., Ex. D.

4   **III.    CONCLUSION**

5   For the reasons set forth above, Plaintiffs respectfully request that the Court disregard

6   Exhibits 4, 6, 8, and 10 to the Anderson Declaration, and instead rely upon Exhibits A, B, C, and

7   D, respectively, to the Harvey Declaration.

Dated:  October 26, 2022               Respectfully submitted,

                                       LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

                                       By:  */s/ Dean M. Harvey*

                                           Dean M. Harvey (SBN 250298)
                                           Katherine C. Lubin (SBN 259826)
                                           Michelle A. Lamy (SBN 308174)
                                           Nigar A. Shaikh (SBN 343554)
                                           Miriam E. Marks (SBN 332351)
                                           LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                           275 Battery Street, 29th Floor
                                           San Francisco, CA 94111
                                           Telephone:  (415) 956-1000
                                           dharvey@lchb.com
                                           kbenson@lchb.com
                                           mlamy@lchb.com
                                           nshaikh@lchb.com
                                           mmarks@lchb.com

                                           *Interim Class Counsel*

                                           Benjamin David Elga (*pro hac vice*)
                                           Brian James Shearer (*pro hac vice*)
                                           JUSTICE CATALYST LAW
                                           25 Broadway, 9th Floor
                                           New York, NY
                                           Telephone:  (518) 732-6703
                                           belga@justicecatalyst.org
                                           brianshearer@justicecatalyst.org

                                           David Seligman (*pro hac vice*)
                                           TOWARDS JUSTICE
                                           1410 High Street, Suite 300
                                           Denver, CO 80218
                                           Telephone:  (720) 441-2236
                                           Facsimile:  (303) 957-2289

david@towardsjustice.org

Stuart T. Rossman (*pro hac vice*)
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, Fourth Floor
Boston, MA 02110-1245
Telephone:  (617) 542-8010
Facsimile:  (617) 542-8028
srossman@nclc.org
bhighsmith@nclc.org

Cindy Pánuco (SBN 266921)
Stephanie Carroll (SBN 263698)
Nisha Kashyap (SBN 301934)
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, California, 90005
Telephone:  (213) 385-2977
Facsimile:  (213) 201-4722
cpanuco@publiccounsel.org
scarroll@publiccounsel.org
nkashyap@publiccounsel.org

*Counsel for Plaintiffs and the Proposed Class*