UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No. 4:19-CV-00717-JST<br><br>**PLAINTIFFS'** ~~[PROPOSED]~~ **ORDER REGARDING DEPOSITION PROTOCOL**<br>**\*\*\*AS MODIFIED\*\*\*** |

## I. PURPOSE

1. This Stipulation and Order Regarding Deposition Protocol ("Deposition Protocol Order") shall govern depositions of Plaintiffs, Defendants, and non-parties in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules. Nothing in this Order is intended to expand or limit the parties' obligations under the Federal Rules of Civil Procedure. Any disputes arising out of this Order shall be resolved according to the Federal Rules of Civil Procedure, Local Rules, and the Court's Standing Orders.

2. All parties reserve the right to seek relief from the Court from any provision in this Deposition Protocol Order for good cause shown.

## II. NUMBER OF DEPOSITIONS

3. The parties agree to modify the default depositions-per-side limit allowed under Federal Rule of Civil Procedure 30(a)(2)(A)(i) as follows: Plaintiffs may take up to sixty-eight (68) depositions, including of party and third-party witnesses, and including depositions taken pursuant to Rule 30(b)(6). Defendants collectively may also take up to sixty-eight (68) depositions, including of party and third-party witnesses, and including depositions take pursuant to Rule 30(b)(6). Any deposition cross-noticed by Plaintiffs or Defendants shall count against their deposition totals. These limits may be exceeded for good cause shown upon motion to the Court.

## III. DEPOSITION PROCEDURES

4. Deposition duration: Rule 30(d) shall govern the duration of depositions of fact witnesses. In accordance with Rule 30(d), each deposition of a fact witness or deposition of a 30(b)(6) witness shall be limited to seven (7) hours on the record conducted in a single day, except as provided below or on agreement of the witness or the party producing the witness.

5. For depositions of party witnesses noticed by Plaintiffs, Plaintiffs shall have up to seven (7) hours on the record of examination time. For depositions of Plaintiffs' party witnesses noticed by one or more Defendants, Defendants shall collectively have up to seven (7) hours on the record of examination time. If Plaintiffs cross-notice a deposition of a party witness noticed by one or more Defendants, Plaintiffs shall have up to two (2) hours on the record of examination

time. If one or more Defendants cross-notice a deposition of a party witness noticed by Plaintiffs, the cross-noticing Defendant(s) shall meet and confer with each other and with the defending party to determine the amount of additional time to accommodate additional questioning, and the allocation of that time among Defendants. All parties shall conduct their depositions efficiently, and shall take no more time than is needed. The provisions of this Deposition Protocol Order do not preclude nor prejudice any party from seeking relief from the Court for additional examination time for particular deponents.

6. For depositions of non-party witnesses noticed by Plaintiffs or Defendants, the default total amount of examination time shall be seven (7) hours. If one or more parties cross-notice such a non-party witness deposition, the seven (7) hours shall be split equally between Plaintiffs, on the one hand, and Defendants, on the other.

7. Individual fact deponents: Each fact witness may be deposed in their individual capacity only once, even if they have been employed by more than one Defendant.

8. Rule 30(b)(6) deponents: Prior to noticing a Rule 30(b)(6) deposition of a Defendant, Plaintiffs shall provide a list of Rule 30(b)(6) deposition topics to that Defendant. No later than fourteen (14) days after receiving the 30(b)(6) deposition topics, the Defendant shall inform Plaintiffs which witness is (or witnesses are) will be designated as that Defendant's Rule 30(b)(6) representative(s). If Plaintiffs intend to depose the designated witness(es) in their individual capacities, Plaintiffs will endeavor to coordinate those depositions with the Rule 30(b)(6) deposition. The limit on examination time for a Rule 30(b)(6) deposition, regardless of the number of topics, shall be a total of seven (7) hours. If a party witness has already been deposed and provided answers as to the subject matter of a 30(b)(6) deposition topic, the Defendant may designate the party witness's testimony as the Defendant's Rule 30(b)(6) topic testimony; nothing in this protocol prevents a Defendant from moving for a protective order on the grounds that a party witness already has been deposed on a Rule 30(b)(6) deposition topic, and nothing in this protocol prevents Plaintiffs from seeking a Rule 30(b)(6) deposition regarding a topic party witnesses did not adequately address.

9. The parties agree that this Deposition Protocol Order applies to depositions of non-parties under Federal Rule of Civil Procedure 45 and shall confer about scheduling depositions of non-parties, consistent with Local Civil Rule 30-1. The party noticing any third-party depositions shall provide this Deposition Protocol Order to counsel for any non-party under Rule 45 at least 72 hours before the start of the deposition. This Deposition Protocol Order does not restrict the ability of any non-party to seek relief from any provisions contained herein based upon their individual circumstances.

**IV.    SCHEDULING AND LOCATION OF DEPOSITIONS**

    **A.    Scheduling**

10. Pursuant to Civil Local Rule 30-1, parties shall confer with opposing counsel about the scheduling of a deposition before noticing a deposition. Within one week of a deposition scheduling request, opposing counsel must provide available dates and times. If opposing counsel fails to do so, the requesting party may notice the deposition. Parties shall provide no fewer than thirty (30) days' notice before scheduling a deposition.

11. Once the parties have conferred and a deposition has been scheduled, it shall not be taken off calendar, postponed, or rescheduled except by agreement of counsel or by relief obtained from the Court. However, the parties and third parties shall make all reasonable efforts to accommodate reasonable requests to reschedule depositions.

12. If a party seeks to cross-notice a third party deposition, that party must notify the noticing party within seven (7) days of receiving the notice. The parties shall then confer about scheduling.

13. Unless otherwise agreed, depositions will occur in-person, with the witness and each of counsel noticing and defending the deposition in the same room. When scheduling a deposition, counsel will confer in good faith to schedule depositions at a time and location convenient for the witness.

14. The parties agree that otherwise in-person depositions can be attended remotely by other counsel in the case. Counsel who seek to question a witness may do so remotely, subject to

the parties' time allocations described above in Paragraphs 5 and 6.  A deposition deemed a "Remote Deposition" will be subject to the protocol outlined in the next section.

15.     If any noticing counsel decides to attend a deposition in-person, then counsel for the other parties shall have the right to attend the deposition in-person as well.

## V.     REMOTE DEPOSITION PROTOCOL

16.     If the witness, witness's counsel, and the party taking the deposition all agree, the deposition may occur remotely and shall be deemed a "Remote Deposition."  Any party may notice a Remote Deposition by so indicating in the notice of deposition.  If a deposition was previously anticipated or agreed to be an in-person deposition, the noticing party, the witness, or the witness's counsel may request that the deposition be changed to a Remote Deposition.  Such a request to change the format for the deposition should be provided as soon as reasonably practicable, but not later than fourteen (14) days in advance of the deposition.  If the witness, witness's counsel, and the party taking the deposition all agree to change the format to a remote deposition, the parties will work cooperatively and timely to arrange the logistics required for the change in format of the deposition.

17.     For a Remote Deposition, the parties agree that a court reporter may administer the oath to a witness remotely, even if the court reporter is not in the physical presence of the witness.  Further, if a court reporter is not authorized to take oaths in the place of examination pursuant to Rule 28, the parties agree that the circumstances warrant proceeding with the administration of such oaths remotely and that the transcripts may be used by or against all parties in this litigation to the same extent that would otherwise be permissible under the Federal Rules of Civil Procedure and the Federal Rules of Evidence, and the parties agree not to object to the use of these video recordings on the basis that the deposition was taken remotely.  The parties reserve all other objections to the use of any deposition testimony at trial, and further reserve any objections related to technical difficulties such as inability to hear a question or answer.  The parties, however, shall work in good faith to address and resolve all technical difficulties at any remote deposition.

      18.      The parties agree, pursuant to Federal Rule of Civil Procedure 29(a), that the recorded video provided by the court reporting service and/or platform vendor may be used as if it were a recording prepared by a certified videography, and that each side will waive any objections based on authenticity.

      19.      Remote Depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), and the court reporter's transcript shall constitute the official record. The legal services vendor will record the deponent's video feed and the audio of all participants during the deposition, and will preserve the audio and video recording. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript.

      20.      To the extent possible, the video conferencing service should display the witness, defending counsel, and deposing counsel on the video screen at all times unless one or more counsel must be taken off-screen to display an exhibit. The witness should always be visible on-screen. There should be no unrecorded or unnoted conversations between the witness and any counsel during a Remote Deposition while the witness is on the record.

      21.      A party that notices a Remote Deposition is responsible for arranging the use of an appropriate remote deposition video platform and, if necessary, for the witness to participate in a "test run" of the platform software at the expense of the noticing party. Details regarding the remote deposition platform will be made available to all parties at least three (3) days before the deposition.

      22.      If counsel for both Plaintiffs and Defendants attend a Remote Deposition remotely, Plaintiffs shall be responsible for half of any costs related to a remote deposition video platform and electronic exhibit-sharing, and Defendants shall be responsible for the other half of the costs. For the avoidance of doubt, the party issuing the deposition notice shall be fully responsible for the court reporter and videographer costs.

      23.      If audio or technical issues impact the ability to proceed with the Remote Deposition, the deposition shall be recessed until the technical issue is resolved. If the technical issue cannot be resolved in a timely manner, then the parties will meet and confer in good faith to

1  address the problem, including but not limited to rescheduling the deposition.  The parties will
2  also act in good faith to account for any time lost to technical issues to permit the deposing party
3  to use the full time permitted for the deposition.

4  **VI.     ELECTRONIC EXHIBITS & HARD COPY EXHIBITS**

5          24.     For a Remote Deposition, the noticing party shall provide electronic copies of
6  exhibits used during the deposition via deposition exhibit software (e.g., Veritext Exhibit Share)
7  to ensure that any remote counsel may participate in the deposition.  For in-person depositions
8  with at least one party attending remotely, the noticing party shall provide electronic copies of
9  exhibits in a similar fashion, if doing so will not substantially interfere with the in-person
10 deposition.

11         25.     The legal services vendor shall be responsible for distributing electronic copies of
12 the exhibits to each person present at the deposition.  Once an electronic document is marked as
13 an exhibit, the deponent and all participants shall each individually have the ability to open,
14 review, and scroll through the document.  The legal services vendor shall not make any of the
15 electronic copies of the exhibits available to counsel for the non-noticing party, the deponent, or
16 counsel for the deponent until they are marked for use during the deposition.  This same
17 procedure shall apply to any electronic copies of documents that any other counsel intends to use
18 to examine the witness.  The technical inability of counsel other than those taking or defending
19 the witness to view an electronically loaded exhibit shall not interfere with and/or prohibit the
20 deposition from proceeding.

21         26.     The deposing party shall not be required to send hard copy exhibits to the
22 deponent.  However, if the deponent specifically requests hard copy exhibits, the parties will
23 confer regarding the request and will endeavor to make reasonable accommodations.  Nothing
24 herein prevents a party from using deposition exhibits not provided in advance in hard copy.  Any
25 such package containing hard copy exhibits shall not be opened until the commencement of the
26 deposition, and the witness, defending counsel, and any persons not affiliated with the deposing
27 party shall not open any envelope containing an exhibit or review any exhibit until it is introduced
28 as an exhibit by the deposing party or until otherwise directed to do so by the deposing party.

## VII. CONDUCT OF DEPOSITIONS

27. Objections. Objections shall be limited to objections to form unless the objection involves privilege or the examining attorney asks for an explanation. Speaking objections are prohibited. Further, any objection by one Defendant to the form of a question should be deemed to have been made on behalf of all other Defendants. The parties agree that one objection by any counsel shall preserve the objection for all parties.

28. Consulting Means of Communication during Depositions. Witnesses shall not use or consult any means of communications while on the record during the deposition (other than audio and video communications used to conduct that deposition itself), including without limitation electronic communications (email, text, social media) and other communications (phone).

29. During breaks in the deposition, the parties may use a breakout room feature if provided by the legal services vendor, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms may be established by the legal services vendor prior to the deposition and controlled by the legal services vendor. This provision does not preclude the parties from using alternative means to meet during breaks in the deposition at their discretion.

## VIII. DISPUTES

30. Disputes between the parties should be addressed to this Court rather than the district court in the district in which the deposition is being conducted. Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to Magistrate Judge Ryu, and, if Magistrate Judge Ryu is not available, and to the extent the parties are still unable to resolve the dispute, the deposition shall continue as to matters not in dispute with full reservation of rights for a ruling at the earliest possible time. Nothing in this Deposition Protocol Order shall deny counsel the right to (1) suspend a deposition pursuant to Rule 30(d)(3); or (2) file a joint

letter to the court as set forth in Magistrate Judge Ryu's standing order ~~an appropriate motion with the Court after the deposition and appear personally before the Court~~.

### IX. STANDARD STIPULATION

31. The stipulation in this Section will apply to all depositions taken in this action, and shall be included in each transcript by the court reporter:

32. The court reporter shall deliver a certified copy of the transcript of each deposition to counsel for the witness (or, if the witness is not represented by counsel, to the witness directly). Counsel for the witness shall promptly forward the transcript to the witness for review, correction, and signature under penalty of perjury. Within thirty (30) days of receiving the transcript from the court reporter, the witness's counsel (or the witness, as applicable) shall then forward any corrections to the court reporter, who will promptly notify all counsel of its receipt and any errata. The deadline for providing corrections may be extended by agreement of the parties.

33. The confidentiality designations of deposition transcripts, including exhibits, shall be governed by the Stipulated Protective Order in this Action, ECF No. 147. The Stipulated Protective Order shall also govern the conduct of parties during the deposition, including any parties who elect to attend depositions.

34. Any witness who submits errata must do so in accordance with Rule 30(e)(2).

35. The court reporter will provide the original transcript to the first examining attorney. If, for any reason, the original transcript is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

### ~~[PROPOSED]~~ ORDER

IT IS SO ORDERED.

DATE: April 1, 2024

_____
DONNA M. RYU
CHIEF MAGISTRATE JUDGE