# EXHIBIT 1


EXHIBIT
PLTF 138
William Shields
07.24.2024

STATE OF CALIFORNIA                                                        John Garamendi

**DEPARTMENT OF INSURANCE**
RATE REGULATION BRANCH
300 SOUTH SPRING STREET
LOS ANGELES, CA 90013
www.insurance.ca.gov

**SFV**

January 25, 2005

Financial Casualty & Surety, Inc.
attn.: Robert Sabo
3131 Eastside St. #600
Houston, TX 77098

RE: **APPROVAL OF APPLICATION**

FINANCIAL CASUALTY & SURETY, INC. has submitted the following application for approval regarding the following line of business or program:

| | |
|---|---|
| **CDI App. No(s).:** | 04-8381 |
| **Insurer File No(s).:** | CA-11-04-BAIL |
| **Line(s) of Insurance:** | Commercial Surety |
| **Program:** | Bail Bond Surety |

Only the change(s) specifically indicated in the application set forth above, as it may have been amended, is (are) approved. Nothing in this letter shall constitute approval of any other application, whether incorporated by reference, or filed prior or subsequent to the application set forth above. FINANCIAL CASUALTY & SURETY, INC. shall begin issuing policies pursuant to this approval within 90 days of the date of this approval, provided that the insurer is licensed in California to transact the line of insurance for which the approval is given. FINANCIAL CASUALTY & SURETY, INC. may implement this approval earlier if it is able to do so. Regardless of the implementation date, FINANCIAL CASUALTY & SURETY, INC. shall implement this approval with the same effective date for both new and renewal business and shall offer this product to all eligible applicants as of the implementation date. This approval shall continue to have full force and effect until such time as a subsequent change for the referenced lines or programs may be approved or ordered by the Insurance Commissioner.

If any portion of the application or related documentation conflicts with California law, that portion is specifically not approved. This approval does not constitute an approval of underwriting guidelines nor the specific language, coverages, terms, covenants and conditions contained in any forms, or of the forms themselves. Policy forms and underwriting guidelines included in this filing were reviewed only insofar as they relate to rates contained in this filing or currently on file with the California Department of Insurance. Any subsequent changes to underwriting guidelines or coverages, terms, covenants and conditions contained in any forms must be submitted with supporting documentation when those changes result in any rating impact. The Commissioner may at any time take any action allowed by law if he determines that any underwriting guidelines, forms or procedures for application of rates, or any other portions of the application conflict with any applicable laws or regulations.

Sincerely,

Douglas G. Barker, J.D.
Bureau Chief, LA-3 Rate Filing Bureau
Telephone: (213) 346-6786
Facsimile: (213) 897-6181
E-Mail:*BarkerD@insurance.ca.gov*

11-24-2004   02:22pm   From-SONNENSCHEIN NATH ROSENTHAL          4155435472          T-654   P.003/003   F-464

STATE OF CALIFORNIA
DEPARTMENT OF INSURANCE (CDI)

APPLICATION FOR APPROVAL OF
INSURANCE RATES

Your file #: _C.A – 11 – 04 – BAIL_
                (15 characters maximum)

X Original  __ Copy 1  __ Copy 2

Does this file contain group data? Yes __  No X

Is this a specialty filing? Yes __ No __

Note: A separate CA-RA1 page must be
Submitted for each company within a
Group filing.

Latest applicable CDI File No. in this
Line, Subline and/or Program:

```
| Department Use Only                         |
| FILING NO.:      04-838 RFV                  |
| DATE FILED:      11-17-04                     |
| COMPLIANCE DATE: 11-24-04                     |
| DATE PUBLIC NOTIFIED: 12-3-04                 |
| DEEMER DATE:     2-1-05                        |
| INTAKE ANALYST:  Rivera J.                     |
| BUREAU CODE & SR.: LA3- Allen K.               |
| GROUP FILING:  Yes   (No)                       |
| X-REFERENCE #:                                  |
| Rate  (New Program)  Rule   Form               |
| Both Rate & Form   Class Plan                   |
| PERCENT CHANGE:    Ø   %                         |
```

Company Name _FiNANCial Casualty & SURETY, INc._ Group Name _NONE_

NAIC Company Code _36009_          NAIC Group Code _3319_

Organized Under the Laws of the State of _TEXAS_

Line of Insurance Comm _SURETY_     Subline _NONE Other_
            (as it appears in CA-RA3)           (as it appears in CA-RA3)

                              Program _BAIL BOND SURETY_

Home Office _3131 EastSide STREET, #600, HOUSTON, TX 77098_

Main Administrative Office in California _NONE_

Name and Title of Contact Person _ROBERT SABO, SR.V.P._

Toll Free Phone No.: (_877_) _737-2245_   Fax No.: (_713_) _580-6401_
            If not available, collect calls will be made.

Internet Address (if available): _WWW.FCSURETY.COM_

Mailing Address _3131 EastSide STREET #600, HOUSTON, TX 77098_

I declare under penalty of perjury, under the laws of the State of California, that the
information filed is true, complete, and correct.

_____    _11-1-04_    _877-737-2245 X 410_

Authorized Signature          Date of Filing        Telephone Number

05-15-96 ed                   CA-RA1

# Sonnenschein
### SONNENSCHEIN NATH & ROSENTHAL LLP

685 Market Street
6th Floor
San Francisco, CA 94105
415.882.5000
415.543.5472 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
Short Hills, N.J.
St. Louis
Washington, D.C.
West Palm Beach

**Theresa M. Fitzgerald**
415.882.5045
tfitzgerald@sonnenschein.com

October 6, 2004

BY HAND DELIVERY



Ms. Victoria S. Sidbury
Assistant General Counsel
California Department of Insurance
45 Fremont Street, 24th Floor
San Francisco, California 94105

Re:    Financial Casualty & Surety, Inc. - Application for Certificate of Authority

Dear Ms. Sidbury:

On behalf of Financial Casualty & Surety, Inc., ("Applicant"), enclosed are an original and a copy of an application for certificate of authority on the NAIC Uniform Certificate of Authority Application form, along with a check in the amount of $3,599 in payment of the filing fee and an additional copy of the organizational affidavit, the biographical affidavits, and the rate filing. Also enclosed is a cover letter from the Applicant with additional information regarding the application.

Please contact me directly if you have any questions or comments or need any additional information. Thank you for your assistance.

Sincerely,

*Theresa M. Fitzgerald*

Theresa M. Fitzgerald

Enclosures

cc:    Robert Sabo
Kenneth B. Schnoll

27182140\V-1

STATE OF CALIFORNIA                Insurer Name:  **FINANCIAL CASUALTY & SURETY, INC.**
DEPARTMENT OF INSURANCE                           Line of Business: <u>**SURETY - BAIL BONDS**</u>

**PROPERTY & LIABILITY FILING SUBMISSION DATA SHEET (CONT.)**

Proposed Earned Premium per Exposure:  $<u>**10 PER $100 EXPOSURE**</u>

Proposed Overall Rate Change:  <u>**NEW FILING**</u>%

| | Coverage | Indicated Change (%) | Proposed Change (%) | Current Level Earned Premium ($) | Projected Earned Premium ($) |
|---|---|---|---|---|---|
| 1. | **BAIL SURETY** | **NEW FILING** | **NEW FILING** | **NEW FILING** | **$1,200,000** |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |
| 8. | | | | | |
| 9. | | | | | |
| 10. | | | | | |
| | TOTAL | | | | **$1,200,000** |

05-15-96 ed.                        CA-RA2  (Page 2 of 2)

STATE OF CALIFORNIA          Insurer Name: **FINANCIAL CASUALTY & SURETY, INC.**
DEPARTMENT OF INSURANCE                Line of Business: <u>**SURETY – BAIL BONDS**</u>    ●

<u>**LINE OF BUSINESS**</u>

This filing pertains to the following line of insurance: (Only one line and one subline should be checked.)

|  | LINE: | SUBLINE:<br>(Only the following sublines should be designated.) |
|---|---|---|
| ☐ PERSONAL LINES: | ____ Fire | |
| | ____ Allied Lines | |
| | ____ Homeowners Multi-Peril | <u>Personal</u> |
| ☐ COMMERCIAL LINES: | ____ Commercial Multi-Peril | ____ Mobile Homeowners |
| | ____ Earthquake | ____ Motorcycle |
| | ____ Farmowners Multi-Peril | ____ Pleasure Boats |
| | ____ Inland Marine | ____ Umbrella/Excess |
| | ____ Medical Malpractice | ____ Other (Please Specify) |
| | ____ Other Liability | _____ |
| | ____ Auto Liability | ____ None |
| | ____ Auto Physical Damage | |
| | ____ Auto Liab. & PD | |
| | ____ Aircraft | <u>Commercial</u> |
| | ____ Glass | ____ Businessowners |
| | ____ Burglary & Theft | ____ Liquor Liability |
| | ____ Boiler & Machinery | ____ Manufacturers & Contractors |
| | ____ Fidelity | ____ Owners, Landlords, & Tenants |
| | __<u>X</u>__ Surety | ____ Other Professional Liability |
| | ____ Miscellaneous | ____ Product Liability |
| | | ____ Special Multi-Peril |
| | | ____ Umbrella/Excess |
| | | ____ Other (Please specify) |
| | | _____ |
| | | ____ None |

05-15-96 ed.                    CA-RA3

STATE OF CALIFORNIA        Insurer Name: **FINANCIAL CASUALTY & SURETY, INC.**
DEPARTMENT OF INSURANCE                Line of Business: **SURETY - BAIL BONDS**

### FILING CHECKLIST

Use this checklist to assemble all documents to constitute a proper filing.

**X**    Application for Approval (CA-RA1)

**X**    Filing Memorandum (Include in all filings.)

**X**    Self-addressed, stamped envelope

**X**    Submission Data Sheet (CA-RA2)

**X**    Line of Business (CA-RA3)

**X**    Filing Checklist (CA-RA4)

**X**    Ratemaking Data (CA-RA5)

_____ Reconciliation Report (CA-RA6)

_____ Additional Data Required by Statute (CA-RA7)

**X**    Miscellaneous Data (CA-RA8)

### SUPPORTING DATA EXHIBITS

_____ Exhibit 1:  Filing History

_____ Exhibit 2:  Rate Level History

_____ Exhibit 3:  Premium Adjustment Factor

_____ Exhibit 4:  Premium Trend Factor

_____ Exhibit 5:  Allocated Loss Adjustment Expense

_____ Exhibit 6:  Loss Development Factors

_____ Exhibit 7:  ALAE Development Factors

_____ Exhibit 8:  Loss Trend, ALAE Trend, and Expense Trend

_____ Exhibit 9:  Catastrophe Adjustment

_____ Exhibit 10: Policy Term Distribution

05-15-96 ed.                CA-RA4 (Page 1 of 2)

STATE OF CALIFORNIA                Insurer Name: **FINANCIAL CASUALTY & SURETY, INC.**
DEPARTMENT OF INSURANCE                      Line of Business: **SURETY - BAIL BONDS**

**SUPPORTING DATA EXHIBITS (CONT.)**

\_\_\_\_    Exhibit 11: Credibility Adjustment

\_\_\_\_    Exhibit 12: Complementary Losses / Data Availability Report

\_\_\_\_    Exhibit 13: Projected Expenses / Interjurisdictional Expense Allocations

\_\_\_\_    Exhibit 14: Unallocated Loss Adjustment Expense

\_\_\_\_    Exhibit 15: Other Expense Items

\_\_\_\_    Exhibit 16: Ancillary Income

\_\_\_\_    Exhibit 17: Federal Income Tax Rate

\_\_\_\_    Exhibit 18: Projected Investment Income Ratio

\_\_\_\_    Exhibit 19: Loss Reserves, Loss Adjustment Expense Reserves,
              & Unearned Premium Reserves

\_\_\_\_    Exhibit 20: Insurer's Ratemaking Calculations

\_\_\_\_    Exhibit 21: Rate Distribution

\_\_\_\_    Exhibit 22: Rate Classification Relativities

__X__    Exhibit 23: New Program

\_\_\_\_    Exhibit 24: Group Filing

\_\_\_\_    Exhibit 25: _____


*See instructions on CA-IA2 and CA-IA3 regarding the following attachments:*

\_\_\_\_    Printed Rate and Rule Manual Pages

\_\_\_\_    Underwriting Rules

\_\_\_\_    Forms (Attach all independent forms and list all advisory organization
         forms.)


05-15-96 ed.                    CA-RA4 (Page 2 of 2)

STATE OF CALIFORNIA                    Insurer Name:  **FINANCIAL CASUALTY & SURETY, INC.**
DEPARTMENT OF INSURANCE                                Line of Business: **SURETY - BAIL BONDS**

**RATEMAKING DATA**

Line of Insurance _____ **SURETY - BAIL BONDS**

Subline: _____

Program: _____ **BAIL BOND SURETY** _____

Exposure Base: _____

Marketing System:    Captive        Direct        **Independent**    **X**    Other

Accident Year Data[*]

| | 2nd Prior Year 19____ | 1st Prior Year 19____ | Most Recent Year 19____ | New Program Projected |
|---|---|---|---|---|
| 1. California Direct Written Premium | $_____ | $_____ | $_____ | $1,200,000 |
| 2. California Direct Earned Premium | $_____ | $_____ | $_____ | $1,200,000 |
| 3. Premium Adjustment Factor [Developed in Exhibit 3] | _____ | _____ | _____ | |
| 4. Premium Trend Factor [Developed in Exhibit 4] | _____ | _____ | _____ | |
| 5. Earned Exposure Units | _____ | _____ | _____ | 1,200,000[**] |
| 6. Historic Losses | $_____ | $_____ | $_____ | $0 |
| 7. Historic Allocated Loss Adjustment Expense (ALAE) [Developed in Exhibit 5] | $_____ | $_____ | $_____ | $0 |
| 8. Loss Development Factor [Developed in Exhibit 6] | _____ | _____ | _____ | |
| 9. ALAE Development Factor [Developed in Exhibit 7] | _____ | _____ | _____ | |

[*]For Medical Malpractice, provide data on a report-year basis.
[**]For New Program, provide projected California figures.  Corresponding exhibits are not required for new programs except Exhibit 23.

05-15-96 ed.                    CA-RA5 (Page 1 of 3)

8 of 40

STATE OF CALIFORNIA                    Insurer Name: **FINANCIAL CASUALTY & SURETY, INC.**
DEPARTMENT OF INSURANCE                             Line of Business: **SURETY – BAIL BONDS**

### RATEMAKING DATA CONTINUED

| | 2nd Prior Year 19___ | 1st Prior Year 19___ | Most Recent Year 19___ | New Program <u>Projected</u> |
|---|---|---|---|---|
| 10. Loss Trend Factor [Developed in Exhibit 8] | _____ | _____ | _____ | |
| 11. ALAE Trend Factor [Developed in Exhibit 8] | _____ | _____ | _____ | |
| 12. Catastrophe Adjustment Factor [Developed in Exhibit 9] | _____ | _____ | _____ | |
| 13. Credibility Factor for Losses [Developed in Exhibit 11] | _____ | _____ | _____ | |
| 14. Credibility Factor for ALAE [Developed in Exhibit 11] | _____ | _____ | _____ | |
| 15. Complementary Losses [Developed in Exhibit 12] | $_____ | $_____ | $_____ | |
| 16. Complementary ALAE [Developed in Exhibit 12] | $_____ | $_____ | $_____ | |

Show the following data in calendar year basis:

| | 2nd Prior Year | 1st Prior Year | Most Recent Year | New Program Projected |
|---|---|---|---|---|
| 17. Commission [Developed in Exhibit 13] | $_____ _____% | $_____ _____% | $_____ _____% | <u>$1,080,000</u> |
| 18. Other Acquisition Expenses [Developed in Exhibit 13] | $_____ _____% | $_____ _____% | $_____ _____% | <u>$0</u> |
| 19. General Expenses [Developed in Exhibit 13] | $_____ _____% | $_____ _____% | $_____ _____% | <u>$30,000</u> |
| 20. Taxes, Licenses & Fees (Excluding State Tax) [Developed in Exhibit 13] | $_____ _____% | $_____ _____% | $_____ _____% | <u>$28,200</u> |

05-15-96 ed.                    CA-RA5  (Page 2 of 3)

STATE OF CALIFORNIA                 Insurer Name: **FINANCIAL CASUALTY & SURETY, INC.**
DEPARTMENT OF INSURANCE                          Line of Business: **SURETY – BAIL BONDS**

### RATEMAKING DATA CONTINUED

| | 2nd Prior Year 19___ | 1st Prior Year 19___ | Most Recent Year 19___ | New Program Projected |
|---|---|---|---|---|
| 21. Unallocated Loss Adjustment Expenses [Developed in Exhibit 14] | $_____ _____% | $_____ _____% | $_____ _____% | $0 |
| 22. Other Expense Items [Developed in Exhibit 15] | $_____ _____% | $_____ _____% | $_____ _____% | $0 |
| 23. Expense Trend [Developed in Exhibit 8] | _____ | _____ | _____ | 0 |
| 24. Ancillary Income [Developed in Exhibit 16] | $_____ | $_____ | $_____ | $0 |
| 25. Projected Federal Income Tax Rate [Developed in Exhibit 17] | _____ | _____ | _____ | _____34%_____ |
| 26. Projected Investment Income Ratio [Developed in Exhibit 18] | | | | 0 |
| 27. Loss Reserves [Developed in Exhibit 19] | | $_____ | $_____ | $**6,000** |
| 28. Loss Adjustment Expense Reserves [Developed in Exhibit 19] | | $_____ | $_____ | $0 |
| 29. Unearned Premium Reserves [Developed in Exhibit 19] | | $_____ | $_____ | $0 |
| | | $_____ | $_____ | $_____ |

05-15-96 ed.                        CA-RA5  (Page 3 of 3)

STATE OF CALIFORNIA
DEPARTMENT OF INSURANCE

Insurer Name: **FINANCIAL CASUALTY & SURETY, INC.**
Line of Business: **SURETY - BAIL BONDS**

●

**MISCELLANEOUS DATA**

1. Provide a schedule of agent's commissions for the most recent three years.

2. Indicate any changes implemented to reduce or contain expenses, both acquisition and claim components.

3. Indicate if there are policy fees for this program.

      _____ Yes          **X**   No

   If yes, please answer the following:

      a.  The policy fees apply to:

      _____ New Business          Amount:  _____

      _____ Renewal Business      Amount:  _____

      b.  Indicate if the policy fees are included in the earned premium on pages CA-RA5 and CA-RA6.  If not, explain

      _____

      _____

      c. Indicate the amount of the policy fee that is retained by the company and the amount that is retained by the agent.

      _____

      _____

      d. Specify what the policy fee is used for.

      _____

      _____

4. List any other miscellaneous fees that are applied.  Explain the purpose of the fees.

   **NO  FEES  ARE  CHARGED  BY  THE  INSURANCE  COMPANY.  THE  INDIVIDUAL  BAIL  AGENTS  WILL CHARGE  ADDITIONAL  FEES  FROM  TIME  TO  TIME  RELATED  TO  TRAVEL  COSTS  WHEN  LONG  DISTANCES  MUST BE  TRAVELED  TO  POST  A  BOND  OR  TRANSFER  BOND  FEES  MUST  BE  PAID  TO  ANOTHER  AGENT  TO  POST THE  BOND  FOR  THE  INITIATING  AGENT.  THESE  FEES  ARE  NEGOTIATED  WITH  THE  CLIENT.**

05-15-96 ed.                          CA-RA8

STATE OF CALIFORNIA          Insurer Name:  **FINANCIAL CASUALTY & SURETY, INC.**
DEPARTMENT OF INSURANCE                   Line of Business: **SURETY - BAIL BONDS**
                                          **APPLICATION FOR FORMS FILING**

*Insurers who wish to use a new or replacement form in connection with a program already filed with the commissioner* _must_ *furnish the following information and documentation for our review.  Revisions* _must be highlighted_ *and the corresponding manual pages must be provided.*

| | FORM NO. | TITLE | TYPE | SOURCE | SOURCE FORM NO. | CATEGORY | Restricts Coverage [Yes/No] | Broadens Coverage [Yes/No] | Rate Impact [Yes/No] | % Change | Flat Rate |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1] New: | **FCS-101** | **RECEIPT FOR COLLATERAL DEPOSITED** | 4 | 3 | N/A | 2 | NO | NO | NO | NONE | N/A |
| Old: | NEW FORM | | | | | | | | | | |
| 2] New: | **FCS-102** | **RECEIPT AND STATEMENT OF CHARGES** | 4 | 3 | N/A | 2 | NO | NO | NO | NONE | N/A |
| Old: | NEW FORM | | | | | | | | | | |
| 3] New: | **FCS-103** | **POWER OF ATTORNEY** | 4 | 3 | N/A | 2 | NO | NO | NO | NONE | N/A |
| Old: | NEW FORM | | | | | | | | | | |
| 4] New: | **FCS-104** | **QUALIFYING POWER OF ATTORNEY** | 4 | 3 | N/A | 2 | NO | NO | NO | NONE | N/A |
| Old: | NEW FORM | | | | | | | | | | |
| 5] New: | **FCS-106-CA** | **APPLICATION AND AGREEMENT** | 1 | 3 | N/A | 2 | NO | NO | NO | NONE | N/A |
| Old: | NEW FORM | | | | | | | | | | |
| 6] New: | **FCS-110-CA** | **SURETY BAIL BOND AGREEMENT** | 4 | 3 | N/A | 2 | NO | NO | NO | NONE | N/A |
| Old: | NEW FORM | | | | | | | | | | |
| 7] New: | **FCS-114-CA** | **APPEARANCE BOND FACE SHEET** | 4 | 3 | N/A | 2 | NO | NO | NO | NONE | N/A |
| Old: | NEW FORM | | | | | | | | | | |
| 8] New: | **FCS-118-CA** | **FUGITIVE BOND FACE SHEET** | 4 | 3 | N/A | 2 | NO | NO | NO | NONE | N/A |
| Old: | NEW FORM | | | | | | | | | | |
| 9] New: | **FCS-119-CA** | **INDICTMENT BOND FACE SHEET** | 4 | 3 | N/A | 2 | NO | NO | NO | NONE | N/A |

05-15-96 ed.                          CA-FA1

Old: NEW FORM

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 10] New: **FCS-121-CA TRUST DEED AND NOTE** | 4 | 3 | N/A | 2 | NO | NO | NO | NONE | N/A |

Old: NEW FORM

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 11] New: **FCS-122-CA TRUST DEED WITH ASSIGNMENT** | 4 | 3 | N/A | 2 | NO | NO | NO | NONE | N/A |

Old: NEW FORM

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 12] New: **FCS-123 FULL RECONVEYANCE** | 4 | 3 | N/A | 2 | NO | NO | NO | NONE | N/A |

Old: NEW FORM

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 13] New: **FCS-124 RECEIPT FOR DEFENDANT SURRENDER** | 4 | 3 | N/A | 2 | NO | NO | NO | NONE | N/A |

Old: NEW FORM

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 14] New: **FCS-125 INDEMNITOR/GUARANTOR CHECKLIST** | 4 | 3 | N/A | 2 | NO | NO | NO | NONE | N/A |

Old: NEW FORM

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 15] New: **FCS-126 DISCLOSURE STATEMENT** | 4 | 3 | N/A | 2 | NO | NO | NO | NONE | N/A |

Old: NEW FORM

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 16] New: **FCS-127 CERTIFICATE OF BOND DISCHARGE** | 4 | 3 | N/A | 2 | NO | NO | NO | NONE | N/A |

Old: NEW FORM

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 17] New: **FCS-128 BAIL AGENT FORM USE AGREEMENT** | 4 | 3 | N/A | 2 | NO | NO | NO | NONE | N/A |

Old: NEW FORM

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 18] New: **FCS-140 AUTHORIZATION TO ARREST DEFENDANT** | 4 | 3 | N/A | 2 | NO | NO | NO | NONE | N/A |

Old: NEW FORM

Old: NEW FORM SELECTED RESPONSES FOR THE ITEMS ABOVE

| TYPE: | SOURCE | CATEGORY |
|---|---|---|
| 1) Application | 1) ISO* | 1) New, mandatory |
| 2) Endorsement | 2) Other Advisory Org. (OAO)* | 2) New, optional |
| 3) Policy | 3) Company | 3) Replacement, mandatory |
| 4) Other (Please define) | 4) Other (State the name/s) | 4) Replacement, optional |
| | | 5) Withdrawn, mandatory |
| | | 6) Withdrawn, optional |

(*) Provide California Dept. of Insurance number (CDI #) under the column identified as Source Form No.

05-15-96 ed                                        CA-FA1

STATE OF CALIFORNIA                  Insurer Name:  **FINANCIAL CASUALTY & SURETY, INC.**
DEPARTMENT OF INSURANCE                            Line of Business: **SURETY – BAIL BONDS**


<u>Documents to be Filed</u>


**X**  Describe the purpose of the form or form change.


**X**  For **NEW FORMS**, furnish a copy of the form to be filed, <u>unless</u> identical to an
advisory organization form.  If the form is a new endorsement to the policy,
describe any changes in coverage under the policy.  Describe what adjustments, if
any, will be made to the premium due to the introduction of the forms.


_____  For **REVISED FORMS**, describe any changes in coverage between the proposed form
and the current form.  Reference pertinent sections of each form affected.
Brackets [ ] should be used to identify any deletions on the current form and
<u>underline</u> all changes in the **revised form**.  Describe what adjustments, if any,
will be made to the premium due to the revisions.


05-15-96 ed.                          CA-FA2

# FINANCIAL CASUALTY & SURETY, INC.

## CALIFORNIA BAIL BOND FORMS DESCRIPTION

**FCS-101  RECEIPT FOR COLLATERAL DEPOSITED** – This form is issued to any bail bond indemnitor that provides physical collateral (cash, property, etc) to secure a bail bond.

**FCS-102  RECEIPT AND STATEMENT OF CHARGES** – This form is issued to the defendant/indemnitor and shows the charges against the defendant and also lists any fees paid and the premium balances paid and premium balance owed for the bail bond.

**FCS-103  POWER OF ATTORNEY** – This form is attached to the bail bond when it is submitted to the court to bail a defendant out of jail. It is the legal enabler that gives the bail agent the authority to issue the Financial Casualty & Surety, Inc. bail bond.

**FCS-104  QUALIFYING POWER OF ATTORNEY** – This form is used by the agent to file with a court reflecting that the agent has authority to issue bail bonds for Financial Casualty & Surety, Inc. with that court.

**FCS-106-CA  APPLICATION AND AGREEMENT FOR SURETY BAIL BONDS** – This form is used to gather information on the defendant and the potential indemnitors of the bail bond to underwrite. The Agreement part of the form is the indemnification agreement that the indemnitor will sign.

**FCS-110-CA  SURETY BAIL BOND AGREEMENT** – This form is a stand alone copy of the indemnification agreement that is also part of FCS-106-CA.

**FCS-114-CA  APPEARANCE FOND FACE SHEET** – This form is used to file a bail bond with the court to release a defendant from jail.

**FCS-118-CA  FUGITIVE BOND FACE SHEET** – This form is used to file with the court to release a defendant from jail that is being held on a fugitive warrant from a different jurisdiction or state.

**FCS-119-CA  INDICTMENT BOND FACE SHEET** – This form is used to file with the court to release a defendant on a bail bond when the defendant is already indicted.

**FCS-121-CA  TRUST DEED AND NOTE SECURING BAIL BOND** (long form) – This form is used to secure a lien against real property as collateral for a bail bond.

**FCS-122-CA  TRUST DEED WITH ASSIGNMENT OF RENTS** (short form) – This form is used to secure a line against real property and any rents derived from that real property as collateral for a bail bond.

**FCS-123  FULL RECONVEYANCE** – This form is used to release a lien against real property and to reconvey the clear title to the owner.

**FCS-124  RECEIPT ACKNOWLEDGING SURRENDER OF DEFENDANT BY BAIL BONDSMAN** – This form is used to surrender a bonded defendant to the court or jail. The defendant is normally surrendered because they have become a fugitive and violated the bail contract.

**FCS-125  INDEMNITOR/GUARANTOR CHECKLIST** – This form is an attempt to put the terms of the bail bond contract in plain English for the public to read and initial as having understood the terms.

**FCS-126  DISCLOSURE STATEMENT** – This form is used to inform the indemnitor that a lien is being place against their real property to secure a bail bond they have agreed to indemnify.

**FCS-127  CERTIFICATE OF DISCHARGE OF BOND** – This form is provided to the court to be used to notify the bail agent and the surety that the bond has been exonerated or discharged.

**FCS-128  BAIL BOND AGENT FORMS USE AGREEMENT** – This form lists all Financial Casualty & Surety, Inc. forms that are approved for use in California. The bail bond agent must sign this form acknowledging that they will use these forms exclusively. This is a California required form.

**FCS-140  AUTHORIZATION TO ARREST DEFENDANT** – This form is used to provide authority to the bounty hunter engaged to find and return the fugitive to the court thereby voiding the bail bond forfeiture.

# FINANCIAL CASUALTY & SURETY, INC

### THE BAIL INSURANCE COMPANY
**P.O. BOX 4479 --- HOUSTON, TEXAS 77210-4479**
**3131 EASTSIDE STREET, SUITE 600 --- HOUSTON, TX 77098**
Toll Free: 877-737-2245        Fax: 713-580-6401

September 2004

## BAIL BOND RATE FILING JUSTIFICATION

**There is no actuarial justification for bail bond rates filed by any insurance company writing bail bond surety.** Bail bond surety is a very small niche surety market and there is no significant body of statistical information relating to this niche line of business. The common rate used in every state across the United States is 10% with a per bond minimum. California has accepted the base rate of 10% charged on bail bond liability for decades.

Financial Casualty & Surety, Inc. (FCS) has not incurred any direct losses relating to its bail bond surety line of business and therefore has no statistically relevant actuarial data relating to bail bond surety direct paid losses. FCS does accrue 5% of its net earned premium as IBNR.

All insurance companies writing bail bond surety in California have approved rates that are either 10% of liability or a slight variation of this rate.

- Ranger Insurance Company has a filed rate of 10% with a $50 minimum premium.
- American Contractors Insurance Company has a tiered rate of 8%, 10% and 15% depending on risk as defined in their rate filing.
- Harco Insurance Company has a tiered rate of 8% and 10%.
- Continental Heritage Insurance Company has a tiered rate of 8% and 10%.
- Lincoln National Insurance Company has a tiered rate of 8% and 10%
- American Surety Insurance Company has a 10% rate.
- Bankers Insurance Company of Florida has a 10% rate.
- International Fidelity Insurance Company and Allegany Insurance Company have a 10% rate with a per bond minimum.
- To my knowledge, all other insurance companies writing bail bond surety in California have a 10% rate with a defined per bond minimum.

All of the above rates are approved by the California Department of Insurance and currently in use. To our knowledge, none of the above filed rates are actuarially justified. These rates have been in use for many years and the 10% rate has been approved and in use for decades. New insurance company rate filings for bail bond surety such as the rates being filed by FCS are essentially "ME TO" filings.

# FINANCIAL CASUALTY & SURETY, INC.
## BAIL BOND SURETY RATES
### STATE OF CALIFORNIA

**PERCENTAGE RATE**                              **MINIMUM CHARGE**

**Rate –**

$50.00 Minimum for any bond regardless of penal amount.

8% of penal amount – for any defendant referred by an attorney to the bail agent and for any defendant that is a member of any Union.

10% of penal amount – for all other bail bonds

**PREMIUM DETERMINATION:** To calculate the amount of premium to be charged; take the percentage rate from above and multiply it by the face amount of the bail bond. If the resulting amount is less than the minimum charge then the minimum charge shall apply.

Note: Premium is fully earned at the time the bond is issued.

**RETURN PREMIUM:** There is no return premium if the bond amount is decreased or the bond is exonerated. If the defendant is returned to early custody, at the initiation of the Bail Bond Agent, any return premium established by the Court will be refunded.

**INCREASED EXPOSURE:** If the bond amount is increased by the Court, an additional premium is charged, provided that the Bail Agent agrees to rewrite the bond. The additional premium is calculated by multiplying the incremental increased in the amount of the bond by the Percentage Rate from above.

**RENEWAL PREMIUM:** Premium charged is an annual premium and renewal premium shall be charged each anniversary date. Any bail bond that has not been exonerated by the court one year from the date of issuance shall be charged an additional premium equal to the original premium amount.

# FORMS SUBMISSION

Some of the forms included here are 8.5x14 reduced to 8.5x11 for display purposes.

**FINANCIAL CASUALTY & SURETY, INC.**
A Texas Bail Insurance Company
P.O. Box 4479 ~ ~ Houston, Texas 77210-4479
3131 Eastside #600 ~ ~ Houston, Texas 77098
877.737.2245 (toll free) • 713.580.6401 (fax)

LICENSING DIVISION
CALIFORNIA DEPARTMENT OF INSURANCE
100 VAN NESS AVENUE
SACRAMENTO, CALIFORNIA 94102

Pursuant to the requirements of Section 2095 of Title 10, California Administrative Code, I hereby authorize Financial Casualty & Surety, Inc. agents in the State of California to use the forms listed below. These forms are all filed with the California Department of Insurance.

_____          _____
   Date         Financial Casualty & Surety, Inc.

| Form Number | Form Name |
|---|---|
| FCS-101 | Receipt For Collateral Deposited |
| FCS-102 | Receipt and Statement of Charges |
| FCS-103 | Power of Attorney |
| FCS-104 | Power of Attorney – Agent Authority (Qualifying) |
| FCS-106-CA | Application |
| FCS-110-CA | Agreement for Surety Bail Bond |
| FCS-114-CA | Appearance Bond Face Sheet |
| FCS-118-CA | Fugitive Bond Face Sheet |
| FCS-119-CA | Indictment Bond Face Sheet |
| FCS-121-CA | Trust Deed and Note Securing Bail Bond (long form) |
| FCS-122-CA | Trust Deed with Assignment of Rents (short form) |
| FCS-123 | Full Reconveyance |
| FCS-124 | Receipt Acknowledging Surrender of Defendant by Bondsman |
| FCS-125 | Indemnitor/Guarantor Checklist |
| FCS-126 | Disclosure Statement |
| FCS-127 | Certificate of Discharge of Bond |
| FCS-140 | Authorization to Arrest Defendant |

I, _____, do agree that I will use the above forms when I
    Print Agent Name
collateralize and write a bond for Financial Casualty & Surety, Inc.

_____          _____
  Date          Signature of Agent

        _____

        _____
            Agent Address

FCS-128-CA (06/02)

**FINANCIAL CASUALTY & SURETY, INC.**
A Texas Bail Insurance Company
P.O. Box 4479
Houston, Texas 77210-4479
877.737.2245 • Fax 713.580.6401

(PLACE BAIL AGENT'S ADDRESS STAMP HERE)

# BAIL BOND RATES

**$50.00 Minimum** – for any bond regardless of penal amount.

**8% of penal amount** – for any defendant referred by an attorney to the bail agent and for any defendant that is a member of any Union.

**10% of penal amount** – for all other bail bonds

- **PREMIUM DETERMINATION:** To calculate the amount of premium to be charged; take the percentage rate from above and multiply it by the face amount of the bail bond. If the resulting amount is less than the minimum charge then the minimum charge shall apply.

  **Note:** Premium is fully earned at the time the bond is issued.

- **RETURN PREMIUM:** There is no return premium if the bond amount is decreased or the bond is exonerated. If the defendant is returned to early custody, at the initiation of the Bail Bond Agent, any return premium established by the Court will be refunded.

- **INCREASED EXPOSURE:** If the Court increases the bond amount , an additional premium is charged, provided that the Bail Agent agrees to rewrite the bond. The additional premium is calculated by multiplying the incremental increased in the amount of the bond by the Percentage Rate from above.

- **RENEWAL PREMIUM:** Premium charged is an annual premium and renewal premium shall be charged each anniversary date. Any bail bond that has not been exonerated by the court one year from the date of issuance shall be charged an additional premium equal to the original premium amount.

## EFFECTIVE DATE OF THIS NOTICE _____

# NOTE

ALL agents of FINANCIAL CASUALTY & SURETY, INC. must charge these filed rates.   These rates are for premium only, and do not include other expenses incurred, such as telephone, posting fees, appraisals or lot book reports, travel and other miscellaneous expenses.

ALL AGENTS: Please post this rate chart in public view in your office.

FCS-129-CA (06/02)

**COLLATERAL RECEIPT**

**Financial Casualty & Surety, Inc.**
A Texas Bail Insurance Company
P. O. Box 4479  Houston, TX  77210-4479
877.737.2245

(AGENCY NAME, ADDRESS, TELE #)

DATE _____

POWER NO. _____ **[ENTER NUMBER]**

RECEIPT NO. _____

_____ved of _____ _____
       (Name of Depositor)       (Address)

Social Sec. No.
or Date of Birth _____ as security for the execution of this Bail Bond written in the sum of  $ _____

on behalf of the defendant _____ the following described collateral

Agency Name _____ (Signature) _____

Said collateral is deposited as security for the payment of any sums which may become due to the Agency or Financial Casualty & Surety, Inc. by the terms of the Bail Bond Agreement executed by said Defendant and Indemnitors, all of the terms of which are made a part of this receipt by this reference.

Financial Casualty & Surety, Inc. will not be responsible for cash or other valuables in connection with this bond unless listed in the appropriate collateral or premium portions of this form.

The above conditions are agreed to _____
          (Depositor Signature)             (Depositor Signature)

**RECEIPT FOR**

**RETURN OF COLLATERAL**

The undersigned hereby surrenders the original of this collateral receipt and acknowledges the return and receipt of all collateral listed above. The collateral has been returned in good and sufficient condition and the depositor(s) hereby relieves Financial Casualty & Surety, Inc. and the surety agent from any further liability or responsibility in relation to the collateral.

RETURNED BY: _____ DATE: _____

ACCEPTED BY: _____ ACCEPTED BY: _____
       (Depositor Signature)       (Depositor Signature)

[FCS-101 (06/02)] COPY FOR DEPOSITOR

---

**PREMIUM RECEIPT / CHARGES**

**Financial Casualty & Surety, Inc.**
A Texas Bail Insurance Company
P. O. Box 4479  Houston, TX  77210-4479
877.737.2245

(AGENCY NAME, ADDRESS, TELE #)

POWER NUMBER
***[ENTER NUMBER]***

DATE _____

Received of
NAME _____

ADDRESS _____
Expenses (Itemize in detail, such as Guard Fees, Recording Fees, Notary Fees, Long Distance Calls, Telegrams, Travel and other actual, unusual expenses.)

_____

Was Collateral taken:  (YES) (NO)  If Yes, only use collateral receipt furnished above.

$ _____ Bail Bond Premium

$ _____ MISC. Charges

$ _____ TOTAL Charges

$ _____ Received On Account

$ _____ BALANCE DUE

**MEMORANDUM OF BAIL BOND FURNISHED**

Defendant Name _____ DOB or SS # _____

Bond Amount $ _____ Case Number _____ City/State _____

Charge(s) _____

Court _____ Date to Appear _____ Time to Appear _____

Received Copy of above Receipt and Memo (Signature of Defendant or Depositor) _____

[FCS-102 (06/02)] COPY FOR DEFENDANT

---

VOID AFTER
***[ENTER DATE]***

P.O. Box 4479 Houston, TX  77210-4479

**POWER OF ATTORNEY**

**Financial Casualty & Surety, Inc.**
A Texas Bail Insurance Company

POWER NUMBER
***[ENTER NUMBER]***

Tele.# 877.737.2245

KNOW ALL MEN BY THESE PRESENTS that Financial Casualty & Surety, Inc., a corporation duly organized and existing under the laws of the State of Texas does constitute and appoint and by these presents does make, constitute and appoint the named agent its true and lawful Attorney-in-Fact for it and in its name, place and stead, to execute, seal and deliver for and on its behalf and as its act and deed, as surety, a bail bond only.  Authority of such Attorney-in-Fact is limited to appearance bonds and cannot be construed to guarantee defendant's future lawful conduct, adherence to travel limitation, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearance.

This Power of Attorney is for use with Bail Bonds only.  Not valid if used in connection with Federal Immigration Bonds.  This power is void if altered or erased, void if used with other Powers of this company or in combination with Powers from any other surety company, void if used to furnish bail in excess of the stated amount of this Power.  This Power Number (Power) is unique and can only be used once.  The obligation of the surety shall not exceed the sum of:

    *** [ENTER POWER AMOUNT (Written)] ***    ***[X,XXX,XXX.00]***

and provided this Power-of-Attorney is filed with the bond and retained as a part of the court records.  The said Attorney-in-Fact is hereby authorized to insert in this Power-of-Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF, THE FINANCIAL CASUALTY & SURETY, INC. has caused these presents to be signed by its duly authorized officer, proper for the purpose and its corporate seal to be affixed this _____ of _____, _____
              Day        Month        Year

_____dant _____

Court _____ City _____ State _____ Case Number _____

Bond Amount $ _____ Charge(s) _____

If Rewrite, Original Number _____ [CORPORATE SEAL]

Executing Agent _____ Senior Vice President

*NOT VALID IF USED IN* **[ENTER COURT]**

Unless A Micro Printed Message Is Contained In This Power Of Attorney Border  The Document Is FORGED A_ _ VO_ _

[FCS-103 (06/02)] COPY FOR COURT

**FINANCIAL CASUALTY & SURETY, INC.**
A Texas Bail Insurance Company
P. O. Box 4479
Houston, Texas 77210-4479
877.737.2245
713.580.6401  FAX

No. ___ Form Seq No ___

## POWER OF ATTORNEY

**Valid in**_____ **County, State of** _____

KNOW ALL MEN BY THESE PRESENTS:
That FINANCIAL CASUALTY & SURETY, INC., (hereinafter called Company) a corporation of the State of TEXAS, hereby make, constitute, and appoint:

_____

its true and lawful attorney-in-fact, with full power and authority for and on behalf of the Company as surety, to execute and deliver and affix the seal of the Company thereto, if a seal is required, on bonds, undertakings, recognizances, consents of surety or other written obligations in the nature thereof, as follows:

Bail bonds (not including non-appearance related recognizances/bail bonds).

not exceeding $_____

and to bind FINANCIAL CASUALTY & SURETY, INC. thereby, and all of the acts of said attorney-in-fact, pursuant to these presents are hereby ratified and confirmed.

FINANCIAL CASUALTY & SURETY, INC. shall **NOT** be liable hereunder unless face sheets and/or bonds are affixed to a valid FINANCIAL CASUALTY & SURETY, INC. Power of Attorney, as fully described on the reverse hereof.

This appointment is made under and by authority of resolution of the Board of Directors of Financial Casualty & Surety, Inc.

IN WITNESS WHEREOF, FINANCIAL CASUALTY & SURETY, INC. has caused these presents to be signed by its duly authorized officer this _____day of _____, _____.

Corporate Seal:

FINANCIAL CASUALTY & SURETY, INC.

By _____
Robert Sabo
Senior Vice President

STATE OF TEXAS      } SS
COUNTY OF HARRIS   }

On this _____ day of _____, _____ , before me a notary public, the undersigned officer, personally appeared, Robert Sabo, known to me to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

Any correspondence regarding this Power of Attorney address to:
FINANCIAL CASUALTY & SURETY, INC.
P.O. Box 4479
Houston, Texas 77210-4479

**Any face sheet and/or bond submitted to any jurisdiction is null and void unless same is affixed to a valid Financial Casualty & Surety, Inc. Power of Attorney below:**

| VOID AFTER<br>***[ENTER DATE]*** | **POWER OF ATTORNEY** | POWER NUMBER<br>***[ENTER NUMBER]*** |
|---|---|---|
| P.O. Box 4479 Houston, TX 77210-4479 | **Financial Casualty & Surety, Inc.**<br>A Texas Bail Insurance Company | Tele.# 877.737.2245 |

KNOW ALL MEN BY THESE PRESENTS that Financial Casualty & Surety, Inc., a corporation duly organized and existing under the laws of the State of Texas does constitute and appoint and by these presents does make, constitute and appoint the named agent its true and lawful Attorney-in-Fact for it and in its name, place and stead, to execute, seal and deliver for and on its behalf and as its act and deed, as surety, a bail bond only. Authority of such Attorney-in-Fact is limited to appearance bonds and cannot be construed to guarantee defendant's future lawful conduct, adherence to travel limitation, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearance.

This Power of Attorney is for use with Bail Bonds only. Not valid if used in connection with Federal Immigration Bonds. This power is void if altered or erased, void if used with other Powers of this company or in combination with Powers from any other surety company, void if used to furnish bail in excess of the stated amount of this Power. This Power Number (Power) is unique and can only be used once. The obligation of the surety shall not exceed the sum of:

*** [ENTER POWER AMOUNT (Written)] ***        ***$[X,XXX,XXX.00]***

and provided this Power-of-Attorney is filed with the bond and retained as a part of the court records. The said Attorney-in-Fact is hereby authorized to insert in this Power-of-Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF, THE FINANCIAL CASUALTY & SURETY, INC. has caused these presents to be signed by its duly authorized officer, proper for the purpose and its corporate seal to be affixed this _____ of _____, _____.
                                                                                                          Day                        Month                        Year

Defendant _____

Court _____ City _____ State _____ Case Number _____

Bond Amount $ _____ Charge(s) _____

If Rewrite, Original Number _____        [CORPORATE        _____
                                                                                             SEAL]                              [enter title]

Executing Agent _____

*NOT VALID IF USED IN* **[ENTER US Federal Court ]**

**Unless A Micro Printed Message Is Contained In This Power Of Attorney Border, The Document Is FORGED And VOID**

[FCS-103 (06/02)]  COPY FOR COURT

**THE ABOVE IS A SAMPLE ONLY**

**Financial Casualty & Surety, Inc.**
A Stock Company
Houston, Texas

# APPLICATION AND AGREEMENT
# FOR SURETY BAIL BOND (CALIFORNIA)

| DEFENDANT'S NAME | POWER OF ATTORNEY NO. | AMOUNT | EXEC. DATE | ARR. DATE |
|---|---|---|---|---|
| | | | | |

| BOOKING NAME | | AKA NAME(S) | | |
|---|---|---|---|---|
| | | | | |

**DEFENDANT INFORMATION**

BOOKING#_____WHERE HELD_____CHARGES_____
COURT_____JUD. DIST._____AT_____COUNTY_____
CASE#_____DATE TO APPEAR_____TIME_____F.B.I.#_____CII #_____
ARRESTED BY_____WHERE ARR._____
CO-DEFENDANTS_____
ST. ADD._____CITY_____PHONE_____HOW LONG_____
FORMER ADD._____HOW LONG_____
YEARS IN CITY_____COUNTY_____STATE_____LAST COUNTY_____LAST STATE_____
EMPLOYED BY_____OCC._____PHONE_____HOW LONG_____
EMPLOYER'S ADD._____SUPERIOR_____HOW LONG_____
PREV. EMPLOYER_____ADDRESS_____WHEN_____
D.O.B._____SEX____HEIGHT____WEIGHT____HAIR____EYES_____S.S.#_____D.L.#_____
ID. MARKS_____RACE_____MOUSTACHE____GLASSES____WHERE BORN_____
PREV ARREST CHRO._____COURT_____COUNTY_____WHEN_____
DISPOSITION_____PRV. BAIL_____WITH WHOM_____AMT._____CASE PENDING_____
ON PROBATION_____WHERE_____PROBATION OFFICER_____
WHERE ARRESTED_____CO-DEFENDANTS_____
VEHICLE MAKE_____MODEL_____YEAR____COLOR____LIC.#_____
MILITARY BRANCH_____SER.#_____DISCHARGE DATE_____UNION_____LOCAL_____
SPOUSE_____ADDRESS_____PHONE_____HOW LONG_____
EMPLOYER_____ADDRESS_____PHONE_____HOW LONG_____
MARRIAGE DATE_____WHERE_____MAIDEN NAME_____D.O.B._____
PREV. SPOUSE_____ADDRESS_____CITY_____PHONE_____
CHILDREN NAME & AGE_____
MOTHER_____ADDRESS_____PHONE_____
FATHER_____ADDRESS_____PHONE_____
SPOUSE'S MOTHER_____ADDRESS_____PHONE_____
SPOUSE'S FATHER_____ADDRESS_____PHONE_____
DEFENDANT'S BROTHER_____ADDRESS_____PHONE_____
DEFENDANT'S SISTER_____ADDRESS_____PHONE_____
BEST FRIEND_____ADDRESS_____PHONE_____
DEFENDANT'S ATTORNEY_____CITY_____PHONE_____

SIGNATURE OF DEFENDANT_____DATE_____

**INDEMNITOR INFORMATION**

INDEMNITOR'S NAME_____DOB_____S.S.#_____D.L.#_____
ADDRESS_____PHONE_____REL. TO DEF._____
EMPLOYED BY_____ADDRESS_____PHONE_____
OCCUPATION_____HOW LONG_____SUPERIOR_____MONTHLY INCOME_____
BANK_____BRANCH_____ACCT.#_____TYPE_____BALANCE_____
SPOUSE_____ADDRESS_____PHONE_____
EMPLOYED BY_____ADDRESS_____PHONE_____
VEHICLE MAKE_____MODEL_____YEAR____COLOR____LIC.#_____
REGISTERED OWNER_____LEGAL OWNER_____LIENS_____
REAL PROPERTY_____IN WHO'S NAME_____HOW LONG_____
LOT_____BLOCK_____TRACT_____MAPS IN BOOK_____PG_____
VALUE_____EQUITY_____FINANCED BY_____
NOTATIONS_____

**I CERTIFY THAT THE ABOVE INFORMATION IS CORRECT AND TRUE. I FURTHER UNDERSTAND THIS IS AN APPLICATION FOR A TYPE OF CREDIT AND AUTHORIZE A REVIEW OF MY CREDIT HISTORY.**

_____          _____
SIGNATURE OF INDEMNITOR                    DATE

## STATEMENT OF INFORMATION REQUIRED BY SECTION 2100, CALIFORNIA ADMINISTRATION CODE

| Full name of person supplying information | Name of person negotiating bail | Name of person receiving information |
|---|---|---|
| Address | Address | Date and time information received |
| Connection or relationship to defendant | Connection or relationship to defendant | Manner in which information received |
| If same was defendant, how did he communicate? | Name of licensee who negotiated transaction | Name of other agent involved & commission paid |
| Name of Attorney | Name and sum paid unlicensed persons and service performed | Was consideration other than money received? YES ☐ No ☐ |
| | | If yes, explain in detail and attach statement. |

DSB-106-CA (06/02)

# SURETY BAIL BOND AGREEMENT

The undersigned, Called "First Party," make application to _____
Called "Second Party," for execution by FINANCIAL CASUALTY & SURETY, INC., a Texas Corporation, called "Surety," of a Bail Undertaking herein referred
to as "Bail Bond" in the penal amount of $ _____ for
_____ called "Principal"; and in consideration
nd Party arranging for execution of or continuance of this Bail Bond, First Party does jointly and severally agree as follows:

FIRST: To pay Second Party $ _____ for this Bail Bond. The premium is fully earned upon the release of
Principal. The fact that Defendant may have been improperly arrested, or his bail reduced or his case dismissed, shall not obligate the return of any portion of
said premium. This Bond is renewable each year. First Party agrees to pay to Second Party a renewal premium in the amount stated above, twelve months
after the date on which this Bond was executed. If said renewal premium is not paid upon written demand therefor Second Party or Surety has the right to
surrender Principal, as provided in the California Penal Code, Section 1300, and exonerate the Bond.

SECOND: To reimburse Second Party and Surety for actual expenses incurred by Second Party or Surety in connection with the arranging and or
execution of Bail Bond or renewal or substitution thereof whether or not said Principal refuses to be released after arrangements have been initiated by
Second Party, in accordance with the regulations of the Insurance Commissioner in effect at the time such expenses are incurred.

THIRD: To reimburse Second Party and Surety for actual expenses incurred and caused by a breach by the Principal of any of the terms for which the
application and Bail Bond were written not in excess of the penal amount of the Bail Bond including all expenses or liabilities incurred as a result of searching
for, recapturing or returning Principal to custody, incurred by Second Party or Surety or as necessary in apprehending or endeavoring to apprehend Principal,
including legal fees incurred by Second Party or Surety in making application to a court for an order to vacate or to set aside the order of forfeiture or Summary
Judgment entered thereon. However, no expenses or liabilities incurred for recapturing or returning Principal to custody shall be chargeable after the entry of
Summary Judgment.

FOURTH: To pay Second Party or Surety, in the event that it is necessary for them to institute a suit or collection, for a breach of this agreement, a
reasonable attorney's fee or collection fees which shall, in no event, be less than the sum of twenty-five dollars ($25.00).

FIFTH: To pay Second Party or Surety as collateral upon demand, the penal amount of Bail Bond whenever Second Party or Surety, as a result of
information concealed or misrepresented by the First Party or Principal or other reasonable cause, any one of which was material to hazard assumed, deems
payment necessary to protect the Second Party or Surety hereunder. Where, as a result of judicial action, bail has been increased, and no collateral or
insufficient collateral, in the sole discretion of Second Party or Surety, is furnished to indemnify against such increase in the bail, Second Party or Surety may
demand such collateral as will indemnify them against such increased bail.

SIXTH: To pay to the Second Party or the Surety immediately upon the declaration of forfeiture of said Bail Bond the penal amount thereof.

SEVENTH: To aid Second Party or Surety in securing release or exoneration of Second Party or Surety from all liability under Bail Bond, including the
surrender of Principal to Court should Second Party or Surety deem such action advisable.

EIGHTH: That all money or other property which the First Party has deposited or may deposit with the Second Party or the Surety may be applied as
collateral security or indemnity for matters contained herein, and to accomplish the purposes contained herein, the Second Party and or the Surety is
authorized to lawfully levy upon said collateral in the manner provided by law and to apply the proceeds therefrom and any and all money deposited to
payment of or reimbursement for the hereinabove liabilities, losses, costs, damages and expenses. If collateral received by Second Party is in excess of the
bail forfeited, such excess shall be returned to the depositor immediately upon the application of the collateral to the forfeiture, subject to any claim of Second
Party and Surety for unpaid premium or the hereinabove charges.

NINTH: Second Party or Surety shall not surrender Principal to custody prior to the time specified in the Bail Bond for the appearance of the Principal, or
any other occasion when the presence of the Principal in court is lawfully required, without returning all premium paid therefor, unless as a result of
ction, information concealed or misrepresented by the Principal, or other reasonable cause, any one of which was material to the hazard assumed,
the hazard was substantially increased and the additional premium, if any, for such increased hazard was not paid within a reasonable time.

TENTH: The obligations hereunder are joint and several and any amounts due shall bear interest at the maximum rate of interest allowed by law. The
Second Party and the Surety shall not be first obliged to proceed against the Principal on Bail Bond before having recourse against the First Party or any one
of them, the First Party hereby expressly waiving the benefit of law requiring the- Second Party or the Surety to make claim upon or to proceed or enforce its
remedies against the Principal before making demand upon or proceeding and or enforcing its remedies against any one or more of the First Party.

ELEVENTH: In making application for Bail Bond, each of US warrants all statements made by him or heron this application and financial statement to be
true, and we agree to advise Second Party or Surety of any change, including but not limited to change of address, telephone number or employment of either
the Principal or or of any of the First Party, or any other material change in circumstances, within forty-eight (48) hours after knowledge such change shall have
occurred, and the First Party agrees that any failure to so notify shall be reasonable cause for the immediate surrender of the Principal.

TWELFTH: The undersigned agree that these obligations apply to all other Bail Bonds executed for the same charge for which the above mentioned Bail
Bond was executed, or any charge arising out of the same transaction, regardless of whether said Bail Bonds are filed before or after conviction, but not in a
greater amount.

IN WITNESS WHEREOF, the First Party whose names are subscribed to the Bail Agreement executed herewith each represents: I have read the Bail
Agreement and I know the contents thereof; that I hereby acknowledge receipt of a copy of said Bail Agreement; that I am the true and lawful owner of the
property, whether real or personal, which is set forth in the Application for Bail (which Application is made a part hereof by reference as though herein fully set
forth) is my property and that I own such property free and clear of all liens or encumbrances except as so noted, and I further promise not to transfer or
encumber any of said property until my liability on said Bail Agreement has been released. I understand the Second Party and or Surety is permitting the said
bail to remain in force upon reliance of the statements made by me and I do hereby

this _____ day of _____, _____ set my hand.


DEFENDANT _____
                            SIGNATURE


    DEFENDANT NAME *(PRINT OR TYPE)* _____

        ADDRESS _____ CITY _____ ZIP _____


INDEMNITOR: _____
                            SIGNATURE                                    PRINT OR TYPE NAME

        ADDRESS _____ CITY _____ ZIP _____

        PHONE _____ D.L.# _____ S.S.# _____ DOB _____

**FINANCIAL CASUALTY & SURETY, INC.**
A Texas Bail Insurance Company
P. O. BOX 4479
HOUSTON, TEXAS 77210-4479
877.737.2245 • Fax 713.580.6401

(PLACE BAIL AGENT'S ADDRESS STAMP HERE)

# BAIL BOND

NO. _____

(POWER OF ATTORNEY WITH THIS NUMBER MUST BE ATTACHED.)

IN THE _____ COURT OF THE _____JUDICIAL DISTRICT

COUNTY OF _____, STATE OF CALIFORNIA.

___ THE PEOPLE OF THE STATE OF CALIFORNIA _____

Plaintiff,    CASE NO. _____

DIV. NO. _____

vs.

_____
Defendant

Defendant _____

(NAME OF DEFENDANT)          (BOOKING NO.)

having been admitted to bail in the sum of _____

Dollars ($_____) and ordered to appear in the above entitled court, on _____

MONTH    DAY    YEAR

on _____ charge/s;

(State "MISDEMEANOR" OR "FELONY")

Now, FINANCIAL CASUALTY & SURETY, INC., a Texas Corporation, hereby undertakes that the above-named defendant will appear in the above-named court on the date above, set forth to answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him/her and as duly authorized amendments thereof, in whatever court may be filed and prosecuted, and will at all times hold him/herself amenable to the orders and process of the court, and if convicted, will appear for pronouncement of judgment or grant of probation, or if he/she fails to perform either of these conditions, that the FINANCIAL CASUALTY & SURETY, INC., a Texas Corporation, will pay to the people of the State of California the sum of ___

_____ dollars ($_____) subject to applicable legal provisions.

If the forfeiture of this bond be ordered by the court, judgment may be summarily made and entered forthwith against the said FINANCIAL CASUALTY & SURETY, INC., a Texas Corporation, for the amount of its undertaking herein as provided by Sections 1305 and 1306 of the Penal Code.

**FINANCIAL CASUALTY & SURETY, INC.**
(A Texas Corporation)

THIS BOND IS VOID IF WRITTEN FOR AN AMOUNT GREATER THAN THE POWER OF ATTORNEY ATTACHED HERETO, IF MORE THAN ONE SUCH POWER IS ATTACHED OR IF WRITTEN AFTER THE EXPIRATION DATE SPECIFIED ON THE ATTACHED POWER OF ATTORNEY.

(SEAL)

By _____

I certify under penalty of perjury that I am a licensed bail agent of the FINANCIAL CASUALTY & SURETY, INC. and that I am executing this bond on_____ day, at _____

(Date)          (position)

_____

(SIGNATURE OF LICENSED AGENT)

| | |
|---|---|
| THE PREMIUM CHARGED FOR | Approved _____ day of _____ , _____ |
| THIS BOND PER ANNUM IS: $_____ | Title _____ |

**NOTE:**  *This is an Appearance Bond and cannot be construed as a guarantee for failure to provide payments, back alimony payments, FINES, or Wage Law claims, nor can it be as a Bond on Appeal.*

## CERTIFICATE OF DISCHARGE BOND
## FINANCIAL CASUALTY & SURETY, INC.

**POWER NO.** _____          **BOND AMT.$**_____

This is to certify that on or about the _____day of_____,_____the bond with the corresponding power (bond) number has been discharged of record. Date of Discharge _____

**TO THE CLERK OF THE COURT**

Will you please check your records for the bond listed above. When the bond has been exonerated, please enter the date of exoneration. Sign and return this form to us at:

By _____
Title _____
Bond Amount _____
Defendant _____
Court _____
Date Posted _____

(PLACE BAIL AGENT'S ADDRESS STAMP HERE)

FCS 114-CA (08/02)

**FINANCIAL CASUALTY & SURETY, INC.**
A Texas Bail Insurance Company
P. O. Box 4479
Houston, Texas 77210-4479
877.737.2245 • Fax 713.580.6401

(PLACE BAIL AGENT'S ADDRESS STAMP HERE)

# FUGITIVE BAIL BOND

NO. _____
(POWER OF ATTORNEY WITH THIS NUMBER MUST BE ATTACHED.)

IN THE MUNICIPAL COURT, _____JUDICIAL DISTRICT.

THE PEOPLE OF THE STATE OF_____

Plaintiff,    Bk.#_____ Cs. # _____ Div. _____

vs.

_____
Defendant

An order having been made on the _____ day of _____ , _____

by _____ a Judge of the Municipal Court of _____,

Judicial District, County of _____ State of _____, that _____ be

help upon a charge of being a fugitive from justice, in the County of _____ State of _____

from the state of _____ upon a charge of _____

_____, a felony committed in the County of _____

State of _____, on the _____ day of _____, _____

Now, FINANCIAL CASUALTY & SURETY, INC., hereby undertakes that the above named _____

_____, the defendant in the action pending as aforesaid, will appear and answer to the charge above mentioned, in whatever court it may be prosecuted, and will at all times hold self amenable to the orders and process of the Court and that _____ will surrender to arrest upon the warrant of the Governor of this State, or if the said defendant fails to perform either of the conditions, orders or process of the Court in the action, that we will pay to the people of the State of _____ the sum of _____

Dollars ($_____ ), lawful money of the United States in full satisfaction of this undertaking, entered into by us, as the voluntary act of each.

If the forfeiture of this bond be ordered by the court, judgment may be summarily made and entered forthwith against the said FINANCIAL CASUALTY & SURETY, INC. for the amount of its undertaking herein as provided by state and federal laws.

| THIS BOND IS VOID IF WRITTEN FOR AN AMOUNT THAT IS GREATER THAN THE POWER OF ATTORNEY ATTACHED HERETO, IF MORE THAN ONE SUCH POWER IS ATTACHED, OR IF WRITTEN AFTER THE EXPIRATION DATE ON THE ATTACHED POWER OF ATTORNEY. |
|---|

**Financial Casualty & Surety, Inc.**

By _____

I certify under penalty of perjury that I am a licensed bail agent of the FINANCIAL CASUALTY & SURETY, INC. and that I am executing this bond on

_____
(DATE)

at_____
(LOCATION)

_____
(SIGNATURE OF LICENSED AGENT)

THIS PREMIUM CHARGED FOR
THIS BOND IS: $_____

Approved this _____day of_____ , _____

_____
Title

**NOTE: This is an Appearance Bond and cannot be construed as a guarantee for failure to provide payments, back alimony payments, FINES, or Wage Law claims.**

FCS-118-CA (06/02)

**FINANCIAL CASUALTY & SURETY, INC.**
A Texas Bail Insurance Company
P. O. Box 4479
Houston, Texas  77210-4479
877.737.2245 • Fax 713.580.6401

(PLACE BAIL AGENT'S ADDRESS STAMP HERE)

# INDICTMENT BAIL BOND

NO._____
(POWER OF ATTORNEY WITH THIS NUMBER MUST BE ATTACHED.)

SUPERIOR COURT OF THE STATE OF _____ FOR THE COUNTY OF_____

THE PEOPLE OF THE STATE OF_____

Plaintiff,                    Case No._____

vs.

_____
Defendant

An indictment having been found on the _____ day of _____ , _____

in the Superior Court of the county of _____ charging _____

_____with the crime of _____

a felony and he having been admitted to bail in the sum of _____

Dollars ($_____).

Now, FINANCIAL CASUALTY & SURETY, INC., hereby undertakes that the above named _____

_____will appear and answer "any charge in any accusatory pleading based upon the acts

supporting" the indictment above mentioned, in whatever court it may be prosecuted, and will at all times render himself amendable

to the orders and process of the court, and if convicted, will appear for pronouncement of judgment or grant of probation or, if he

fails to perform either of these conditions that we will pay to the people of the State of _____

the sum of _____dollars ($_____).

If the forfeiture of this bond be ordered by the court, judgment may be summarily made and entered forthwith against the said

FINANCIAL CASUALTY & SURETY, INC. for the amount of its undertaking herein as provided by state and federal laws.

THIS BOND IS VOID IF WRITTEN FOR AN AMOUNT THAT
IS GREATER THAN THE POWER OF ATTORNEY AT-
TACHED HERETO, IF MORE THAN ONE SUCH POWER
IS ATTACHED, OR IF WRITTEN AFTER THE EXPIRATION
DATE ON THE ATTACHED POWER OF ATTORNEY.

**Financial Casualty & Surety, Inc.**

By _____

I certify under penalty of perjury that I am a licensed bail agent of the FINANCIAL CASUALTY & SURETY, INC. and that I am executing this bond on

_____
(DATE)

at_____
(LOCATION)

_____
(SIGNATURE OF LICENSED AGENT)

THIS PREMIUM CHARGED FOR
THIS BOND IS: $_____

Approved this _____ day of_____ , _____

_____Title

**NOTE: This is an Appearance Bond and cannot be construed as a guarantee for failure to provide payments, back**
**alimony payments, FINES, or Wage Law claims.**

FCS-119-CA (06/02)

29 of 40

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

SPACE ABOVE THIS LINE FOR RECORDERS USE

# TRUST DEED AND NOTE SECURING BAIL BOND

NO. _____DEFENDANT _____

## ORIGINAL PROMISSORY NOTE SECURED BY DEED OF TRUST

$ _____    _____  _____  _____  _____  _____
                                          (City)      (State)    (Month)     (Day)      (Year)
ON DEMAND after date for value received, I promise to pay to the order of FINANCIAL CASUALTY & SURETY, INC. the sum of
_____ Dollars
with interest from date of payment after entry of Summary Judgment on Bail Bond until paid at the rate of 10 percent per annum, payable ON DEMAND, plus reasonable attorneys fees, court costs of collection.

Should interest not be so paid it shall thereafter bear like interest as the principal, but such unpaid interest so compounded shall not exceed an amount equal to simple interest on the unpaid principal at the maximum rate permitted by law. Should default be made in payment of interest when due the whole sum of principal and interest shall become immediately due, at the option of the holder of this note. Principal and interest payable in lawful money of the United States. If action be instituted on this note I promise to pay such sum as the Court may fix as attorneys fees, and private investigation fees, court assessment, bail premiums, renewal premiums, and all other losses sustained by the company. This note is secured by a DEED of TRUST to the FINANCIAL CASUALTY & SURETY, INC., Beneficiary,_____
_____Trustee.

X _____    X _____

This Deed of Trust, made this _____ day of _____ , _____ between
                                      (Day)              (Month)                      (Year)
_____herein called TRUSTOR, whose address is
            (Number and Street)              (City)                    (State)          (Zip Code)

and _____
herein called TRUSTEE, and FINANCIAL CASUALTY & SURETY, INC., herein called BENEFICIARY, Witnesseth: that TRUSTOR hereby
_____T TO TRUSTEE, IN TRUST, WITH POWER OF SALE, all property in _____
_____    _____County, described as:

FOR THE PURPOSE OF SECURING the performance of each agreement of the TRUSTOR herein contained and the payment of the sum of
$ _____with interest thereon according to terms of the original promissory note of even date, made by the
TRUSTOR in favor of the BENEFICIARY.

In addition to that set forth herein above, this DEED OF TRUST secures payment of all indebtedness, fees and expenses incurred by way of a BAIL BOND AGREEMENT executed by the undersigned on or about the date thereof in favor of above-detailed defendant and bond number.

To Protect the Security of this Deed of Trust, Trustor agrees: by execution and delivery of this Deed of Trust and the Note it secures, to be bound by provisions (1) thru (12) and (14) to (16) inclusive, contained in this Deed of Trust. The said provisions are hereby adopted and incorporated herein, by reference, and made a part hereof as fully as though set forth at length herein; that the reference to property, obligations and parties in said provisions are construed to mean the property, obligations and the parties set forth in this Deed of Trust.

The Undersigned Trustor requests that a copy of any notice of default and of any notice of sale hereafter be mailed to him at his address hereinabove set forth.

X _____    X _____
X _____    X _____
        (NAME PRINTED OR TYPED)                          (NAME PRINTED OR TYPED)

STATE OF _____
COUNTY OF _____  } SS.
On _____ before me _____
personally appeared _____
___onally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
_____instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted executed the instrument.
Witness my hand and official seal.

_____        My commission expires: _____
            Notary Public

# THIS SIDE MUST BE RECORDED

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:

1. To pay to Beneficiary, upon request, in addition to payments specifically required hereunder and under any note secured hereby, in installments, at ⬤es and in the amounts requested by Beneficiary, sums which when cumulated will be sufficient to pay one month prior to the time the same become ⬤quent, all taxes, assessments and insurance premiums. If such sums exceed the amount so required, the excess may be released or held by Beneficiary to apply on subsequent payments of the same nature, but if such sums are insufficient, Trustor agrees to pay any deficiency on demand. If Trustor shall default under this deed beneficiary may apply all or any part of said funds then held on any obligation secured hereby.

2. Property to care for and keep the property in good condition and repair and to keep all buildings thereon free from visible active termites, fungi or dry rot infestation; not to remove, alter or demolish any buildings or improvement thereon; to complete or restore promptly and in good and workmanlike manner any building or improvement which may be constructed, damaged, or destroyed thereon, and pay when due all costs incurred therefore, and, if the loan secured hereby, or any part thereof, is for the purpose of financing construction of improvements on said property, to complete the same in accordance with plans and specifications satisfactory to Beneficiary; to allow Beneficiary to inspect said property at all times during construction; to replace any work or materials unsatisfactory to beneficiary, within fifteen (15) calendar days after written notice from Beneficiary of such fact, which notice may be given to Trustor by registered mail sent to his last known address or by personal service; that work shall not cease on the construction of such improvements for any reason whatsoever for a period of fifteen (15) calendar days, not to commit or permit waste of the property; to comply with all laws, covenants, conditions and restrictions affecting the property if said land be agricultural, property to harvest and care for crops growing thereon and farm the property in a proper and husbandlike manner.

That, the Trustee, upon presentation to it of a statement in writing signed by Beneficiary, setting forth facts showing a default by Trustor under this numbered paragraph, is authorized to accept as true and conclusive all facts and statements therein and to act thereon hereunder.

3. To at all times provide, maintain in force and deliver to Beneficiary fire and such other insurance as may be required by Beneficiary in an ~ to and with loss payable to said Beneficiary; said insurance policies shall be in form and content and in such companies as may be satisfactory to the Beneficiary, and shall be delivered to and remain in possession of Beneficiary as further security for the faithful performance of these trusts. If said insurance policies have not been delivered to the Beneficiary thirty (30) days before the expiration of any of the said insurance, with evidence of the premium having been paid, the Beneficiary shall have the right, but is not obligated to obtain said insurance on behalf of the Trustor and pay the premium thereon. The amount collected under any fire or other insurance policy may be applied by Beneficiary to any indebtedness secured hereby and in such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice. Neither the Trustor nor Beneficiary shall be responsible for such insurance or for the collection of any insurance monies or for any insolvency of any insurer or insurance underwriter. Any and all unexpired insurance shall inure to the benefit of and pass to the purchaser of the property conveyed hereby at any Trustees sale held hereunder.

4. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this deed.

5. To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

6. That, should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding to affect the security hereof. Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

⬤ To pay immediately and without demand all sums so expended by Beneficiary or Trustee, interest from date of expenditure at the rate provided in ⬤te; and to pay for any Beneficiary's written statement, regarding the obligation secured hereby, no more than allowed by law at the time such statement is ⬤quested by Trustor, his legal representative or escrow agent.

8. Any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

9. By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

10. Any sale, trade, exchange, conveyance or encumbrance of said property, or any interest of part thereof, or change of occupancy thereof, without the written consent of the Beneficiary herein named, or its successors or assigns, shall give such Beneficiary, or its successors or assigns, the right to declare the then full unpaid balance of said note due and payable.

11. At any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and all Notes secured hereby, for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may upon payment of its fees: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

12. That upon written request of Beneficiary, stating that all secured hereby have been paid, and upon surrender of This Deed and the Note or Notes it secures to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey without warranty, the property then held hereunder. The recitals in such reconveyance or any matters of fact shall be conclusive proof of the truthfulness thereof. The guarantor in such reconveyance may be described as "the person or persons legally entitled thereto." Five (5) years after issuance of such full reconveyance, Trustee may destroy said note and this Deed, unless directed in such request to retain them.

13. Upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder. Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale of written notice of default and of election to cause to be sold said property, which notice of Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, any Note or Notes and all documents evidencing expenditures or obligations secured hereby. The Trustee, upon presentation to it by Beneficiary of a written declaration of default and demand for sale, is authorized to accept as true and conclusive all facts and statements therein and to act thereon hereunder. After the lapse of such time as may be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which the property, if consisting of several known lots or parcels, shall be sold) at public auction to the highest bidder for cash in lawful money of the United States, payable at the time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed or any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale. After deducting all costs, fees, and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the rate provided in said note; all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto, upon proof of claim satisfactory to Trustee.

14. The Beneficiary or his successor in interest shall have the right to substitute a Trustee or Trustees in the place and stead of the written Trustee or any substituted Trustee by complying with the laws of the State recorded in providing therefor and upon the recording in the office of the County Recorder of sa⬤ County an acknowledgment by the Trustee, acting at the date thereof, of the receipt of a copy of such substitution. It shall be the duty of any Trustee to ⬤ ⬤ch acknowledgment when so requested upon presentation of the Deed and said note for endorsement and upon payment to it of an amount equal to t⬤⬤unt the Trustee would then charge for a Full Reconveyance.

15. This Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall include not only the original Beneficiary hereunder, but also any future owner and holder, including pledges, of the Note or Notes secured hereby. The term Trustor shall include not only the original Trustor hereunder, but also any successor in interest to the Trustor and all future record owners of the property described herein, in which whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

16. Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST WITH ASSIGNMENT OF RENTS

Incorporating by reference provisions of a fictitious deed of trust.

BOND NO. _____     APN _____

DEFENDANT _____

This Deed of Trust, made this _____ day of _____, _____ between
_____ (hereinafter called TRUSTOR),
_____ (herein called TRUSTEE), and
FINANCIAL CASUALTY & SURETY, INC., herein called BENEFICIARY, Witnesseth: that TRUSTOR hereby IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in _____ County, California, described as:

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred by BENEFICIARY collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING payment to the BENEFICIARY of all amounts due to and including all losses, forfeitures, damages, expenditures and liability suffered, sustained, made or incurred by FINANCIAL CASUALTY & SURETY, INC., as more fully set forth in that certain promissory note, indemnity agreement and/or collateral receipt which agreements are made a part hereof by this reference, and arising from the executing and posting of the above-referenced bond, for which this deed of trust is security.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES: By the execution and delivery of the Deed of Trust and the Agreement(s) secured hereby, that provisions (1) to (15), inclusive of the fictitious deed of trust recorded in all counties in the year 2000 in the Official Records in the office of the county recorder of the county where said property is located, (which provisions, identical in all counties, are printed on pages 2 & 3 hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in the Deed of Trust.

The Undersigned Trustor requests that a copy of any notice of default and any notice of sale hereafter be mailed to him at the address set forth herein.

X_____    _____    _____    _____    _____
     TRUSTOR SIGNATURE                  STREET AND NUMBER            CITY          STATE         ZIPCODE

X_____    _____    _____    _____    _____
     TRUSTOR SIGNATURE                  STREET AND NUMBER            CITY          STATE         ZIPCODE

X_____    _____    _____    _____    _____
     TRUSTOR SIGNATURE                  STREET AND NUMBER            CITY          STATE         ZIPCODE

STATE OF _____ ⎱
                                  ⎰ ss
COUNTY OF _____ ⎰

On _____ before me, _____ a Notary Public in and for said
County and State, personally appeared_____ personally known to me (or proved
to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed this instrument.

WITNESS my hand and official seal.

Signature _____

**Page 1 of 3**

# RIDER TO DEED OF TRUST

o protect the security of this Deed of Trust, Trustor agrees:

1.   To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged, or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer, or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune, and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2.   To provide, maintain, and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3.   To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorneys' fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear.

4.   To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges, and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees, and expenses of this Trust.

5.   To pay immediately and without demand all sums expended by Beneficiary or Trustee pursuant to the provisions hereof, with interest from date of expenditure at the amount allowed by law in effect at the date hereof.

6.   Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation to do so and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof; Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay or purchase, contest, or compromise any encumbrance, charge, or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, or in enforcing this Deed of Trust by judicial foreclosure, pay necessary expenses, employ counsel, and pay his reasonable fees.

It is mutually agreed that:

7.   Any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

8.   By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

9.   At any time or from time to time, without liability therefor, and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey all or any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

10.   Upon written request of Beneficiary stating that all sums secured hereby have been paid, upon surrender of this Deed of Trust and said note to Trustee for cancellation and retention, and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in any reconveyance executed under this Deed of Trust of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

11.   The Assignment of Rents contained herein is absolute and is not intended to be a mere pledge of said rents, issues and profits as additional security for the performance of Trustors obligations under the terms of the subject Note or this Deed of Trust. The foregoing assignment shall not impose upon Beneficiary any duty to cause the property to produce rents, nor shall Beneficiary be deemed to be a "mortgagee in possession" by reason thereof for any purpose.

Beneficiary confers upon Trustor the authority to collect and retain the rents, issues and profits of the property as they come due and payable; provided however, that Beneficiary may at any time during the existence of any default by the Trustor under the terms of the subject Note or this Deed of Trust, in Beneficiary's sole discretion and without notice to Trustor, revoke said authority and may collect and retain the rents, issues and profits of the property without taking actual possession thereof. All rents, issues and profits may be applied by Beneficiary, in its sole discretion, to amounts owed it by Trustor. Collection of any rents, issues or profits by Beneficiary shall not cure or waive any default or notice of default hereunder or invalidate any acts done pursuant to such notice.

12.    Upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, all sums secured hereby shall immediately become due and payable at the option of the Beneficiary. In the event of default, Beneficiary may employ counsel to enforce payment of the obligations secured hereby, and shall execute or cause the Trustee to execute a written notice of such default and of his election to cause to be sold the herein described property to satisfy the obligations hereof, and shall cause such notice to be recorded in the office of the Recorder of each county wherein said real property or some part thereof is situated.

Prior to publication of the notice of sale, Beneficiary shall deliver to Trustee this Deed of Trust and the Note or other evidence of indebtedness which is secured hereby, together with a written request for the Trustee to proceed with a sale of the property described herein, pursuant to the provisions of law and this deed of trust.

Notice of sale having been given as then required by law, and not less than the time then required by law having elapsed after recordation of such notice of default, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale, Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time and place fixed by the preceding postponement. Trustee shall deliver to the purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary, may purchase at such sale.

After deducting all costs, fees, and expenses of Trustee and of this Trust, including costs of evidence of title and reasonable counsel fees in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at 10 percent per annum; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

13.    This Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. The term Beneficiary shall mean the holder and owner of the note secured hereby; or, if the note has been pledged, the pledgee thereof. In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

14.    Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party unless brought by Trustee.

15.    Beneficiary may from time to time or at any time substitute a Trustee or Trustees to execute the trust hereby created, and when any such substitution has been filed for record in the office of the Recorder of the county in which the property herein described is situated, it shall be conclusive evidence of the appointment of such Trustee or Trustees, and such new Trustee or Trustees shall succeed to all of the powers and duties of the Trustee or Trustees named herein.

X _____        X _____
            TRUSTOR                                       TRUSTOR

X _____        X _____
            TRUSTOR                                       TRUSTOR

The fictitious deed of trust recorded in all counties in the Document number of the Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | DOCUMENT# | COUNTY | DOCUMENT # | COUNTY | DOCUMENT # | COUNTY | DOCUMENT # |
|---|---|---|---|---|---|---|---|
| Alameda | 97039391 | Kings | 9702507 | Placer | 97-0007993-00 | Sierra | 123109 |
| Alpine | 000102/000103 | Lake | 97-001756 | Plumas | 771 | Siskiyou | 97001593 |
| Amador | 001079 | Lassen | 763 | Riverside | 042128 | Solano | 1997-00007622 |
| Butte | 97-004960 | Los Angeles | 97349175 | Sacramento | 1997-02101209 | Sonoma | 1997-0010556 |
| Calaveras | 1997-1474 | Madera | 9703054 | San Benito | 9701205 | Stanislaus | 97-0010027-00 |
| Colusa | 97-000462 | Mann | 97-006665 | San Bernardino | 1997-0042940 | Sutter | 1997-01388 |
| Contra Costa | 97-021013 | Mariposa | 970533 | San Diego | 1997-0084586 | Tehama | 1433 |
| Del Norte | 97-0520 | Mendocino | 00001875 | San Francisco | 1997-Gil 3793-00 | Trinity | 199700540 |
| El Dorado | 006751 | Merced | 4923 | San Joaquin | 97-014409 | Tulare | 97-007833 |
| Fresno | 97017640 | Modoc | 000390 | San Luis Obispo | 1997-005899 | Toulumne | 001576 |
| Glenn | 97-2597 | Mono | 000737 | San Mateo | 97-014319 | Ventura | 97-016547 |
| Humboldt | 1997-3142-3 | Monterey | 08055 | Santa Barbara | 97-006836 | Yola | 97-0003241-00 |
| Imperial | 97003349 | Napa | 1997-002756 | Santa Clara | 13607528 | Yuba | 97-001104 |
| Inyo | 97-0363 | Nevada | 97003584 | Santa Cruz | 1997-0006487 | | |
| Kern | 0197015758 | Orange | 19970058379 | Shasta | 004120 | | |

(which provisions, identical in all counties, are printed on pages 2 & 3 hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in the Deed of Trust.

FCS-122-CA (06/02)

WHEN RECORDED MAIL TO:

## FULL RECONVEYANCE

The Undersigned, present beneficiary under that certain Trust Deed and Note Securing Bail Bond executed by:

_____

as original Trustor, and showing _____**Financial Casualty & Surety, Inc.**_____ as original Beneficiary, and recorded on

_____ as Instrument No. _____in the Official Records of _____

County, California hereby appoints and substitutes the undersigned as the new Substituted Trustee thereunder in accordance with the terms and provisions contained therein:

As such duly appointed and Substituted Trustee thereunder, the undersigned does hereby RECONVEY to the person or persons, legally entitled thereto, without warranty, all the estate, title and interest acquired by the original Trustee and by the undersigned as the said Substituted Trustee under said Trust Deed and Note Securing Bail Bond.

Wherever the text of this document so requires, the singular includes the plural.

DATED: _____.

BENEFICIARY AND SUBSTITUTED TRUSTEE
Financial Casualty & Surety, Inc.

By: _____

STATE OF _____
COUNTY OF _____  } **ss**

On _____ before me, an officer duly authorized in the State and County aforesaid, personally appeared, _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

FCS-123 (06/02)

IN THE _____ COURT _____ JUDICIAL DISTRICT

COUNTY OF _____, STATE OF CALIFORNIA

THE PEOPLE OF THE STATE OF CALIFORNIA

Plaintiff

vs.

_____

Defendant

**SS**

RECEIPT ACKNOWLEDGING SURRENDER OF
DEFENDANT BY BONDSMAN

Case No. _____

Original Charges _____

Bond No. _____

I HEREBY CERTIFY that the above named defendant is now in my custody pursuant to the provisions of Section 1300-1301 of the California Penal Code.
(strike one)

SHERIFF FOR THE COUNTY OF: _____

DATED this _____ day of _____, _____   By: _____
Deputy/Jailer

CHIEF OF POLICE, CITY OF: _____

By: _____
Jailer

**SURRENDER OF DEFENDANT**

**1300.1 P.C.** A certified copy of the undertaking of bail, or a certified copy of the certificate of deposit where a deposit is made, must be delivered to the officer who must detail the defendant in his custody thereon as upon a commitment, and by a certificate in writing acknowledge -of-the surrender.

**1301 P.C.**   Provides the bail may themselves arrest the defendant, or by written authority, endorsed on a certified copy of the undertaking or a certified copy of the certificate of deposit, may empower any person of suitable age and discretion to do so.

FCS-124 (06/02)

---

IN THE _____ COURT _____ JUDICIAL DISTRICT

COUNTY OF _____, STATE OF CALIFORNIA

THE PEOPLE OF THE STATE OF CALIFORNIA

Plaintiff

vs.

_____

Defendant

**SS.**

RECEIPT ACKNOWLEDGING SURRENDER OF
DEFENDANT BY BONDSMAN

Case No. _____

Original Charges _____

Bond No. _____

I HEREBY CERTIFY that the above named defendant is now in my custody pursuant to the provisions of Section 1300-1301 of the California Penal Code.
(Strike one)

SHERIFF FOR THE COUNTY OF: _____

DATED this _____ day of _____, _____   By: _____
Deputy/Jailer

CHIEF OF POLICE, CITY OF: _____

By: _____
Jailer

**SURRENDER OF DEFENDANT**

**1300.1 P.C.** A certified copy of the undertaking of bail, or a certified copy of the certificate of deposit where a deposit is made, must be delivered to the officer who must detail the defendant in his custody thereon as upon a commitment, and by a certificate in writing acknowledge -of-the surrender.

**1301 P.C.**   Provides the bail may themselves arrest the defendants, or by written authority, endorsed on a certified copy of the undertaking or a certified copy of the certificate of deposit, may empower any person of suitable age and discretion to do so.

FCS-124 (06/02)

**INDEMNITOR/GUARANTOR CHECKLIST**

## FINANCIAL CASUALTY & SURETY, INC.

A Texas Bail Insurance Company
P.O. Box 4479 ~ ~ Houston, Texas 77210-4479
3131 Eastside #600 ~ ~ Houston, Texas 77098
877.737.2245 (toll free) • 713.580.6401 (fax)

Date        :_____

Defendant :_____

Jail        :_____

(Initial Here)

BOND
  NO.:_____
Bail
Amount:_____
Premium
Amount:_____
Amount
Paid Down:_____
Unpaid
Balance:_____
Cash
Collateral:_____

_____ 1.  I have read and received a copy of the standard surety bail bond agreement.

_____ 2.  This indemnitor/guarantor checklist is intended to clarify and explain the standard surety bail bond agreement.

_____ 3.  I understand I am responsible to make the payments for money due on the premium as described above. Finance charges are computed on unpaid balances on the 30th day of each month at a rate of ten percent per annum. There is a _____ percent late fee on all scheduled payments not received within five days of the due date.

_____ 4.  I understand I am required to pay the amount of the bail premium every year in advance hereafter, until the surety is legally discharged from all liability on the bond(s) posted.

_____ 5.  I understand I am responsible for paying the full amount of the bond posted if the defendant does not appear in court, for every appearance and any other time ordered by the court, until defendant is sentenced or the court dismisses the case.

_____ 6.  The court will enter a forfeiture of the bail if the defendant fails to make any court appearance. I understand that if the bond is ordered forfeited and it is not ordered reinstated, or exonerated that I must pay the full amount of the bail forfeited to the bail bond.

_____ 7.  I understand I am responsible if it becomes necessary to arrest and surrender the defendant. That I am responsible for paying for investigation, location and apprehension time; this is billed at a rate of _____ per hour per investigator plus expenses or _____ percent of bond whichever is greater.

Investigation costs will begin to accrue after a court forfeiture or when any co-signer requests the defendant be placed back in custody or when any condition exists as defined in the bail bond agreement. Specifically, but not limited to Sections Five and Eleven. If no investigation costs have been incurred prior to a voluntary surrender of defendant at the jail facility of the court specified on the bail receipt there will be no investigation cost charged. Reasonable court costs. as described in Paragraph 8 of this checklist, will be charged if applicable and a receipt will be provided.

_____ 8.  I understand that if the bail is ordered forfeited by the court. that I am responsible to pay court costs and reasonable appearance fees (a minimum of _____ ) for the bail agency to reinstate or exonerate the bail bond if necessary.

_____ 9.  I understand that if I breech the bail bond agreement. by non-payment or any other action as defined by the bail agreement, I am responsible for any collection actions taken, including attorney fees and costs. Attorney's fees are a minimum of _____ an hour.  If any collection action needs to be taken a minimum _____ fee will be charged.

_____ 10. I understand that collateral cannot be released until all bonds posted on my behalf for the defendant have been exonerated, and written notice from the court provided to the bail agency.

_____ 11. I understand that substitution of collateral is done at the discretion of the surety and the bail-bonding agency. There are no agreements to substitute collateral at a future date.

_____ 12. I understand that it is my responsibility to request return of any collateral provided. There may be a delay of return of collateral until the bail agency has researched the exoneration date and verified the bail bond status with the appropriate courts.  This process may be done faster if I obtain written verification of the bond exoneration from the court and provide it to the bail agency.

_____ 13. This checklist is intended to explain and clarify the standard bail agreement, which is the entire contract with the bail agency. There are no additional terms nor are there any exemptions to the contract either in writing or verbally, that limit my responsibility under the bail agreement.

_____ 14. I declare that all statements made on the application and financial statements are true.  I agree to notify the bail agency within 48 hours of any changes, including but not limited to any change of address or employment of either the criminal defendant or myself.

_____ 15. I understand the obligation under this agreement is joint and several.  This means that I may be held solely and individually liable for up to the full amount owed for any and all charges, even if there are other cosigners on the agreement.

_____ 16. Agreement of Venue:  I agree that if legal action between the parties concerning this bail bond is brought, it shall be brought in and before a federal or state court in _____ County in the State of _____.

••• I HAVE READ AND AGREE WITH THE ABOVE DECLARATIONS AND UNDERSTAND MY RESPONSIBILITIES AND OBLIGATIONS AS INDEMNITOR/GUARANTOR. •••

SIGNATURE: _____        SIGNATURE: _____

NAME (print): _____        NAME (print): _____

Received copy:_____

# FINANCIAL CASUALTY & SURETY, INC.

## DISCLOSURE STATEMENT

Bail Agency:_____

Bond Number(s):_____

_____

Bond Amount:_____

Defendant:_____

## ATTENTION

### DISCLOSURE OF LIEN AGAINST REAL PROPERTY.
### DO NOT SIGN THIS DOCUMENT UNTIL YOU READ AND UNDERSTAND IT!

THIS BAIL BOND WILL BE SECURED BY REAL PROPERTY YOU OWN OR IN WHICH YOU HAVE AN INTEREST. THE FAILURE TO PAY THE BAIL BOND PREMIUMS WHEN DUE OR THE FAILURE OF THE DEFENDANT TO COMPLY WITH THE CONDITIONS OF THE BAIL COULD RESULT IN THE LOSS OF YOUR PROPERTY!

After you have read the above Disclosure Statement and received a completed copy of the Bail Bond Agreement and the Mortgage Deed and/or Mortgage Agreement, please execute this Disclosure Statement in the space provided below, acknowledging that you have read and understood this Disclosure Statement and that you have received a completed copy of the Bail Bond Agreement and the Mortgage Deed and/or Mortgage Agreement. You will be asked to execute this document again, in the corresponding space provided below, upon delivery to you of a full Satisfaction of Mortgage, which, upon recordation terminates the lien on your real property created by the Mortgage Deed and/or Mortgage agreement.

**I HAVE READ AND UNDERSTAND THE ABOVE DISCLOSURE STATEMENT AND HAVE RECEIVED A COMPLETED COPY OF THE BAIL BOND AGREEMENT AND DEED OF TRUST.**

Print Name:_____        Print Name:_____

Sign Name:_____        Sign Name:_____

Date:_____        Date:_____

**I HAVE RECEIVED A SATISFACTION OF DEED OF TRUST, A CERTIFICATE OF DISCHARGE, OR A FULL RELEASE OF ANY LIEN AGAINST REAL PROPERTY TO SECURE PERFORMANCE OF THE CONDITIONS OF THE BAIL BOND.**

Print Name:_____        Print Name:_____

Sign Name:_____        Sign Name:_____

Date:_____        Date:_____

**FINANCIAL CASUALTY & SURETY, INC.**
A Texas Bail Insurance Company
P. O. Box 4479, Houston, Texas 77210-4479
877.737.2245 • Fax 713.580.6401

# CERTIFICATE OF DISCHARGE
# OF BOND

POWER NO. _____

BOND AMT. $ _____

This is to certify that on or about the _____ day of _____, _____ I examined the records of _____ Court/Case No. _____ and found that the bond with the corresponding power number above has been discharged of record by reason of the following disposition:    ☐ Pled Guilty    ☐ Found Guilty

☐ Case Dismissed        ☐ Forfeiture Paid        ☐ Other _____

Date of Discharge _____ Person rendering decision _____

Witness my hand and official seal this _____ day of _____, _____ .

By _____

Title _____

### TO THE CLERK OF THE COURT

Will you please check your records for the bond listed above.
When the bond has been exonerated, please enter the date of
Exoneration/discharge, sign and return this form to:

**FINANCIAL CASUALTY & SURETY, INC.**
ATTENTION: Bail Department
P. O. Box 4479
Houston, TX 77210-4479

Bond Amount  $ _____
Appearance Date _____
Defendant _____
Court _____
City _____
State _____
Offense _____
If rewrite, original Power # _____
Executing Agent _____
Agent # _____

S-127 (06/02)

---

**FINANCIAL CASUALTY & SURETY, INC.**
A Texas Bail Insurance Company
P. O. Box 4479, Houston, Texas 77210-4479
877.737.2245 • Fax 713.580.6401

# CERTIFICATE OF DISCHARGE
# OF BOND

POWER NO. _____

BOND AMT. $ _____

This is to certify that on or about the _____ day of _____, _____ I examined the records of _____ Court/Case No. _____ and found that the bond with the corresponding power number above has been discharged of record by reason of the following disposition:    ☐ Pled Guilty    ☐ Found Guilty

☐ Case Dismissed        ☐ Forfeiture Paid        ☐ Other _____

Date of Discharge _____ Person rendering decision _____

Witness my hand and official seal this _____ day of _____, _____ .

By _____

Title _____

### TO THE CLERK OF THE COURT

Will you please check your records for the bond listed above.
When the bond has been exonerated, please enter the date of
exoneration, sign and return this form to:

**FINANCIAL CASUALTY & SURETY, INC.**
ATTENTION: Bail Department
P. O. Box 4479
Houston, TX 77210-4479

Bond Amount  $ _____
Appearance Date _____
Defendant _____
Court _____
City _____
State _____
Offense _____
If rewrite, original Power # _____
Executing Agent _____
Agent # _____

FCS-127 (06/02)

```
┌─────────────────────────────┐
│                             │
│                             │
│                             │
│       (AGENT'S STAMP)       │
└─────────────────────────────┘
```

# AUTHORIZATION TO ARREST DEFENDANT ON BAIL BOND

KNOW ALL MEN BY THESE PRESENTS:

That we, _____, do hereby authorize and empower _____

as its representative and in its stead, to lawfully arrest and detain _____

_____ the defendant

named in <u>Financial Casualty & Surety, Inc.</u>'s Bail Bond No._____ wherever

he/she may be found in the UNITED STATES OF AMERICA, pursuant to any applicable laws of any

sovereign state, and to hold said defendant in custody and surrender said defendant to the

_____Court, _____

_____City of Judicial District County of _____

State of _____wherein proceedings are now pending against said defendant

described in said Bail Bond.

*This authorization expires on the _____day of_____,_____*

This authorization must be accompanied by a certified copy of bail bond and where applicable, copy of arrest warrant.

Dated this _____day of _____,_____

At_____,_____

                                        By _____
                                           BAIL AGENT SIGNATURE

STATE OF _____
                                  } SS
COUNTY OF _____

On_____before me _____

personally appeared_____

personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s)

is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their

authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon

behalf of which the person(s) acted executed the instrument. Witness my hand and official seal.

_____            My commission expires: _____
Notary Public