# EXHIBIT 35

Michael Bench
November 20, 2024

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

--o0o--

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION, | Lead Case No. 4:19-cv-001717-JST |

This Document Relates to:

ALL ACTIONS.
_____

VIDEOTAPED DEPOSITION OF

ABSOLUTE BONDING CORPORATION,

d/b/a Absolute Bail Bonds,

by and through MICHAEL BENCH,

Person Most Qualified

Wednesday, November 20, 2024

10:07 a.m. PST

U.S. Legal Support - Remote Teleconference

Palmdale, California

STENOGRAPHICALLY REPORTED BY:

CARRIE HEWERDINE, RDR, CSR No. 4579

JOB # 6754671

 1            Because you'd have to add some of these
 2   together, and some of them have not -- it's -- it's
 3   bad.
 4            THE REPORTER:  I'm just going to remind
 5   you that when two people are talking, only one audio
 6   comes through for me and for the videographer.
 7            So please let each other finish.
 8            MS. COOPER-GREENE:  Sorry about that.
 9   BY MS. COOPER-GREENE:
10       Q    And just to clear up the record, because
11   the -- some of these terms can get confusing.
12            Umm, when you were describing, uh,
13   discounting, uh, earlier in your testimony, umm,
14   you -- you weren't talking about, uh -- were you
15   talking -- were you talking about a -- how would --
16   uh, when you were describing, uh, discounting, umm,
17   was that -- was that, uh, a combination of a pre- --
18   preferred rates and a rebating that you were talking
19   about?
20            MR. HARVEY:  Objection to form.
21            THE WITNESS:  Umm, what's "preferred rate"
22   mean?
23   BY MS. COOPER-GREENE:
24       Q    A qualified rate.  Like an 8 percent
25   qualified rate.

 1       A     The rate --

 2       Q     Yeah.

 3       A     Okay.  So say that again, please.

 4       Q     So when you were describing discounting --

 5       A     Yeah.

 6       Q     -- were you talking about a -- a preferred
 7  rate or were you talking about, umm, charging less
 8  than the filed rate?

 9             MR. HARVEY:  Objection to form.

10             THE WITNESS:  I don't understand that.  I
11  don't understand the question.

12             But yeah, we discount off -- off of the
13  filed rate.  No doubt about it.

14  BY MS. COOPER-GREENE:

15       Q     Okay.  Well, I'm going to -- we've
16  already looked at some of the websites, so we're
17  just going to go through these really quickly.

18             They're a little bit different from what
19  you looked at, but similar, umm, on the Plaintiffs'
20  exhibits on your website.

21             Umm, this is, uh, Defendant's Exhibit 1 --
22  1028.

23                     (Deposition Exhibit No. 1028
24                     marked)

25             THE WITNESS:  I'm getting there.

```
 1                  (Proceedings paused briefly)
 2             MR. AOUN:  Okay.  We have it.
 3   BY MS. COOPER-GREENE:
 4       Q    And this was a recent website?
 5       A    I have no idea.  We have 170 of them, I
 6   think.
 7       Q    Okay.
 8       A    Yeah.  I don't have any idea.  And I've
 9   never heard -- and I've never even seen any of my
10   web -- my web pages, except in a different form,
11   where the photos we were picking out, to make sure
12   that they're not somebody that -- we have to make
13   sure the photos don't belong to anybody.
14       Q    Yeah.
15       A    Otherwise, we get a lawsuit that tells us
16   we need $2,000, you know, for this -- using our
17   picture.  And that's what I do.
18             MR. AOUN:  Let her ask the question and --
19             THE WITNESS:  Okay.
20             MR. AOUN:  -- you answer the question she
21   asks.
22   BY MS. COOPER-GREENE:
23       Q    Okay.
24            When you -- uh, when -- at page number --
25   page 6.
```

1       A    Yes.

2       Q    And if FCS lowered its rate to, say,

3   9 percent, would the amount that goes to FCS from

4   you, would that -- would that change?

5       A    If they changed their filed rate to

6   9 percent but we were still paying them 7, it

7   wouldn't make any difference.

8       Q    If they lowered their rate to 9 percent,

9   but it's based on the penal amount --

10      A    Yes.

11      Q    -- would it make any difference?

12      A    No.

13      Q    Would it --

14      A    Umm, I don't think it matters at all what

15  the file rate is.

16           Everybody is in competition now.  They can

17  lower their rate to anything they want, but the

18  9 percent and 10 percent don't hold anymore.

19      Q    Umm, because your contract with FCS is

20  based on penal amount, is it true that it doesn't

21  matter how much you charge the customer, FCS will

22  get the same regardless?

23      A    Yes.  And I've been meaning to talk to you

24  about that.

25      Q    Um, was -- has that been true of other

Michael Bench
November 20, 2024

1   sureties that you have written for, or has that been
2   different?  Has some of them been based on premium?
3            MR. AOUN:  Objection to form.
4            THE WITNESS:  Actually, every surety wants
5   us to write as much bail as we can and doesn't want
6   to have to pay any forfeitures.
7            They want us to pay them, and then they --
8   and that's it.  They just want to get their
9   7 percent and don't care what happens.
10            It's like car insurance.  You pay it or
11   you don't have it.
12   BY MS. COOPER-GREENE:
13       Q    Umm, how did you, uh, negotiate your
14   contract rate with the sureties that you write with?
15            MR. AOUN:  Objection to form.
16            THE WITNESS:  Let's see.  I was -- I think
17   I was 22 years old -- no, a little bit older than
18   that.
19            I think I was 42 years old then.  So do
20   you want -- yeah.  We smoked cigars and went to
21   Vegas, we had a good time.  And then if you liked
22   the people you were going to work with -- it's all a
23   personal business.
24   BY MS. COOPER-GREENE:
25       Q    Um, why have you stayed with FCS since

1   2007?

2      A   Well, to start with, you know, it started

3   out with Ranger.  And all those guys went -- went

4   over -- all us -- all us old guys stayed there with

5   FCS -- your people and my people -- everyone stayed.

6           But lately, uh, my wife does the business

7   with FCS.  And this is a different -- it's a

8   different generation.

9           You've got a different generation of

10  people at your place and different at our place.

11  Because in the old days -- this is -- I shouldn't

12  say it.  But in the old days, we just called the

13  guy, said, Hey, we have 400,000.

14          He'd say, Okay.  Look at this.

15          And they say, Yes.

16          Now we have the forms to fill out, and I

17  don't -- I don't do that.  My wife does it.

18     Q   Umm, what is -- for FCS, what's, umm --

19  well, hold on.

20          Let's -- let me -- I just uploaded

21  Defendant's Exhibit 1037.

22                  (Deposition Exhibit No. 1037

23                   marked)

24          MS. COOPER-GREENE:  Oh.  You know, hold

25  on.  Sorry.  We'll look at that one in a second.

Michael Bench
November 20, 2024

```
 1  UNITED STATES DISTRICT COURT                )
    FOR THE NORTHERN DISTRICT OF CALIFORNIA - )
 2  OAKLAND DIVISION                             )

 3        I, Carrie Hewerdine, RDR, CSR No. 4579,

 4  Certified Shorthand Reporter, certify:

 5        That the foregoing proceedings were taken

 6  before me at the time and place therein set forth,

 7  at which time the witness was put under oath by me;

 8        That the testimony of the witness, the

 9  questions propounded, and all objections and

10  statements made at the time of the examination were

11  recorded stenographically by me and were thereafter

12  transcribed;

13        That a review of the transcript by the deponent

14  was requested;

15        That the foregoing is a true and correct

16  transcript of my shorthand notes so taken.

17        I declare under penalty of perjury under the

18  laws of California that the foregoing is true and

19  correct.

20        Dated this 25th of November, 2024

21
22
23
    _____
24   CARRIE HEWERDINE, Registered Diplomate Reporter
      CA CSR No. 4579 / NV CCR No. 820 / NM CCR No. 521
25    WA CCR 21033864 / OR CCR 230123 / TX CSR 12952
```