UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION

Case No. 19-cv-00717-JST (DMR)

**ORDER ON JOINT DISCOVERY LETTER RE: CLAWBACK CHALLENGE**

Re: Dkt. No. 510

The court has reviewed the parties' December 9, 2024 joint discovery letter in which Plaintiffs challenge the clawback based on attorney-client privilege of 29 documents produced by Defendants American Surety Company ("ASC") and Lexington National Insurance Corporation ("Lexington"). [Docket No. 510.] Plaintiffs move for an order requiring ASC and Lexington to lodge the documents for in camera review. They also request leave to file a brief and supporting evidence to show that the documents are not privileged, or that a waiver or exception to the privilege applies. Defendants do not oppose in camera review of the documents but request leave to file a brief in support of their claims of privilege.

The court orders ASC and Lexington to lodge the 29 documents for in camera review by December 20, 2024. The documents shall be clearly marked to indicate what information is being claimed as privileged and what privilege is being asserted. This dispute will be handled by motion rather than joint discovery letter because ASC and Lexington must provide evidentiary support for each specific assertion of privilege and non-waiver. The joint discovery letter at Docket 510 is denied without prejudice. By January 3, 2025, Defendants shall file a regularly noticed motion to support their claims of privilege, including why a waiver or an exception to privilege does not apply. The motion may not exceed 12 pages. Plaintiffs' opposition may not exceed 12 pages and

shall be filed in accordance with the timing set forth in Local Rule 7-3. Any reply may not exceed 6 pages and shall be filed in accordance with the timing set forth in Local Rule 7-3. The parties' briefing must apply federal privilege law[1] and the parties must also provide evidentiary support for their positions in the form of declarations sworn under penalty of perjury. The parties may not incorporate by reference any prior submissions or use footnotes.

**IT IS SO ORDERED.**

Dated: December 13, 2024

Donna M. Ryu
Chief Magistrate Judge

[1] This court exercises federal question jurisdiction over Plaintiffs' claims pursuant to Sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15 and 26) and 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiffs' pendent state law claims. [Docket No. 269 (Third Consolidated Amended Class Action Complaint) ¶ 12.] The Ninth Circuit has held that "[w]here there are federal question claims and pendent state law claims present, the federal law of privilege applies." *Agster v. Maricopa Cty.*, 422 F.3d 836, 839 (9th Cir. 2005).