UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>This order relates to:<br><br>ALL ACTIONS | Case No. 19-cv-00717-JST<br><br>**ORDER DENYING DEFENDANT CONTINENTAL HERITAGE INSURANCE COMPANY'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE INDIVIDUAL OPPOSITION TO MOTION FOR CLASS CERTIFICATION**<br><br>Re: ECF No. 530 |
|---|---|

The Court previously granted a stipulation between the parties for an extension of page limits regarding the briefing on Plaintiffs' motion for class certification, providing that "Plaintiffs' Motion for Class Certification shall not exceed 35 pages; Defendants' Opposition to Class Certification shall not exceed 35 pages; and Plaintiffs' Reply ISO Class Certification shall not exceed 20 pages." ECF No. 509 at 2. Defendant Continental Heritage Insurance Company ("CHIC") joined in the stipulation. *Id.* at 7.

CHIC has now filed an administrative motion for leave to file a separate, individual opposition to Plaintiffs' motion for class certification. ECF No. 530. Plaintiffs oppose the motion. ECF No. 531. CHIC argues it is "differently situated" from the other defendants and that there are "changed circumstances" from the time CHIC signed the stipulation—i.e., that CHIC then believed that Plaintiffs would have "facilitate[d] CHIC's exit from this case." ECF No. 530 at 2. Be that as it may, CHIC does not explain how it is "differently situated" from the other defendants with regard to the issue actually presented by Plaintiffs' motion, i.e., whether Plaintiffs' proposed class satisfies each required element of Rule 23 of the Federal Rules of Civil Procedure. *See* ECF No. 513 at 10. Nor do the changed circumstances it identifies constitute

good cause.

Finally, CHIC takes the position that the parties' stipulation and the Court's order do not bar CHIC from filing its own brief. ECF No. 530 at 1–2. The Court approved the parties' stipulation based on its understanding that the reference to "*Defendants'* Opposition to Class Certification" referred to a single opposition on behalf of all defendants. CHIC does not offer, and the Court does not see, any other reasonable interpretation of that language.

Accordingly, the Court DENIES CHIC's administrative motion for leave to file an individual opposition to Plaintiffs' motion for class certification. The Court affirms its prior order that CHIC file a joint opposition with the other Defendants to Plaintiffs' motion for class certification not to exceed 35 pages.

**IT IS SO ORDERED.**

Dated: March 13, 2025



JON S. TIGAR
United States District Judge