UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CALIFORNIA BAIL BOND ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No. 4:19-CV-00717-JST<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENTS WITH DEFENDANTS LEXON INSURANCE COMPANY AND DANIELSON NATIONAL INSURANCE COMPANY**<br><br>Judge: The Honorable Jon S. Tigar |

Before the Court is Plaintiffs' Motion for Final Approval of Class Action Settlements with Defendants Lexon Insurance Company ("Lexon") and Danielson National Insurance Company ("DNIC") (the "Motion").

WHEREAS, a proposed Class Action Settlement Agreement has been reached between Plaintiffs on behalf of a proposed Settlement Class, and Defendant Lexon (the "Lexon Settlement"), that resolves certain claims against Lexon pertaining to its conduct in the California bail bonds market;

WHEREAS, a proposed Class Action Settlement Agreement has been reached between Plaintiffs on behalf of a proposed Settlement Class, and Defendant DNIC (the "DNIC Settlement"), that resolves certain claims against DNIC pertaining to its conduct in the California bail bonds market;

WHEREAS, the Court, for purposes of this Order, adopts all defined terms as set forth in the Lexon Settlement and DNIC Settlement (collectively, the "Settlements");

WHEREAS, neither Defendant Lexon nor Defendant DNIC opposes the Court's entry of the proposed Final Approval Order;

WHEREAS, the Court finds it has jurisdiction over the Action and each of the parties for purposes of Settlement and asserts jurisdiction over the Settlement Class Representatives for purposes of considering and effectuating the Settlements;

WHEREAS, the Court has presided over and managed this Action since February 8, 2019 (ECF No. 1);

WHEREAS, the Court held a Final Approval Hearing on May 22, 2025; and

WHEREAS, the Court has considered all of the presentations and submissions related to the Motion, as well as the facts, contentions, claims, and defenses as they have developed in these proceedings, and is otherwise fully advised of all relevant facts in connection therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED:

## I.  Final Approval of Class Action Settlement

1. The proposed Settlements appear to be the product of intensive, thorough, serious, informed, and non-collusive negotiations; have no obvious deficiencies; do not improperly grant

preferential treatment to the Settlement Class Representatives or segments of the Settlement Class; and appear to be fair, reasonable, and adequate.

2. Accordingly, the Motion is GRANTED.

## II. Certification of Settlement Class

3. The Court is familiar with the standards applicable to certification of a Rule 23 settlement class in the Ninth Circuit. *See, e.g.*, *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556-67 (9th Cir. 2019) (detailing the standard for certifying a settlement class); *see also In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 14-cv-2058-JST, 2017 WL 565003, at *3 (N.D. Cal. Feb. 13, 2017) (Tigar, J.); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-05944-JST, 2020 WL 1873554, at *5 (N.D. Cal. Mar. 11, 2020) (Tigar, J.); *In re Splunk Inc. Sec. Litig.*, 20-cv-08600-JST, 2024 WL 923777 (N.D. Cal. Mar. 4, 2024) (Tigar, J).

4. Applying these standards, the Court approves, under Rule 23(e)(2), the proposed Settlement Class as defined below because the Settlement Class and its Representatives meet all relevant requirements of Rules 23(a) and 23(b)(3).

5. "Class" or "Settlement Class" is all persons who, between February 20, 2004 and April 25, 2024 (the "Settlement Class Period"), paid for part or all of a commercial bail bond premium in connection with a California state court criminal proceeding. Specifically excluded from this Class are Defendants in the Action; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; any affiliate, legal representative, heir or assign of any Defendant and any person acting on their behalf; any person who acted as a bail agent during the Settlement Class Period; any judicial officer presiding over this Action and the members of his/her immediate family and judicial staff; and any juror assigned to this Action.

6. Plaintiffs Shonetta Crain and Kira Monterrey are hereby appointed Settlement Class Representatives.

7. Lieff, Cabraser, Heimann & Bernstein LLP is hereby appointed Settlement Class Counsel under Rule 23(g)(3). Settlement Class Counsel and Defendants Lexon and DNIC are

authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlements.

**III.     Continuing Jurisdiction**

8.     The Court shall maintain continuing jurisdiction over these proceedings for the benefit of the Settlement Class as defined in this Order.

**IV.     Dismissal**

9.     All claims brought in this Action against Lexon and DNIC are hereby dismissed with prejudice.

IT IS SO ORDERED.

DATED: June 6, 2025

_____
THE HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE